**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**ANGELA DEBOSE,**

      **Plaintiff,**

**v.**

                                   **CASE NO. 8:15-cv-02787-EAK-AEP**

**UNIVERSITY OF SOUTH FLORIDA**
**BOARD OF TRUSTEES, and**
**ELLUCIAN, L.P.,**

      **Defendants.**
_____/

**DEFENDANT UNIVERSITY OF SOUTH FLORIDA**
**BOARD OF TRUSTEES' MOTION TO DISMISS AND TO STRIKE**

Defendant University of South Florida Board of Trustees ("USFBOT"), by and through its undersigned counsel and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, hereby moves to dismiss the Amended Complaint for failure to state claims upon which relief can be granted.  USFBOT further moves, pursuant to Fed.R.Civ.P. 12(f), to strike plaintiff's prayers for punitive and exemplary damages.  The grounds upon which the instant motion is based are set forth in the following Supporting Memorandum of Law.

**I.**

**SUPPORTING MEMORANDUM OF LAW**

**A.**    **Legal Standard**

Under Rule 12(b)(6), Federal Rules of Civil Procedure, a complaint should be dismissed if it fails to state a claim upon which relief can be granted.  Fed.R.Civ.P. 12(b)(6).  "A plaintiff's obligation to provide the grounds of his entitlement to relief

requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1964-65 (2007). The facts in the complaint determine its viability and, therefore, the Court is not bound to accept as true "a legal conclusion couched as a factual allegation." *Twombly,* 127 S.Ct. at 1966*; see also Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009) ("the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt. v. Jaharis,* 297 F.3d 1182, 1188 (11th Cir. 2002).

In addition, the facts in support of the elements of a claim must cross the line between fact and conclusion, and the facts must cross the line "between the factually neutral and the factually suggestive" to suggest entitlement to relief. *Twombly,* 127 S. Ct. at 1966. If a complaint "pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal,* 129 S.Ct. at 1949. "[W]here the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but has not shown, that the pleader is entitled to relief." *Id.* at 1950.

**B.    Counts I, II And III Are Barred By Eleventh Amendment Immunity**

The Eleventh Amendment immunity bars suits against a State or its agencies by a resident or a non-resident absent waiver or Congress' legitimate exercise of its power to abrogate that immunity. *Welch v. Texas Dep't. of Highways & Public Transp.*, 483 U.S. 468, 472, 479-88, 97 L.Ed. 2d 389 (1987).

USFBOT is an agency or instrumentality of the State of Florida for Eleventh Amendment purposes. *See Schultz v. Bd. of Trustees of the Univ. of West Fla.*, 2007 U.S. Dist. LEXIS 36815 (N.D. Fla. May 21, 2007) ("sufficient authority exists to properly characterize the University as an agency or instrumentality of the State of Florida for Eleventh Amendment purposes"); *Tseng v. Florida A&M Univ.*, 2009 WL 311105, at *2 (N.D. Fla. 2009) ("[i]ndeed, State Universities are protected by the Eleventh Amendment because they are state agencies"); *Dismuke v. Univ. S. Fla. Bd. of* Trustees, 2006 WL 166547, at *4 (M.D. Fla. Jan. 23, 2008) ("[s]ince the Defendant is clearly a state agency, Plaintiff is not entitled to seek punitive damages in this case"); *Jie Liu Tang v. Univ. of S. Fla.*, 2005 WL 2334697 (M.D. Fla. Sept. 23, 2005) (same); *Boles v. Gibbons*, 694 F. Supp. 849, 850 (M.D. Fla. 1998) (USF is a state agency).

There are two ways that a state's sovereign immunity can be waived: either (1) Congress can abrogate sovereign immunity by enacting legislation to enforce the substantive provisions of the Fourteenth Amendment; or (2) a state can waive its sovereign immunity. *See Stroud v. McIntosh*, 722 F.3d 1294, 1298 (11th Cir. 2013) *cert. denied*, 134 S. Ct. 958, 187 L. Ed. 2d 786 (2014).

Congress has not abrogated Eleventh Amendment immunity for claims brought under 42 U.S.C. § 1983. *Miller v. King*, 384 F.3d 1248, 1259-60 (11th Cir. 2004); *Robinson v. Georgia Dep't. of Transp.*, 966 F.2d 637, 640 (11th Cir. 1992); *Quern v. Jordan*, 440 U.S. 332, 340-41, 99 S.Ct. 1139, 59 L.Ed. 358 (1979). Nor has Congress abrogated states' immunity from Section 1981 claims. *Sessions v. Rusk State Hosp.*, 648 F.2d 1066, 1069 (5th Cir. 1981); *Walker v. Florida State Univ.*, 2004 U.S. Dist. LEXIS 26668 (N.D. Fla. Dec. 30, 2004) (judgment entered for university on §§ 1981 and

1983 claims barred by Eleventh Amendment immunity); *Jie Liu Tang v. Univ. of S. Fla.*, 2005 WL 2334697 (M.D. Fla. Sept. 23, 2005).

Congress also has not abrogated Eleventh Amendment immunity for claims brought under 42 U.S.C. §§ 1985 and 1986. *Fincher v. State of Fla. Dep't of Labor & Employment Sec. Unemployment Appeals Comm'n*, 798 F.2d 1371, 1372 (11th Cir. 1986); *Cuyler v. Scriven*, 2011 WL 861709, at *2 (M.D. Fla. Mar. 9, 2011); *Scruggs v. Lee*, 2006 WL 2850427 (M.D. Ga. 2006) ("[W]here . . . no violation of § 1985 can be maintained, there can be no violation of § 1986.").

Turning to Florida law, "[i]t is well established that a State may not be sued absent its consent by a specific waiver of its cloak of sovereign immunity." *State Dep't of Transp. v. Gordon Brothers Concrete*, 339 So.2d 1156 (Fla. 2d DCA 1976).

Only the Florida Legislature has the constitutional authority to waive sovereign immunity. *See Hess By & Through Hess v. Metro. Dade Cty.*, 467 So.2d 297, 300 (Fla. 1985) ("[t]he legislature is the only entity that can provide for waiver of sovereign immunity"); *Manatee Cty. v. Town of Longboat Key*, 365 So.2d 143, 147 (Fla. 1976) (waiver of sovereign immunity cannot be accomplished by local law); *Bradsheer v. Fla. Dep't of Highway Safety and Motor Vehicles*, 20 So.3d 915, 920 (Fla. 1st DCA 2009) ("[t]o bring an action against the State, the legislature must have enacted a general law waiving the state's sovereign immunity for the claim").

Any purported waiver of sovereign immunity must be strictly construed. *Berek v. Metro. Dade Cty.*, 422 So.2d 838, 840 (Fla. 1982); *Manatee County, supra* at 147. The waiver must be clear and unequivocal and cannot be implied or inferred. *Am. Home Assur. Co. v. Nat'l. R.R. Passenger Corp.*, 908 So.2d 459, 472 (Fla. 2005).

The waiver of sovereign immunity under Florida law is found in Section 768.28, *Florida Statutes*. However, the limited waiver provided by that statute applies only to common law tort claims. *Hill v. Dep't of Corr.*, 513 So.2d 120, 133 (Fla. 1987) (agreeing with Eleventh Circuit's conclusion that Section 768.28 "was limited to traditional torts"); *Trianon Park Condo. Ass'n, Inc. v. City of Hialeah*, 468 So. 2d 912, 917 (Fla. 1985) ("[t]he statute's sole purpose was to waive that immunity which prevented recovery for breaches of existing common law duties of care"). The waiver does *not* apply to federal statutory claims. *See Gamble v. Fla. Dep't of Health & Rehab. Servs.,* 779 F.2d 1509 (11th Cir. 1986) (§ 768.28 does not encompass § 1983 actions); *Ostroff v. State of Fla., Dep't of Health & Rehab. Servs.*, 554 F. Supp. 347, 356 (M.D. Fla. 1983) ("the Court is unable to conclude that § 768.28 was intended to authorize civil rights damages suits to be brought in federal court against the State of Florida"); *Hill, supra* (§ 768.28 did not waive state's sovereign immunity for federal civil rights claims).

In short, Congress has not abrogated sovereign immunity for claims under Sections 1981 1983, 1985 and 1986. Moreover, the Florida Legislature has not waived sovereign immunity for such claims. Accordingly, Counts I, II and III are barred by sovereign immunity and should be dismissed with prejudice.

## C.    Counts I And II Fail To Sufficiently Allege A Policy Or Custom

Counts I and II should also be dismissed because DeBose has failed to allege a University policy or custom. Under *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 98 S. Ct. 2018, 56 L.Ed. 2d 611 (1978) and its progeny, the University cannot be held liable under Section 1983 on a theory of *respondeat superior*.[1] *See Bd. of Cty. Comm'rs v.*

---

[1] The same is true under Section 1981. *See Jett v. Dallas Independent Sch. Dist.*, 491 U.S. 701, 735-36, 109 S. Ct. 2702, 105 L. Ed. 2d 598 (1989).

*Brown*, 520 U.S. 397, 403, 117 S. Ct. 1382, 1388 137 L.Ed.2d 626 (1997) ("[w]e have consistently refused to hold municipalities liable under a theory of *respondeat superior*"). Instead, DeBose must allege that the injuries she allegedly suffered were caused by a "policy or custom, whether made by [the University], or by those whose edicts or acts may fairly be said to represent official policy."  *Monell*, 436 U.S. at 694.

Here, the Amended Complaint does not even attempt to identify a University custom or policy that purportedly was the moving force behind the alleged discrimination and retaliation.  Therefore, for this reason as well, Counts I and II should be dismissed.  *See Grider v. Cook*, 2014 WL 5394556 (11th Cir. Oct. 24, 2014) (plaintiff failed to plead sufficient facts of a policy or custom); *Whitley v. Hanna*, 726 F.3d 631, 649 (5th Cir. 2013) ("The proposed amended complaint makes no specific factual allegations of the county's policies and simply adds the words 'policies, practices, and/or customs' to Whitley's perceived wrongs.  Such allegations are insufficient to survive dismissal").

**D.**     **Counts IV-VII, IX And XIII-XX Should Be Dismissed For Failure To Plead A Mandatory Condition Precedent**

Section 768.28(6)(a), *Florida Statutes,* provides:

> An action may not be instituted on a claim against the state or one of its agencies or subdivisions unless the claimant presents the claim in writing to the appropriate agency, *and also . . . presents such claim in writing to the Department of Insurance, within 3 years after such claim accrues* and the Department of Insurance or the appropriate agency denies the claim in writing . . . .

Fla. Stat. § 768.28(6)(a) (2015) (emphasis added).

Filing a notice of claim pursuant to Section 768.28(6) is a mandatory condition precedent to bringing a civil action, which must be strictly construed.  *See Commercial*

*Carrier Corp. v. Indian River Cty.,* 371 So.2d 1010, 1022 (Fla. 1979); *Levine v. Dade Cty. Sch. Bd.,* 442 So.2d 210, 212 (Fla. 1983); *Menendez v. North Broward Hosp. Dist.,* 537 So.2d 89, 91 (Fla. 1988).

Where a plaintiff fails to allege that she has provided written notice of a claim to the state agency or to the Florida Department of Insurance, Section 768.28(6) requires dismissal of the claim.  *See Anderson v. City of Groveland*, 2015 WL 6704516, at *11 (M.D. Fla. Nov. 2, 2015); *Levine, supra; Motor v. Citrus Cty. Sch. Bd.,* 856 So.2d 1054 (Fla. 5th DCA 2003); *see also Clark v. Sarasota Cty. Public Hosp. Bd.,* 65 F.Supp. 2d 1308 (M.D. Fla. 1998).  Since Counts IV-VII, IX and XIII-XX fail to allege compliance with § 768.28(6), *Florida Statutes,* they should be dismissed

**E.**      **Counts IV-VII, XIII - XIV, XVII - XVIII And XX Fail To State Claims**

The Amended Complaint alleges that plaintiff was the USF Registrar, that Travis Thompson ("Thompson") is the USF Director of Undergraduate Studies Operations, that Bob Sullins ("Sullins") is the USF Dean of Undergraduate Studies and that Ralph Wilcox ("Wilcox") is the USF Provost and Executive Vice President.  *See* Amd. Compl., ¶¶ 11-13, 18.  It also alleges that USF is a public institution.  *See* Amd. Compl., ¶ 9.

The Amended Complaint makes it apparent that the alleged malicious acts of USF's employees, including but not limited to Thompson, Sullins and Wilcox, were performed in the course and scope of their employment.  DeBose pleads her claims solely against USFBOT and seeks to hold USFBOT vicariously liable its employees' allegedly malicious acts, which necessarily suggests that the employees' alleged malicious acts were carried out within the scope of their duties.

Section 768.28(9)(a), *Florida Statutes*, provides, in pertinent part:

> No officer, employee, or agent of the state or of any of its subdivisions shall be held personally liable in tort or named as a party defendant in any action for any injury or damage suffered as a result of any act, event, or omission of action in the scope of her or his employment or function, *unless such officer, employee, or agent acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property*.

Fla. Stat. § 768.28(9)(a) (2015) (emphasis added).

Pursuant to the statute, a plaintiff may not sue a state agency for malicious, bad faith, or willful and wanton acts by the agency's employees. *See Kamenesh v. City of Miami*, 772 F.Supp. 583, 595 (S.D. Fla. 1991); *Thomas v. City of Palm Coast*, 2015 WL 7429051, at *4 (M.D. Fla. Nov. 23, 2015) ("Because the reckless conduct required to establish a claim for intentional infliction of emotion distress is the equivalent of willful and wanton conduct, sovereign immunity protects Florida [state agencies] from claims for intentional infliction of emotional distress.") (*citing Weiland v. Palm Beach Cty Sheriff's Office*, 792 F.3d 1313, 1330 (11th Cir. 2015)); *Stewart v. Town of Zolfo Springs, Florida*, 1997 WL 689448, at *3 (M.D. Fla. Aug. 27, 1997) ("Section 768.28(9)'s 'bad faith' element is tantamount to the actual malice standard that Stewart must prove at trial [to prevail on] . . . Stewart's defamation claim against the Town . . . ."); *Beaulieu v. Bd. of Trustees of Univ. of W. Fla.*, 2007 WL 2900332, at *4 (N.D. Fla. Oct. 2, 2007) ("Defendant is immune from liability as to Counts II and III of Plaintiff's complaint because Florida has not waived its sovereign immunity to intentional or malicious torts, including intentional and malicious libel, slander, or defamation."); *Parker v. Fla. Bd. of Regents*, 724 So.2d 163, 168 (Fla. 1st DCA 1998) ("for fraud to exist, as a matter of law, bad faith must also exist[,]" thus placing fraud claims outside the waiver of sovereign

immunity provided for in § 768.28); *Whetstone v. Alachua Cty. Sch. Bd.*, 2015 WL 4619619, at *8 (N.D. Fla. July 31, 2015) ("Florida has not waived its sovereign immunity for intentional torts committed by employees [such as intentional spoliation].").

"[E]ven where 'malice' is not an element of a cause of action, if a plaintiff pleads that the municipal agents acted maliciously or with willful disregard for human rights, a valid claim is not stated against the municipality because of this sovereign immunity bar." *Bussey-Morice v. Kennedy*, 2013 WL 71803, at *2 (M.D. Fla. Jan. 7, 2013); (*citing Willis v. Dade County Sch. Bd.*, 411 So.2d 245, 246 (Fla. 3d DCA 1982)) ("We find no error in the determination of the trial court with respect to Count I that a complaint which alleges a 'malicious' assault and battery fails to state a cause of action pursuant to Section 728.28 Florida Statutes."); *Fletcher v. City of Miami*, 567 F.Supp.2d 1389, 1394 (S.D. Fla. 2008) (*citing Willis* and dismissing a false arrest count against the city where the plaintiff alleged that acts were committed willfully, wantonly, and with malice).

Here, the Amended Complaint repeatedly alleges that USF employees acted maliciously, willfully and wantonly.  *See* Amd. Compl., ¶¶ 155 ("Thompson on multiple occasions spread a false and malicious rumor") 165 ("Defendant Thompson's false and malicious accusation"), 175 ("Defendant Sullins' false and malicious accusation"), 196(c) ("Thompson, with falsity and malice, stated that DeBose was the reason, Waddell, a former employee, left USF"), 196(e) ("Thompson sought to conceal his malice against DeBose"), 211 ("Sullins wrote the allegations negligently, recklessly, and maliciously"), 214 ("As a proximate result of Defendant Sullins' false and malicious accusation"), 302 ("the wrongful acts of the Defendants set forth in this Count were

done maliciously"), 312 (same), 313 ("Defendants USF and Ellucian, directly or indirectly, negligently, recklessly, wantonly and/or pretextually"), 358 ("The total sum of Defendant's actions to publicly terminate Plaintiff was intentional and willful and calculated to humiliate and degrade DeBose."), 360 ("As a direct and proximate result of the intentional and willful acts of Defendant USF").

Accordingly, pursuant to Section 768.28(9)(a), *Florida Statutes*, Counts IV-VII, XIII-XIV, XVII-XVIII and XX should be dismissed.

### F.   <u>Counts VI And IX Fail To State Claims</u>

"Under Florida law, the underlying wrong allegedly committed by an employee in a negligent supervision or negligent retention claim must be based on an injury resulting from a tort which is recognized under common law." *Footstar Corp. v. Doe,* 932 So.2d 1272, 1278 (Fla. 2d DCA 2006) (quoting *Scelta v. Delicatessen Support Servs., Inc.,* 57 F. Supp. 2d 1327, 1348 (M.D. Fla. 1999)); *see also Smith v. Am. Online, Inc.,* 499 F. Supp. 2d 1251 (M.D. Fla. 2007); *Latson v. Hartford Ins*., 2005 WL 3372861, at *3 (M.D. Fla. Dec. 12, 2005) ("Plaintiff must allege an underlying tort recognized under Florida law in order to recover for negligent hiring, training, and supervision.").

The Amended Complaint alleges that DeBose's underlying defamation claim provides the "injury" required to state a claim for negligent hiring, supervision and/or retention in Count VI.  *See* Amd. Compl., ¶ 196.  However, DeBose fails to allege any independent tort as the basis for her negligent supervision claim in Count IX.

The alleged acts by an employee giving rise to liability for negligent hiring, retention or supervision must occur outside the employee's scope of employment. *Belizaire v. City of Miami*, 944 F. Supp. 2d 1204, 1214 (S.D. Fla. 2013) (*citing Garcia v.*

*Duffy*, 492 So.2d 435, 438 (Fla. 2d DCA 1986)); *Watson v. City of Hialeah*, 552 So.2d 1146, 1148 (Fla. 3d DCA 1989); *Santillana v. Fla. State Court Sys.*, 2010 WL 271433, at *11 (M.D. Fla. Jan. 14, 2010) (*citing Watson*, 552 So.2d at 1148).

Here, Count VI of the Amended Complaint alleges that Thompson's alleged acts were committed *within the scope of his employment*.   *See* Amd. Compl., ¶ 196 ("Thompson was committing, allowing or encouraging inappropriate and unprofessional conduct  . . . *while in the course and scope of his duties for USF*.") (emphasis added). Therefore, Count VI should be dismissed with prejudice.  *See Belizaire v. City of Miami*, 944 F. Supp. 2d at 1215 (granting motion to dismiss "[b]ecause Florida law ties liability under the theory of negligent retention to acts committed outside the scope of employment"); *Bobbin v. Corizon Health, Inc.*, 2014 WL 5474126, at *7 (M.D. Fla. Oct. 29, 2014) (dismissing claim for negligent hiring, supervision and/or retention where "Plaintiff has failed to allege that Stepnoski, Memoli, and Morris were acting outside the scope and course of their employment.").

Moreover, to prevail on a claim for negligent hiring, retention, training, or supervision, the plaintiff must allege injury caused by an employee, not merely an agent, of the defendant.  *See Btesh v. City of Maitland, Fla.*, 2011 WL 3269647, at *40 (M.D. Fla. July 29, 2011) *aff'd sub nom. Btesh v. City of Maitland*, FL, 471 F. App'x 883 (11th Cir. 2012); *Behrman v. Allstate Ins. Co.*, 388 F. Supp. 2d 1346, 1350 (S.D. Fla. 2005) *aff'd sub nom. Behrman v. Allstate Life Ins. Co.*, 178 F. App'x 862 (11th Cir. 2006) (*citing Malicki v. Doe*, 814 So.2d 347, 364 (Fla. 2002); *Garcia*, 492 So.2d at 438). ("the Court acknowledges Plaintiff's allegations of an agency relationship, but maintains

that an essential element of a claim for negligent hiring, training, and supervision is *employment*.") (emphasis in original).

The Amended Complaint alleges that Andrea Diamond ("Diamond") is an employee of defendant Ellucian, L.P.   *See* Amd. Compl., ¶¶ 17 ("Andrea Diamond ('Diamond') . . . was employed at all relevant times by Ellucian"), 243 ("Defendant Ellucian had certain rights to control the manner in which Andrea Diamond, an Ellucian employee, performed her work.").   Since no employment relationship exists between USF and Diamond, there is no viable cause of action for negligent supervision under Florida law.  Accordingly, Count IX should be dismissed.

## G.    <u>Counts VII And XIV Fail To State Claims</u>

The general rule in Florida is that a person has no legal duty to prevent the misconduct of a third person.  *See Doe v. Faerber*, 446 F. Supp. 2d at 1319 (*citing K.M. v. Publix Super Markets, Inc.*, 895 So.2d 1114, 1117 (Fla. 4th DCA 2005)).   An exception to the general rule of non-liability for third-party misconduct has been recognized where a special relationship exists which gives rise to a duty to control the conduct of a third person so as to prevent them from harming others.  *Id*.  Among those special relationships is an employer-employee relationship.  *Id*.

The special relationship between USF and DeBose does not attribute a duty to protect DeBose from *any and all types of harm*.   Instead, the existence of the special relationship gives rise to a specific, limited duty "to control the conduct of a third person as to prevent him from causing *physical harm* to another."   *K.M. ex rel. D.M.*, 895 So. 2d at 1117 (Fla. 4th DCA 2005) (quoting Restatement (Second) of Torts, Section 315).

Here, the Amended Complaint does not allege that DeBose was physically harmed.  USF did not owe a common law duty to DeBose to prevent third parties from allegedly conspiring against her or defaming her.  *See* Amd. Compl., ¶¶ 212-214.  USF also did not owe a common law duty to DeBose to "use reasonable care in writing, developing, publishing, supplying, and/or distributing the Ellucian Report, including a duty to ensure that the Ellucian Report did not cause employees to suffer from unreasonable, unknown, or ill-founded consequences from its effects."  *See* Amd. Compl., ¶ 314.

Without a duty to prevent the alleged wrongdoing, DeBose cannot state a viable claim for negligence.  Accordingly, Counts VII and XIV should be dismissed.

**H.**      **Counts X And XI Are Barred By The Statute Of Frauds**

Florida's Statute of Frauds provides:

> No action shall be brought . . . upon any agreement that is not to be performed within the space of 1 year from the making thereof, . . . unless the agreement or promise upon which such action shall be brought, or some note or memorandum thereof shall be in writing and signed by the party to be charged therewith or by some other person by her or him thereunto lawfully authorized.

Fla. Stat. § 725.01 (2015).

Here, the Amended Complaint alleges that on July 15, 2014, DeBose entered into a *verbal* agreement with USF "to extend her employment contract to 2019."  *See* Amd. Compl., ¶ 255.  The alleged verbal agreement is facially unenforceable.  *See* *Hesston Corp. v. Roche*, 599 So. 2d 148, 152 (Fla. 5th 1992) ("a promise to employ someone for five years, two years, or even thirteen months, has to be in writing in order to be enforceable . . . .").

In an apparent attempt to evade the Statute of Frauds, DeBose attaches to the Amended Complaint a "true and accurate copy of a writing to support or codify the existence of the verbal Employment Agreement . . . as Proof of Plaintiff's Offer and Acceptance." *See* Amd. Compl., ¶ 255.  The attached writing still fails to take DeBose's alleged contract outside of the Statute of Frauds.

The Statute of Frauds requires that the writing be signed by the party against whom the writing is sought to be enforced.  *Rohlfing v. Tomorrow Realty & Auction Co.*, 528 So. 2d 463, 468 (Fla. 5th DCA 1988).  Here, the party against whom DeBose seeks to enforce the attached writing, USFBOT, did not sign it.

Moreover, "[t]o comply with the Statute of Frauds all essential terms must be included in the written contract." *Fla. Coll. of Osteopathic Med., Inc. v. Dean Witter Reynolds Inc.*, 982 F. Supp. 862, 865 (M.D. Fla. 1997).  The writing attached to the Amended Complaint does not contain all of the essential terms of an employment contract, including but not limited to DeBose's compensation benefits, job duties, and grounds for termination.

Accordingly, the Statute of Frauds bars DeBose's claim for breach of an oral contract and, therefore, Count X should be dismissed.

The doctrine of "[p]romissory estoppel cannot be used to circumvent the statute of frauds." *Brake v. Wells Fargo Fin. Sys. Florida, Inc.*, 2011 WL 6719215, at *12 (M.D. Fla. Dec. 5, 2011) *report and recommendation adopted*, 2011 WL 6412430 (M.D. Fla. Dec. 21, 2011); *Hopkins Pontiac GMC, Inc. v. Ally Fin. Inc.*, 60 F. Supp. 3d 1252, 1261 (N.D. Fla. 2014); *Tanenbaum v. Biscayne Osteopathic Hosp., Inc.*, 190 So.2d 777, 779 (Fla. 1966).  "If promissory estoppel were an exception to the statute of frauds,

contracts could be implied and the statute of frauds easily avoided." *Motmanco, Inc. v. McDonald's Corp.*, 2005 WL 1027261, at *6 (M.D. Fla. Mar. 30, 2005).

Here, DeBose's breach of oral contract claim is facially unenforceable because it fails to satisfy the Statute of Frauds.   DeBose cannot simply recast her breach of contract claim as a promissory estoppel claim to cure her Statute of Frauds defect. Because the alleged oral contract is barred by the Statute of Frauds, DeBose cannot recover under an alternate theory of promissory estoppel.   *See MeterLogic, Inc. v. Copier Sols., Inc.*, 126 F. Supp. 2d 1346, 1364 (S.D. Fla. 2000).   Accordingly, Count XI should be dismissed.

I.      **Counts X And XI Are Barred By Sovereign Immunity**

In *Pan-Am Tobacco Corp.*, *supra*, the Florida Supreme Court ruled that statutes authorizing government agencies to enter into contracts constituted a waiver of sovereign immunity for actions arising under those contracts.   However, the Supreme Court made it clear that its ruling was limited to suits brought on "express, written contracts" into which the state agency has statutory authority to enter.   *Pan Am Tobacco Corp., supra* at 6 ("our holding here is applicable only to suits on express, written contracts into which the state agency has statutory authority to enter").   Thus, sovereign immunity has been waived to permit suits against governmental entities for breach of contract, but only when the claim is based on an express, written agreement.

Based upon the Florida Supreme Court's ruling in *Pan Am Tobacco Corp.*, Florida courts have repeatedly ruled that contract claims that are not based on an express, written contract are barred by sovereign immunity.   *See Cty. of Brevard v. Miorelli Eng'g, Inc.*, 703 So.2d 1049 (Fla. 1997) (sovereign immunity barred quantum

meruit claims); *City of Gainesville v. State Dep't. of Transp.*, 778 So.2d 519 (Fla. 1st DCA 2001) ("[a]bsent a written agreement, a vendor cannot sue the state for money damages on a contract theory"); *C.O.B.A.D. Const. Corp. v. Sch. Bd. of Broward Cty.*, 765 So.2d 844, 845-46 (Fla. 4th DCA 2000) (contractor's claim for "compensation for extra work that was not included in the original contract or any subsequent written change order" was barred by sovereign immunity); *Monroe v. Sarasota Cty. Sch. Bd.*, 746 So.2d 530 (Fla. 2d DCA 1999) (sovereign immunity is not waived for actions based upon implied contract).

Counts X and XI assert claims for breach of an alleged oral agreement and promissory estoppel.  USF is immune from suit absent a waiver of sovereign immunity. *See, e.g. Beard v. Hambrick*, 396 So.2d 708, 711 (Fla. 1981); *see also* Fla. Stat. § 768.28(2) (2015).  Since Counts X and XI are not based upon an express, written contract, and the Amended Complaint fails to plead any legally cognizable waiver of sovereign immunity, the Florida Supreme Court's ruling in *Pan Am Tobacco Corp.* compels the conclusion that they are barred by sovereign immunity.  *See, e.g. Levine*, 442 So.2d at 213 (the facts upon which a waiver is sovereign immunity depends must be pleaded in the complaint); *Arnold v. Shumpert*, 217 So.2d 116, 120 (Fla. 1968) ("a plaintiff must allege in his complaint the specific methods by which the county waives its sovereign immunity").  In short, Counts X and XI should be dismissed because they are barred by sovereign immunity.

**J.      Count XII Fails To State A Claim**

"In Florida, equitable estoppel is an affirmative defense, not a cause of action." *Rouse v. Nationstar Mortgage, LLC*, 2014 WL 1365420, at *3 (M.D. Fla. Apr. 7, 2014)

(*citing Am. Color Graphics, Inc. v. Brooks Pharmacy, Inc.*, 2006 WL 539543 (M.D. Fla. 2006; *State of Fla. Dep't of Transp. v. FirstMerit Bank*, 711 So.2d 1217, 1218 (Fla. 2d DCA 1998)).  Accordingly, Count XII should be dismissed with prejudice.

## K.    Count XV Fails To State A Claim

To state a claim for civil conspiracy, a plaintiff must allege: (1) an agreement between two or more parties; (2) to do an unlawful act or lawful act by unlawful means; (3) an overt act in furtherance of the conspiracy; and (4) damage resulting from the acts done under the conspiracy.  *See Whitney Nat'l. Bank v. SDC Communities, Inc.*, 2010 WL 1270264, at *4 (M.D. Fla. Apr. 1, 2010).  As to the second element, "an actionable conspiracy requires an actionable underlying tort or wrong."   *Santillana*, 2010 WL 271433, at *13.

Here, DeBose alleges that defendants conspired to terminate her employment. *See* Amd. Compl., ¶¶ 330 ("All of the above-named Defendants acted in concert and at the behest of one another to terminate Plaintiff."), 331-333.   No actionable tort or wrongdoing cognizable by law is stated under DeBose's alleged facts.   *See Bell v. Novartis Pharm. Corp.*, 2008 WL 2694893, at *3 (M.D. Fla. July 3, 2008) ("no cause of action exists under either contract or tort for wrongful termination."); *Rivera v. Avis Budget Car Rental, LLC*, 2011 WL 6840946, at *5 (M.D. Fla. Dec. 29, 2011) ("Florida law stands squarely against recognizing a common law *prima facie* tort claim based on retaliatory discharge.").

In *Twombly*, the Supreme Court considered a class action complaint alleging a conspiracy to restrain trade by communication carriers.   550 U.S. 544 (2007).   The Court ruled that a plaintiff must allege sufficient facts, taken as true, to suggest that the

plaintiff plausibly has a claim for relief.  The Court pointed out that the complaint must provide "more than labels and conclusions" or merely "a formulaic recitation of a cause of action's elements," and that "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'"   550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed. 2d 209 (1986)).

The *Twombly* Court applied these principles in considering the complaint's allegations that the defendants:

> engaged in a contract, combination or conspiracy to prevent competitive entry in their respective local telephone and/or high speed internet services markets by, among other things, agreeing not to compete with one another and to stifle attempts by others to compete with them and otherwise allocating customers and markets to one another . . . .

*Id*. at 551 and n.2, 564.  The Court determined that this and the other allegations in the complaint were "merely legal conclusions" which failed to assert facts sufficient to state a claim for conspiracy plausible on its face.  550 U.S. at 570.

Here, the Amended Complaint contains a single conclusory allegation that defendants "conspired together in a scheme to defame . . . Plaintiff."  *See* Amd. Compl., ¶ 329.  However, it contains no specific facts regarding any agreement by defendants to defame DeBose.   Because DeBose's conclusory assertion regarding an alleged conspiracy to defame her is not supported by any factual allegations, it fails to meet the Rule 8 pleading standard, as enunciated in *Twombly* and *Iqbal, supra*.   Accordingly, Count XV should be dismissed.

## L.     <u>Count XVIII Fails To State A Claim</u>

To state a claim for intentional infliction of emotional distress ("IIED"), a plaintiff must allege: (1) deliberate or reckless infliction of mental suffering by defendant, (2) by

outrageous conduct, (3) which conduct of the defendant must have caused the suffering, and (4) the suffering must have been severe. *See Nickerson v. HSNi, LLC*, 2011 WL 3584366, at *2 (M.D. Fla. Aug. 15, 2011).

The plaintiff must allege "conduct so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Saadi v. Maroun*, 2008 WL 4194824, at *4 (M.D. Fla. Sept. 9, 2008).

There exists "a very limited set of cases in which courts [have] recognized conduct as sufficiently egregious to support a claim of [IIED]." *Crenshaw ex. rel. United States v. DeGayner*, 2008 U.S. Dist. LEXIS 50932, at *67-68 (M.D. Fla., June 13, 2008). Threats are nearly never enough to state a claim of IIED unless the threats are explicit and extreme. *See Crenshaw*, 2008 U.S. Dist. LEXIS 50932, at *70 ("some level of physical contact or severely threatening behavior is typically required to state a claim for IIED"); *Koutsouradis v. Delta Airlines, Inc.*, 427 F.3d 1339, 1344-45 (11th Cir. 2005) ("mere insults and indignities do not support a claim for the tort of [IIED]"); *Nims v. Harrison*, 768 So.2d 1198, 1201 (Fla. 1st DCA 2000) (finding that plaintiff stated a claim for IIED based on threats to kill her and rape her children).

"[W]hether a person's conduct is sufficiently outrageous and intolerable as to form the basis for a claim of [IIED] is *a matter of law for the court*, not a question of fact." *Griffin v. Polk Cty. Sheriff's Office*, 2009 WL 5171754, at *2 (M.D. Fla. Dec. 23, 2009) (emphasis in original).   In the employment context, courts "have been hesitant to find sufficiently outrageous conduct based solely on alleged acts of verbal abuse in the workplace." *Griffin*, 2009 WL 5171754, at *3 (M.D. Fla. Dec. 23, 2009); *see also*

*Certainteed Corp. v. Davis*, 2009 WL 2605258 (M.D. Fla. Aug.21, 2009) (plaintiff's allegations of verbal abuse, which included the threat of termination without justification, was not sufficient to support an IIED claim); *Golden v. Complete Holdings, Inc.*, 818 F.Supp. 1495, 1499 (M.D. Fla. 1993) (allegations that defendants misrepresented and concealed vital financial information, misrepresented their plans to reduce employment, induced plaintiff to forgo other employment opportunities, terminated plaintiff despite satisfactory performance, systematically eliminated older employees, replaced plaintiff with younger employee, discharged plaintiff without warning, ejected plaintiff from office, destroyed plaintiff's belongings, and refusing for months to pay plaintiff severance failed to state a claim for intentional infliction of emotional distress).   "[I]n the employment context, IIED claims that have been allowed to go forward often involve 'repeated verbal abuse coupled with repeated offensive physical contact.'"  *Griffin*, 2009 WL 5171754, at *3 (*citing Johnson*, 788 So.2d at 414).

Here, the Amended Complaint alleges that over the course of two years, USF schemed to terminate DeBose's employment, failed to offer her resignation or retirement, did not provide her with a severance package, subjected her to false and disparaging statements, overlooked her for promotions and pay increases, threatened her, humiliated her and terminated her employment.   *See* Amd. Compl., ¶¶ 353-357. The Amended Complaint contains no specific allegations of physical contact.[2]  Although the alleged conduct might be distasteful or inappropriate, mere "insults and indignities" do not meet the extreme standard of approbation required to state an IIED claim. *Koutsouradis*, 427 F.3d at 1344-45.  In short, the alleged conduct does not arise to the

---

[2]  The Amended Complaint contains a single conclusory allegation that DeBose was "abused and maligned," but no specific factual allegations supporting this conclusion.  *See* Amd. Compl., ¶ 356.

level of outrageousness required to state a claim for IIED.  Accordingly, Count XVIII should be dismissed.

Dismissal is also proper because the Amended Complaint contains no allegations relating to the severity of DeBose's injury to satisfy the fourth element of an IIED claim.  Instead, DeBose alleges in a conclusory fashion that she suffered "damages to include, but not limited to, pain and suffering, mental anguish, and loss of enjoyment of life."  See Amd. Compl., ¶ 360.  As a result, the Amended Complaint fails to plead facts, which, when taken as true, state a claim for IIED that is plausible on its face.  For this reason as well, Count XVIII should be dismissed.

## M.   Count XIX Is Superfluous And Redundant

"Vicarious liability is a theory of liability . . . not a separate cause of action."  *In re Parmalat Sec. Litig.*, 412 F. Supp. 2d 392, 405 (S.D.N.Y. 2006) (dismissing Count XIII for vicarious liability because it is "redundant of Counts Eleven and Twelve."); *Ali v. Coleman*, 2013 WL 4040444, at *2 (E.D. Va. Aug. 6, 2013) ("Plaintiff's separate claim for vicarious liability in Count III is improper and should be dismissed.").

Here, Count XIX attempts to assert a cause of action for vicarious liability.  Count XIX does not allege any additional cause of action against USFBOT not already asserted in Counts I-VII, X-XVIII and XX.  Instead, Count XIX merely restates USFBOT's alleged vicarious liability for the conduct of its employees alleged in Counts I-VII, X-XVIII and XX. [3]   Accordingly, Count XIX is merely duplicative and superfluous, and should be dismissed.

---

[3] To the extent DeBose alleges that USFBOT is vicariously liable for the conduct of its employees alleged in Counts I and II, the Supreme Court has held that there is no vicarious liability under federal civil rights law.  *See Monell v*, 436 U.S. at 691, (concluding that "governing bodies" cannot be held vicariously liable "solely on the basis of the existence of an employer-employee relationship with a tortfeasor.").

**N.**     **Count XX Fails To State A Claim**

There are two different types of spoliation of evidence claims:

> The first type occurs when a party, during litigation, destroys or loses evidence that is vital to the opposing party.   Such loss is then treated by the court as a discovery violation, which is subject to a variety of discretionary sanctions.   The second type is an independent cause of action.   A spoliation claim arises against a defendant when that defendant breaches a duty to preserve evidence resulting in the destruction of a plaintiff's cause of action *against a third party*.

*Silhan v. Allstate Ins. Co.*, 236 F. Supp. 2d 1303, 1307 (N.D. Fla. 2002) (emphasis added).   Florida law "recognize[s] an independent cause of action against *third-party tortfeasors* for the negligent destruction or spoliation of evidence."   *Nelson v. Amica Mut. Ins. Co.*, 2015 WL 4507609, at *2 (M.D. Fla. July 24, 2015) (emphasis added); *United Rentals, Inc. v. Kimmins Contracting Corp.*, 2008 WL 5246313, at *4 (M.D. Fla. Dec. 1, 2008) *report and recommendation adopted*, 2008 WL 5395994 (M.D. Fla. Dec. 16, 2008) ("[a] third party spoliation claim is a recognized cause of action in Florida.").

In *United Rentals*, this Court explained the difference between first-party and third-party spoliation claims:

> First-party spoliation claims are claims in which the defendant who allegedly lost, misplaced, or destroyed the evidence was also a tortfeasor in causing the plaintiff's injuries or damages.   These actions are contrasted with third-party spoliation claims, which occur when a person or an entity, though not a party to the underlying action causing plaintiff's injuries or damages, lost, misplaced, or destroyed evidence critical to that action.

2008 WL 5246313, at *2, n.3.

The Florida Supreme Court has expressly held that there is no independent action for first-party spoliation of evidence under Florida law.  *See Martino v. Wal–Mart Stores, Inc.*, 908 So.2d 342, 345 (Fla. 2005) (there is no first-party spoliation of evidence cause of action cognizable under Florida law; the appropriate remedy is to seek discovery sanctions or the application of a presumption of negligence for the underlying tort); *Morrison v. Morgan Stanley Properties*, 2008 WL 1771871, at *8 (S.D. Fla. Apr. 15, 2008) ("in Florida[,] a first-party spoliation of evidence claim cannot stand as an independent cause of action."); *Fini v. Glascoe*, 936 So.2d 52 (Fla. 4th DCA 2006) (an independent cause of action does not exist for first-party spoliation of evidence claims).

Here, Count XX alleges a first-party spoliation claim against USFBOT.  Because an independent cause of action for first-party spoliation of evidence does not exist in Florida, Count XX should be dismissed.[4]

## O.   Defendant USFBOT's Motion To Strike

Rule 12(f) provides that the Court may strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter."

The Amended Complaint seeks punitive damages against USFBOT for its alleged violation of DeBose's rights pursuant to 42 U.S.C. §§ 1981, 1985 and 1986. *See* Amd. Compl., ¶¶ 132, 153.  The Amended Complaint also seeks punitive and exemplary damages against USFBOT on state tort and contract claims.  *See* Amd. Compl., ¶¶ 279, 286, 294, 302, 312, 326, 327, 369.

---

[4] The appropriate remedy for DeBose is to seek spoliation sanctions against USFBOT in her pending Florida Public Records Act state court action.  *See* DeBose's Amended Petition for Writ of Mandamus attached hereto as Exhibit "A."

No punitive damages may be awarded against a municipality unless expressly authorized by statute.  *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 259, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981); *Walters v. City of Atlanta*, 803 F.2d 1135 (11th Cir. 1986) (affirming district court's instruction that jury could not award punitive damages claims against the City under Section 1981); *Mitros v. Cooke*, 170 F. Supp. 2d 504, 507-08 (E.D. Pa. 2001) ("punitive damages bar [against municipalities] also applies to actions brought under § 1985.").

In addition, Section 768.28(5), *Florida Statutes*, provides, in pertinent part:

> The state and its agencies and subdivisions shall be liable for tort claims in the same manner and to the same extent as a private individual under like circumstances, but liability *shall not include punitive damages* or interest for the period before judgment.

Fla. Stat. § 768.28(5) (2015) (emphasis added).  Pursuant to the statute, a plaintiff may not seek punitive damages against a municipality for state tort law claims.  *Sada v. City of Altamonte Springs*, 2008 WL 5110799, at *10 (M.D. Fla. Nov. 25, 2008) (striking plaintiff's request for punitive damages against the City).

Moreover, under Florida law, punitive damages are not recoverable on a breach of contract claim.  *Carter v. Killingsworth*, 477 F. App'x 647, 648 (11th Cir. 2012); *PNC Bank, Nat'l Ass'n v. Colonial Bank, N.A.*, 2008 WL 2917639, at *5 (M.D. Fla. July 24, 2008) ("Punitive or exemplary damages are not ordinarily recoverable in breach of contract actions, even where the breach is willful or flagrant."); *Midland Nat. Life Ins. Co. v. Scott*, 2007 WL 2208828, at *1 (M.D. Fla. July 27, 2007) (striking request for punitive damages from breach of contract claim).

Accordingly, DeBose's prayers for punitive and exemplary damages should be stricken from the Amended Complaint.

## II.

## CONCLUSION

For the foregoing reasons, the Amended Complaint should be dismissed for failure to state claims upon which relief can be granted.  In addition, plaintiff's prayers for punitive and exemplary damages should be stricken from the Amended Complaint.

Respectfully submitted,

/s/ Richard C. McCrea, Jr.
Richard C. McCrea, Jr.
Florida Bar No. 351539
Email: mccrear@gtlaw.com
GREENBERG TRAURIG, P.A.
101 E. Kennedy Boulevard, Suite 1900
Tampa, FL  33602
Telephone:  (813) 318-5700
Facsimile:  (813) 318-5900
Attorneys for Defendant University of
South Florida Board of Trustees

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on December 30, 2015, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to Charlotte Fernée Kelly, Fernée Kelly Law Firm LLC, 401 East Jackson Street, Suite 2340, Tampa, FL  33602.

/s/ Richard C. McCrea, Jr.
Attorney

TPA 512104900v5

25