**IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**CIVIL ACTION NO. 8:15-cv-02787-EAK-AEP**

| | |
|---|---|
| ANGELA DEBOSE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| UNIVERSITY OF SOUTH FLORIDA BOARD OF TRUSTEES, UNIVERSITY OF SOUTH FLORIDA, AND ELLUCIAN, L.P., | ) ) ) ) ) |
| Defendant. | ) ) |

**DEFENDANT ELLUCIAN COMPANY L.P.'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE SEPTEMBER 29, 2017 ORDER**

Defendant ELLUCIAN COMPANY L.P., by and through its undersigned counsel, hereby files its Memorandum of Law in Opposition to Plaintiff's Motion for Reconsideration of the September 29, 2017 Order, which granted summary judgment in favor of Ellucian on the two remaining claims against it. For the reasons stated below, Plaintiff's Motion for Reconsideration of the September 29, 2017 Order Granting Summary Judgment Entirely to Ellucian and in Part to USFBOT on the Basis That Plaintiff Did Not Authenticate (the "Motion") should be denied.

**I.     INTRODUCTION**

On December 11, 2015, Plaintiff filed a 20-count Complaint against Ellucian and the University of South Florida Board of Trustees ("USFBOT") stemming from alleged discriminatory and retaliatory actions related to her alleged wrongful termination from employment as the Registrar of the University of South Florida ("USF"). On January 31, 2017, Ellucian timely filed its Motion for Summary Judgment with respect to the two claims remaining against Ellucian: tortious interference with a business relationship (i.e., Ms. DeBose's

employment relationship with the USFBOT) (Count VIII) and civil conspiracy (Count X) (Dkt. 68-69). On August 31, 2017, Plaintiff entered her Opposition to Defendant Ellucian's Motion for Summary Judgment (Dkt. 151), consisting of 35 pages of argument, as well as a single-spaced Statement of Disputed Facts of no fewer than 30 pages, and in support thereof, deposition transcripts, affidavits, and documents allegedly exchanged during discovery. (Dkt Nos. 151-166). Ellucian filed a Reply to Plaintiff's Opposition to Defendant Ellucian's Motion for Summary Judgment on September 22, 2017. (Dkt. 205).

On September 29, 2017, this Court entered an Order, which granted Ellucian's Motion for Summary Judgment on the two remaining counts against Ellucian. (Dkt. 210). On October 2, 2017, Plaintiff filed the instant Motion seeking reconsideration of the Order. (Dkt. 217). Plaintiff requests this Court consider the 72 pages of documents filed with Plaintiff's Notice of Filing of Exhibits in Opposition to Ellucian, L.P.'s Motion for Summary Judgment (Dkt. 165), as well as, the 121 pages of documents filed with Plaintiff's Notice of Filing of Production Documents in Opposition to Ellucian, L.P.'s Motion for Summary Judgment. (Dkt. 166).

II. **ARGUMENT**

Plaintiff's Motion is fundamentally flawed because it fails to meet the strict requirements for a motion for reconsideration. This Court takes a hard line against such motions, which are discouraged. A motion for reconsideration does *not* provide an opportunity to simply reargue, or argue for the first time, an issue this Court has once determined. Court opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Dunn-Fischer v. Dist. Sch. Bd. of Collier County*, 2014 U.S. Dist. LEXIS 28901, *2 (M.D. Fla. March 6, 2014). Further, "[r]econsideration of a court's previous order is an extraordinary remedy and, thus, is a power which should be used sparingly." *Kearney Partners Fund, LLC v. United States*,

2013 U.S. Dist. LEXIS 14580, *2-3 (M.D. Fla. Feb. 4, 2013).

"The burden is upon the movant to establish the extraordinary circumstances supporting reconsideration." *Mannings v. Sch. Bd. of Hillsborough Cnty.*, 149 F.R.D. 235, 235 (M.D. Fla. 1993). The courts have "delineated three major grounds justifying reconsideration: (1) an intervening change in the controlling law; (2) the availability of new evidence; (3) the need to correct clear error or prevent manifest injustice." *Susman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994). "Unless the movant's arguments fall into the limited categories outlined above, a motion to reconsider must be denied." *Carter v. Premier Restaurant Management*, 2006 U.S. Dist. LEXIS 65306, *2 (M.D. Fla. Sept. 13, 2006).

The Motion fails on its face to meet any of the three requirements necessary for reconsideration. The Motion cites no legal authority issued after the Order, and none of the cases Plaintiff cited in her Motion constitute intervening changes in the controlling law. Additionally, Plaintiff does not assert the existence of any "new" evidence or demonstrate the need to correct clear error or prevent manifest injustice. Instead, Plaintiff requests this Court consider the unauthenticated documents filed at docket entries 165 and 166.[1]

With respect to Plaintiff's tortious interference claim against Ellucian, this Court ruled "the record is devoid of evidence that either entity *intentionally* interfered with her existing or prospective rights of employment." Order at 23. The documents filed at docket entries 165 and 166 do not provide any evidence Ellucian intentionally interfered with Plaintiff's employment

---

[1] Plaintiff erroneously claims Ellucian produced "virtually all of the documents" filed at docket entries 165 and 166. Instead, Ellucian produced none of the documents filed at docket 165. Ellucian did produce a copy of the Ellucian Report with Ellucian's bates numbers, and the Court considered the same in ruling on Ellucian's Motion for Summary Judgment. Of the 121 pages contained in docket 166, Ellucian produced approximately 49 (some of which are duplicative) consisting of wholly unrelated emails regarding Degree Works and Planner matters from 2014, as well as emails from 2015 related to USF's engagement of Ellucian to assess Degree Works.

with USF. Likewise, with respect to Plaintiff's conspiracy claim, it remains, even after a review of the documents at issue, "there is absolutely no record evidence of any agreement between USF and Ellucian to include information critical of the Registrar's Office in the Ellucian Report," or of any "anti-DeBose collusion between USF and Ellucian." Plaintiff's Response, and the affidavits, exhibits and deposition testimony she filed in connection therewith, does nothing to create a genuine issue of material fact from which a trier of fact would find in Plaintiff's favor on either count against Ellucian.

### III.    CONCLUSION

The undisputed record, as well as the documents filed by Plaintiff at docket entries 165 and 166, establishes Ellucian did not conspire with USFBOT regarding Plaintiff's termination of employment and did not otherwise intentionally and unjustifiably interfere with her relationship with USFBOT. For the foregoing reasons, as well as the reasons enumerated in Defendant's Motion for Summary Judgment and Defendant's Reply, Defendant respectfully requests this Court deny Plaintiff's Motion for Reconsideration of the September 29, 2017 Order Granting Summary Judgment Entirely to Ellucian and in Part to USFBOT on the Basis That Plaintiff Did Not Authenticate and let the summary judgment in favor of Ellucian stand.

Dated this 16th day of October, 2017.

        Respectfully submitted,

        LITTLER MENDELSON, P.C.
        111 North Magnolia Avenue, Suite 1250
        Orlando, Florida 32801
        Telephone: (407) 393-2900
        Facsimile: (407) 393-2929

By:   */s/ Kimberly J. Doud*
        Jeffrey B. Jones, Esquire
        Florida Bar No.: 0039950
        Email: jbjones@littler.com

        Kimberly J. Doud, Esquire
        Florida Bar No.: 0523771
        Email:  kdoud@littler.com

        Attorneys for Defendant Ellucian Company L.P.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 16th day of October, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send a copy via email to the following: Angela DeBose, Plaintiff pro se, 1107 West Kirby Street, Tampa, Florida 33604 – email:  awdebose@aol.com; and Richard C. McCrea, Jr., Greenberg Traurig, P.A., 101 East Kennedy Boulevard, Suite 1900, Tampa, Florida 33602-5148; email: mccrear@gtlaw.com.

        */s/ Kimberly J. Doud*
        Kimberly J. Doud, Esquire

Firmwide:150585670.1 071459.1015