**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**ANGELA DEBOSE,**

     **Plaintiff,**

**v.**                                        **CASE NO. 8:15-cv-02787-EAK-AEP**

**UNIVERSITY OF SOUTH FLORIDA
BOARD OF TRUSTEES, and
ELLUCIAN COMPANY, L.P.,**

     **Defendants.**

                                 /

**DEFENDANT UNIVERSITY OF SOUTH FLORIDA BOARD OF TRUSTEES'
MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S
<u>MOTION FOR RECONSIDERATION</u>**

"In the interest of finality and conservation of scarce judicial resources, reconsideration of a previous order is an extraordinary remedy to be employed sparingly." *Lamar Advertising of Mobile, Inc. v. City of Lakeland,* 189 F.R.D. 480, 489 (M.D. Fla. 1999).   There are only three limited grounds justifying reconsideration:  "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." *Sussman v. Salem, Saxon, & Nielson, P.A.,* 153 F.R.D. 689, 694 (M.D. Fla. 1994). Finally, "[a] motion for reconsideration should raise new issues, not merely address issues litigated previously." *Paine Webber Income Props. Three, Ltd v. Mobile Oil Corp.,* 902 F.Supp. 1514, 1521 (M.D. Fla. 1995).

Here, DeBose is seeking reconsideration of the Court's summary judgment Order [Doc. 210], challenging the Court's determination that it would not consider

any of the documents attached to Doc. Nos. 165, 166, 187 and 188[1] because they were not authenticated.  [Doc. 210, pp. 9-10].  DeBose argues, *inter alia*, that her affidavits filed as part of Doc. Nos. 164 and 174 satisfies her authentication requirement with respect to USFBOT's summary judgment motion.

Courts in the Middle District have consistently refused to consider unauthenticated documents in ruling on summary judgment motion.  *See Sutherland v. Boehringer-Ingelheim Pharmaceuticals, Inc.,* 2016 WL 1092641 (M.D. Fla. March 21, 2016); *Feldman v. Imperium Insurance Company,* 2015 WL 5854153 (M.D. Fla. Oct. 5, 2015); *Ioselev v. Schilling,* 2013 WL 271711 (M.D. Fla. Jan. 24, 2013); *Roger Kennedy Constr., Inc. v. Amerisure Ins. Co.,* 506 F. Supp. 2d 1185, 1192 (M.D. Fla. 2007) (court could not consider documents filed in support of summary judgment because they were not properly authenticated).  *See also Langreder v. Freeman Expositions, Inc.,* 679 Fed. App'x 500, 501-02 (7th Cir. 2017) (trial court properly excluded unauthenticated spreadsheet of names filed in opposition to summary judgment because it was not accompanied by an affidavit identifying who prepared the spreadsheet, when it was prepared, or what group of employees it purported to show).

Moreover, Fed. R. Civ. P. 56(c)(4) provides that "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is

---

[1] The documents appearing in Doc. Nos. 187 and 188 were filed in opposition to USFBOT's summary judgment motion.

competent to testify on the matters stated." *See Foster v. Biolife Plasma Svcs., L.P.,* 566 F. App'x 808, 811 (11th Cir. 2014) (testimony that did not satisfy Rule 56(c)(4) was insufficient to oppose summary judgment).

DeBose's motion for reconsideration fails to explain how any of the unauthenticated documents filed as Doc. Nos. 187 and 188 would in any way impact the Court's summary judgment rulings with respect to DeBose's claims of gender discrimination, DeBose's claims of race and gender discrimination based on Hamilton's promotion to AVP EPM, DeBose's claims of retaliation based on Hamilton's promotion to AVP EPM, or DeBose's claims for breach of contract, tortious interference or civil conspiracy.

DeBose's motion for reconsideration makes passing reference to DeBose's disparate impact claim. [Doc. 217, p. 3]. However, DeBose's September 5, 2017 affidavit [Doc. 174] expressly states that it is based on Saba Baptiste's personal knowledge, not that of DeBose, and fails to establish that DeBose is competent to testify to Ms. Baptiste's analysis. *See Levinson v. Landsafe Appraisal Services, Inc.,* 558 Fed. App'x 942, 945-46 (11th Cir. 2014). Similarly, the affidavit fails to establish that DeBose has personal knowledge of how the unauthenticated spreadsheet [Doc. 188, pp. 176-77] was prepared or that DeBose is competent to testify to the trustworthiness of the information appearing in the spreadsheet. *See Langreder v. Freeman Expositions, supra.*[2]

---

[2] Moreover, as previously discussed in USFBOT's summary judgment motion, DeBose's disparate impact is fatally flawed because DeBose has no evidence that USF used only direct appointments to fill vacant positions and has failed to make any showing of the racial and gender composition of the persons in the labor pool qualified for the referenced positions.

In short, DeBose's motion fails to demonstrate an intervening change in controlling law, new evidence, or the need to correct clear error or prevent manifest injustice. Therefore, the Court should deny DeBose's request for reconsideration. *See McMahon v. Rambosk,* 2012 WL 1715822, at 1 (M.D. Fla. May 15, 2012) (denying motion for reconsideration where "[t]he Plaintiff does not present any new law or facts that would make the Court reconsider and change its previous Order").

## III.

## CONCLUSION

For the foregoing reasons, defendant University of South Florida Board of Trustees respectfully requests that the Court deny plaintiff's Motion for Reconsideration.

Respectfully submitted,

/s/ Richard C. McCrea, Jr.
Richard C. McCrea, Jr.
Florida Bar No. 351539
Email: mccrear@gtlaw.com
GREENBERG TRAURIG, P.A.
101 E. Kennedy Boulevard, Suite 1900
Tampa, FL 33602
Telephone: (813) 318-5700
Facsimile: (813) 318-5900
Attorney for Defendant
University of South Florida Board of
Trustees

## CERTIFICATE OF SERVICE

I **HEREBY CERTIFY** that on October 17, 2017, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to:

Angela DeBose, Pro Se
1107 W. Kirby Street
Tampa, FL  33604

Jeffrey B. Jones, Esquire
Kimberly J. Doud, Esquire
Littler Mendelson, P.C.
111 North Magnolia Avenue, Suite 1250
Orlando, FL  32801

/s/ Richard C. McCrea, Jr.
Attorney

*TPA 512378415v1*

5