UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANGELA DEBOSE,

    Plaintiff,

v.                            CASE NO. 8:15-cv-02787-EAK-AEP

UNIVERSITY OF SOUTH FLORIDA
BOARD OF TRUSTEES, and
ELLUCIAN COMPANY, L.P.,

    Defendants.
_____/

### DEFENDANT'S MOTION *IN LIMINE* REGARDING THE PARTIES' ECONOMIC STANDING

Defendant University of South Florida Board of Trustees ("USFBOT") by and through its undersigned counsel, hereby moves this Court to enter an Order prohibiting plaintiff Angela DeBose ("DeBose") from introducing at trial, or otherwise mentioning in the presence of the jury, evidence or information regarding the wealth or size of a party or contrasting the relative economic standing of the parties. The grounds upon which the instant motion is based are set forth in the following Supporting Memorandum of Law.

### SUPPORTING MEMORANDUM OF LAW

"The purpose of an in limine motion is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption

TPA 512447051v1

of, the trial." *Highland Capital Mgmt., L.P. v. Schneider,* 551 F.Supp. 2d 173, 176 (S.D.N.Y. 2008) (*citing Palmieri v. Defaria,* 88 F.3d 136, 141 (2nd Cir. 1996).

Only relevant evidence is admissible at trial. Fed.R.Evid. 402. Relevant evidence is defined as evidence "having any tendency to make the existence of any fact that is of consequence to the determination of actions more probable or less probable than it would be without the evidence." Fed.R.Civ.P. 401.

The relative wealth or sizes of the parties are not relevant or admissible because the information does not tend to prove or disprove any material fact in dispute in this case. Even if such evidence were marginally relevant (which it is clearly not), it should be excluded because its probative value is "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by consideration of undue delay, waste of time, or needless presentation of cumulative evidence." Fed.R.Evid. 403.

"Appealing to the sympathy of jurors through references to the financial disparity is improper." *Draper v. Airco, Inc.,* 580 F.2d 91, 95 (3d Cir. 1978). For that reason, federal courts have consistently recognized an obligation to prevent improper argument by counsel regarding the alleged wealth or comparative wealth of a defendant based on concerns for unfair passion and prejudice. *See U.S. v. Socony Vaccum Oil Co.,* 310 U.S. 150, 239 (1940) (appeals to class prejudice are highly improper and cannot be condoned and trial courts should be alert to prevent them); *Alimenta (U.S.A.), Inc. v. Cargill, Inc.,* 861 F.2d 650, 652 (11th Cir. 1988) (affirming trial court's granting of defendant's motion in limine barring any reference

to defendant's size because such evidence was irrelevant); *Draper,* 580 F.2d at 95 (reversing jury verdict and ordering new trial based on improper arguments of counsel, including that "[c]ounsel repeatedly made reference to the wealth of the defendants in contrast to the relative poverty of the plaintiff"); *Adams Labs, Inc. v. Jacobs Eng'g Co., Inc.,* 761 F.2d 1218 (7th Cir. 1985) (appealing to the sympathy of the jurors through references to the wealth of the defendants in contrast to the relative poverty of the plaintiffs totally improper and cause for reversal); *Garcia v. Sam Tanksley Trucking, Inc.,* 708 F.2d 519, 522 (10th Cir. 1983) ("[r]eference to the wealth or poverty of either party, or reflecting on financial disparity is clearly improper argument . . . . Counsel for plaintiff clearly overstepped the bounds of proper argument by attempting to contrast Tanksley's wealth with plaintiff's poverty"); *U.S. v. Stahl,* 616 F.2d 30, 33 (2d Cir. 1980); *Cleveland v. Peter Kiewit Sons Co.,* 624 F.2d 749, 757 (6th Cir. 1980); *Edwards v. Sears,* 512 F.2d 276 (5th Cir. 1975); *Foster v. Crawford Shipping Co., Ltd.,* 496 F.2d 788, 792 (3d Cir. 1974); *Koufakis v. Carvel,* 425 F.2d 892 (2d Cir. 1970).

Accordingly, DeBose should not be permitted to refer in any way to the parties' relative economic standing. *See Tucker v. PACCAR, Inc.,* 2006 WL 5112599, at *1 (M.D. Fla. Jan. 4, 2006) (granting motion *in limine* to exclude all "evidence regarding, or references to, the relative wealth or poverty of the parties"); *Thunderbird, Ltd. v. First Federal Savings and Loan,* 908 F.2d 787, 791 n.3 (11th Cir. 1990) (trial court granting defendant's motions *in limine* to exclude all references or evidence as to individual or corporate wealth or financial capacity).

TPA 512447051v1

## CONCLUSION

For the foregoing reasons, defendant USFBOT respectfully requests that the Court grant USFBOT's motion in limine and enter an Order precluding admission of evidence and any mention at trial regarding the relative economic standing of the parties.

## CERTIFICATE OF CONCILIATION

Pursuant to Local Rule 3.01(g), undersigned counsel certifies that he has conferred with plaintiff regarding the relief sought by the instant motion and plaintiff opposes the relief requested.

Respectfully submitted,

/s/ Richard C. McCrea, Jr.
Richard C. McCrea, Jr.
Florida Bar No. 351539
Email: mccrear@gtlaw.com
Cayla McCrea Page
Florida Bar No. 1003487
Email: pagec@gtlaw.com
GREENBERG TRAURIG, P.A.
101 E. Kennedy Boulevard, Suite 1900
Tampa, FL  33602
Telephone:  (813) 318-5700
Facsimile:  (813) 318-5900
Attorneys for Defendant
University of South Florida Board of Trustees

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on August 20, 2018, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to:

4

TPA 512447051v1

Angela DeBose, Pro Se
1107 W. Kirby Street
Tampa, FL  33604

Jeffrey B. Jones, Esquire
Kimberly J. Doud, Esquire
Nancy A. Byer, Esquire
Littler Mendelson, P.C.
111 North Magnolia Avenue, Suite 1250
Orlando, FL  32801

/s/ Richard C. McCrea, Jr.
Attorney