UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANGELA DEBOSE,

    Plaintiff,

v.                                 CASE NO. 8:15-cv-02787-EAK-AEP

UNIVERSITY OF SOUTH FLORIDA
BOARD OF TRUSTEES, and
ELLUCIAN COMPANY, L.P.,

    Defendants.
_____/

## DEFENDANT'S MOTION *IN LIMINE* REGARDING ALLEGED DISCOVERY MISCONDUCT

Defendant University of South Florida Board of Trustees ("USFBOT"), by and through its undersigned counsel, hereby moves *in limine* to preclude Plaintiff Angela DeBose ("DeBose") from testifying, or mentioning in the presence of the jury, allegations that the defendants engaged in discovery misconduct. The grounds upon which the instant motion is based are set forth in the following Supporting Memorandum of Law.

### SUPPORTING MEMORANDUM OF LAW

Three different times in this action, DeBose has filed motions for sanctions, accusing USFBOT of spoliating evidence. [Docs. 61, 98, 123]. Those motions were denied by the Magistrate Judge [Docs. 87, 122, 144], and DeBose failed to seek District Court review of those rulings. Moreover, DeBose has never obtained

any Order in this case compelling USFBOT to produce documents or any ruling that USFBOT had improperly failed to produce documents in discovery.

Nonetheless, DeBose continues to assert that the defendants engaged in discovery misconduct, including the following assertions:

- "Defendant deleted ESI from Plaintiff's hard drive and did not produce requested email responses." [Doc. 169, p. 7, n. 4].
- "USFBOT's General Counsel obstructed Defendants' Dosal and Sullins from answering whether they had seen or had in their possession e-mails that used derogatory and racially-charged Emails about DeBose, instructing them not to answer, as he had similarly instructed them not to produce Emails when requested by DeBose." [Doc. 170, p. 6].
- "It is undisputed that Defendant USFBOT/Ellucian have concealed and destroyed Emails in their possession that contain derogatory and racist language used to describe DeBose." [Doc. 170, p. 6].
- "However, the Defendant USF did not produce these Emails to Plaintiff but destroyed them." [Doc. 170, p. 6].
- "Defendant Ellucian and USFBOT willfully withheld, concealed, and destroyed electronic documents . . . to avoid disclosing their collusion." [Doc. 170, p. 24].
- "Defendants USF and Ellucian did not produce all relevant documents . . . Defendant Ellucian withheld critical documents to Plaintiff's Case

2

in Chief until ordered to produce them. Even after the Court's Order, Defendant Ellucian has continued to withhold documents." [Doc. 170, p. 28].

USFBOT respectfully requests that the Court preclude DeBose from mentioning or offering any evidence regarding her unfounded assertions of discovery misconduct. DeBose had a full opportunity to conduct discovery in this case and to file discovery motions but failed to make a showing to the Court that the defendants withheld or destroyed relevant documents.

Courts have routinely held that references or arguments concerning discovery disputes are irrelevant and inadmissible. *See, e.g. Empire Gas Corp. v. American Bakeries Co.,* 840 F.2d 1333, 1341 (7th Cir. 1988); *Walton v. Bridgestone,* 2009 WL 2778441 (D. Ariz. Jan. 16, 2009); *Waters v. Genesis Health Ventures, Inc.,* 400 F. Supp. 2d 814, 816 (E.D. Pa. 2005); *Hy Cite Corp. v. Regal Ware, Inc.,* 2011 WL 2420203 (W.D. Wis. June 13, 2011) (excluding evidence of alleged discovery violations because "[t]he discovery dispute of the parties are irrelevant to whether [the defendant] falsely marketed "its product and therefore had no place at trial); *Mformation Techs, Inc. v. Research in Motion, Ltd.,* 2012 WL 2339762 (N.D. Cal. June 7, 2012) ("[e]vidence of the parties' discovery dispute [is] not relevant to the questions of patent validity or infringement, and thus should not be presented to the jury"); *Brookshire Bros., Ltd. v. Aldridge,* 438 S.W. 3d 9, 26 (Tex. 2014) (evidence "bearing solely on whether a party spoliated evidence" "has

TPA 512446576v1

no bearing on the facts that are of consequence to the determination of the action from the jury's perspective").

More importantly, the mere suggestion of the destruction or withholding of evidence would have an unfairly prejudicial effect on USFBOT. Fed.R.Evid. 403. Plaintiff's only purpose in preventing evidence regarding defendants' alleged discovery misconduct would be an improper one: to unfairly prejudice the jury by insinuating that USFBOT acted improperly or had something to hide. *See Green v. Baca,* 226 F.R.D. 625, 643 (C.D. Cal. 2005) ("[e]ven if some inference of consciousness of wrongdoing could be drawn from the manner in which defendant responded to plaintiff's discovery requests in this case. . . . The unfair prejudice that defendant would suffer from the admission of the evidence would clearly outweigh its probative value").

Evidence concerning spoliation allegations and discovery issues would also create substantial confusion and delay. If DeBose were allowed to suggest at trial that the defendants acted improperly in discovery, the parties would need to spend a substantial portion of the trial presenting their compelling evidence and arguments about DeBose's allegations. As a result, the parties would be forced to conduct a mini-trial on discovery issues that would not only prolong the trial but almost certainly distract and confuse the jurors, who are not versed in discovery issues or a party's discovery obligations. *See Thompson v. Glenmede Trust Co.,* 1996 WL 529696 (E.D. Pa. Sept. 16, 1996) (excluding evidence related to discovery disputes due to risk that the jury may . . . be misled by the irrelevant side issues of the

4

discovery process" rather than "focus on the issues in the case"); *Brookshire Bros., supra* at 26 ("the tendency of [spoliation] evidence to skew the focus of the trial form the merits to the conduct of the spoliating party raises a significant risk of both prejudice and confusion of the issues").

In short, given the highly inflammatory nature of DeBose's accusations and the utter dearth of any evidence supporting them, USFBOT respectfully requests that the Court preclude DeBose from mentioning or offering evidence at trial regarding her assertions that the defendants engaged in discovery misconduct, including suggesting, implying, or testifying that USFBOT failed to produce, or intentionally destroyed, relevant documents. *See, e.g. Parkinson v. Guidant Corp.*, 315 F. Supp.2d 750 (W.D. Pa. 2004) (granting motion *in limine* to exclude spoliation evidence).

## CONCLUSION

For the foregoing reasons, defendant University of South Florida Board of Trustees respectfully requests that the Court enter an Order precluding plaintiff from introducing, or mentioning in the presence of the jury, any alleged discovery misconduct.

## CERTIFICATE OF CONCILIATION

Pursuant to Local Rule 3.01(g), undersigned counsel certifies that he has conferred with plaintiff regarding the relief sought by the instant motion and plaintiff opposes the relief requested.

Respectfully submitted,

5

/s/ Richard C. McCrea, Jr.
Richard C. McCrea, Jr.
Florida Bar No. 351539
Email: mccrear@gtlaw.com
Cayla McCrea Page
Florida Bar No. 1003487
Email: pagec@gtlaw.com
GREENBERG TAURIG, P.A.
101 E. Kennedy Boulevard, Suite 1900
Tampa, FL 33602
Telephone: (813) 318-5700
Facsimile: (813) 318-5900
Attorneys for Defendant
University of South Florida Board of Trustees

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on August 20, 2018, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to:

Angela DeBose, Pro Se
1107 W. Kirby Street
Tampa, FL 33604

Jeffrey B. Jones, Esquire
Kimberly J. Doud, Esquire
Nancy A. Byer, Esquire
Littler Mendelson, P.C.
111 North Magnolia Avenue, Suite 1250
Orlando, FL 32801

/s/ Richard C. McCrea, Jr.
Attorney

TPA 512446576v1