UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANGELA DEBOSE,

    Plaintiff,

v.                                                                CASE NO. 8:15-cv-02787-EAK-AEP

UNIVERSITY OF SOUTH FLORIDA
BOARD OF TRUSTEES, and
ELLUCIAN COMPANY, L.P.,

    Defendants.

_____/

## DEFENDANT'S MOTION *IN LIMINE* REGARDING PLAINTIFF'S CONSPIRACY THEORY

Defendant University of South Florida Board of Trustees ("USFBOT") by and through its undersigned counsel, hereby moves this Court to enter an Order prohibiting plaintiff Angela DeBose ("DeBose") from introducing at trial, or otherwise mentioning in the presence of the jury, evidence or information regarding DeBose's theory that USFBOT conspired with Ellucian to include damaging statements about DeBose in the Ellucian Report. The grounds upon which the instant motion is based are set forth in the following Supporting Memorandum of Law.

## SUPPORTING MEMORANDUM OF LAW

"The purpose of an in limine motion is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption

TPA 512448707v1

of, the trial." *Highland Capital Mgmt., L.P. v. Schneider,* 551 F.Supp. 2d 173, 176 (S.D.N.Y. 2008) (*citing Palmieri v. Defaria,* 88 F.3d 136, 141 (2nd Cir. 1996).

In her Third Amended Complaint, DeBose alleges that USFBOT and Ellucian conspired to "terminate [DeBose's] employment for pretextual reasons by knowingly including inaccurate and improper information in the Ellucian Report with the intent of damaging [DeBose]."   [Doc. 45, ¶ 230].   On September 29, 2017, the Court granted summary judgment for USFBOT and Ellucian on DeBose's civil conspiracy claim, stating:

> The problem for DeBose, however, is that there absolutely no record evidence of any agreement between USF and Ellucian to include information critical of the Registrar's Office in the Ellucian Report. There are no emails, letters, or alleged oral statements that show any anti-DeBose collusion between USF and Ellucian. **Any belief by DeBose that such collusion occurred is pure conjecture** and has not been properly supported for purposes of opposing the Defendants' summary judgment motions. As a result, DeBose's civil conspiracy claims fail as a matter of law.

[Doc. 210, p. 25] (emphasis supplied).

Even though discovery has shown DeBose's conspiracy theory to be nothing more than speculation, DeBose has repeatedly attempted to challenge the Court's summary judgment ruling. [Docs. 217, 238, 245, 262, 266, 280]. Moreover, DeBose continues to argue, notwithstanding the Court's summary judgment ruling, that DeBose's "evidence" "could convince a jury that Ellucian agreed with USFBOT to do an unlawful act." [Doc. 290, p. 2]. Given DeBose's steadfast refusal to accept the Court's summary judgment ruling, USFBOT expects that DeBose will attempt to

2

argue at trial that the negative remarks about her in the Ellucian Report were the product of a conspiracy between USFBOT and Ellucian.

The only "evidence" that DeBose can point to in support of her conspiracy theory is that Ellucian consultant Andrea Diamond spoke with USF employees before finalizing her Report. However, the mere fact that USF employees spoke with Andrea Diamond about the draft Ellucian report does not support a reasonable inference that USF directed Diamond to include critical comments about DeBose in the Report. *See Blackston v. Shook & Fletcher Insulation Co.,* 764 F.2d 1480, 1482 (11th Cir. 1985) ("an inference based on speculation and conjecture is not reasonable"); *see also Landry v. Lincare, Inc.,* 579 Fed. Appx. 734, 738 (11th Cir. 2014); *Burrell v. Board of Trustees of Ga. Military College,* 970 F.2d 785, 791 n.15 (11th Cir. 1992) ("[o]nly one fact can be inferred from their meeting: that the meeting took place. Any conclusion about the content of their discussion in contradiction to their testimony would qualify as speculation, not inference."); *Dark v. The Learning Tree, Inc.,* 2015 WL 1865432, at *10 (N.D. Ala. April 23, 2015) ("in the face of general denials by Murphy, Dooley, and Clark, the notion that they discussed Plaintiff's FMLA leave or criticized her attendance at those meetings amounts to speculation, not a reasonable inference").

Federal Rule of Evidence 602 provides that: "[a] witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of that matter." Fed. R. Evid. 602; *see Elizarraras v. Bank of El Paso,* 631 F.2d 366, 373-74 (5th Cir. 1980). DeBose has not produced any

3

evidence of personal knowledge of any collusion between USFBOT and Ellucian with regard to the Ellucian Report or her termination. Accordingly, any testimony as to this theory should be excluded under Rule 602.

Moreover, Federal Rule of Evidence 701 limits opinion testimony by lay witnesses to circumstances where the opinion is: (a) rationally based on the perception of the witness; (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue; and (c) not based on scientific, technical or other specialized knowledge within the scope of Rule 702. Fed. R. Evid. 701. Under Rule 701, lay opinion testimony may be elicited only if is based on a witness's first-hand knowledge or observations. *See M. W. v. Ford Motor Company,* 2016 WL 7220107, at *9 (M.D. Fla. April 27, 2016) ("[u]nder Federal Rule of Evidence 701, speculative opinion testimony by a lay witness is generally inadmissible"). Here, any speculation or opinion offered by DeBose as to a conspiracy between USFBOT and Ellucian has no foundation in first-hand knowledge and observation. Accordingly, the Court should exclude any such testimony by DeBose base on the limitations on lay opinion testimony provided in Rule 701.

Finally, given the Court's summary judgment ruling, the prejudicial implication of uncorroborated speculative testimony of a purported conspiracy would far outweigh any probative value. Such conjecture or speculation may cause a jury to base its decision on something other than the admissible evidence in this case. Fed. R. Evid. 403. For that reason as well, such "evidence" should be excluded.

4

## CONCLUSION

For the foregoing reasons, defendant USFBOT respectfully requests that the Court grant USFBOT's motion in limine and enter an Order precluding admission of evidence and any mention at trial regarding plaintiff DeBose's conspiracy theory.

## CERTIFICATE OF CONCILIATION

Pursuant to Local Rule 3.01(g), undersigned counsel certifies that he has conferred with plaintiff regarding the relief sought by the instant motion and plaintiff opposes the relief requested.

Respectfully submitted,

/s/ Richard C. McCrea, Jr.
Richard C. McCrea, Jr.
Florida Bar No. 351539
Email: mccrear@gtlaw.com
Cayla McCrea Page
Florida Bar No. 1003487
Email: pagec@gtlaw.com
GREENBERG TRAURIG, P.A.
101 E. Kennedy Boulevard, Suite 1900
Tampa, FL 33602
Telephone: (813) 318-5700
Facsimile: (813) 318-5900
Attorneys for Defendant
University of South Florida Board of Trustees

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 20, 2018, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to:

Angela DeBose, Pro Se
1107 W. Kirby Street

5

TPA 512448707v1

Tampa, FL  33604

Jeffrey B. Jones, Esquire
Kimberly J. Doud, Esquire
Nancy A. Byer, Esquire
Littler Mendelson, P.C.
111 North Magnolia Avenue, Suite 1250
Orlando, FL  32801

/s/ Richard C. McCrea, Jr.
Attorney

6

TPA 512448707v1