UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**ANGELA DEBOSE,**

    **Plaintiff,**

**v.**                             **CASE NO. 8:15-cv-02787-EAK-AEP**

**UNIVERSITY OF SOUTH FLORIDA**
**BOARD OF TRUSTEES, and**
**ELLUCIAN COMPANY, L.P.,**

    **Defendants.**
_____/

**DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S**
**EXPERT WITNESSES AND PREVIOUSLY UNDISCLOSED WITNESSES**

Defendant University of South Florida Board of Trustees ("USFBOT"), by and through its undersigned counsel and pursuant to Fed.R.Civ.P. 37(c), 26(a)(2) and Fed.R.Civ.P. 26(a)(1), hereby moves to strike thirty-three (33) of plaintiff Angela DeBose's ("DeBose" or "plaintiff") witnesses and two (2) expert witnesses. The grounds upon which the instant motion is based are set forth in the following Supporting Memorandum of Law.

**SUPPORTING MEMORANDUM OF LAW**

**I.**

**PRELIMINARY STATEMENT**

DeBose initiated this action on December 4, 2015 and filed her Amended Complaint on December 11, 2015. (Docs. 1 and 5). On March 9, 2016, the Court entered its Case Management and Scheduling Order (the "Scheduling Order"), directing the parties to "meet the agreed upon terms and time limits set forth in their Case Management

1

TPA 512463155v2

Report" and further directing that the scheduling and case management requirements "are very precise and *shall be strictly adhered to*." [Doc. 36, p. 1].

The Scheduling Order set, among other deadlines, a deadline for plaintiff to disclose all expert witnesses by September 2, 2016. Although plaintiff has sought extensions of certain deadlines in the Scheduling Order, plaintiff has never sought an extension of this deadline.

On April 1, 2016, plaintiff served her Rule 26 Disclosures listing the following individuals that DeBose "may use to support its claims or defenses:" Angela DeBose, Paul Dosal, Ralph Wilcox, Travis Thompson, Bob Sullins, Judy Genshaft, John Ramil, Brian Lamb, Andrea Diamond, Kirk Beeler, and Susan l/n/u. [*See* Exhibit 1]. To date, plaintiff has not supplemented her initial disclosures.

On September 3, 2016 – after the expert disclosure deadline had already passed on September 2, 2016 – plaintiff disclosed Dr. Kimberly Nguyen, ND ("Dr. Nguyen") as an alleged expert witness. [*See* Exhibit 2]. The disclosure fails to comply with Fed.R.Civ.P. 26(a)(2)(C).

On September 5, 2017, more than a year after plaintiff's expert witness disclosure deadline, plaintiff filed the Affidavit of Expert Opinion that included the expert opinions of Saba Baptist ("Baptiste"). [Doc. 177]. On September 15, 2017, USFBOT filed a Motion to Strike Plaintiff's Expert Testimony because DeBose's disclosure of this expert was untimely. [Doc. 201]. On September 29, 2017, this Court ruled that Baptiste's affidavit was "untimely and inadmissible in response to USF's motion for summary judgment." [Doc. 210].

TPA 512463155v2

On August 29, 2018, plaintiff filed her unilateral Pretrial Statement in which she again identified Baptiste as an expert witness, despite the Court's prior ruling that plaintiff failed to timely disclose Baptiste under Fed.R.Civ.P. 26(a)(2)(B). Plaintiff also identified thirty-three witnesses that were not included in her initial disclosures as required by Fed.R.Civ.P. 26(a)(1)(A)(i).

## II.

## ARGUMENT

### A. DEBOSE FAILED TO COMPLY WITH FED.R.CIV.P. 26(a)(1)

The Federal Rules of Civil Procedure are designed to "narrow and clarify the issues," "give the parties mutual knowledge of all relevant facts," and "prevent[ ] surprise." *Shelak v. White Motor Co.*, 581 F.2d 1155, 1159 (5th Cir. 1978) (citing *Hickman v. Taylor*, 329 U.S. 495 (1947)). Rule 26(a)(1) of the Federal Rules of Civil Procedure requires a party to provide to the other party the name, and if known, the address and telephone number of each individual, along with the subjects of that information, that a disclosing party may use to support its claims or defenses and who "likely have discoverable under Rule 26(e). Fed. R. Civ. P. 26(e); *see also Cooley v. Great Southern Wood Preserving*, 138 F. App'x 149, 159 (11th Cir. 2005).

Fed.R.Civ.P. 37(c)(1) provides: "If a party fails to provide information or identify a witness as required ... the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial unless the failure was substantially justified or is harmless." *See Mobile Shelter Sys USA, Inc. v. Grate Pallet Sols., LLC*, 845 F. Supp. 2d 1241, 1250-51 (M.D. Fla. 2012) "Substantial justification exists if there is "justification to a degree that could satisfy a reasonable person that parties differ as to whether the

3

party was required to comply with the disclosure request." *Cinclips, LLC v. Z. Keepers, LLC*, 2017 WL 2869532 (M.D. Fla. July 5, 2017) (citing *Hewitt v. Liberty Mut. Grp., Inc.*, 268 F.R.D. 681, 682 (M.D. Fla. 2010)).

Courts routinely prohibit parties from introducing material at trial when that material was not timely disclosed to opposing parties during the discovery period. *See, e.g., Reaves v. Ragin*, No. 07–1294, 2011 WL 2579755, at *5 (D. Md. June 23, 2011) (excluding late productions because "Rule 37 does not allow counsel to 'simply fail[] to comply with [a discovery] schedule"); *see also Bowling v. Hasbro, Inc.*, No. 05-229S, 2007 WL 3274328, at *2 (D.R.I. Nov. 5, 2007) ("Opening the doors of discovery to new theories and new evidence at this late stage of the proceedings would unfairly prejudice and harm [the opposing party] and [a] Court is well within its discretion to preclude this type of last minute ambush . . . . [S]upplemental discovery material that is provided much too close to trial may be excluded. At this point in the proceedings, discovery has long been closed, the summary judgment stage has passed, and trial is just around the corner." (internal quotation marks omitted).

The following individuals were not included in DeBose's Initial Disclosure and should be excluded from providing testimony at trial pursuant to Rule 37 of the Federal Rules of Civil Procedure: Bea Smith, Billie Jo Hamilton, Bob Davis, Bob Spatig, Caurie Waddell, Cindy Visot, David Lee Henry, Delonjie Tyson, Denelta Adderly Henry, Gerard Solis, Harold Nixon, Jeff Muir, Jennifer Derushia, Jennifer Meningall, Joan Holmes, Kimberly Bushe Whiteman, Lance Arney, Laurie Meggesin, Leonard Gude, Les Miller, Lois Palmer, Lori Mohn, Norine Noonan, Rick DeBow, Rolanda Lewis, Saba Baptiste,

Sam Wright, Sidney Fernandes, Sridevi Moletti, Suzanne McCoskey Bishop, Sylvia Salter, Tony Embry, and Vanessa Centelles.

DeBose's failure to disclose these thirty-three witnesses is prejudicial to USFBOT since the discovery deadline has long-since expired and the possibility of deposing some, if not all of the witnesses, is no longer permitted. Moreover, no substantial justification exists for DeBose's failure to identify the aforementioned witnesses, especially considering this Court extended the discovery deadline almost two months, giving DeBose additional time to prepare and submit her supplemental disclosure.

Because DeBose never disclosed Bea Smith, Billie Jo Hamilton, Bob Davis, Bob Spatig, Caurie Waddell, Cindy Visot, David Lee Henry, Delonjie Tyson, Denelta Adderly Henry, Gerard Solis, Harold Nixon, Jeff Muir, Jennifer Derushia, Jennifer Meningall, Joan Holmes, Kimberly Bushe Whiteman, Lance Arney, Laurie Meggesin, Leonard Gude, Les Miller, Lois Palmer, Lori Mohn, Norine Noonan, Rick DeBow, Rolanda Lewis, Saba Baptiste, Sam Wright, Sidney Fernandes, Sridevi Moletti, Suzanne McCoskey Bishop, Sylvia Salter, Tony Embry, and Vanessa Centelles, these witnesses should be stricken and not permitted to testify.

### B. DEBOSE FAILED TO COMPLY WITH THE COURT'S SCHEDULING ORDER AND FED.R.CIV.P. 26(a)(2)

Federal Rule of Civil Procedure 26 provides that "a party must disclose to other parties the identity of any witnesses it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." See Bodden v. Cole, 2012 WL 33051 (M.D. Fla. 2012). Federal Rule of Civil Procedure 26(a)(2)(D) provides that "[a] party must make these disclosures at the times and in the sequence that the court orders." See Knight through Kerr v. Miami-Dade County, 856 F.3d 795, 811 (11th Cir. 2017).

Here, the Court set September 2, 2016 as the date in which plaintiff was required to disclose *all* expert testimony. See *Knight v. Miami-Dade, supra* at 812 ("[w]hen, as in this case, the court has entered a scheduling order, the court's deadlines control"). plaintiff's "disclosure" of Baptiste as an expert witness is untimely based upon the deadline set forth in the Scheduling Order, occurring over a year after that deadline. In addition, plaintiff failed to timely provide a written report from Baptiste detailing the information required by Rule 26(a)(2)(B). Plaintiff likewise failed to satisfy the requirement so Rule 26(a)(2)(C) with respect to her incomplete disclosure of Dr. Nguyen.

### 1. Plaintiff's Disclosure Of Baptiste Fails To Comply With Rule 26(a)(2)(B)

Rule 26(a)(2)(B) requires that each expert disclosure be accompanied by a written report, prepared and signed by the expert, that includes: "(i) a complete statement of all opinions the witnesses will express and the basis and reasons for them; (ii) the facts or data considered by the witness in forming them; (iii) any exhibits that will be used to summarize or support them; (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years; (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and (vi) a statement of the compensation to be paid for the study and testimony in the case." See *Reese v. Herbert,* 527 F.3d 1253, 1265 (11th Cir. 2008) ("revelation of [the expert's] name was not enough to discharge Reese's obligation under the federal and local rules . . . the federal rule contemplates not only the identification of the expert, but also the provision of a written report containing a complete statement of all opinions and the basis and reasons therefor") (internal quotations omitted).

The burden of establishing substantial justification and harmlessness is on the party who failed to make the required disclosure. *Mitchell v. Ford Motor Co.*, 318 Fed. Appx. 821, 825 (11th Cir. 2009). "In determining whether a failure to disclose evidence is substantially justified or harmless, courts are guided by the following factors: (1) the unfair prejudice or surprise of the opposing party; (2) the opposing party's ability to cure the surprise; (3) the likelihood and extent of disruption to the trial; (4) the importance of the evidence; and (5) the offering party's explanation for its failure to timely disclose the evidence." *Bradenton Beauty & Barber Academy, Inc., v. First Nat'l Ins. Co. of America*, 2017 WL 915242 at *1 (M.D. Fla. Mar. 8, 2017).

On September 15, 2017, USFBOT filed a Motion to Strike Plaintiff's Expert Testimony because DeBose's disclosure of this expert was untimely. (Doc. 201). On September 29, 2017, this Court ruled that Baptiste's affidavit was "untimely and inadmissible in response to USF's motion for summary judgment." (Doc. 210). Because DeBose's disclosure was untimely, as recognized by this Court on September 29, 2017, DeBose should not be permitted to use Baptiste's testimony at trial.

### 2. Plaintiff's Disclosure Nguyen Fails To Comply With Rule 26(a)(2)(C)

Plaintiff's disclosure of Dr. Nguyen was also untimely, as it was disclosed one-day after the deadline set by this Court, and plaintiff should therefore not be permitted to use Dr. Nguyen's testimony at trial. *See Reese v. Herbert, supra* (affirming trial court's exclusion of affidavit from non-disclosed expert); *Fox v. Safeco Insurance Company of Illinois*, 2017 WL 2930858 (M.D. Fla. July 10, 2017) (granting motion to strike late-disclosed experts); *PFM Air, Inc. v. Dr. Ing.HCF.Porsche A.G.*, 2010 WL 11507791 (M.D. Fla. Dec. 21, 2010) (granting motion to strike late-filed expert disclosures); *Blythe v. Fifth*

7

*Third Bank,* 2010 WL 11432601 (M.D. Fla. Jan. 19, 2010) (granting motion to strike non-disclosed expert).

Dr. Nguyen's proposed testimony should also be stricken because the late disclosure did not comply with Rule 26(a)(2)(C). Rule 26(a)(2)(C) requires the disclosure of: (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify.

Here, plaintiff failed to provide the subject matter on which Dr. Nyugen is expected to present evidence and a summary of the facts and opinions to which she is expected to testify as required by Fed.R.Civ.P. 26(a)(2)(C). *See NXP B.P. v. BlackBerry Limited*, 2014 WL 12625577 (M.D. Fla. Mar. 21, 2014) ("Federal Rule of Civil Procedure 26(a)(2)(C) requires parties to disclose all expert evidentiary material they may rely on at trial, and that the disclosure be made at the times established by the court."); *Deanna Pugliese v. Texas Roadhouse, Inc*, 2018 WL 3757762 (M.D. Fla. Aug. 8, 2018) ("Plaintiff shall be limited to witnesses already listed in her [expert] disclosure, and shall bring her disclosure into full compliance with Fed. R. Civ. P. 26(a)(2)(C), including expanding on and providing specific information and summaries of the facts and opinions to which each treatment provider is expected to testify."); *See also Crawford v. ITW Food Equipment Group, LLC*, 2018 WL 3599212 (M.D. Fla. April 19, 2018) ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, *unless the failure was substantially justified or is harmless."* Fed. R. Civ. P. 37(c)(1) (emphasis added)).

8

III.

## CONCLUSION

For the foregoing reasons, defendant University of South Florida Board of Trustees respectfully requests that this Court enter an Order striking DeBose's expert witnesses, Saba Baptiste and Dr. Kimberly Nyugen, as well as the thirty-three undisclosed witnesses listed above, and Order that plaintiff is not permitted to use Saba Baptiste's, Dr. Kimberly Nyugen's, Bea Smith's, Billie Jo Hamilton's, Bob Davis's, Bob Spatig's, Caurie Waddell's, Cindy Visot's, David Lee Henry's, Delonjie Tyson's, Denelta Adderly Henry's, Gerard Solis's, Harold Nixon's, Jeff Muir's, Jennifer Derushia's, Jennifer Meningall's, Joan Holmes's, Kimberly Bushe Whiteman's, Lance Arney's, Laurie Meggesin's, Leonard Gude's, Les Miller's, Lois Palmer's, Lori Mohn's, Norine Noonan's, Rick DeBow's, Rolanda Lewis's, Saba Baptiste's, Sam Wright's, Sidney Fernandes's, Sridevi Moletti's, Suzanne McCoskey Bishop's, Sylvia Salter's, Tony Embry's, and Vanessa Centelles's testimony at trial.

Respectfully submitted,

/s/ Richard C. McCrea, Jr.
Richard C. McCrea, Jr.
Florida Bar No. 351539
Email: mccrear@gtlaw.com
Cayla McCrea Page
Florida Bar No. 1003487
Email: pagec@gtlaw.com
GREENBERG TRAURIG, P.A.
101 E. Kennedy Boulevard, Suite 1900
Tampa, FL 33602
Telephone: (813) 318-5700
Facsimile: (813) 318-5900
Attorneys for Defendant
University of South Florida Board of Trustees

TPA 512463155v2

**CERTIFICATE OF CONCILIATION**

Pursuant to Local Rule 3.01(g), undersigned counsel certifies that he has conferred with plaintiff to conciliate the instant motion, but plaintiff opposes the motion.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on August 31, 2018, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to:

Angela DeBose, Pro Se<br>
1107 W. Kirby Street<br>
Tampa, FL 33604<br>
Jeffrey B. Jones, Esquire<br>
Kimberly J. Doud, Esquire<br>
Nancy A. Byer, Esquire<br>
Littler Mendelson, P.C.<br>
111 North Magnolia Avenue, Suite 1250<br>
Orlando, FL 32801

/s/ Richard C. McCrea, Jr.

TPA 512463155v2