**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**ANGELA DEBOSE,**
    **Plaintiff,**
v.                                                            CASE NO. 8:15-cv-02787-EAK-AEP

**UNIVERSITY OF SOUTH FLORIDA**
**BOARD OF TRUSTEES, and**
**ELLUCIAN COMPANY, L.P.,**
    **Defendants.**
_____/

## Plaintiff's Notice of Filing of Motion for an Additional Jury Instruction to the Court's Amended Proposed Jury Instruction

Plaintiff, Angela DeBose, respectfully requests the Court to consider a change to the Court's proposed Amended Jury Instruction to also include a Pretext Instruction. In support, Plaintiff states as follows:

**Special Instruction Pertaining to "Pretext"**

Whether to give a mixed-motive or a pretext instruction (or both) is a question of law for the court. *Starceski v. Westinghouse Elec. Corp.,* 54 F.3d 1089, 1097-98 (3d Cir.1995). *See also Connelly v. Lane Const. Corp.*, 809 F.3d 780, 788 (3d Cir. 2016) ("[E]ven at trial, an employee may present his case under both [pretext and mixed-motive] theories, provided that, prior to instructing the jury, the judge decides whether one or both theories applies" (internal quotation marks and citation omitted).); *Urban v. Bayer Corp. Pharmaceutical Div.,* 2006 WL 3289946 (D.N.J. 2006) (analyzing discrimination claim first under mixed-motive theory and then under pretext theory).

**Sample Pretext Instruction**

In this case Ms. DeBose is alleging that USFBOT [describe alleged disparate treatment]

Ms. DeBose. In order for Ms. DeBose to recover on this discrimination claim against USFBOT, Ms. DeBose must prove that USFBOT intentionally discriminated against Ms. DeBose. This means that Ms. DeBose must prove that her [protected status] was a determinative factor in USFBOT's decision to [describe action] Ms. DeBose.

To prevail on this claim, Ms. DeBose must prove both of the following by a preponderance of the evidence:

<u>First</u>: USFBOT failed to renew Ms. DeBose's employment arrangement, demoted Ms. DeBose, terminated Ms. DeBose, or otherwise discriminated against Ms. DeBose in a serious and tangible way with respect to Ms. DeBose's compensation, terms, conditions, or privileges of employment][19]; and

<u>Second</u>: Ms. DeBose's [protected status] was a determinative factor in USFBOT's decision.

Although Ms. DeBose must prove that USFBOT acted with the intent to discriminate, Ms. DeBose is not required to prove that USFBOT acted with the particular intent to violate Ms. DeBose's federal civil rights. Moreover, Ms. DeBose is not required to produce direct evidence of intent, such as statements admitting discrimination. Intentional discrimination may be inferred from the existence of other facts.

You should weigh all the evidence received in the case in deciding whether USFBOT Intentionally discriminated against Ms. DeBose. For example, you have been shown statistics in this case. Statistics are one form of evidence that you may consider when deciding whether a defendant intentionally discriminated against a plaintiff. You should evaluate statistical evidence along with all the other evidence.

USFBOT has given a nondiscriminatory reason for its actions. If you believe USFBOT's stated reason and if you find that the [adverse employment action] would have occurred because of defendant's stated reason regardless of Ms. DeBose's [protected status], then you must find for USFBOT. If you disbelieve USFBOT's stated reason for its conduct, then you may, but need not, find that Ms. DeBose has proved intentional discrimination. In determining whether USFBOT's stated reason for its actions was a pretext, or excuse, for discrimination, you may not question USFBOT's business judgment. You cannot find intentional discrimination simply because you disagree with the business judgment of USFBOT or believe it is harsh or unreasonable. You are not to consider USFBOT's wisdom. However, you may consider whether Ms. DeBose has proven that USFBOT's reason is merely a cover-up for discrimination.

Ultimately, you must decide whether Ms. DeBose has proven that her [protected status] was a determinative factor in [defendant's employment decision.] "Determinative factor" means that if not for Ms. DeBose's [protected status], the [adverse employment action] would not have occurred.

Submitted: **September 13, 2018**        */s/ Angela DeBose*
                                          Angela DeBose

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this **14th** day of September 2018, the above and foregoing was sent via Certified Mail and filed electronically, with notice of the filing sent to: Richard C. McCrea, Jr. and Cayla Page, Greenberg Traurig, P.A., 101 East Kennedy Boulevard, Suite 1900, Tampa, Florida 33602-5148; email: (mccrear@gtlaw.com; pagec@gtlaw.com) and Kimberly

Doud, Littler Mendelson, 111 North Magnolia Avenue, Suite 1250, Orlando, Florida 32801;

email: (kdoud@littler.com).

      /s/ *Angela DeBose*
Angela DeBose
1107 W. Kirby Street
Tampa, Florida 33604
Telephone: (813) 932-6959
Email: awdebose@aol.com