UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANGELA DEBOSE,

    **Plaintiff,**

v.                              CASE NO. 8:15-cv-02787-EAK-AEP

UNIVERSITY OF SOUTH FLORIDA
BOARD OF TRUSTEES, and
ELLUCIAN COMPANY, L.P.,

    **Defendants.**
_____/

## DEFENDANT'S OBJECTIONS TO COURT'S FINAL PROPOSED VERDICT FORM AND FINAL PROPOSED JURY INSTRUCTIONS

Defendant University of South Florida Board of Trustees ("USFBOT"), by and through its undersigned counsel and pursuant to this Court's Order [Doc. 453], hereby files its objections to the Court's Final Proposed Jury Instructions [Doc. 451] and the Court's Final Proposed Verdict Form [Doc. 452].

**I.**

### THE COURT'S FINAL PROPOSED VERDICT FORM [DOC. 452]

USFBOT objects to the inclusion of Sections I(4) and II(5) on the verdict form because backpay is an equitable remedy to be awarded by the Court, not the jury. *EEOC v. W&O, Inc.,* 213 F.3d 600, 619 (11th Cir. 2000); *Holland v. Gee,* 677 F.3d 1047, 1064 n. 8 (11th Cir. 2012); *Johnson v. Georgia Highway Exp., Inc.,* 417 F.2d 1122, 1125 (5th Cir. 1969) ("[t]he demand for backpay is not in a nature of a claim for damages, but rather is an integral part of the statutory equitable remedy, to be

determined through the exercise of the court's discretion, and not by a jury"). Moreover, there is no evidence in the record to support an award of lost wages or benefits. *See Akouri v. State of Florida Dep't of Transportation,* 408 F.3d 1338, 1344 (11th Cir. 2005) (employee was not entitled to back pay on a successful failure to promote claim where "there was no figure from which the jury could have reasonably calculated net lost wages"); *Szeinbach v. Ohio State University,* 820 F.3d 814 (6th Cir. 2016) (A Title VII plaintiff is required to establish the appropriate amount of back pay with reasonable certainty. If the plaintiff fails to offer such proof then an award of back pay is not warranted).

Defendant further objects to the inclusion of Sections I(5) and II(6) on the verdict form. There is no evidence in the record to support an award of compensatory damages for emotional pain and mental anguish and it cannot simply be inferred. *See Carey v. Piphus,* 435 U.S. 247 (1978) (compensatory damages cannot be presumed from a constitutional violation, but must be proven by competent, substantial evidence); *Akouri v. State of Florida Dep't of Transportation,* 408 F.3d at 1345 (agreeing with the Fourth Circuit that "the testimony must demonstrate that the plaintiff suffered demonstrable emotional distress, which must be sufficiently articulated; neither conclusory statements that the plaintiff suffered emotional distress nor the mere fact that a constitution violation occurred supports an award of compensatory damages"); *McClean v. GMAC Mortgage Corp.,* 398 Fed. Appx. 467, 471 (11th Cir. 2010).

II.

**THE COURT'S FINAL PROPOSED JURY INSTRUCTIONS [DOC. 451]**

For the reasons stated above, defendant USFBOT maintains that the damages instructions appearing at pp. 22-25 of the Final Proposed Jury Instructions should not be given.

Defendant respectfully requests that the Court give the jury Defendant's Proposed Jury Instruction No. 15 because defendant's alleged failure to follow its policies has been a featured part of plaintiff's case in chief, leading to the possibility that the jury will confuse policy violations with unlawful discrimination or retaliation. The Eleventh Circuit has repeatedly ruled that the failure to follow personnel policies is not probative of discrimination. *See Ritchie v. Industrial Steel, Inc.,* 426 Fed. Appx. 867, 874 (11th Cir. 2011); *Mitchell v. USBI Co.,* 186 F.3d 1352, 1355-56 (11th Cir. 1999); *Brown v. American Honda Motor Company, Inc.,* 939 F.2d 946 (11th Cir. 1991), *cert. denied,* 502 U.S. 1058 (1992). Only where a policy is applied differently because of race is the failure to follow a personnel policy evidence of discrimination. *Rojas v. Florida,* 285 F.3d 1339, 1344 n. 4 (11th Cir. 2002) ("[t]o establish pretext, a plaintiff must show that the deviation from policy occurred in a discriminatory manner").

Defendant also respectfully requests that the Court include Defendant's Proposed Jury Instruction No. 18 (Business Judgment). *See Furnco Construction Corp. v. Waters,* 438 U.S. 567, 578 (1978), *see also Walker v. AT&T Techs.,* 995 F.2d 846 (8th Cir. 1993) (district court's failure to give business judgment instruction was reversible error).

3

Respectfully submitted,

/s/ Richard C. McCrea, Jr.
Richard C. McCrea, Jr.
Florida Bar No. 351539
Email: mccrear@gtlaw.com
Cayla McCrea Page
Florida Bar No. 1003487
Email: pagec@gtlaw.com
GREENBERG TRAURIG, P.A.
101 E. Kennedy Boulevard, Suite 1900
Tampa, FL  33602
Telephone:  (813) 318-5700
Facsimile:  (813) 318-5900
Attorneys for Defendant
University of South Florida Board of Trustees

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on September 21, 2018, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to:

Angela DeBose, Pro Se
1107 W. Kirby Street
Tampa, FL  33604

Jeffrey B. Jones, Esquire
Kimberly J. Doud, Esquire
Nancy A. Byer, Esquire
Littler Mendelson, P.C.
111 North Magnolia Avenue, Suite 1250
Orlando, FL  32801

/s/ Richard C. McCrea, Jr.
Attorney

TPA 512467527v1