UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANGELA W. DEBOSE,

    Plaintiff,

v.                                                  Case No.: 8:15-cv-2787-EAK-AEP

UNIVERSITY OF SOUTH FLORIDA BOARD
OF TRUSTEES and ELLUCIAN COMPANY,
L.P.

    Defendants.

## **ORDER**

This cause is before the Court *sua sponte*.

On Thursday, September 20, 2018, Defendant University of South Florida Board of Trustees ("USFBOT") orally moved for judgement as a matter of law pursuant to Rule 50 of the Federal Rules of Civil Procedure. *See* (Doc. 456). That motion remains pending. By its motion, USFBOT argued, *inter alia,* that Plaintiff failed, during the presentation of her case-in-chief, to put forth evidence and argument regarding her compensatory damages – both for lost wages and benefits, as well as for pain and suffering. In her written opposition, Plaintiff counters that "[t]he Court has several options to allow the Plaintiff Pro Se to submit her damages to the jury." *See* (Doc. 461, at 12). According to Plaintiff, one of those options is for the Court to re-open the evidence as to her damages. *Id.*

District judges "must meet situations as they arise" and "must have broad power to cope with the complexities and contingencies inherent in the adversary process." *Geders v. United States*, 425 U.S. 80, 86–87 (1976). To that end, district courts may determine the order in which parties will adduce proof at trial and whether any party should be permitted to reopen the evidence. *Id.*; *United States v. Bolt*, 776 F.2d 1463, 1471–72 (10th Cir. 1985). "The question of the order of

Case 8:15-cv-02787-EAK-AEP Document 462 Filed 09/24/18 Page 2 of 2 PageID 6125

proof and permission to reopen the evidence rests within the discretion of the trial court." *Bolt*, 776 F.2d at 1471–72; *See also United States v. Byrd*, 403 F.3d 1278, 1283 (11th Cir. 2005) ("The decision whether to reopen a case to introduce additional evidence is reviewed only for abuse of discretion.") (citing *United States v. Cohen*, 888 F.2d 770, 775 (11th Cir. 1989)).

Upon consideration, in the interests of justice and grounded in principles of fundamental fairness, the Court will allow Plaintiff the opportunity, if she chooses, to re-open her case-in-chief for the limited purpose of introducing argument and evidence related to her compensatory damages. Any time Plaintiff uses in re-opening the evidence will be charged to the time the Court has allotted for her closing arguments. USFBOT, of course, will be permitted the opportunity to rebut Plaintiff's evidence.

**IT IS SO ORDERED AND ADJUDGED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida this 24th day of September, 2018.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties