**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**ANGELA DEBOSE,**
    **Plaintiff,**
v.                                         **CASE NO. 8:15-cv-02787-EAK-AEP**

**UNIVERSITY OF SOUTH FLORIDA**
**BOARD OF TRUSTEES, and**
**ELLUCIAN COMPANY, L.P.,**
    **Defendants.**
_____/

**PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COST OF LITIGATION**
**AND OTHER MISCELLANEOUS RELIEF**

Pursuant to Federal Rule of Civil Procedure 54(d), Plaintiff Angela DeBose moves the Court to award attorney's fees of $712,500 and reimbursement of $102,520 in litigation expenses. Additionally, Plaintiff respectfully asks the Court to consider an award of front pay and 54(b) certification of the matter as final and appealable, as to the parties, specifically as to Ellucian, L.P.

**I.    PROCEDURAL HISTORY**

Plaintiff filed this action on or about December 4, 2015. On December 23, 2015, Charlotte Fernee Kelly filed notice of appearance [13] and subsequently withdrew on July 29, 2016. [Doc. 52]. On August 4, 2016 and August 31, 2016, Kathryn Comly Hopkinson and James Moten Thompson filed notice of appearance [54, 55] and subsequently withdrew on February 16, 2017. [Doc. 93], during the dispositive phase of the case. On March 21, 2018, the Court granted Plaintiff's request to proceed Pro Se [122], following which Plaintiff, a non-practicing licensed attorney, undertook her own representation. On September 29, 2017, Partial Summary Judgment was granted to the Defendant University of South Florida Board of Trustees and in the entirety to Ellucian, L.P. [210]. A trial, originally scheduled to begin October 1,

2018, was reset to September 4, 2018 and then to September 10, 2018. The Plaintiff interviewed, deposed, motioned and strategized the case, as did the opposing counsels on the other side. On September 26, 2018, a conscientious jury returned a verdict in Plaintiff's favor. [Docket No. 471].

## II.    ATTORNEY'S FEES

Plaintiff's counsel respectively requests the Court award attorney's fees in the amount of $712,500 (Seven hundred twelve thousand five hundred dollars). This amount is equal to hours estimated at 3,000 hours and the hourly rate of $200 per hour.[1] (It would not be equitable to use a percent of the damages awarded for purposes of this calculation.)1  Title VII's provision for award of reasonable attorneys' fees to prevailing parties: "In any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party ... a reasonable attorneys' fee as part of the costs ... ."[2]  In enacting the fees provision, Congress recognized that most victims of discrimination are unable to afford legal representation in vindicating their rights under the Act. A plaintiff's entitlement to an attorney's fee under the Act has been liberally construed by the courts in light of the beneficial remedial objectives of the legislation.[3]

### A.    Legal Standards

Plaintiff seeks an award of $712,500 in attorney's fees and costs in this matter, which is reasonable based on the hours worked and applicable billing rates. To determine whether fees are reasonable, the court must consider (1) whether the attorney charged a reasonable hourly rate and (2) whether the time the attorney logged on the case was reasonable—i.e., did the attorney waste

---

[1] The median hourly rate for a first-year practicing attorney in Florida is $300 per hour. The Florida Bar, Results of the 2016 Economics and Law Office Management Survey (February 2017).
[2] 42 U.S.C. § 2000e-5(k) (1976).
[3] See *Christianburg Garment Co. v EEOC*, 434 U.S. 412, 417 (1978). Title VII prevailing plaintiffs are ordinarily entitled to attorneys' fees in all but special circumstances.

or otherwise unnecessarily spend time on the matter. *Judicial Watch, Inc. v. DOJ*, 774 F. Supp. 2d 225, 232 (D.D.C. 2011) (*Judicial Watch II*) (quoting *Bd. of Trs. of Hotel & Rest. Emps. Local 25 v. JPR, Inc.*, 136 F.3d 794, 801 (D.C. Cir. 1998)). Plaintiff was the "prevailing party" and is therefore entitled to attorney's fees and expenses for obtaining a winning verdict.

Attorneys' fees are calculated based on the "lodestar," which is the number of hours the lawyers reasonably spent on the case multiplied by the lawyers' hourly rates. *Id*. A lawyer's hourly rate is measured by its fair market value, "regardless of whether plaintiff is represented by private or non-profit counsel." *Blum v. Stenson*, 465 U.S. 886, 895 (1984). The fee requester bears the burden of establishing the reasonableness of the hourly rates. *Salazar v. District of Columbia*, 809 F.3d 58, 64 (D.C. Cir. 2015) (citing *Covington v. District of Columbia*, 57 F.3d 1101, 1103 (D.C. Cir. 1995)). Federal Courts have increased hourly rates ("Loadstar Fees") by multiples of three or four (or more) to account for considerations such as the risk undertaken, the quality of the services rendered, the results achieved, and the delay in receipt of payment. See, for example, <u>In Re: Rite Aid Corp. Securities Litigation</u>, 146 Fed. Supp. 706, 736 N. 44 (E. D. Pa. 2001) (Finding "a Loadstar multiple in the range of 4.5 to 8.5" to be "unquestionably reasonable").

Determining a reasonable fee is within the sound discretion of the trial judge; however, this discretion is not unlimited. *Gray ex rel. Alexander v. Bostic*, 613 F.3d 1035, 1039 (11th Cir. 2010) Id. at 1039–40. The district court must provide a clear explanation of the rationale supporting a fee award. *Id*. As the award of attorney's fees and costs is essentially factual in nature, the district court's superior understanding of the litigation clearly places it in the best position to calculate such an award when appropriate. See *Cullens v. Georgia Dept. of Trans.*, 29 F.3d 1489, 1492–93 (11th Cir. 1994). Unquestionably, the district court possesses wide

discretion in calculating the amount and reasonableness of such an award. *Id*. This Circuit followed the Supreme Court's lead and explained that while the amount of damages is relevant to assessing the degree of success enjoyed by the plaintiff, the "court may not employ a cash register approach in which setting a fee is merely an arithmetical function." *Cullens*, 29 F.3d at 1493. In this context, "[t]he risk is too great that a multiple-of-damages approach will subsume, or override, or erode other relevant considerations, or place undue tensions upon them" even if "the use of the multiplier [is] explained and justified." *Id*. at 1494.

The circuits have held, at the end of the day, the substantive reasonableness of the amount awarded is the touchstone of [our] evaluation of a district court's award of fees and costs. Of course, the trial judge possesses discretion with respect to awarding costs but that discretion is not unlimited and a denial of costs is "'in the nature of a penalty for some defection [on the part of the prevailing party] in the course of the litigation.'" *Chapman v. AI Transport*, 229 F.3d 1012, 1038–39 (11th Cir. 2000) (citation omitted). To overcome the presumption and deny full costs under Rule 54(d), the trial judge must "have and state a sound reason for doing so." *Id*. at 1039.

**B.      Analysis**

Plaintiff contends the hourly rate of $200 is not only reasonable but lower than the median rate for practicing lawyers in Florida, at $300 per hour. Additionally, the 3,000 hours logged is based on 4-5 hours per day over the case's nearly 3-year history. Further, if the Court were to consider the quality of the representation, it would find that while Plaintiff did not have trial experience, she managed the case adequately and met deadlines. The number of extensions or continuances requested were no higher than the Defendants, prior to the pretrial period. Plaintiff's case involved complex civil matters ranging through Federal Civil Rights,

4

employment law, and contract law. The complexity and duration of the litigation should also be considered. This case has been going on for almost three (3) years. There has been extensive Motion practice, withdrawals, and unfortunately discovery abuses and appeals to the Eleventh Circuit Court of Appeals, where the Appellate Court declined review until the end of the case, on jurisdictional grounds. The case was also prepared for trial and scheduled for trial beginning on at least three different periods. There were also three mediations that did not settle the case; therefore, Plaintiff had no other alternative but to appear before the Court on September 10, 2018, prepared and ready to try the remaining issues of liability and then to move onto individual issues of damages. Despite the Court having narrowly defined the issues for trial, there were significant disputes. Plaintiff has devoted approximately 3,000 hours of legal effort over the span of the case and expended over $102,000 in costs, to prosecute the case and to obtain the amount awarded by the jury. The individual award is too limited to expect Plaintiff to use it as recovery of the substantial out-of-pocket expenditures incurred to provide legal representation. To make economic sense, the risk of receiving no fee whatsoever if the litigation was unsuccessful, must be offset by the reality of earning a sufficient fee from a favorable outcome to justify the time, effort and expense necessary to pursue the claims to the end. Loadstar provides a method of cross checking and the Loadstar cross check may be easy to apply in this case, to result in a fair fee award.

### III.  LITIGATION COSTS

Plaintiff's counsel respectfully requests reimbursement of their litigation costs and expenses in the amount of $102,520.[4] The amounts expended for experts were especially critical to evaluating the computerized data produced by the Defendant. Other significant costs were

---

[4] A table of disbursements and affidavit in support of this Motion can be filed as a supplement, if so required.

fees paid to a legal assistant, printing, postage, depositions, transcripts, filing fees, and issues on the Eleventh Circuit Appeal.

## IV. FRONT PAY

Many anti-discrimination and anti-retaliation statutes authorize reinstatement as an element of damages. A prevailing plaintiff can also recover lost future earnings, which compensates the plaintiff for the effects of an unlawful termination. Lost future earnings "encompass reputational harms, loss of experience, and other forward-looking aspects of the injury caused by the discriminatory conduct." *Teutscher v. Woodson*, 835 F.3d 936, 959 (9th Cir. 2016). Plaintiff was not awarded compensatory damages because they were not admitted and therefore the jury did not decide them. The Defendant objected to front pay, when the Plaintiff sought to have them considered. Some of the factors courts consider to craft front pay awards include:

> **(1) the plaintiff's age, (2) the length of time the plaintiff was employed by the defendant employer, (3) the likelihood the employment would have continued absent the discrimination, (4) the length of time it will take the plaintiff, using reasonable effort, to secure comparable employment, (5) the plaintiff's work and life expectancy, (6) the plaintiff's status as an at-will-employee, (7) the length of time other employees typically held the position lost, (8) the plaintiff's ability to work, (9) the plaintiff's ability to work for the defendant-employer, (10) the employee's efforts to mitigate damages, and (11) the amount of any liquidated or punitive damage award made to the plaintiff.**

*Ogden v. Wax Works, Inc.*, 29 F. Supp. 2d 1003, 1015 (N.D. Iowa 1998) (internal citations omitted) (collecting cases from the First, Second, Third, Fourth, Sixth, Seventh, Eighth, Ninth, Tenth, Eleventh, and D.C. Circuits).

Therefore, Plaintiff asks the Court to award front pay for an estimated 5 years, which Plaintiff has estimated to be in excess of $170,000.

### V.     FINALITY

As part of the post-trial procedures, pursuant to Rule 54(b), Plaintiff asks for certification that all matters are now final and appealable. A detailed motion [245] was filed and denied because of multiple claims involving multiple parties.

### CONCLUSION

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests that the Court award her reasonable attorney's fees and reimbursement of litigation expenses in the prosecution of this litigation. Additionally, Plaintiff requests front pay and certification of the matter as final and appealable.

Dated: **September 27, 2018**                                                  */s/ Angela DeBose*
                                                                                                            Angela DeBose

### CERTIFICATE OF CONFERRAL

Plaintiff informed Defendant that attorney fees would be requested.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this **27th** day of September, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send a copy via email to all counsel of record identified in the Service List to receive Notices of Electronic Filing.

                                                                                                           */s/ Angela DeBose*
                                                                                                           Angela DeBose
                                                                                                           1107 W. Kirby St.
                                                                                                           Tampa, FL 33604