**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**ANGELA DEBOSE,**

      **Plaintiff,**

**v.**                                    **CASE NO. 8:15-cv-02787-EAK-AEP**

**UNIVERSITY OF SOUTH FLORIDA**
**BOARD OF TRUSTEES, and**
**ELLUCIAN COMPANY, L.P.,**

      **Defendants.**

_____/

**DEFENDANT UNIVERSITY OF SOUTH FLORIDA BOARD OF TRUSTEES'**
**MOTION TO MODIFY JUDGMENT**

Defendant University of South Florida Board of Trustees ("USFBOT"), by and through its undersigned counsel and pursuant to Fed.R.Civ.P. 60(a), hereby moves for the Court to modify the Judgment dated October 2, 2018 [Doc. 475] in order to correct a clerical error.  The grounds upon which the instant motion is based are set forth in the following Supporting Memorandum of Law.

**SUPPORTING MEMORANDUM OF LAW**

**I.**

**PRELIMINARY STATEMENT**

On September 26, 2018, the jury returned its verdict in the above-referenced case.  While the jury returned a verdict in favor of plaintiff Angela DeBose ("DeBose") on her the retaliation claim, the jury *did not* return a verdict in DeBose's favor on her race discrimination claim.  [Doc. 471].  The jury's verdict states the jury's finding that

USFBOT "would have discharged Ms. DeBose from employment even if the University of South Florida had not taken Ms. DeBose's race into account" and, as a result, Ms. DeBose was not awarded damages on that claim.

On October 2, 2018, the Court entered its Judgment in a Civil Case [Doc. 475] (the "Judgment").  The Judgment states that "judgment is entered in favor of Plaintiff Angela DeBose in the amount of $310,500.00 and against Defendant University of South Florida Board of Trustees on Plaintiff's *disparate treatment race discrimination* and retaliation claims." [Doc. 475].  This Judgment is contradictory to the jury's verdict.  As a result, USFBOT respectfully requests that the Court correct the mistake in judgment and enter a corrected Judgment.

## II.

## ARGUMENT

"The decision to grant a … Rule 60 motion is within the sound discretion of the Court."  *See Clark v. U.S. Postal Service*, 2012 WL 2044812 (M.D. Fla. 2012) *citing Sussman v. Salem, Saxon & Nielsen, P.A.,* 153 F.R.D. 689, 694 (M.D. Fla. 1994).  Federal Rule of Civil Procedure 60(a) provides that a court may "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other party of the record."  Fed.R.Civ.P. 60(a).

In this case, the Judgment entered by the Court contains a mistake that is contradictory to the jury's verdict.  The Court may "correct clerical errors to reflect what was intended at the time of ruling."  *Weeks v. Jones*, 100 F.3d 124, 128 (11th Cir. 1996) (citations omitted).  Accordingly, Rule 60(a) gives this Court discretion correct

the clerical mistake and enter a corrected Judgment that accurately reflects the jury's decision, namely that the jury did not find in favor of DeBose with regard to the race discrimination claim as reflected by Section I(3) and (4) of the jury's verdict form. [Doc. 471]. *See United States v. Feinstein Family Partnership*, 2016 WL 7383917 (M.D. Fla. Dec. 21, 2016) ("Furthermore, the Court finds that the error of the Clerk may be corrected pursuant to Federal Rule of Civil Procedure 60(a)"); *Gormong v. Local Union 613, IBEW,* 714 F.2d 1109, 1110 (11th Cir. 1983) ("While the district court was correct in its reliance on Rule 60(a) *for the purposes of correcting the erroneous judgment*, it apparently overlooked the fact that an appeal had been docketed in this court") (emphasis added); *see also Vaughter v. Eastern Air Lines, Inc.,* 817 F.2d 685 (11th Cir. 1987) ("As a general proposition, the district court may act under Rule 60(a) only to correct "mistakes or oversights that cause the judgment to fail to reflect what was intended at the time of the trial." *Mullins v. Nickel Plate Mining Co.,* 691 F.2d 971, 973 (11th Cir. 1982)).

Therefore, USFBOT respectfully requests that the Court modify the judgment to accurately reflect the jury's verdict.  Such request properly lies within the purview of Rule 60(a).  USFBOT also respectfully requests that the Court clarify whether USFBOT's deadline to file its post-trial motions runs from the original or the corrected judgment.

## CONCLUSION

**WHEREFORE,** for the foregoing reasons, USFBOT respectfully requests that this Court enter a corrected Judgment, which accurately reflects the jury's decision

3

and to inform the parties whether the time to file post-trial motions begins to run on

the date on which this Court enters a corrected Judgment or from the October 2, 2018

Judgment.

## CERTIFICATE OF CONCILIATION

Pursuant to Local Rule 3.01(g), undersigned counsel certifies that he conferred

with plaintiff to conciliate the instant motion, but plaintiff opposes.

> Respectfully submitted,
>
> /s/ Richard C. McCrea, Jr.
> Richard C. McCrea, Jr.
> Florida Bar No. 351539
> Email: mccrear@gtlaw.com
> Cayla McCrea Page
> Florida Bar No. 1003487
> Email: pagec@gtlaw.com
> GREENBERG TRAURIG, P.A.
> 101 E. Kennedy Boulevard, Suite 1900
> Tampa, FL  33602
> Telephone:  (813) 318-5700
> Facsimile:  (813) 318-5900
> Attorneys for Defendant
> University of South Florida Board of
> Trustees

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on October 4, 2018, I electronically filed the foregoing

with the Clerk of the Court by using the CM/ECF system, which will send a notice of

electronic filing to:

Angela DeBose, Pro Se
1107 W. Kirby Street
Tampa, FL  33604

Jeffrey B. Jones, Esquire
Kimberly J. Doud, Esquire

TPA 512468699v1

5

Nancy A. Byer, Esquire
Littler Mendelson, P.C.
111 North Magnolia Avenue, Suite 1250
Orlando, FL  32801

/s/ Richard C. McCrea, Jr.
Attorney

TPA 512468699v1