IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**ANGELA DEBOSE,**

    **Plaintiff,**

v.                                CASE NO. 8:15-cv-02787-EAK-AEP

**UNIVERSITY OF SOUTH FLORIDA
BOARD OF TRUSTEES, and
ELLUCIAN COMPANY, L.P.,**

    **Defendants.**

_____/

**PLAINTIFF'S OPPOSITION TO DEFENDANT UNIVERSITY OF SOUTH FLORIDA
BOARD OF TRUSTEES' MOTION TO MODIFY JUDGMENT**

Plaintiff Angela DeBose files her Opposition to Defendant University of South Florida Board of Trustees' ("USFBOT") Motion to Modify Judgment and states as follows in her brief Memorandum of Law:

**MEMORANDUM OF LAW**

    **I.**     **Judgment**

USFBOT has filed a Motion (Doc. No. 479) to modify the Judgment [475] entered by the Court on the basis of Federal Rule 60(a), which allows corrections based on clerical mistakes. Specifically, Federal Rule 60(a) provides in pertinent part:

> **The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record.**

The impact of a motion to modify or correct a judgment depends on whether the motion raises a substantive change in the judgment. A motion to modify if raising a substantive change

1

in the judgment extends the trial court's plenary power and extends the time for perfecting an appeal.  If a motion seeks only a clerical change in a judgment as here, it generally will not extend plenary power or the appellate deadlines.

## II. Clerical Error

Although the rule regarding correction of clerical error is broad, issues may arise as to what constitutes "clerical error." Rule 60(a) applies to more than mere technical or typographical errors. This Rule has been used to correct arithmetic mistakes, misnaming of parties, errors in taxation of costs, the rate and period for recovery of interest, and the entitlement to attorney fees. However, Rule 60(a) cannot be stretched to permit relitigation of matters or to make substantive changes in the final order. It may be used only to make the order reflect what was actually intended when it was initially rendered.  Thus, the Rule 60(a) motion can be used only to make the judgment or record speak the truth and cannot be used to say something other than what was originally pronounced. *West Va. Oil & Gas Co. v. Breece Lumber Co.*, 213 F.2d 702 (5th Cir. 1954).

The Judgment and the Docket Text summarizes that Judgment was entered in DeBose's favor at trial and that in accordance with the Jury's verdict, DeBose was awarded $310,500.  The Judgment and Docket Text summarizes that USFBOT was granted summary judgment on 9/29/29 concerning other counts in DeBose's Third Amended Complaint.  There is no confusion that the Jury found race was a motivating factor in USFBOT's actions against DeBose.  There is also no confusion that the Jury found that USFBOT retaliated against DeBose.

## III. Entry of Judgment

The entry of judgment starts the running of the deadlines for post-judgment motions. Specifically, the date of entry of judgment also is the date post-judgment interest begins accruing

and the date that begins the running of the time period for filing an appeal. Under Federal Rule 58 (and subject to the provisions of Rule 54(b)), a judgment is entered when it is reduced to writing, signed by the judge, and filed with the clerk of court pursuant to Rule 5.

USFBOT has not remitted to Plaintiff the sum awarded by the jury and now seeks to continue to stall without any post-judgment interest accruing. The Court should not reward USFBOT's delay tactics by modifying the judgment and restarting the deadline by which to file a notice of appeal. A conscientious jury of six returned a verdict in Plaintiff's favor and the Court's Judgment and Docket Text summarizes the Jury's decision. USFBOT has learned nothing from trial and in its bitterness seeks to further withhold justice and relief from Ms. DeBose.

## CONCLUSION

WHEREFORE, Plaintiff respectfully asks the Court to deny USFBOT's motion on the basis that the request is not grounded in substance but merely semantics to further delay justice for the Plaintiff, without the penalty of post-judgment interest and a ticking clock winding down the time to file a notice of appeal.

**Submitted: 10/4/2018**      /s/ *Angela DeBose*
Angela DeBose

## CERTIFICATE OF CONFERRAL

Defendant informed Plaintiff it would be filing a motion to correct a clerical error but did not at any time disclose what was perceived as the alleged error. Therefore, Plaintiff stated her opposition.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this **4th** day of October 2018, the above and foregoing was sent via Certified Mail and filed electronically, with notice of the filing sent to: Richard C. McCrea, Jr. and Cayla Page, Greenberg Traurig, P.A., 101 East Kennedy Boulevard, Suite 1900, Tampa, Florida 33602-5148; email: (mccrear@gtlaw.com; pagec@gtlaw.com) and Kimberly Doud, Littler Mendelson, 111 North Magnolia Avenue, Suite 1250, Orlando, Florida 32801; email: (kdoud@littler.com).

          __/s/ *Angela DeBose*_____
          Angela DeBose
          1107 W. Kirby Street
          Tampa, Florida 33604
          Telephone: (813) 932-6959
          Email: awdebose@aol.com