**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

Sam M. Gibbons U.S. Courthouse
Office of the Clerk
801 North Florida Avenue
Tampa, FL 33602
(813) 301-5400
www.flmd.uscourts.gov

Elizabeth M. Warren
Clerk of Court

Keshia M. Jones
Tampa Division Manager

**DATE:** November 2, 2018

**TO:** Clerk, U.S. Court of Appeals for the Eleventh Circuit

---

ANGELA W. DEBOSE,

Plaintiff,

v. Case No: 8:15-cv-2787-T-17AEP

UNIVERSITY OF SOUTH FLORIDA BOARD OF TRUSTEES and ELLUCIAN COMPANY, L.P.,

Defendants.

---

**U.S.C.A. Case No.: TO BE ASSIGNED**

Enclosed are documents and information relating to an appeal in the above-referenced action. Please acknowledge receipt on the enclosed copy of this letter.

- Honorable Elizabeth A. Kovachevich, United States District Judge appealed from.
- Appeal filing fee was not paid. Upon filing a notice of appeal, the appellant must pay the district clerk all required fees. The district clerk receives the appellate docket fee on behalf of the court of appeals. If you are filing informa pauperis, a request for leave to appeal in forma pauperis needs to be filed with the district court.
- Certified copy of Notice of Appeal, docket entries, judgment and/or Order appealed from. Opinion was not entered orally.
- Court Reporter: David Collier, Bill Jones, Digital

ELIZABETH M. WARREN, CLERK

By: s/L. Richards, Deputy Clerk

APPEAL, CLOSED, MEDIATION, MOTREF, SL DOC

# U.S. District Court
# Middle District of Florida (Tampa)
# CIVIL DOCKET FOR CASE #: 8:15−cv−02787−EAK−AEP

DeBose v. USF Board of Trustees et al
Assigned to: Judge Elizabeth A. Kovachevich
Referred to: Magistrate Judge Anthony E. Porcelli
Case in other court: 11th Circuit, 17−14025−F
11th Circuit, 17−14793−H
11th Circuit, 18−12226−K
11th Circuit, 18−13454−D
11th Circuit, 18−13803−D
Cause: 42:1983 Civil Rights (Employment Discrimination)

Date Filed: 12/04/2015
Date Terminated: 10/02/2018
Jury Demand: Both
Nature of Suit: 442 Civil Rights: Jobs
Jurisdiction: Federal Question

**Plaintiff**

**Angela W. DeBose** represented by

**Angela W. DeBose**
1107 W Kirby St
Tampa, FL 33604
813−230−3023
Email: awdebose@aol.com
PRO SE

**Charlotte Fernee Kelly**
Cristal Hanenian
4905 W Laurel St Ste 200
Tampa, FL 33607
813−258−8500
Fax: 813−258−8501
Email: charlotte@ferneekellylaw.com
*TERMINATED: 08/02/2016*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kathryn Comly Hopkinson**
Thompson Legal Center, LLC
777 S Harbour Island Blvd Ste 245
Tampa, FL 33602−5744
813/769−3900
Fax: 813/425−3999
Email: khthompsonlegal@gmail.com
*TERMINATED: 03/21/2017*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James Moten Thompson**
Thompson Legal Center, LLC
777 S Harbour Island Blvd Ste 245

Tampa, FL 33602−5744
813−769−3900
Fax: 813−425−3900
Email: jmthompsonlegal@gmail.com
*TERMINATED: 03/21/2017*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**USF Board of Trustees**
*TERMINATED: 12/11/2015*

represented by **Richard C. McCrea , Jr.**
Greenberg Traurig, P.A.
101 E Kennedy Blvd Ste 1900
Tampa, FL 33602−5148
813−318−5700
Fax: 813−318−5900
Email: mccrear@gtlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**University of South Florida**
*TERMINATED: 04/12/2016*

represented by **Richard C. McCrea , Jr.**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Ellucian, L.P.**
*TERMINATED: 12/28/2015*

represented by **Kimberly J. Doud**
Littler Mendelson, PC
111 N Magnolia Ave Ste 1250
Orlando, FL 32801−2366
407/393−2900
Fax: 407/393−2929
Email: kdoud@littler.com
*ATTORNEY TO BE NOTICED*

**Nancy A. Beyer**
Littler Mendelson, PC
111 N Magnolia Ave Ste 1250
Orlando, FL 32801−2366
407−425−6559
Fax: 407−422−6583
Email: nbeyer@littler.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**University of South Florida Board of Trustees**

represented by **Richard C. McCrea , Jr.**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Cayla McCrea Page**
Greenberg Traurig, P.A.
101 E Kennedy Blvd Ste 1900
Tampa, FL 33602−5148
813−318−5700
Fax: 813−318−5900
Email: pagec@gtlaw.com
*ATTORNEY TO BE NOTICED*

**Sara G. Sanfilippo**
Ogletree Deakins Nash Smoak & Stewart, P.C. − Tampa
100 N Tampa St Ste 3600
Tampa, FL 33602−5867
813−289−7449
Fax: 813−289−6530
Email: sara.sanfilippo@ogletree.com
*TERMINATED: 09/15/2018*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Ellucian Company, L.P.** represented by **Kimberly J. Doud**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Nancy A. Beyer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Mediator**

**Peter J. Grilli**
*TERMINATED: 08/31/2018*
represented by **Peter John Grilli**
Peter J. Grilli, PA
3001 W Azeele St
Tampa, FL 33609−3138
813/874−1002
Fax: 813/874−1131
Email: peter@grillimediation.com
*TERMINATED: 11/21/2016*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 12/04/2015 | 1 | | COMPLAINT against Ellucian, L.P., USF Board of Trustees, University of South Florida with Jury Demand (Filing fee $ 400 receipt number TPA−33691) filed by Angela DeBose. (Attachments: # 1 Civil Cover Sheet, # 2 Exhibit)(LSS) (Entered: 12/04/2015) |
| 12/04/2015 | 2 | | SUMMONS issued as to University of South Florida. (LSS) (Entered: 12/04/2015) |

| | | | |
|---|---|---|---|
| 12/04/2015 | 3 | | SUMMONS issued as to Ellucian, L.P.. (LSS) (Entered: 12/04/2015) |
| 12/04/2015 | 4 | | **STANDING ORDER: Filing of documents that exceed twenty−five pages. Signed by Judge Elizabeth A. Kovachevich on 7/15/2008. (LSS)** (Entered: 12/04/2015) |
| 12/11/2015 | 5 | | AMENDED COMPLAINT against Ellucian, L.P., University of South Florida, University of South Florida Board of Trustees with Jury Demand. Terminating USF Board of Trustees filed by Angela W. DeBose. (Attachments: # 1 Exhibit, # 2 Exhibit)(LSS)) (Entered: 12/11/2015) |
| 12/11/2015 | 6 | | SUMMONS issued as to University of South Florida. (LSS) (Entered: 12/11/2015) |
| 12/11/2015 | 7 | | SUMMONS returned unexecuted by Angela W. DeBose as to University of South Florida Board of Trustees. (VCG) (Entered: 12/15/2015) |
| 12/11/2015 | 8 | | RETURN of service executed on 12/10/2015 by Angela W. DeBose as to University of South Florida, University of South Florida Board of Trustees. (VCG) (Entered: 12/15/2015) |
| 12/15/2015 | 9 | | NOTICE of designation under Local Rule 3.05 − Track 2 (CLM) (Entered: 12/15/2015) |
| 12/17/2015 | 10 | | NOTICE of Appearance by Richard C. McCrea, Jr on behalf of University of South Florida, University of South Florida Board of Trustees (McCrea, Richard) (Entered: 12/17/2015) |
| 12/18/2015 | 11 | | RETURN of service executed on 12/14/2015 by Angela W. DeBose as to Ellucian, L.P. (GNB) (Entered: 12/21/2015) |
| 12/18/2015 | 12 | | NOTICE of Filing by Angela W. DeBose re 11 Summons returned executed (GNB) (Entered: 12/21/2015) |
| 12/22/2015 | 14 | | CERTIFICATE of service by Angela W. DeBose re 9 Notice of designation of track. (VCG) (Entered: 12/23/2015) |
| 12/23/2015 | 13 | | NOTICE of Appearance by Charlotte Fernee Kelly on behalf of Angela W. DeBose (Kelly, Charlotte) (Entered: 12/23/2015) |
| 12/23/2015 | 15 | | MOTION for Extension of Time to File Answer re 5 Amended Complaint by Ellucian, L.P.. (Doud, Kimberly) (Entered: 12/23/2015) |
| 12/28/2015 | 16 | | **ENDORSED ORDER granting 15 Motion for Extension of Time to Answer or respond. Ellucian, L.P. answer or response due 2/3/2016. Signed by Judge Elizabeth A. Kovachevich on 12/28/2015. (EJJ)** (Entered: 12/28/2015) |
| 12/31/2015 | 17 | | MOTION to Dismiss Amended Complaint *and to strike* by University of South Florida Board of Trustees. (Attachments: # 1 Exhibit A − Amended Petition for Writ of Mandamus)(McCrea, Richard) . Added MOTION to Strike on 12/31/2015 (VCG). (Entered: 12/31/2015) |
| 01/11/2016 | 18 | | Unopposed MOTION for Extension of Time to File Response/Reply as to 16 Order on motion for extension of time to answer, 17 MOTION to Dismiss Amended Complaint *and to strike* MOTION to Strike by Angela W. DeBose. (Kelly, Charlotte) Motions referred to Magistrate Judge Anthony E. Porcelli. |

| | | | |
|---|---|---|---|
| | | | (Entered: 01/11/2016) |
| 01/12/2016 | 19 | | **ENDORSED ORDER granting 18 Motion for Extension of Time to File Response/Reply re 17 MOTION to Dismiss Amended Complaint *and to strike* MOTION to Strike. Responses due on or before 2/18/2016. Signed by Magistrate Judge Anthony E. Porcelli on 1/12/2016. (JMF)** (Entered: 01/12/2016) |
| 02/03/2016 | 20 | | MOTION to dismiss for lack of jurisdiction by Ellucian Company, L.P., Ellucian, L.P.. (Attachments: # 1 Exhibit A)(Doud, Kimberly) (Entered: 02/03/2016) |
| 02/17/2016 | 21 | | RESPONSE in Opposition re 20 MOTION to dismiss for lack of jurisdiction *by Defendant Ellucian* filed by Angela W. DeBose. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Kelly, Charlotte) (Entered: 02/17/2016) |
| 02/18/2016 | 22 | | RESPONSE in Opposition re 17 MOTION to Dismiss Amended Complaint *and to strike* MOTION to Strike *by USF Board of Trustees et al* filed by Angela W. DeBose. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Kelly, Charlotte) (Entered: 02/18/2016) |
| 02/25/2016 | 23 | | **ENDORSED ORDER to show cause as to Angela W. DeBose. Plaintiff is directed to show cause by a written response filed on or before March 4, 2016 why this case should not be dismissed pursuant to Local Rule 3.10 for lack of prosecution due to the non−filing of a Case Management Report within the time prescribed by Local Rule 3.05. Failure to respond shall result in this action being dismissed without further notice. Show Cause Response due by 3/4/2016 Signed by Judge Elizabeth A. Kovachevich on 2/25/2016. (EJJ)** (Entered: 02/25/2016) |
| 02/29/2016 | 24 | | Consent MOTION to Appear Telephonically *for Case Management Conference* by Angela W. DeBose. (Kelly, Charlotte) Motions referred to Magistrate Judge Anthony E. Porcelli. (Entered: 02/29/2016) |
| 03/01/2016 | 25 | | **ENDORSED ORDER granting 24 Motion to Appear Telephonically. The parties may telephonically conduct their case management conference. Signed by Magistrate Judge Anthony E. Porcelli on 3/1/2016. (JMF)** (Entered: 03/01/2016) |
| 03/01/2016 | 26 | | NOTICE of Appearance by Sara G. Sanfilippo on behalf of University of South Florida Board of Trustees (Sanfilippo, Sara) (Entered: 03/01/2016) |
| 03/01/2016 | 27 | | NOTICE of pendency of related cases per Local Rule 1.04(d) by University of South Florida Board of Trustees. Related case(s): yes (McCrea, Richard) (Entered: 03/01/2016) |
| 03/01/2016 | 28 | | CERTIFICATE of interested persons and corporate disclosure statement by University of South Florida Board of Trustees. (McCrea, Richard) (Entered: 03/01/2016) |
| 03/02/2016 | 29 | | NOTICE of pendency of related cases re 9 Notice of designation of track per Local Rule 1.04(d) by Ellucian Company, L.P., Ellucian, L.P.. Related case(s): y (Doud, Kimberly) (Entered: 03/02/2016) |
| 03/02/2016 | 30 | | |

| | | | |
|---|---|---|---|
| | | | CERTIFICATE of interested persons and corporate disclosure statement re 9 Notice of designation of track by Ellucian Company, L.P., Ellucian, L.P.. (Doud, Kimberly) (Entered: 03/02/2016) |
| 03/03/2016 | 31 | | CASE MANAGEMENT REPORT. (Kelly, Charlotte) (Entered: 03/03/2016) |
| 03/03/2016 | 32 | | CERTIFICATE of interested persons and corporate disclosure statement by Angela W. DeBose. (Kelly, Charlotte) (Entered: 03/03/2016) |
| 03/03/2016 | 33 | | NOTICE of pendency of related cases per Local Rule 1.04(d) by Angela W. DeBose. Related case(s): yes (Kelly, Charlotte) (Entered: 03/03/2016) |
| 03/03/2016 | 34 | | RESPONSE TO ORDER TO SHOW CAUSE re 23 Order to show cause filed by Angela W. DeBose. (Kelly, Charlotte) (Entered: 03/03/2016) |
| 03/07/2016 | 35 | | NOTICE of Appearance by Peter John Grilli on behalf of Peter J. Grilli (Grilli, Peter) (Entered: 03/07/2016) |
| 03/09/2016 | 36 | | **CASE MANAGEMENT AND SCHEDULING ORDER: Amended Pleadings due by 5/2/2016, Joinder of Parties due by 5/2/2016, Discovery due by 11/2/2016, Dispositive motions due by 12/2/2016, Plaintiff disclosure of expert report due by 9/2/2016, Defendant disclosure of expert report due by 10/3/2016, Final Pretrial Conference set for 4/4/2017 at 10:30 AM before Magistrate Judge Anthony E. Porcelli, Jury Trial set for 5/1/2017 at 10:00 AM in Tampa Courtroom 14 A before Judge Elizabeth A. Kovachevich. Conduct mediation hearing by 11/18/2016. Lead counsel to coordinate dates. This is a jury trial scheduled for 4 days. Signed by Judge Elizabeth A. Kovachevich on 3/9/2016. (EJJ)** (Entered: 03/09/2016) |
| 03/15/2016 | 37 | | NOTICE *of Filing Document: Tolling Agreement* by Angela W. DeBose (Attachments: # 1 Exhibit Tolling Agreement, executed 3.15.2016)(Kelly, Charlotte) (Entered: 03/15/2016) |
| 04/05/2016 | 38 | | **OPINION AND ORDER on Defendants' Motions to Dismiss. See order for details. Any second amended complaint shall be filed within 30 days. Signed by Judge Elizabeth A. Kovachevich on 4/5/2016. (EJJ)** (Entered: 04/05/2016) |
| 04/11/2016 | 39 | | AMENDED COMPLAINT *Second Amended Complaint* against Ellucian Company, L.P., University of South Florida Board of Trustees with Jury Demand. filed by Angela W. DeBose. (Attachments: # 1 Exhibit Composite Exhibit A)(Kelly, Charlotte) (Entered: 04/11/2016) |
| 04/27/2016 | 40 | | Unopposed MOTION for Extension of Time to File Answer re 39 Amended Complaint by Ellucian Company, L.P., Ellucian, L.P.. (Doud, Kimberly) (Entered: 04/27/2016) |
| 04/28/2016 | 41 | | **ENDORSED ORDER granting 40 Motion for Extension of Time to Answer or respond. Ellucian Company, L.P. answer or response due 5/5/2016. Signed by Judge Elizabeth A. Kovachevich on 4/28/2016. (EJJ)** (Entered: 04/28/2016) |
| 04/28/2016 | 42 | | MOTION to Dismiss Counts VII and XI of Second Amended Complaint , MOTION to Strike *Plaintiff's Prayer for Exemplary Damages against USFBOT* by University of South Florida Board of Trustees. (McCrea, |

| | | | |
|---|---|---|---|
| | | | Richard) Motions referred to Magistrate Judge Anthony E. Porcelli. (Entered: 04/28/2016) |
| 05/02/2016 | 43 | | MOTION for leave to file Third Amended Complaint with Exhibits by Angela W. DeBose. (Attachments: # 1 Exhibit 1, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F)(Kelly, Charlotte) (Entered: 05/02/2016) |
| 05/03/2016 | 44 | | **ENDORSED ORDER granting 43 Motion for Leave to File third amended complaint within 5 days from entry of this order. Signed by Judge Elizabeth A. Kovachevich on 5/3/2016.(EJJ)** (Entered: 05/03/2016) |
| 05/03/2016 | 45 | | AMENDED COMPLAINT , *Third Amended* against Ellucian Company, L.P., University of South Florida Board of Trustees with Jury Demand. filed by Angela W. DeBose. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F)(Kelly, Charlotte) (Entered: 05/03/2016) |
| 05/12/2016 | 46 | | ANSWER and affirmative defenses with Jury Demand to 45 Amended Complaint by Ellucian Company, L.P., Ellucian, L.P..(Doud, Kimberly) (Entered: 05/12/2016) |
| 05/20/2016 | 47 | | MOTION to Dismiss Count VII of the Third Amended Complaint by University of South Florida Board of Trustees. (Attachments: # 1 Exhibit A)(McCrea, Richard) (Entered: 05/20/2016) |
| 05/23/2016 | 48 | | **ENDORSED ORDER denying as moot 42 motion to dismiss; denying as moot 42 Motion to Strike based on filing of amended complaint. Signed by Judge Elizabeth A. Kovachevich on 5/23/2016. (EJJ)** (Entered: 05/23/2016) |
| 06/06/2016 | 49 | | RESPONSE in Opposition re 47 MOTION to Dismiss Count VII of the Third Amended Complaint , filed by Angela W. DeBose. (Kelly, Charlotte) Modified text on 6/7/2016 (AG). (Entered: 06/06/2016) |
| 07/06/2016 | 50 | | **ORDER granting in part and denying in part 47 motion to dismiss. See order for details. Defendant, USFBOT, shall answer the remainder of the third amended complaint within 14 days. Signed by Judge Elizabeth A. Kovachevich on 7/6/2016. (EJJ)** (Entered: 07/06/2016) |
| 07/20/2016 | 51 | | ANSWER and affirmative defenses to 45 Amended Complaint by University of South Florida Board of Trustees.(McCrea, Richard) (Entered: 07/20/2016) |
| 07/29/2016 | 52 | | Unopposed MOTION for Charlotte Fernee Kelly to withdraw as attorney *for Plaintiff* by Angela W. DeBose. (Kelly, Charlotte) (Entered: 07/29/2016) |
| 08/02/2016 | 53 | | **ENDORSED ORDER granting 52 Motion to Withdraw as Attorney. Attorney Charlotte Fernee Kelly terminated. Signed by Judge Elizabeth A. Kovachevich on 8/2/2016. (EJJ)** (Entered: 08/02/2016) |
| 08/04/2016 | 54 | | NOTICE of Appearance by Kathryn Comly Hopkinson on behalf of Angela W. DeBose (Hopkinson, Kathryn) (Entered: 08/04/2016) |
| 08/31/2016 | 55 | | NOTICE of Appearance by James Moten Thompson on behalf of Angela W. DeBose (Thompson, James) (Entered: 08/31/2016) |
| 10/04/2016 | 56 | | NOTICE of mediation conference/hearing to be held on 11/18/16 at 10:00 AM before Peter John Grilli. (Hopkinson, Kathryn) (Entered: 10/04/2016) |

| | | | |
|---|---|---|---|
| 10/18/2016 | 57 | | First MOTION for Extension of Time to Complete Discovery *and Other Deadlines as Needed* by Angela W. DeBose. (Thompson, James) Motions referred to Magistrate Judge Anthony E. Porcelli. (Entered: 10/18/2016) |
| 10/19/2016 | 58 | | **ENDORSED ORDER granting 57 Motion for Extension of Time to Complete Discovery. An Amended Case Management and Scheduling Order will be entered. Signed by Magistrate Judge Anthony E. Porcelli on 10/19/2016. (JMF)** (Entered: 10/19/2016) |
| 10/19/2016 | 59 | | **AMENDED CASE MANAGEMENT AND SCHEDULING ORDER: Discovery due by 12/30/2016, Dispositive motions due by 1/31/2017, Final Pretrial Conference set for 6/7/2017 at 10:00 AM in Tampa Courtroom 10 A before Magistrate Judge Anthony E. Porcelli, Jury Trial set during the July 2017 trial term before Judge Elizabeth A. Kovachevich. The Clerk is directed to terminate the prior deadlines. Signed by Magistrate Judge Anthony E. Porcelli on 10/19/2016. (JMF)** (Entered: 10/19/2016) |
| 11/18/2016 | 60 | | MEDIATION report Hearing held on November 18, 2016. Hearing outcome: The parties have reached an impasse.. (Grilli, Peter) (Entered: 11/18/2016) |
| 12/30/2016 | 61 | | MOTION for sanctions by Angela W. DeBose. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit)(Thompson, James) (Entered: 12/30/2016) |
| 01/04/2017 | 62 | | Consent MOTION for Extension of Time to File Response/Reply as to 61 MOTION for sanctions by University of South Florida Board of Trustees. (McCrea, Richard) Motions referred to Magistrate Judge Anthony E. Porcelli. (Entered: 01/04/2017) |
| 01/04/2017 | 63 | | **ENDORSED ORDER granting 62 Motion for Extension of Time to File Response/Reply re 61 MOTION for sanctions. Responses due on or before 1/23/2017. Signed by Magistrate Judge Anthony E. Porcelli on 1/4/2017. (JMF)** (Entered: 01/04/2017) |
| 01/18/2017 | 64 | | MOTION to Compel Against Ellucian to produce documents by Angela W. DeBose. (Attachments: # 1 Exhibit Ex. A)(Thompson, James) Motions referred to Magistrate Judge Anthony E. Porcelli. (Entered: 01/18/2017) |
| 01/23/2017 | 65 | | MOTION for miscellaneous relief, specifically Motion to Exclude Date for Trial or in the alternative to continue trial term by Angela W. DeBose. (Thompson, James) . Added MOTION to Continue trial term on 1/24/2017 (LSS). (Entered: 01/23/2017) |
| 01/23/2017 | 66 | | MEMORANDUM in opposition re 61 Motion for Sanctions filed by University of South Florida Board of Trustees. (Attachments: # 1 Affidavit S. Bishop, # 2 Affidavit L. Palmer, # 3 Affidavit V. Johnson, # 4 Exhibit Ex. A to V. Johnson Affidavit)(McCrea, Richard) (Entered: 01/23/2017) |
| 01/24/2017 | 67 | | NOTICE of hearing on motion re 64 MOTION to Compel Against Ellucian to produce documents, 61 MOTION for sanctions. Motion Hearing set for 2/8/2017 at 02:00 PM in Tampa Courtroom 10 A before Magistrate Judge Anthony E. Porcelli. (JMF) (Entered: 01/24/2017) |
| 01/31/2017 | 68 | | MOTION for summary judgment by Ellucian Company, L.P., Ellucian, L.P.. (Doud, Kimberly) (Entered: 01/31/2017) |
| 01/31/2017 | 69 | | |

| | | | |
|---|---|---|---|
| | | | STATEMENT of undisputed facts re: 68 MOTION for summary judgment *AND MEMORANDUM OF LAW IN SUPPORT THEREOF* by Ellucian Company, L.P., Ellucian, L.P... (Doud, Kimberly) (Entered: 01/31/2017) |
| 01/31/2017 | 70 | | NOTICE by Ellucian Company, L.P. re 68 MOTION for summary judgment *OF FILING AFFIDAVIT OF ANDREA DIAMOND* (Attachments: # 1 Affidavit ANDREA DIAMOND W EXHIBIT)(Doud, Kimberly) (Entered: 01/31/2017) |
| 01/31/2017 | 71 | | NOTICE by Angela W. DeBose re 61 MOTION for sanctions (Attachments: # 1 Affidavit Affidavit of Verna Glenn, # 2 Affidavit Affidavit of Ana Barbara Lamphere)(Hopkinson, Kathryn) (Entered: 01/31/2017) |
| 01/31/2017 | 72 | | CERTIFICATE of counsel re 69 Statement of undisputed facts *OF CONFERENCE* by Kimberly J. Doud on behalf of Ellucian Company, L.P., Ellucian, L.P. (Doud, Kimberly) (Entered: 01/31/2017) |
| 01/31/2017 | 73 | | NOTICE by Ellucian Company, L.P. re 68 MOTION for summary judgment *OF FILING DEPOSITION TRANSCRIPT EXCERPTS OF ANGELA DEBOSE* (Attachments: # 1 Exhibit Deposition Transcript Excerpts of Angela DeBose)(Doud, Kimberly) (Entered: 01/31/2017) |
| 01/31/2017 | 74 | | NOTICE by Ellucian Company, L.P. re 68 MOTION for summary judgment *OF FILING DISCOVERY* (Attachments: # 1 Exhibit Plaintiff Responses to Ellucian's First Request for Production and Certain Documents)(Doud, Kimberly) (Entered: 01/31/2017) |
| 01/31/2017 | 75 | | MOTION for summary judgment by University of South Florida Board of Trustees. (McCrea, Richard) (Entered: 01/31/2017) |
| 01/31/2017 | 76 | | STATEMENT of undisputed facts re: 75 MOTION for summary judgment by University of South Florida Board of Trustees.. (McCrea, Richard) (Entered: 01/31/2017) |
| 01/31/2017 | 77 | | AFFIDAVIT of Paul Dosal re: 76 Statement of undisputed facts, 75 MOTION for summary judgment by University of South Florida Board of Trustees. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(McCrea, Richard) (Entered: 01/31/2017) |
| 01/31/2017 | 78 | | AFFIDAVIT of Ralph Wilcox re: 76 Statement of undisputed facts, 75 MOTION for summary judgment by University of South Florida Board of Trustees. (Attachments: # 1 Exhibit A)(McCrea, Richard) (Entered: 01/31/2017) |
| 01/31/2017 | 79 | | DEPOSITION of Angela DeBose taken on July 11, 2016 re 76 Statement of undisputed facts, 75 MOTION for summary judgment by University of South Florida Board of Trustees. . (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9 − Part 1, # 10 Exhibit 9 − Part 2, # 11 Exhibit 10, # 12 Exhibit 11, # 13 Exhibit 12, # 14 Exhibit 13, # 15 Exhibit 14, # 16 Exhibit 15, # 17 Exhibit 16, # 18 Exhibit 17, # 19 Exhibit 18, # 20 Exhibit 19, # 21 Exhibit 20)(McCrea, Richard) (Entered: 01/31/2017) |
| 01/31/2017 | 80 | | CERTIFICATE of counsel re 76 Statement of undisputed facts by Richard C. McCrea, Jr on behalf of University of South Florida Board of Trustees (McCrea, Richard) (Entered: 01/31/2017) |

| | | | |
|---|---|---|---|
| 02/01/2017 | 81 | | RESPONSE in Opposition re 64 MOTION to Compel Against Ellucian to produce documents filed by Ellucian Company, L.P., Ellucian, L.P.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Doud, Kimberly) (Entered: 02/01/2017) |
| 02/07/2017 | 82 | | ***TERMINATED–COUNSEL NOTIFIED TO REFILE USING SAME ECF LOGIN ASND SIGNATURE BLOCK*** NOTICE by Angela W. DeBose re 61 MOTION for sanctions *of Filing Document* (Attachments: # 1 Attachment to NOF)(Thompson, James) Modified on 2/7/2017 (LSS). (Entered: 02/07/2017) |
| 02/07/2017 | 83 | | NOTICE by Angela W. DeBose re 61 MOTION for sanctions *of Filing Document* (Attachments: # 1 Attachment to NOF)(Thompson, James) (Entered: 02/07/2017) |
| 02/07/2017 | 84 | | NOTICE by University of South Florida Board of Trustees re 61 MOTION for sanctions (Attachments: # 1 Affidavit Victoria Johhson, # 2 Affidavit Suzanne Bishop, # 3 Affidavit Lois Palmer, # 4 Affidavit Beverly Jerry)(McCrea, Richard) (Entered: 02/07/2017) |
| 02/08/2017 | 85 | | NOTICE by Angela W. DeBose *of Mediation (Manuel Menendez, Mediator)* (Thompson, James) (Entered: 02/08/2017) |
| 02/08/2017 | 86 | | **ENDORSED ORDER denying 61 Motion for Sanctions; denying without prejudice 64 Motion to Compel, for the reasons stated at the hearing. Signed by Magistrate Judge Anthony E. Porcelli on 2/8/2017. (JMF)** (Entered: 02/08/2017) |
| 02/08/2017 | 87 | | Minute Entry. Proceedings held before Magistrate Judge Anthony E. Porcelli: MOTION HEARING held on 2/8/2017 re 64 MOTION to Compel Against Ellucian to produce documents filed by Angela W. DeBose, 61 MOTION for sanctions filed by Angela W. DeBose. (digital) (LV) (Entered: 02/08/2017) |
| 02/08/2017 | 88 | | NOTICE by University of South Florida Board of Trustees *of Correction* (McCrea, Richard) (Entered: 02/08/2017) |
| 02/13/2017 | 89 | | Unopposed MOTION for Extension of Time to File Response/Reply as to 75 MOTION for summary judgment by Angela W. DeBose. (Hopkinson, Kathryn) Motions referred to Magistrate Judge Anthony E. Porcelli. (Entered: 02/13/2017) |
| 02/14/2017 | 90 | | Unopposed MOTION for Extension of Time to File Response/Reply as to 68 MOTION for summary judgment by Angela W. DeBose. (Hopkinson, Kathryn) Motions referred to Magistrate Judge Anthony E. Porcelli. (Entered: 02/14/2017) |
| 02/14/2017 | 91 | | **ENDORSED ORDER granting 89 Motion for Extension of Time to File Response/Reply to motion for summary judgment. Responses due by 3/17/2017. Signed by Judge Elizabeth A. Kovachevich on 2/14/2017. (EJJ)** (Entered: 02/14/2017) |
| 02/14/2017 | 92 | | **ENDORSED ORDER granting 90 Motion for Extension of Time to File response to motion for summary judgment. Response/Reply Responses due by 3/17/2017. Signed by Judge Elizabeth A. Kovachevich on 2/14/2017. (EJJ)** (Entered: 02/14/2017) |

| | | | |
|---|---|---|---|
| 02/16/2017 | 93 | | MOTION for James Thompson and Kathryn Hopkinson to withdraw as attorney by Angela W. DeBose. (Thompson, James) (Entered: 02/16/2017) |
| 02/17/2017 | 94 | | SUPPLEMENT re 93 MOTION for James Thompson and Kathryn Hopkinson to withdraw as attorney by Angela W. DeBose. (Thompson, James) (Entered: 02/17/2017) |
| 02/17/2017 | 95 | | OBJECTION re 93 MOTION for James Thompson and Kathryn Hopkinson to withdraw as attorney , 94 Supplement by Angela W. DeBose by Angela W. DeBose. (LSS) (Entered: 02/17/2017) |
| 02/17/2017 | 96 | | MOTION for miscellaneous relief, specifically to continue pro se by Angela W. DeBose. (LSS) (Entered: 02/17/2017) |
| 02/17/2017 | 97 | | NOTICE of Correction by Angela W. DeBose (LSS) (Entered: 02/17/2017) |
| 02/17/2017 | 98 | | MOTION for clarification re 86 Order on Motion for SanctionsOrder on motion to compel by Angela W. DeBose. (LSS) (Entered: 02/17/2017) |
| 02/17/2017 | 99 | | MOTION to Compel Discovery by Angela W. DeBose. (Attachments: # 1 Exhibit)(LSS) Motions referred to Magistrate Judge Anthony E. Porcelli. (Entered: 02/17/2017) |
| 02/21/2017 | 100 | | MOTION for miscellaneous relief, specifically to Reopen Discovery for Limited Purposes and Memorandum of Law in support by Angela W. DeBose. (Attachments: # 1 Exhibit A−B)(LSS) (Entered: 02/21/2017) |
| 02/22/2017 | 101 | | NOTICE of hearing on motion re 100 MOTION for miscellaneous relief, specifically to Reopen Discovery For Limited Purposes and Memorandum of Law, 93 MOTION for James Thompson and Kathryn Hopkinson to withdraw as attorney, 96 MOTION for miscellaneous relief, specifically to continue pro se, 99 MOTION to Compel Discovery, 98 MOTION for clarification re 86 Order on Motion for SanctionsOrder on motion to compel. Motion Hearing set for 3/21/2017 at 10:00 AM in Tampa Courtroom 10 A before Magistrate Judge Anthony E. Porcelli. (JMF) (Entered: 02/22/2017) |
| 02/23/2017 | 102 | | MEMORANDUM in opposition re 98 Clarification *and Limited Reconsideration of This Court's Order Denying Plaintiff's Motion for Sanctions* filed by University of South Florida Board of Trustees. (McCrea, Richard) (Entered: 02/23/2017) |
| 02/27/2017 | 103 | | TRANSCRIPT of Motion Hearing held on February 8, 2017 before Magistrate Judge Anthony E. Porcelli. Court Reporter/Transcriber David J. Collier, Telephone number (813) 301−5575. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER or purchased through the Court Reporter. Redaction Request due 3/20/2017, Redacted Transcript Deadline set for 3/30/2017, Release of Transcript Restriction set for 5/30/2017. (DJC) (Entered: 02/27/2017) |
| 02/27/2017 | 104 | | NOTICE to counsel of filing of OFFICIAL TRANSCRIPT. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days. Any party needing a copy of the transcript to review for |

| | | | |
|---|---|---|---|
| | | | redaction purposes may purchase a copy from the court reporter or view the document at the clerk's office public terminal. (DJC) (Entered: 02/27/2017) |
| 02/28/2017 | 105 | | First MOTION to stay *or in the Alternative to Extend Deadline to Respond to Summary Judgment Motions* by Angela W. DeBose. (Thompson, James) . Added MOTION for Extension of Time to File Response/Reply on 2/28/2017 (LSS). (Entered: 02/28/2017) |
| 02/28/2017 | 106 | | RESPONSE to Motion re 100 MOTION for miscellaneous relief, specifically to Reopen Discovery For Limited Purposes and Memorandum of Law filed by University of South Florida Board of Trustees. (Attachments: # 1 Exhibit 1)(McCrea, Richard) (Entered: 02/28/2017) |
| 03/01/2017 | 107 | | **ENDORSED ORDER directing Defendants' to file expedited responses to 105 First MOTION to stay *or in the Alternative to Extend Deadline to Respond to Summary Judgment Motions* MOTION for Extension of Time to File Response/Reply filed by Angela W. DeBose on or before March 7, 2017. Signed by Judge Elizabeth A. Kovachevich on 3/1/2017. (EJJ)** (Entered: 03/01/2017) |
| 03/03/2017 | 108 | | RESPONSE in Opposition re 99 MOTION to Compel Discovery filed by Ellucian Company, L.P.. (Attachments: # 1 Exhibit A)(Doud, Kimberly) (Entered: 03/03/2017) |
| 03/03/2017 | 109 | | RESPONSE to Motion re 105 First MOTION to stay *or in the Alternative to Extend Deadline to Respond to Summary Judgment Motions* MOTION for Extension of Time to File Response/Reply filed by University of South Florida Board of Trustees. (McCrea, Richard) (Entered: 03/03/2017) |
| 03/06/2017 | 110 | | RESPONSE in Opposition re 105 First MOTION to stay *or in the Alternative to Extend Deadline to Respond to Summary Judgment Motions* MOTION for Extension of Time to File Response/Reply filed by Ellucian Company, L.P.. (Doud, Kimberly) (Entered: 03/06/2017) |
| 03/08/2017 | 111 | | MOTION to allow testimony at hearing by Angela W. DeBose. (Attachments: # 1 Exhibit)(AG) (Entered: 03/08/2017) |
| 03/10/2017 | 112 | | RESPONSE in Opposition re 111 MOTION to allow testimony at hearing filed by University of South Florida Board of Trustees. (McCrea, Richard) (Entered: 03/10/2017) |
| 03/13/2017 | 113 | | **ENDORSED ORDER denying 111 Motion to allow oral testimony at hearing. Plaintiff may not present testimony of witnesses at the hearing scheduled on March 21, 2017. Signed by Magistrate Judge Anthony E. Porcelli on 3/13/2017. (JMF)** (Entered: 03/13/2017) |
| 03/13/2017 | 114 | | MOTION for leave to file Reply to Ellucian's Response to Motion for Stay by Angela W. DeBose. (AMD) (Entered: 03/13/2017) |
| 03/13/2017 | 115 | | MOTION for leave to file Reply to University of South Florida Board of Trustee's Response to Motion for Stay by Angela W. DeBose. (AMD) (Entered: 03/13/2017) |
| 03/14/2017 | 116 | | **ENDORSED ORDER denying 114 Motion for Leave to File; denying 115 Motion for Leave to File. Plaintiff is reminded that she is still represented by counsel until the Court enters an Order regarding the motion to** |

| | | | |
|---|---|---|---|
| | | | **withdraw 93 . Accordingly, Plaintiff is prohibited from filing any further motions pro se prior to entry of the Court's Order on counsel's motion to withdraw 93 . Any motions filed by Plaintiff prior to entry of such Order will be stricken. Signed by Magistrate Judge Anthony E. Porcelli on 3/14/2017. (JMF)** (Entered: 03/14/2017) |
| 03/14/2017 | 117 | | **ENDORSED ORDER granting 105 motion to stay; denying without prejudice 105 Motion for Extension of Time to File Response/Reply. The summary judgment deadlines are stayed through and including Magistrate Porcelli's hearing scheduled for March 21, 2017. The Court will issue a supplemental scheduling order based on the outcome of the hearing. Signed by Judge Elizabeth A. Kovachevich on 3/14/2017. (EJJ)** (Entered: 03/14/2017) |
| 03/16/2017 | 118 | | Unopposed MOTION for miscellaneous relief, specifically Reschedule Pretrial Conference by University of South Florida Board of Trustees. (McCrea, Richard) (Entered: 03/16/2017) |
| 03/20/2017 | 119 | | **ENDORSED ORDER granting 118 Motion. The Pretrial Conference will be rescheduled by separate notice. Signed by Magistrate Judge Anthony E. Porcelli on 3/20/2017. (JMF)** (Entered: 03/20/2017) |
| 03/20/2017 | 120 | | NOTICE OF RESCHEDULING HEARING: The Final Pretrial Conference hearing previously scheduled for 06/07/2017 is rescheduled. New scheduling date and time: Final Pretrial Conference set for 6/14/2017 at 10:00 AM in Tampa Courtroom 10 A before Magistrate Judge Anthony E. Porcelli (JMF) (Entered: 03/20/2017) |
| 03/21/2017 | 121 | | Minute Entry. Proceedings held before Magistrate Judge Anthony E. Porcelli: MOTION HEARING held on 3/21/2017 re 99 MOTION to Compel Discovery filed by Angela W. DeBose, 100 MOTION for miscellaneous relief, specifically to Reopen Discovery For Limited Purposes and Memorandum of Law filed by Angela W. DeBose, 93 MOTION for James Thompson and Kathryn Hopkinson to withdraw as attorney filed by Angela W. DeBose, 98 MOTION for clarification re 86 Order on Motion for SanctionsOrder on motion to compel filed by Angela W. DeBose, 96 MOTION for miscellaneous relief, specifically to continue pro se filed by Angela W. DeBose. (digital) (LV) (Entered: 03/21/2017) |
| 03/21/2017 | 122 | | **ORDER granting 93 Motion to Withdraw as Attorney, Attorney Kathryn Comly Hopkinson and James Moten Thompson terminated; granting 96 Motion to Continue Pro Se; denying 98 Motion for clarification; granting in part and denying in part 99 Motion to Compel ; denying 100 Motion to Reopen Discovery. See Order for details. Signed by Magistrate Judge Anthony E. Porcelli on 3/21/2017. (JMF)** (Entered: 03/21/2017) |
| 03/29/2017 | 123 | | MOTION for sanctions by Angela W. DeBose. (Attachments: # 1 Exhibit)(LSS) (Entered: 03/29/2017) |
| 03/29/2017 | 124 | | AFFIDAVIT of Angela DeBose re: 123 MOTION for sanctions by Angela W. DeBose. (Attachments: # 1 Exhibit A−P, # 2 Exhibit)(LSS) (Entered: 03/29/2017) |
| 04/03/2017 | 125 | | NOTICE of Filing by Angela W. DeBose re 123 MOTION for sanctions. (AMD) (Entered: 04/03/2017) |

| | | | |
|---|---|---|---|
| 04/10/2017 | 126 | | Unopposed MOTION for Extension of Time to File Response/Reply as to 122 Order on Motion to Withdraw as AttorneyOrder on Motion for Miscellaneous ReliefOrder on motion for clarificationOrder on motion to compel by Ellucian Company, L.P., Ellucian, L.P.. (Doud, Kimberly) Motions referred to Magistrate Judge Anthony E. Porcelli. (Entered: 04/10/2017) |
| 04/11/2017 | 127 | | **ENDORSED ORDER granting 126 Motion for Extension of Time to File Response/Reply. Responses due on or before 4/20/2017. Signed by Magistrate Judge Anthony E. Porcelli on 4/11/2017. (JMF)** (Entered: 04/11/2017) |
| 04/12/2017 | 128 | | MEMORANDUM in opposition re 123 Motion for Sanctions filed by University of South Florida Board of Trustees. (McCrea, Richard) (Entered: 04/12/2017) |
| 04/18/2017 | 129 | | MOTION for leave to file reply to University of South Florida Board of Trustee's response to plaintiff's motion for sanctions. by Angela W. DeBose. (Attachments: # 1 Reply)(LSS) (Entered: 04/20/2017) |
| 04/27/2017 | 130 | | **ENDORSED ORDER granting 129 Motion for Leave to File. Plaintiff shall have five (5) days from the date of this Order to file her reply. Signed by Magistrate Judge Anthony E. Porcelli on 4/27/2017. (JMF)** (Entered: 04/27/2017) |
| 04/27/2017 | 131 | | NOTICE of hearing on motion re 123 MOTION for sanctions. Motion Hearing set for 5/23/2017 at 10:00 AM in Tampa Courtroom 10 A before Magistrate Judge Anthony E. Porcelli. (JMF) (Entered: 04/27/2017) |
| 04/28/2017 | 132 | | THIRD MOTION to Compel Discovery by Angela W. DeBose. (LSS) Motions referred to Magistrate Judge Anthony E. Porcelli. (Entered: 05/01/2017) |
| 05/01/2017 | 135 | | RESPONSE re 128 Memorandum in opposition filed by Angela W. DeBose. (LSS) (Entered: 05/02/2017) |
| 05/02/2017 | 133 | | NOTICE of hearing on motion re 132 MOTION to Compel Discovery. Motion Hearing set for 5/23/2017 at 10:00 AM in Tampa Courtroom 10 A before Magistrate Judge Anthony E. Porcelli. (JMF) (Entered: 05/02/2017) |
| 05/02/2017 | 134 | | RESPONSE/REPLY re 128 Memorandum in opposition filed by Angela W. DeBose. (LSS) (Entered: 05/02/2017) |
| 05/11/2017 | 136 | | RESPONSE in Opposition re 132 MOTION to Compel Discovery filed by Ellucian Company, L.P., Ellucian, L.P.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Doud, Kimberly) (Entered: 05/11/2017) |
| 05/15/2017 | 137 | | MOTION for leave to file reply by Angela W. DeBose. (LSS) (Attachment(s): # 1 Proposed Reply) (LSS). (Entered: 05/16/2017) |
| 05/17/2017 | 138 | | **ENDORSED ORDER denying 137 Motion for Leave to File Reply. Signed by Magistrate Judge Anthony E. Porcelli on 5/17/2017. (JMF)** (Entered: 05/17/2017) |
| 05/23/2017 | 139 | | **ORDER granting in part and denying in part 132 Motion to Compel Discovery. See Order for details. Signed by Magistrate Judge Anthony E. Porcelli on 5/23/2017. (JMF)** (Entered: 05/23/2017) |

| | | | |
|---|---|---|---|
| 05/23/2017 | 140 | | Minute Entry. Proceedings held before Magistrate Judge Anthony E. Porcelli: MOTION HEARING held on 5/23/2017 re 132 MOTION to Compel Discovery filed by Angela W. DeBose, 123 MOTION for sanctions filed by Angela W. DeBose. (digital) (LV) (Entered: 05/23/2017) |
| 05/25/2017 | 141 | | **ORDER re 132 MOTION to Compel Discovery filed by Angela W. DeBose. To the extent that the motion requests that Defendant Ellucian Company, L.P., produce un−redacted documents, such request is DENIED. See Order for details. Signed by Magistrate Judge Anthony E. Porcelli on 5/25/2017. (JMF)** (Entered: 05/25/2017) |
| 05/25/2017 | 142 | | NOTICE CANCELING TRIAL scheduled for the July 2017 trial term. A separate notice or order will be issued resetting the trial date. (SMB) (Entered: 05/25/2017) |
| 05/25/2017 | 143 | | NOTICE canceling Final Pretrial Conference scheduled for 6/14/2017. (JMF) (Entered: 05/25/2017) |
| 08/07/2017 | 144 | | **ORDER denying 123 Motion for Sanctions. Signed by Magistrate Judge Anthony E. Porcelli on 8/7/2017. (JMF)** (Entered: 08/07/2017) |
| 08/07/2017 | 145 | | **ENDORSED ORDER directing Plaintiff to respond to 75 MOTION for summary judgment filed by University of South Florida Board of Trustees and 68 MOTION for summary judgment filed by Ellucian, L.P., Ellucian Company, L.P. within 14 days based on resolution of 144 Order on Motion for Sanctions. Signed by Judge Elizabeth A. Kovachevich on 8/7/2017. (EJJ)** (Entered: 08/07/2017) |
| 08/09/2017 | 146 | | MOTION for Extension of Time to File Response/Reply as to 68 MOTION for summary judgment by Ellucian Company, L.P., Ellucian, L.P.., 75 MOTION for summary judgment by University of South Florida Board of Trustees by Angela W. DeBose. (LSS) Motions referred to Magistrate Judge Anthony E. Porcelli. Modified on 8/11/2017 (LD). (Entered: 08/10/2017) |
| 08/11/2017 | 147 | | **ENDORSED ORDER granting in part and denying in part 146 Motion for Extension of Time to File Response/Reply to 68 MOTION for summary judgment , 75 MOTION for summary judgment . Responses due by 9/5/2017. The Court does not anticipate granting any further extension of time to respond to the pending motions for summary judgment. Signed by Judge Elizabeth A. Kovachevich on 8/11/2017. (EJJ)** (Entered: 08/11/2017) |
| 08/17/2017 | 148 | | MOTION for Leave to File Excess Pages by Angela W. DeBose. (LSS) (Entered: 08/22/2017) |
| 08/23/2017 | 149 | | **ENDORSED ORDER granting 148 Motion for Leave to File Excess Pages. Signed by Judge Elizabeth A. Kovachevich on 8/23/2017. (EJJ)** (Entered: 08/23/2017) |
| 08/29/2017 | 151 | | RESPONSE in Opposition re 68 MOTION for summary judgment filed by Angela W. DeBose. (LSS) (Entered: 08/31/2017) |
| 08/30/2017 | 150 | | CERTIFICATE of conference re 36 Case management and scheduling order by Angela W. DeBose. (LSS) (Entered: 08/31/2017) |
| 08/30/2017 | 152 | | |

| | | | |
|---|---|---|---|
| | | | STATEMENT of disputed facts re: 68 MOTION for summary judgment by Angela W. DeBose.. (LSS) (Entered: 08/31/2017) |
| 08/30/2017 | 153 | | AFFIDAVIT of Shruti Kumar re: 151 Response in Opposition to Motion by Angela W. DeBose. (LSS) (Entered: 08/31/2017) |
| 08/30/2017 | 154 | | AFFIDAVIT of Bea Smith re: 151 Response in Opposition to Motion by Angela W. DeBose. (LSS) (Entered: 08/31/2017) |
| 08/30/2017 | 155 | | AFFIDAVIT of Kimberly Bushe−Whiteman re: 151 Response in Opposition to Motion by Angela W. DeBose. (LSS) (Entered: 08/31/2017) |
| 08/30/2017 | 156 | | AFFIDAVIT of Paul Dosal re: 151 Response in Opposition to Motion by Angela W. DeBose. (LSS) (Entered: 08/31/2017) |
| 08/30/2017 | 157 | | AFFIDAVIT of Anthony Embry re: 151 Response in Opposition to Motion by Angela W. DeBose. (LSS) (Entered: 09/01/2017) |
| 08/30/2017 | 158 | | AFFIDAVIT of Patricia Grossman re: 151 Response in Opposition to Motion by Angela W. DeBose. (LSS) (Entered: 09/01/2017) |
| 08/30/2017 | 159 | | NOTICE of filing deposition excerpt of Robert Sullins by Angela W. DeBose re 151 Response in Opposition to Motion (LSS) (Entered: 09/01/2017) |
| 08/30/2017 | 160 | | NOTICE of filing deposition of Caurie Waddell by Angela W. DeBose re 151 Response in Opposition to Motion (LSS) (Entered: 09/01/2017) |
| 08/30/2017 | 161 | | AFFIDAVIT of Ralph Wilcox re: 151 Response in Opposition to Motion by Angela W. DeBose. (LSS) (Entered: 09/01/2017) |
| 08/30/2017 | 162 | | AFFIDAVIT of Andrea Diamond re: 151 Response in Opposition to Motion by Angela W. DeBose. (LSS) (Entered: 09/01/2017) |
| 08/30/2017 | 163 | | NOTICE of filing deposition excerpts of Angela Debose by Angela W. DeBose re 151 Response in Opposition to Motion (LSS) (Entered: 09/01/2017) |
| 08/30/2017 | 164 | | AFFIDAVIT of Angela Debose re: 151 Response in Opposition to Motion by Angela W. DeBose. (LSS) (Entered: 09/01/2017) |
| 08/30/2017 | 165 | | NOTICE of filing exhibits by Angela W. DeBose re 151 Response in Opposition to Motion (LSS) (Entered: 09/01/2017) |
| 08/30/2017 | 166 | | NOTICE of filing production documents by Angela W. DeBose re 151 Response in Opposition to Motion (LSS) (Entered: 09/01/2017) |
| 09/01/2017 | 172 | | NOTICE OF APPEAL as to 144 Order on Motion for Sanctions by Angela W. DeBose. Filing fee $ 505, receipt number TPA−45642. (Attachments: # 1 Exhibit)(LSS) (Entered: 09/06/2017) |
| 09/05/2017 | 168 | | MOTION for Leave to File Excess Pages by Angela W. DeBose. (LSS) (Entered: 09/06/2017) |
| 09/05/2017 | 169 | | MOTION for summary judgment by Angela W. DeBose. (LSS) (Entered: 09/06/2017) |
| 09/05/2017 | 170 | | STATEMENT of disputed facts re: 169 MOTION for summary judgment by Angela W. DeBose.. (LSS) (Entered: 09/06/2017) |

| | | | |
|---|---|---|---|
| 09/05/2017 | 171 | | CERTIFICATE of conference re 36 Case management and scheduling order by Angela W. DeBose. (LSS) (Entered: 09/06/2017) |
| 09/05/2017 | 174 | | AFFIDAVIT of Angela Debose re: 169 MOTION for summary judgment by Angela W. DeBose. (LSS) (Entered: 09/07/2017) |
| 09/05/2017 | 175 | | NOTICE of filing deposition excerpts of Angela DeBose by Angela W. DeBose re 169 MOTION for summary judgment (LSS) (Entered: 09/07/2017) |
| 09/05/2017 | 176 | | AFFIDAVIT of Shruti Kumar re: 169 MOTION for summary judgment by Angela W. DeBose. (LSS) (Entered: 09/07/2017) |
| 09/05/2017 | 177 | | AFFIDAVIT of Saba Baptiste re: 169 MOTION for summary judgment by Angela W. DeBose. (LSS) (Entered: 09/07/2017) |
| 09/05/2017 | 178 | | AFFIDAVIT of Kimberly Bushe−Whiteman re: 169 MOTION for summary judgment by Angela W. DeBose. (LSS) (Entered: 09/07/2017) |
| 09/05/2017 | 179 | | AFFIDAVIT of Bea Smith re: 169 MOTION for summary judgment by Angela W. DeBose. (LSS) (Entered: 09/07/2017) |
| 09/05/2017 | 180 | | AFFIDAVIT of Anthony Embry re: 169 MOTION for summary judgment by Angela W. DeBose. (LSS) (Entered: 09/07/2017) |
| 09/05/2017 | 181 | | AFFIDAVIT of Paul Dosal re: 169 MOTION for summary judgment by Angela W. DeBose. (LSS) (Entered: 09/07/2017) |
| 09/05/2017 | 182 | | AFFIDAVIT of Ralph Wilcox re: 169 MOTION for summary judgment by Angela W. DeBose. (LSS) (Entered: 09/07/2017) |
| 09/05/2017 | 183 | | AFFIDAVIT of Alexis Mootoo re: 169 MOTION for summary judgment by Angela W. DeBose. (LSS) (Entered: 09/07/2017) |
| 09/05/2017 | 184 | | NOTICE of filing the deposition of Caurie Waddell by Angela W. DeBose re 169 MOTION for summary judgment (LSS) (Entered: 09/07/2017) |
| 09/05/2017 | 185 | | NOTICE of filing deposition excerpts of Robert Sullins by Angela W. DeBose re 169 MOTION for summary judgment (LSS) (Entered: 09/07/2017) |
| 09/05/2017 | 186 | | AFFIDAVIT of Andrea Diamond re: 169 MOTION for summary judgment by Angela W. DeBose. (LSS) (Entered: 09/07/2017) |
| 09/05/2017 | 187 | | NOTICE of filing of production documents by Angela W. DeBose re 169 MOTION for summary judgment (LSS) (Entered: 09/07/2017) |
| 09/05/2017 | 188 | | NOTICE of filing exhibits by Angela W. DeBose re 169 MOTION for summary judgment (LSS) (LSS). (Entered: 09/07/2017) |
| 09/06/2017 | 167 | | **ENDORSED ORDER denying as moot 65 Motion ; denying as moot 65 Motion to Continue. Signed by Judge Elizabeth A. Kovachevich on 9/6/2017. (EJJ)** (Entered: 09/06/2017) |
| 09/06/2017 | 173 | | TRANSMITTAL of initial appeal package to USCA consisting of copies of notice of appeal, docket sheet, order/judgment being appealed, and motion, if applicable to USCA re 172 Notice of appeal. Eleventh Circuit Transcript information form forwarded to pro se litigants and available to counsel at www.flmd.uscourts.gov under Forms and Publications/General. (LSS) (Entered: 09/06/2017) |

| | | | |
|---|---|---|---|
| 09/08/2017 | 189 | | MOTION for leave to file enter reply in support of motion for summary judgment and memorandum of law in support thereof by Ellucian, L.P.. (Doud, Kimberly) (Entered: 09/08/2017) |
| 09/08/2017 | 193 | | CERTIFICATE of interested persons and corporate disclosure statement by Angela W. DeBose. (LMD) (Entered: 09/13/2017) |
| 09/08/2017 | 194 | | RESPONSE in Opposition re 189 MOTION for leave to file enter reply in support of motion for summary judgment and memorandum of law in support thereof filed by Angela W. DeBose. (LMD) (Entered: 09/13/2017) |
| 09/08/2017 | 195 | | DESIGNATION of Record on Appeal by Angela W. DeBose re 172 Notice of appeal (LMD) (Entered: 09/13/2017) |
| 09/08/2017 | 196 | | NOTICE to Court Reporter by Angela W. DeBose (LMD) (Entered: 09/13/2017) |
| 09/13/2017 | 190 | | **ENDORSED ORDER granting 189 Motion for Leave to File 10 page reply on or before September 22, 2017. Signed by Judge Elizabeth A. Kovachevich on 9/13/2017. (EJJ)** (Entered: 09/13/2017) |
| 09/13/2017 | 191 | | NOTICE by University of South Florida Board of Trustees *of Withdrawal as Co−Counsel* (McCrea, Richard) (Entered: 09/13/2017) |
| 09/13/2017 | 192 | | MOTION for leave to file to File a Reply by University of South Florida Board of Trustees. (McCrea, Richard) (Entered: 09/13/2017) |
| 09/14/2017 | 197 | | **ENDORSED ORDER granting 192 Motion for Leave to File reply not to exceed 10 pages on or before September 22, 2017. Signed by Judge Elizabeth A. Kovachevich on 9/14/2017. (EJJ)** (Entered: 09/14/2017) |
| 09/14/2017 | 198 | | **ENDORSED ORDER granting 168 Motion for Leave to File Excess Pages. Signed by Judge Elizabeth A. Kovachevich on 9/14/2017. (EJJ)** (Entered: 09/14/2017) |
| 09/15/2017 | 199 | | COURT REPORTER ACKNOWLEDGMENT by Bill Jones re 172 Notice of appeal Estimated transcript filing date: 10/16/17. (HWJ) (Entered: 09/15/2017) |
| 09/15/2017 | 200 | | COURT REPORTER ACKNOWLEDGMENT by David J. Collier re 172 Notice of appeal Estimated transcript filing date: February 8, 2017. USCA number: 17−14025−F. (DJC) (Entered: 09/15/2017) |
| 09/15/2017 | 201 | | MOTION to Strike *Plantiff's Expert Testimony* by University of South Florida Board of Trustees. (McCrea, Richard) Motions referred to Magistrate Judge Anthony E. Porcelli. (Entered: 09/15/2017) |
| 09/18/2017 | 202 | | NOTIFICATION that transcript has been filed by David Collier re: 172 Notice of appeal. USCA number: 17−14025−F. (DJC) (Entered: 09/18/2017) |
| 09/18/2017 | 203 | | DESIGNATION of Record on Appeal (supplement) by Angela W. DeBose re 172 Notice of appeal (LMD) (Entered: 09/19/2017) |
| 09/19/2017 | 204 | | MOTION for Extension of Time to File Response/Reply as to 201 MOTION to Strike *Plantiff's Expert Testimony* by Angela W. DeBose. (LSS) Motions referred to Magistrate Judge Anthony E. Porcelli. (Entered: 09/20/2017) |
| 09/22/2017 | 205 | | |

| | | | |
|---|---|---|---|
| | | | REPLY to Response to Motion re 68 MOTION for summary judgment filed by Ellucian Company, L.P., Ellucian, L.P.. (Doud, Kimberly) Modified text on 9/25/2017 (LSS). (Entered: 09/22/2017) |
| 09/22/2017 | 206 | | RESPONSE to Motion re 169 MOTION for summary judgment *and Reply to Plaintiff's Opposition to Defendant USFBOT's Motion for Summary Judgment* filed by University of South Florida Board of Trustees. (Attachments: # 1 Exhibit A)(McCrea, Richard) (Entered: 09/22/2017) |
| 09/27/2017 | 207 | | MOTION for miscellaneous relief, specifically for permission to file electronically by Angela W. DeBose. (LSS) (Entered: 09/29/2017) |
| 09/27/2017 | 208 | | MOTION to Strike 205 REPLY to Response in Opposition to Motion, ALTERNATIVELY MOTION for leave to file Sure−Reply re 205 REPLY to Response in Opposition to Motion by Angela W. DeBose. (LSS) Motions referred to Magistrate Judge Anthony E. Porcelli. (Entered: 09/29/2017) |
| 09/27/2017 | 209 | | NOTICE of unavailability by Angela W. DeBose from October 8, 2017 to October 12, 2017 and October 27, 2017. (LSS) (Entered: 09/29/2017) |
| 09/29/2017 | 210 | 45 | **OPINION AND ORDER granting in part and denying in part 75 MOTION for summary judgment , 68 MOTION for summary judgment . See order for details. Signed by Judge Elizabeth A. Kovachevich on 9/29/2017. (EJJ)** (Entered: 09/29/2017) |
| 09/29/2017 | 211 | | **ENDORSED ORDER granting 201 Motion to Strike for the reasons set forth in 210 Opinion and order. Signed by Judge Elizabeth A. Kovachevich on 9/29/2017. (EJJ)** (Entered: 09/29/2017) |
| 09/29/2017 | 212 | | **ENDORSED ORDER denying as moot 204 Motion for Extension of Time to File Response/Reply. Signed by Judge Elizabeth A. Kovachevich on 9/29/2017. (EJJ)** (Entered: 09/29/2017) |
| 09/29/2017 | 213 | | **ENDORSED ORDER denying as moot 208 Motion to Strike ; denying as moot 208 Motion for Leave to File. Signed by Judge Elizabeth A. Kovachevich on 9/29/2017. (EJJ)** (Entered: 09/29/2017) |
| 09/29/2017 | 214 | | **ORDER granting 207 Motion to file electronically. Signed by Judge Elizabeth A. Kovachevich on 9/29/2017. (EJJ)** (Entered: 09/29/2017) |
| 09/29/2017 | 215 | | MOTION to Strike 206 Response to motion by Angela W. DeBose. (LSS) Motions referred to Magistrate Judge Anthony E. Porcelli. (Entered: 10/02/2017) |
| 09/29/2017 | 216 | | MOTION for leave to file reply to defendant USFBOT'S opposition to Plaintiff's cross motion for summary judgment by Angela W. DeBose. (LSS) (Entered: 10/02/2017) |
| 10/02/2017 | 217 | | MOTION for Reconsideration re 210 Opinion and order by Angela W. DeBose. (LSS) (Entered: 10/02/2017) |
| 10/02/2017 | 218 | | **ENDORSED ORDER denying as moot 215 Motion to Strike. Signed by Judge Elizabeth A. Kovachevich on 10/2/2017. (EJJ)** (Entered: 10/02/2017) |
| 10/02/2017 | 219 | | **ENDORSED ORDER denying as moot 216 Motion for Leave to File. Signed by Judge Elizabeth A. Kovachevich on 10/2/2017. (EJJ)** (Entered: 10/02/2017) |

| | | | |
|---|---|---|---|
| 10/16/2017 | 220 | | MEMORANDUM in opposition re 217 Motion for Reconsideration *TO PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE SEPTEMBER 29, 2017 ORDER* filed by Ellucian Company, L.P., Ellucian, L.P.. (Doud, Kimberly) (Entered: 10/16/2017) |
| 10/17/2017 | 221 | | MEMORANDUM in opposition re 217 Motion for Reconsideration filed by University of South Florida Board of Trustees. (McCrea, Richard) (Entered: 10/17/2017) |
| 10/18/2017 | 222 | | TRANSCRIPT of Hearing held on 03−21−17 before Judge Anthony E. Porcelli re 172 Notice of appeal. Court Reporter/Transcriber Bill Jones, Telephone number 813−301−5024. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER or purchased through the Court Reporter. Redaction Request due 11/8/2017, Redacted Transcript Deadline set for 11/20/2017, Release of Transcript Restriction set for 1/16/2018. (HWJ) (Entered: 10/18/2017) |
| 10/18/2017 | 223 | | TRANSCRIPT of Hearing held on 05−23−17 before Judge Anthony E. Porcelli re 172 Notice of appeal. Court Reporter/Transcriber Bill Jones, Telephone number 813−301−5024. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER or purchased through the Court Reporter. Redaction Request due 11/8/2017, Redacted Transcript Deadline set for 11/20/2017, Release of Transcript Restriction set for 1/16/2018. (HWJ) (Entered: 10/18/2017) |
| 10/18/2017 | 224 | | NOTICE to counsel of filing of OFFICIAL TRANSCRIPT. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days. Any party needing a copy of the transcript to review for redaction purposes may purchase a copy from the court reporter or view the document at the clerk's office public terminal. Court Reporter: Bill Jones. (HWJ) (Entered: 10/18/2017) |
| 10/18/2017 | 225 | | NOTIFICATION that transcript has been filed by Bill Jones re: 172 Notice of appeal. (HWJ) (Entered: 10/18/2017) |
| 10/26/2017 | 226 | | CERTIFICATE of interested persons and corporate disclosure statement by Angela W. DeBose. (LMD) (Entered: 10/26/2017) |
| 10/26/2017 | 227 | | NOTICE of filing of transcript order forms by Angela W. DeBose (LMD) (Entered: 10/26/2017) |
| 10/26/2017 | 228 | | **ORDER denying 217 Motion for Reconsideration. Signed by Judge Elizabeth A. Kovachevich on 10/26/2017. (EJJ)** (Entered: 10/26/2017) |
| 10/26/2017 | 229 | | NOTICE OF APPEAL as to 210 Opinion and order by Angela W. DeBose. Filing fee not paid. (DeBose, Angela) (Entered: 10/26/2017) |
| 10/27/2017 | 230 | | TRANSMITTAL of initial appeal package to USCA consisting of copies of notice of appeal, docket sheet, order/judgment being appealed, and motion, if |

| | | | |
|---|---|---|---|
| | | | applicable to USCA re 229 Notice of appeal. Eleventh Circuit Transcript information form available to pro se litigants and counsel at www.flmd.uscourts.gov under Forms and Publications/General. (JNB) (Entered: 10/27/2017) |
| 10/27/2017 | 231 | | STATUS report by University of South Florida. (McCrea, Richard) (Entered: 10/27/2017) |
| 10/30/2017 | 232 | | NOTICE by Angela W. DeBose *to Clerk to Correct the Record on Appeal* (Attachments: # 1 Exhibit A)(DeBose, Angela) (Entered: 10/30/2017) |
| 10/30/2017 | 233 | | NOTICE of hearing: Jury Trial set for term commencing 10/1/2018 at 10:00 AM in Tampa Courtroom 14A before Judge Elizabeth A. Kovachevich. (SRC) (Entered: 10/30/2017) |
| 10/31/2017 | 234 | | MOTION to Amend/Correct *the Record* by Angela W. DeBose. (Attachments: # 1 Exhibit A)(DeBose, Angela) (Entered: 10/31/2017) |
| 11/03/2017 | | | USCA appeal fees received $ 505 receipt number tpa46864 re 229 Notice of appeal filed by Angela W. DeBose (ARC) (Entered: 11/03/2017) |
| 11/03/2017 | | | TRANSMITTAL to USCA forwarding Appeal filing fee re 229 Notice of appeal USCA number: 17−14793−H. (LMD) (Entered: 11/03/2017) |
| 11/07/2017 | 235 | | NOTICE by Angela W. DeBose *of Filing of Transcript Order Form* (DeBose, Angela) (Entered: 11/07/2017) |
| 11/07/2017 | 236 | | TRANSCRIPT information form filed by Angela W. DeBose re 229 Notice of appeal. USCA number: 17−14793−H. (LMD) (Entered: 11/08/2017) |
| 11/24/2017 | 237 | | ORDER of USCA: Motion to dismiss appeal for lack of jurisdiction filed by Appellee University of South Florida Board of Trustees is GRANTED. Motion to supplement the record filed by Appellant Angela W. DeBose is DENIED as MOOT as to 172 Notice of appeal filed by Angela W. DeBose. EOD: 11/20/17; USCA number: 17−14025−F. (JNB) (Entered: 11/24/2017) |
| 12/08/2017 | 238 | | MOTION for relief from judgment re 210 Opinion and order *on the basis of fraud* by Angela W. DeBose. (Attachments: # 1 Affidavit Plaintiff Angela DeBose, # 2 Exhibit A thru F−1, # 3 Exhibit F−2 thru K, # 4 Exhibit L thru N)(DeBose, Angela) (Entered: 12/08/2017) |
| 12/18/2017 | 239 | | RESPONSE in Opposition re 238 MOTION for relief from judgment re 210 Opinion and order *on the basis of fraud* filed by University of South Florida Board of Trustees. (McCrea, Richard) (Entered: 12/18/2017) |
| 12/20/2017 | 240 | | MEMORANDUM in opposition re 238 Motion for relief from judgment filed by Ellucian Company, L.P., Ellucian, L.P.. (Doud, Kimberly) (Entered: 12/20/2017) |
| 12/28/2017 | 241 | | ORDER of USCA dismissing as to 229 Notice of appeal filed by Angela W. DeBose. EOD: 12/26/17; USCA number: 17−14793−HH. (AG) (Entered: 12/28/2017) |
| 12/29/2017 | 242 | | **ENDORSED ORDER denying as moot 234 motion to amend/correct based on order of USCA dismissing notice of appeal [Doc. No. 241]. Signed by Judge Elizabeth A. Kovachevich on 12/29/2017. (EJJ)** (Entered: 12/29/2017) |

| | | | |
|---|---|---|---|
| 01/05/2018 | 243 | | Second MOTION to Amend/Correct *Clerical Errors* by Angela W. DeBose. (DeBose, Angela) (Entered: 01/05/2018) |
| 01/08/2018 | 244 | | ORDER of USCA that the appellant's motion to reconsider is granted in part and denied in part as to 172 Notice of appeal filed by Angela W. DeBose. EOD: 1/4/18; USCA number: 17−14025−F. (AG) (Entered: 01/08/2018) |
| 01/12/2018 | 245 | | MOTION to Alter Judgment *as Final and Appealable* by Angela W. DeBose. (DeBose, Angela) (Entered: 01/12/2018) |
| 01/19/2018 | 246 | | NOTICE of Appearance by Cayla Elizabeth McCrea on behalf of University of South Florida Board of Trustees (McCrea, Cayla) (Entered: 01/19/2018) |
| 01/25/2018 | 247 | | RESPONSE in Opposition re 245 MOTION to Alter Judgment *as Final and Appealable* filed by University of South Florida Board of Trustees. (McCrea, Richard) (Entered: 01/25/2018) |
| 01/25/2018 | 248 | | MEMORANDUM in opposition re 245 Motion to Alter Judgment filed by Ellucian Company, L.P., Ellucian, L.P.. (Doud, Kimberly) (Entered: 01/25/2018) |
| 01/25/2018 | 249 | | RESPONSE in Opposition re 245 MOTION to Alter Judgment *as Final and Appealable (Corrected)* filed by University of South Florida Board of Trustees. (McCrea, Richard) (Entered: 01/25/2018) |
| 03/04/2018 | 250 | | MOTION for Recusal *of District Judge* by Angela W. DeBose. (DeBose, Angela) (Entered: 03/04/2018) |
| 03/07/2018 | 251 | | MOTION for miscellaneous relief, specifically for Leave to Take Videotaped Deposition De Bene Esse by University of South Florida Board of Trustees. (McCrea, Cayla) (Entered: 03/07/2018) |
| 03/09/2018 | 252 | | **ORDER denying 250 Motion To Recuse District Judge. See Order for details. Signed by Judge Elizabeth A. Kovachevich on 3/9/2018. (RLH)** (Entered: 03/09/2018) |
| 03/09/2018 | 253 | | **A review of the file reveals that Defendants have not filed a response to 243 Plaintiff's Motion for Leave to Correct Clerical Error. See M.D. Fla. R. 3.01(b). Defendants are ORDERED to file a response to the Motion on or before March 14, 2018 indicating whether Defendants oppose the relief requested. Failure to so respond shall result in the Court considering the Motion to be unopposed. Signed by Judge Elizabeth A. Kovachevich on 3/9/2018. (RLH)** (Entered: 03/09/2018) |
| 03/11/2018 | 254 | | MOTION to Vacate 252 Order on motion for recusal *of District Judge* by Angela W. DeBose. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(DeBose, Angela) (Entered: 03/12/2018) |
| 03/12/2018 | 255 | | NOTICE by Ellucian Company, L.P. *OF FILING MOTION TO TRANSFER RELATED CASE* (Attachments: # 1 Exhibit Motion to Transfer Related Case)(Doud, Kimberly) (Entered: 03/12/2018) |
| 03/12/2018 | 256 | | **ORDER denying 254 Plaintiff's Motion to Vacate 252 Order Denying Plaintiff's Motion for Recusal [sic] of District Judge. See Order for details. Signed by Judge Elizabeth A. Kovachevich on 3/12/2018. (RLH)** (Entered: 03/12/2018) |

| | | | |
|---|---|---|---|
| 03/13/2018 | 257 | | RESPONSE to Motion re 243 Second MOTION to Amend/Correct *Clerical Errors* filed by University of South Florida Board of Trustees. (McCrea, Richard) (Entered: 03/13/2018) |
| 03/14/2018 | 258 | | RESPONSE to Motion re 243 Second MOTION to Amend/Correct *Clerical Errors* filed by Ellucian Company, L.P., Ellucian, L.P.. (Doud, Kimberly) (Entered: 03/14/2018) |
| 03/16/2018 | 259 | | RESPONSE in Opposition re 251 MOTION for miscellaneous relief, specifically for Leave to Take Videotaped Deposition De Bene Esse *and Memorandum of Law* filed by Angela W. DeBose. (DeBose, Angela) (Entered: 03/16/2018) |
| 03/16/2018 | 260 | | RESPONSE in Opposition re 251 MOTION for miscellaneous relief, specifically for Leave to Take Videotaped Deposition De Bene Esse *Corrected* filed by Angela W. DeBose. (DeBose, Angela) (Entered: 03/16/2018) |
| 03/16/2018 | 261 | | **ORDER granting 243 Motion for Leave to Correct Clerical Error. The Court grants Plaintiff leave to correct the error in Document 174 as detailed in this Order. Signed by Judge Elizabeth A. Kovachevich on 3/16/2018. (RLH)** (Entered: 03/16/2018) |
| 03/19/2018 | 262 | | MOTION for clarification *or Modification of Order* by Angela W. DeBose. (DeBose, Angela) (Entered: 03/19/2018) |
| 03/23/2018 | 263 | | **ORDER denying 238 Motion for Relief from Judgment for Fraud; denying 245 Motion for Certification of Order as Final and Appealable. See Order for details. Signed by Judge Elizabeth A. Kovachevich on 3/23/2018. (RLH)** (LD). (Entered: 03/23/2018) |
| 03/23/2018 | 264 | | **ENDORSED ORDER denying 262 Motion to Modify, Clarify, or Vacate Order and Written Opinion. Signed by Judge Elizabeth A. Kovachevich on 3/23/2018. (RLH)** (Entered: 03/23/2018) |
| 03/24/2018 | 265 | | NOTICE by Angela W. DeBose *of Filing Petition for Writ of Mandamus or alternatively a Writ of Prohibition* (Attachments: # 1 Petition for Writ of Mandamus)(DeBose, Angela) (Entered: 03/24/2018) |
| 03/30/2018 | 266 | | MOTION to Vacate 263 Order on motion for relief from judgmentOrder on Motion to Alter Judgment by Angela W. DeBose. (DeBose, Angela) (Entered: 03/30/2018) |
| 04/13/2018 | 267 | | RESPONSE in Opposition re 266 MOTION to Vacate 263 Order on motion for relief from judgmentOrder on Motion to Alter Judgment *AND MEMORANDUM OF LAW* filed by Ellucian Company, L.P., Ellucian, L.P.. (Doud, Kimberly) (Entered: 04/13/2018) |
| 04/16/2018 | 268 | | RESPONSE to Motion re 266 MOTION to Vacate 263 Order on motion for relief from judgmentOrder on Motion to Alter Judgment filed by University of South Florida Board of Trustees. (McCrea, Richard) (Entered: 04/16/2018) |
| 05/02/2018 | 269 | | NOTICE by University of South Florida Board of Trustees *of Name and E−Mail Change* (Attachments: # 1 Exhibit A − Supreme Court Approval)(Page, Cayla) (Entered: 05/02/2018) |
| 05/15/2018 | 270 | | |

| | | | |
|---|---|---|---|
| | | | NOTICE OF RESCHEDULING HEARING: This case was previously scheduled for the trial term beginning 10/1/2018. New scheduling date and time: Final Pretrial Conference set for AUGUST 14, 2018 at 11:00 AM in Tampa Courtroom 10A before Magistrate Judge Anthony E. Porcelli. Jury Trial set for (DATE CERTAIN) SEPTEMBER 4, 2018 at 10:00 AM in Tampa Courtroom 14A before Judge Elizabeth A. Kovachevich. (SRC) Modified on 5/16/2018 (SRC). (Entered: 05/15/2018) |
| 05/17/2018 | 271 | | MOTION for miscellaneous relief, specifically for Protection From Trial During Week of September 4, 2018 by University of South Florida Board of Trustees. (McCrea, Richard) (Entered: 05/17/2018) |
| 05/18/2018 | 272 | | **ENDORSED ORDER granting 271 Motion for Protection from Trial During the Week of September 4, 2018. New scheduling date and time: Jury Trial set for (DATE CERTAIN) SEPTEMBER 10, 2018 at 10:00 AM in Tampa Courtroom 14A before Judge Elizabeth A. Kovachevich. Signed by Judge Elizabeth A. Kovachevich on 5/18/2018. (RLH)** (Entered: 05/18/2018) |
| 05/18/2018 | 273 | | **ORDER denying 251 Defendant University of South Florida Board of Trustees' Motion for Leave to Take Videotaped Deposition *De Bene Esse.* See Order for details. Signed by Judge Elizabeth A. Kovachevich on 5/18/2018. (RLH)** (Entered: 05/18/2018) |
| 05/21/2018 | 274 | | NOTICE by Angela W. DeBose *of Filing Time−Sensitive Motion for a Stay to the Eleventh Circuit Court of Appeals* (Attachments: # 1 Exhibit)(DeBose, Angela) (Entered: 05/21/2018) |
| 05/25/2018 | 275 | | **ORDER denying 266 Motion to Vacate Order. See Order for details. Signed by Judge Elizabeth A. Kovachevich on 5/25/2018. (RLH)** (Entered: 05/25/2018) |
| 05/29/2018 | 276 | | NOTICE OF APPEAL as to 263 Order on motion for relief from judgmentOrder on Motion to Alter Judgment, 264 Order on motion for clarification, 275 Order on Motion to Vacate by Angela W. DeBose. Filing fee not paid. (DeBose, Angela) (Entered: 05/29/2018) |
| 05/29/2018 | 277 | | TRANSMITTAL of initial appeal package to USCA consisting of copies of notice of appeal, docket sheet, order/judgment being appealed, and motion, if applicable to USCA re 276 Notice of appeal. Eleventh Circuit Transcript information form forwarded to pro se litigants and available to counsel at www.flmd.uscourts.gov under Forms and Publications/General. (LD) (Entered: 05/29/2018) |
| 06/01/2018 | 278 | | USCA ORDER denying Petition for Writ of Mandamus to the District Court. Signed by USCA Judge. Entered on docket 5/31/18. USCA number: 18−11238−K. (JNB) (Entered: 06/01/2018) |
| 06/25/2018 | 279 | | NOTICE by Angela W. DeBose *of Filing Motion for Sanctions* (DeBose, Angela) (Entered: 06/25/2018) |
| 06/25/2018 | 280 | | MOTION for sanctions by Angela W. DeBose. (DeBose, Angela) (Entered: 06/25/2018) |
| 06/25/2018 | 281 | | AFFIDAVIT of Angela DeBose re: 280 MOTION for sanctions *In Support of Sanctions* by Angela W. DeBose. (Attachments: # 1 Exhibit A, # 2 Exhibit B − |

| | | | |
|---|---|---|---|
| | | | transcript excerpts, # 3 Exhibit C, # 4 Exhibit D 3−5 − contract)(DeBose, Angela) Modified text on 6/27/2018 (AG). (Entered: 06/25/2018) |
| 06/27/2018 | 282 | | ORDER of USCA: Pursuant to the 11th Cir.R.42−1(b), this appeal is DISMISSED for want of prosecution because the appellant Angela W. DeBose failed to pay the filing and docketing fees to the district court, or alternatively, file a motion to proceed in forma pauperis in the district court within the time fixed by the rules as to 276 Notice of appeal filed by Angela W. DeBose. EOD: 6/26/18; USCA number: 18−12226−K. (JNB) (Entered: 06/27/2018) |
| 06/27/2018 | 283 | | NOTICE by Ellucian Company, L.P. re 279 Notice (Other), 280 MOTION for sanctions *REGARDING PLAINTIFF'S MOTION FOR SANCTIONS* (Doud, Kimberly) (Entered: 06/27/2018) |
| 06/29/2018 | 284 | | **ENDORSED ORDER that Defendants shall respond to 280 Plaintiff's Motion for Sanctions on or before July 9, 2018. Signed by Judge Elizabeth A. Kovachevich on 6/29/2018. (RLH)** (Entered: 06/29/2018) |
| 07/09/2018 | 285 | | RESPONSE in Opposition re 280 MOTION for sanctions filed by University of South Florida Board of Trustees. (McCrea, Richard) (Entered: 07/09/2018) |
| 07/09/2018 | 286 | | RESPONSE in Opposition re 280 MOTION for sanctions filed by Ellucian Company, L.P.. (Attachments: # 1 Exhibit A)(Doud, Kimberly) (Entered: 07/09/2018) |
| 07/10/2018 | 287 | | NOTICE of Appearance by Nancy A. Beyer on behalf of Ellucian Company, L.P., Ellucian, L.P. (Beyer, Nancy) (Entered: 07/10/2018) |
| 07/11/2018 | 288 | | MOTION for leave to file Reply to Defendants' Opposition to Motion for Sanctions by Angela W. DeBose. (DeBose, Angela) (Entered: 07/11/2018) |
| 07/11/2018 | 289 | | **ENDORSED ORDER granting 288 Motion for Leave to File Reply. Plaintiff's reply shall not exceed five (5) pages. Plaintiff shall file her reply on or before July 18, 2018. Signed by Judge Elizabeth A. Kovachevich on 7/11/2018. (RLH)** (Entered: 07/11/2018) |
| 07/17/2018 | 290 | | *** Terminated− Filer notified to re−file with signature page *** REPLY to Response to Motion re 280 MOTION for sanctions *Plaintiff's Reply to USFBOT's Opposition to Motion for Sanctions* filed by Angela W. DeBose. (DeBose, Angela) Modified text and NEF regenerated on 7/17/2018 (KMM). (Entered: 07/17/2018) |
| 07/17/2018 | 291 | | REPLY to Response to Motion re 280 MOTION for sanctions *Plaintiff's Reply to USFBOT's Opposition to Motion for Sanctions* filed by Angela W. DeBose. (DeBose, Angela) (Entered: 07/17/2018) |
| 07/17/2018 | 292 | | REPLY to Response to Motion re 280 MOTION for sanctions *Plaintiff's Reply to Ellucian's Opposition to Motion for Sanctions* filed by Angela W. DeBose. (DeBose, Angela) (Entered: 07/17/2018) |
| 07/20/2018 | 293 | | **ENDORSED ORDER denying 280 Plaintiff's Motion for Sanctions. Upon review, Plaintiff's Motion is nothing more than a thinly−veiled attempt to challenge 210 the Court's summary judgment order. Plaintiff fails to substantiate the allegations raised in her motion, and her motion is otherwise not well−taken. As the Court previously indicated in 275 its** |

| | | | |
|---|---|---|---|
| | | | **May 25, 2018 order, any motions directed at the Court's summary judgment order that otherwise fail to raise meritorious bases for reconsideration will be denied without further consideration. Signed by Judge Elizabeth A. Kovachevich on 7/20/2018. (RLH)** (Entered: 07/20/2018) |
| 07/23/2018 | | | USCA appeal fees received $ 505 receipt number tpa051995 re 276 Notice of appeal filed by Angela W. DeBose (ARC) (Entered: 07/23/2018) |
| 07/28/2018 | 294 | | MOTION for Reconsideration re 293 Order on Motion for Sanctions *280 Denying Requested Relief* by Angela W. DeBose. (DeBose, Angela) (Entered: 07/28/2018) |
| 07/30/2018 | 295 | | MOTION to Strike 66 Memorandum in opposition *66 and 84 Affidavits as a Sham* by Angela W. DeBose. (Attachments: # 1 Exhibit Exhibits A−G, # 2 Affidavit 7−28−18 Affidavit of Delonjie Tyson, # 3 Exhibit 7−18−18 Deposition of Delonjie Tyson, # 4 Exhibit 4−12−18 Sworn Police Statement of Kim Bushe−Whiteman, # 5 Affidavit 3−16−17 Affidavit of Kim Bushe−Whiteman)(DeBose, Angela) Motions referred to Magistrate Judge Anthony E. Porcelli. (Entered: 07/30/2018) |
| 07/30/2018 | 296 | | **ENDORSED ORDER denying 294 Motion for Reconsideration. Signed by Judge Elizabeth A. Kovachevich on 7/30/2018. (RLH)** (Entered: 07/30/2018) |
| 07/30/2018 | 297 | | Emergency MOTION to Continue *Trial Date and For Additional Time for Trial* by Angela W. DeBose. (Attachments: # 1 Exhibit 04−20−18 Deposition of Ralph Wilcox, # 2 Exhibit 07−10−18 Deposition of Ralph Wilcox)(DeBose, Angela) (Entered: 07/30/2018) |
| 07/31/2018 | 298 | | **ENDORSED ORDER that, on or before August 2, 2018, Defendant University of South Florida Board of Trustees shall file its response to 297 Plaintiff's emergency motion to continue trial. Signed by Judge Elizabeth A. Kovachevich on 7/31/2018. (RLH)** (Entered: 07/31/2018) |
| 08/01/2018 | 299 | | RESPONSE in Opposition re 297 Emergency MOTION to Continue *Trial Date and For Additional Time for Trial* filed by University of South Florida Board of Trustees. (McCrea, Richard) (Entered: 08/01/2018) |
| 08/01/2018 | 300 | | RESPONSE in Opposition re 295 MOTION to Strike 66 Memorandum in opposition *66 and 84 Affidavits as a Sham* filed by University of South Florida Board of Trustees. (McCrea, Richard) (Entered: 08/01/2018) |
| 08/02/2018 | 301 | | MOTION for leave to file Reply to Defendant's Opposition *to Motion to Strike Affidavits as a Sham, for Sanctions, and for Default Judgment* by Angela W. DeBose. (DeBose, Angela) (Entered: 08/02/2018) |
| 08/02/2018 | 302 | | MOTION for leave to file A Reply to Defendant's Opposition to Continuance by Angela W. DeBose. (DeBose, Angela) (Entered: 08/02/2018) |
| 08/02/2018 | 303 | | **ENDORSED ORDER denying without prejudice 297 Motion to Continue. Signed by Judge Elizabeth A. Kovachevich on 8/2/2018. (RLH)** (Entered: 08/02/2018) |
| 08/02/2018 | 304 | | **ENDORSED ORDER denying as moot 302 Motion for Leave to File. Signed by Judge Elizabeth A. Kovachevich on 8/2/2018. (RLH)** (Entered: |

| | | | |
|---|---|---|---|
| | | | 08/02/2018) |
| 08/03/2018 | 305 | | **ENDORSED ORDER granting 301 Motion for Leave to File a Reply. Plaintiff shall have seven days from the date of this order to file a reply, not to exceed five pages in length. Signed by Magistrate Judge Anthony E. Porcelli on 8/3/2018. (JMF)** (Entered: 08/03/2018) |
| 08/06/2018 | 306 | | REPLY to Response to Motion re 301 MOTION for leave to file Reply to Defendant's Opposition *to Motion to Strike Affidavits as a Sham, for Sanctions, and for Default Judgment* filed by Angela W. DeBose. (DeBose, Angela) (Entered: 08/06/2018) |
| 08/07/2018 | 307 | | NOTICE by University of South Florida Board of Trustees *of Filing Pretrial Statement* (Attachments: # 1 Exhibit Pretrial Statement, # 2 Exhibit Exhibit A to Pretrial Statement)(McCrea, Richard) (Entered: 08/07/2018) |
| 08/07/2018 | 308 | | MOTION to extend time to File a Pretrial Statement *Pending the Court's Review of Plaintiff's Motion to Strike Sham Affidavits, for Sanctions, and for Default Judgment and Reply* by Angela W. DeBose. (Attachments: # 1 Exhibit Exhibit − Scheduling Emails)(DeBose, Angela) (Entered: 08/07/2018) |
| 08/08/2018 | 309 | | **ENDORSED ORDER REFERRING MOTION: 308 MOTION to extend time to File a Pretrial Statement *Pending the Court's Review of Plaintiff's Motion to Strike Sham Affidavits, for Sanctions, and for Default Judgment and Reply* filed by Angela W. DeBose. Signed by Judge Elizabeth A. Kovachevich on 8/8/2018. (RLH) Motions referred to Magistrate Judge Anthony E. Porcelli.** (Entered: 08/08/2018) |
| 08/08/2018 | 310 | | **ENDORSED ORDER denying 308 Motion to extend time. Any outstanding issues will be addressed at the Final Pretrial Conference. Signed by Magistrate Judge Anthony E. Porcelli on 8/8/2018. (JMF)** (Entered: 08/08/2018) |
| 08/14/2018 | 311 | | **ENDORSED ORDER denying 295 Motion to Strike for the reasons articulated during the Final Pretrial Conference. Signed by Magistrate Judge Anthony E. Porcelli on 8/14/2018. (JMF)** (Entered: 08/14/2018) |
| 08/14/2018 | 312 | | Minute Entry. Proceedings held before Magistrate Judge Anthony E. Porcelli: FINAL PRETRIAL CONFERENCE held on 8/14/2018. (digital) (LV) (Entered: 08/14/2018) |
| 08/14/2018 | 313 | | **PRETRIAL ORDER. See Order for details. Signed by Magistrate Judge Anthony E. Porcelli on 8/14/2018. (JMF)** (Entered: 08/14/2018) |
| 08/15/2018 | 314 | | MOTION for clarification re 311 Order on Motion to Strike *and for a Written Opinion* by Angela W. DeBose. (Attachments: # 1 Exhibit Exhibit A − Accurate 07/15/2015 Shredding)(DeBose, Angela) (Entered: 08/15/2018) |
| 08/16/2018 | 315 | | NOTICE by University of South Florida Board of Trustees *In Opposition to Plaintiff's Motion for Clarification [Doc. 314]* (Attachments: # 1 Exhibit A)(McCrea, Richard) (Entered: 08/16/2018) |
| 08/18/2018 | 316 | | NOTICE OF APPEAL as to 296 Order on Motion for Reconsideration, 293 Order on Motion for Sanctions by Angela W. DeBose. Filing fee not paid. (DeBose, Angela) (Entered: 08/18/2018) |

| | | | |
|---|---|---|---|
| 08/19/2018 | 317 | | Emergency MOTION to modify and/or Clarify the August 14, 2018 Pretrial Order by Angela W. DeBose. (DeBose, Angela) (Entered: 08/19/2018) |
| 08/19/2018 | 318 | | **ENDORSED ORDER REFERRING MOTION: 317 Emergency MOTION to modify and/or Clarify the August 14, 2018 Pretrial Order filed by Angela W. DeBose. Signed by Judge Elizabeth A. Kovachevich on 8/19/2018. (RLH) Motions referred to Magistrate Judge Anthony E. Porcelli.** (Entered: 08/19/2018) |
| 08/20/2018 | 319 | | TRANSMITTAL of initial appeal package to USCA consisting of copies of notice of appeal, docket sheet, order/judgment being appealed, and motion, if applicable to USCA re 316 Notice of appeal. Eleventh Circuit Transcript information form forwarded to pro se litigants and available to counsel at www.flmd.uscourts.gov under Forms and Publications/General. (LNR) (Entered: 08/20/2018) |
| 08/20/2018 | 320 | | MOTION in limine regarding Alleged Policy Violations by USF Board of Trustees, University of South Florida, University of South Florida Board of Trustees. (Attachments: # 1 Exhibit 1 − USF Regulation Providing and Obtaining Employment Reference Information, # 2 Exhibit 2 − USF Regulation Separations from Employment)(McCrea, Richard) (Entered: 08/20/2018) |
| 08/20/2018 | 321 | | MOTION in limine regarding Dismissed Claims by USF Board of Trustees, University of South Florida, University of South Florida Board of Trustees. (McCrea, Richard) (Entered: 08/20/2018) |
| 08/20/2018 | 322 | | MOTION in limine regarding Hearsay by USF Board of Trustees, University of South Florida, University of South Florida Board of Trustees. (McCrea, Richard) (Entered: 08/20/2018) |
| 08/20/2018 | 323 | | MOTION in limine regarding the Parties Economic Standing by USF Board of Trustees, University of South Florida, University of South Florida Board of Trustees. (McCrea, Richard) (Entered: 08/20/2018) |
| 08/20/2018 | 324 | | MOTION in limine regarding Employment Decisions or Complaints Involving Other Employees by USF Board of Trustees, University of South Florida, University of South Florida Board of Trustees. (McCrea, Richard) (Entered: 08/20/2018) |
| 08/20/2018 | 325 | | MOTION in limine regarding Alleged Discovery Misconduct by USF Board of Trustees, University of South Florida, University of South Florida Board of Trustees. (McCrea, Richard) (Entered: 08/20/2018) |
| 08/20/2018 | 326 | | MOTION in limine regarding Plaintiff's Conspiracy Theory by USF Board of Trustees, University of South Florida, University of South Florida Board of Trustees. (McCrea, Richard) (Entered: 08/20/2018) |
| 08/20/2018 | 327 | | MOTION in limine regarding Post Hoc Consultant's Report by USF Board of Trustees, University of South Florida, University of South Florida Board of Trustees. (Attachments: # 1 Exhibit 1 − AACRAO Consulting Report for USF)(McCrea, Richard) (Entered: 08/20/2018) |
| 08/20/2018 | 328 | | MOTION in limine regarding Statistical Evidence by USF Board of Trustees, University of South Florida, University of South Florida Board of Trustees. (McCrea, Richard) (Entered: 08/20/2018) |

| | | | |
|---|---|---|---|
| 08/20/2018 | 329 | | MOTION in limine regarding Stray Remarks by USF Board of Trustees, University of South Florida, University of South Florida Board of Trustees. (McCrea, Richard) (Entered: 08/20/2018) |
| 08/20/2018 | 330 | | MOTION in limine regarding Time Barred Claims by USF Board of Trustees, University of South Florida, University of South Florida Board of Trustees. (McCrea, Richard) (Entered: 08/20/2018) |
| 08/20/2018 | 331 | | MOTION in limine regarding Vandalism by USF Board of Trustees, University of South Florida, University of South Florida Board of Trustees. (McCrea, Richard) (Entered: 08/20/2018) |
| 08/20/2018 | 332 | | MOTION in limine regarding Precluding Plaintiff from Testifying in a Narrative by USF Board of Trustees, University of South Florida, University of South Florida Board of Trustees. (McCrea, Richard) (Entered: 08/20/2018) |
| 08/20/2018 | 333 | | MOTION in limine by Angela W. DeBose. (DeBose, Angela) (Entered: 08/20/2018) |
| 08/21/2018 | 334 | | MOTION for leave to file Amendment or Alternatively File Additional Motions in Limine by Angela W. DeBose. (DeBose, Angela) (Entered: 08/21/2018) |
| 08/21/2018 | 335 | | **ENDORSED ORDER denying without prejudice 334 Motion for Leave to Amend or Alternatively File Additional Motions *In Limine*. Local Rule 3.01 requires that the movant "include a concise statement of the precise relief requested." Plaintiff's motion begins with a request that the Court grant her leave to amend 333 her omnibus motion *in limine* , but then ends with a request for leave to file a third amended complaint. Because the Court is unsure of the precise relief she requests, Plaintiff's motion is denied without prejudice to refile. Signed by Judge Elizabeth A. Kovachevich on 8/21/2018. (RLH)** (Entered: 08/21/2018) |
| 08/21/2018 | 336 | | MOTION for leave to file Amended Motion in Limine or Alternatively File Additional Motions in Limine − *CORRECTION (Doc. 334)* by Angela W. DeBose. (DeBose, Angela) (Entered: 08/21/2018) |
| 08/22/2018 | 337 | | **ENDORSED ORDER finding as moot 336 Motion for Leave to File. Per 313 the Magistrate Judge's pretrial order, motions in limine are due to be filed on or before August 31, 2018. Plaintiff is free to amend 333 her omnibus motion, but it must be filed on or before August 31, 2018. Any responses to the motions in limine shall be filed on or before 4:00 p.m. on Thursday, September 6, 2018. To the extent the parties have questions about the existing trial deadlines, they are directed to consult 36 the Court's original Case Management and Scheduling Order, 313 the Magistrate Judge's pretrial order, as well as the Local Rules of this district regarding pretrial/trial procedures and requirements. The Court notes that Plaintiff makes reference in her motion to her "future counsel." However, no such counsel has filed a notice of appearance on her behalf, and Plaintiff remains pro se in this action. Should Plaintiff retain counsel, he or she shall promptly file a notice of appearance on the Court's docket. Signed by Judge Elizabeth A. Kovachevich on 8/22/2018. (RLH)** (Entered: 08/22/2018) |
| 08/22/2018 | 338 | | |

| | | | |
|---|---|---|---|
| | | | OBJECTION re 313 Order − *August 14, 2018 Pretrial Order* by Angela W. DeBose by Angela W. DeBose. (DeBose, Angela) (Entered: 08/22/2018) |
| 08/23/2018 | 339 | | **ORDER granting 317 Motion to for clarification to the extent stated therein. Signed by Magistrate Judge Anthony E. Porcelli on 8/23/2018. (JMF)** (Entered: 08/23/2018) |
| 08/24/2018 | 340 | | MOTION to stay *Pending An Evidentiary Hearing and/or Limited Deposition Discovery* by Angela W. DeBose. (DeBose, Angela) (Entered: 08/24/2018) |
| 08/24/2018 | 341 | | RESPONSE in Opposition re 340 MOTION to stay *Pending An Evidentiary Hearing and/or Limited Deposition Discovery* filed by University of South Florida Board of Trustees. (McCrea, Richard) (Entered: 08/24/2018) |
| 08/24/2018 | 342 | | **ORDER denying 340 motion to stay. See Order for details. Signed by Judge Elizabeth A. Kovachevich on 8/24/2018. (RLH)** (Entered: 08/24/2018) |
| 08/26/2018 | 343 | | MOTION to stay *Pending An Evidentiary Hearing and/or Limited Deposition Discovery REVISED* by Angela W. DeBose. (DeBose, Angela) (Entered: 08/26/2018) |
| 08/27/2018 | 344 | | **ORDER referring case to mediation. The Mediation Conference is set for THURSDAY, AUGUST 30, 2018 at 1:00 PM in Courtroom 12B of the Sam M. Gibbons Federal Courthouse. All parties to this action shall have representatives with full settlement authority present at the mediation before Judge McCoun. This mediation is mandatory. Signed by Judge Elizabeth A. Kovachevich on 8/27/2018. (RLH)** (Entered: 08/27/2018) |
| 08/28/2018 | 345 | | NOTICE by University of South Florida Board of Trustees re 344 Order referring case to mediation (McCrea, Richard) (Entered: 08/28/2018) |
| 08/29/2018 | 346 | | NOTICE by Angela W. DeBose *of Filing Plaintiff's Pretrial Statement and Exhibits* (Attachments: # 1 Main Document Plaintiff's Pretrial Statement, # 2 Exhibit A.1 − Plaintiff's Email Evidence, # 3 Exhibit A.2 − Plaintiff's Exhibits List)(DeBose, Angela) (Entered: 08/29/2018) |
| 08/29/2018 | 347 | | **TRIAL CALENDAR for trial term beginning September 4, 2018. Jury Trial set for SEPTEMBER 10, 2018 (DATE CERTAIN) at 10:00 AM in Tampa Courtroom 14A before Judge Elizabeth A. Kovachevich. Signed by Deputy Clerk on 8/29/2018. (SRC)** (Additional attachment(s) added on 8/29/2018: # 1 (Exhibit Informaton) (SRC) (Entered: 08/29/2018) |
| 08/29/2018 | 348 | | ORDER of USCA reinstating as to 276 Notice of appeal filed by Angela W. DeBose. EOD: 08/29/18; USCA number: 18−12226−K. (AG) (Entered: 08/29/2018) |
| 08/29/2018 | 349 | | NOTICE by Angela W. DeBose re 346 Notice (Other) *of Filing of Addendum to Plaintiff's Pretrial Statement and Exhibits* (Attachments: # 1 Exhibit A.3 Addendum to Pretrial Statement and Exhibits)(DeBose, Angela) (Entered: 08/29/2018) |
| 08/29/2018 | 350 | | NOTICE by Angela W. DeBose re 346 Notice (Other) *of Other Pretrial Exhibits, EEOC Charge Documents, RTSL, 768.28 Notice* (DeBose, Angela) (Entered: 08/29/2018) |

| | | | |
|---|---|---|---|
| 08/30/2018 | 351 | | Minute Entry. Proceedings held before Magistrate Judge Thomas B. McCoun III: SETTLEMENT CONFERENCE held on 8/30/2018. The parties have reached an impasse. (Not recorded) (LYB) (Entered: 08/30/2018) |
| 08/30/2018 | 352 | | MOTION to allow electronic equipment, specifically Computer and Technological Devices Described by Angela W. DeBose. (DeBose, Angela) (Entered: 08/30/2018) |
| 08/31/2018 | 353 | | MOTION to Compel Defendant's Compliance to Provide Directory Information for the Issuance of Subpoenas by Angela W. DeBose. (DeBose, Angela) Motions referred to Magistrate Judge Anthony E. Porcelli. (Entered: 08/31/2018) |
| 08/31/2018 | 354 | | MOTION to Strike *Plaintiff's Expert Witnesses and Previously Undisclosed Witnesses* by USF Board of Trustees, University of South Florida, University of South Florida Board of Trustees. (Attachments: # 1 Exhibit 1 − Plaintiff's Rule 26 Initial Disclosure, # 2 Exhibit 1 − Plaintiff's Expert Disclosure)(McCrea, Richard) Motions referred to Magistrate Judge Anthony E. Porcelli. (Entered: 08/31/2018) |
| 08/31/2018 | 355 | | Emergency MOTION to Continue *Trial Date and For Additional Time for Trial and an Immediate Stay* by Angela W. DeBose. (DeBose, Angela) (Entered: 08/31/2018) |
| 08/31/2018 | 356 | | **ENDORSED ORDER directing Defendant University of South Florida Board of Trustees to respond to 355 Plaintiff's emergency motion to continue trial on or before 9:00 A.M. on Monday, September 3, 2018. Signed by Judge Elizabeth A. Kovachevich on 8/31/2018. (RLH)** (Entered: 08/31/2018) |
| 08/31/2018 | 357 | | **ORDER granting in part and denying in part 353 Motion to Compel; granting in part and denying in part 354 Motion to Strike. See Order for further details. Signed by Magistrate Judge Anthony E. Porcelli on 8/31/2018. (JMF)** (Entered: 08/31/2018) |
| 08/31/2018 | 358 | | RESPONSE to Motion re 355 Emergency MOTION to Continue *Trial Date and For Additional Time for Trial and an Immediate Stay* filed by University of South Florida Board of Trustees. (McCrea, Richard) (Entered: 08/31/2018) |
| 08/31/2018 | 359 | | **ORDER granting 314 Motion for clarification to the extent set forth therein. Signed by Magistrate Judge Anthony E. Porcelli on 8/31/2018. (JMF)** (Entered: 08/31/2018) |
| 08/31/2018 | 360 | | Amended MOTION in limine *Omnibus Motion* by Angela W. DeBose. (DeBose, Angela) (Entered: 08/31/2018) |
| 08/31/2018 | 361 | | PRETRIAL statement by University of South Florida Board of Trustees. (McCrea, Richard) (Entered: 08/31/2018) |
| 08/31/2018 | 362 | | Proposed Jury Instructions by University of South Florida Board of Trustees. (McCrea, Richard) (Entered: 08/31/2018) |
| 08/31/2018 | 363 | | Proposed Voir Dire by University of South Florida Board of Trustees. (McCrea, Richard) (Entered: 08/31/2018) |
| 08/31/2018 | 364 | | |

| | | | |
|---|---|---|---|
| | | | Exhibit List by University of South Florida Board of Trustees. (McCrea, Richard) (Entered: 08/31/2018) |
| 08/31/2018 | 365 | | PROPOSED verdict form filed byUniversity of South Florida Board of Trustees. (McCrea, Richard) (Entered: 08/31/2018) |
| 08/31/2018 | 366 | | NOTICE by University of South Florida Board of Trustees *Deposition Designation and Plaintiff's Exhibit List As Exhibits to Pretrial Statement* (McCrea, Richard) (Entered: 08/31/2018) |
| 08/31/2018 | 367 | | NOTICE by University of South Florida Board of Trustees *Notice of Filing Defendant's Objections to Plaintiff's Exhibits* (McCrea, Richard) (Entered: 08/31/2018) |
| 09/02/2018 | 368 | | MOTION for Extension of Time to File Pretrial Documents and Pleadings for Miscellaneous Relief by Angela W. DeBose. (DeBose, Angela) (Entered: 09/02/2018) |
| 09/02/2018 | 369 | | **ORDER denying 343 motion to stay; denying 355 Motion to Continue. See Order for details. Signed by Judge Elizabeth A. Kovachevich on 9/2/2018. (RLH)** (Entered: 09/02/2018) |
| 09/03/2018 | 370 | | **ENDORSED ORDER denying 368 Motion for Extension of Time to File. Signed by Judge Elizabeth A. Kovachevich on 9/3/2018. (RLH)** (Entered: 09/03/2018) |
| 09/03/2018 | 371 | | **AMENDED ORDER amending 369 Order to correct scrivener's error. Signed by Judge Elizabeth A. Kovachevich on 9/3/2018. (RLH)** (RLH). (Entered: 09/03/2018) |
| 09/03/2018 | 372 | | **ENDORSED ORDER denying as moot 333 Plaintiff's omnibus motion in limine based on her filing of 360 her amended omnibus motion in limine. Signed by Judge Elizabeth A. Kovachevich on 9/3/2018. (RLH)** (Entered: 09/03/2018) |
| 09/04/2018 | 373 | | Exhibit List *(Corrected)* by University of South Florida Board of Trustees. (McCrea, Richard) (Entered: 09/04/2018) |
| 09/04/2018 | 374 | | Corrected Proposed Jury Instructions by University of South Florida Board of Trustees. (McCrea, Richard) Modified text on 9/5/2018 (LNR). (Entered: 09/04/2018) |
| 09/04/2018 | 375 | | Corrected Proposed Voir Dire by University of South Florida Board of Trustees. (McCrea, Richard) Modified text on 9/5/2018 (LNR). (Entered: 09/04/2018) |
| 09/05/2018 | 376 | | MOTION to modify Order Granting Defendant's Motion to Strike Plaintiff's Expert and Previously Undisclosed Witnesses by Angela W. DeBose. (DeBose, Angela) (Entered: 09/05/2018) |
| 09/05/2018 | 377 | | **ENDORSED ORDER REFERRING MOTION: 376 MOTION to modify Order Granting Defendant's Motion to Strike Plaintiff's Expert and Previously Undisclosed Witnesses filed by Angela W. DeBose. Signed by Judge Elizabeth A. Kovachevich on 9/5/2018. (RLH) Motions referred to Magistrate Judge Anthony E. Porcelli.** (Entered: 09/05/2018) |
| 09/05/2018 | 378 | | |

| | | | |
|---|---|---|---|
| | | | MOTION for miscellaneous relief, specifically for Leave to Bring Electronic Equipment to Trial by University of South Florida Board of Trustees. (McCrea, Richard) (Entered: 09/05/2018) |
| 09/06/2018 | 379 | | Exhibit List *for Trial* by Angela W. DeBose. (Attachments: # 1 Main Document EXHIBIT LIST (DOCUMENTS), # 2 Main Document EXHIBIT LIST (EMAILS))(DeBose, Angela) (Entered: 09/06/2018) |
| 09/06/2018 | 380 | | MOTION for miscellaneous relief, specifically Protection from September 10, 2018 Trial Date and to Reinstate the October 1, 2018 or Next Available Trial Date by Angela W. DeBose. (DeBose, Angela) (Entered: 09/06/2018) |
| 09/06/2018 | 381 | | Amended MOTION for miscellaneous relief, specifically for Leave to Bring Electronic Equipment to Trial by University of South Florida Board of Trustees. (McCrea, Richard) (Entered: 09/06/2018) |
| 09/06/2018 | 382 | | **ENDORSED ORDER denying 380 Plaintiff's Motion for Protection from Trial During Week of September 10, 2018 and for Reinstatement of Original October 1, 2018 Trial Date for the reasons stated in 371 the Court's Amended Order, which are incorporated herein by reference. Signed by Judge Elizabeth A. Kovachevich on 9/6/2018. (RLH)** (Entered: 09/06/2018) |
| 09/06/2018 | 383 | | **ORDER denying 376 Motion to modify. Signed by Magistrate Judge Anthony E. Porcelli on 9/6/2018. (JMF)** (Entered: 09/06/2018) |
| 09/06/2018 | 384 | | RESPONSE to Motion re 360 Amended MOTION in limine *Omnibus Motion* filed by University of South Florida Board of Trustees. (McCrea, Richard) (Entered: 09/06/2018) |
| 09/06/2018 | 385 | | COURT'S Proposed Jury Instructions. (RLH) Modified on 9/6/2018 (RLH). (Entered: 09/06/2018) |
| 09/06/2018 | 386 | | COURT'S PROPOSED verdict form. (RLH) (Entered: 09/06/2018) |
| 09/06/2018 | 387 | | **ENDORSED ORDER that the Parties shall file their respective objections to 385 the Court's Proposed Jury Instructions and 386 the Court's Proposed Verdict Form by 9:00 A.M. on Tuesday, September 11, 2018. The Court will not conduct a charge conference. Signed by Judge Elizabeth A. Kovachevich on 9/6/2018. (RLH)** (Entered: 09/06/2018) |
| 09/07/2018 | 388 | | MOTION for Extension of Time to File Response/Reply as to 331 MOTION in limine regarding Vandalism, 325 MOTION in limine regarding Alleged Discovery Misconduct, 320 MOTION in limine regarding Alleged Policy Violations, 329 MOTION in limine regarding Stray Remarks, 330 MOTION in limine regarding Time Barred Claims, 323 MOTION in limine regarding the Parties Economic Standing, 332 MOTION in limine regarding Precluding Plaintiff from Testifying in a Narrative, 322 MOTION in limine regarding Hearsay, 321 MOTION in limine regarding Dismissed Claims, 324 MOTION in limine regarding Employment Decisions or Complaints Involving Other Employees, 326 MOTION in limine regarding Plaintiff's Conspiracy Theory, 328 MOTION in limine regarding Statistical Evidence, 327 MOTION in limine regarding Post Hoc Consultant's Report by Angela W. DeBose. (DeBose, Angela) Motions referred to Magistrate Judge Anthony E. Porcelli. (Entered: 09/07/2018) |

| | | | |
|---|---|---|---|
| 09/07/2018 | 389 | | Exhibit List *Amended Exhibit List* by Angela W. DeBose. (DeBose, Angela) (Entered: 09/07/2018) |
| 09/07/2018 | 390 | | NOTICE OF INTERLOCUTORY APPEAL as to 382 Order on Motion for Miscellaneous Relief, 311 Order on Motion to Strike, 369 Order on motion to stayOrder on Motion to Continue by Angela W. DeBose. Filing fee not paid. (DeBose, Angela) (Entered: 09/07/2018) |
| 09/07/2018 | 391 | | **ENDORSED ORDER granting 388 Motion for Extension of Time to File Response/Reply. Plaintiff shall file her responses to Defendant's motions in limine by 4:00 p.m. on September 7, 2018. Signed by Judge Elizabeth A. Kovachevich on 9/7/2018. (RLH)** (Entered: 09/07/2018) |
| 09/07/2018 | 392 | | Emergency MOTION to stay *Pending Appeal* by Angela W. DeBose. (DeBose, Angela) (Entered: 09/07/2018) |
| 09/07/2018 | 393 | | TRANSMITTAL of initial appeal package to USCA consisting of copies of notice of appeal, docket sheet, order/judgment being appealed, and motion, if applicable to USCA re 390 Notice of Interlocutory Appeal. Eleventh Circuit Transcript information form forwarded to pro se litigants and available to counsel at www.flmd.uscourts.gov under Forms and Publications/General. (LD) (Entered: 09/07/2018) |
| 09/07/2018 | 394 | | RESPONSE in Opposition re 324 MOTION in limine regarding Employment Decisions or Complaints Involving Other Employees filed by Angela W. DeBose. (DeBose, Angela) (Entered: 09/07/2018) |
| 09/07/2018 | 395 | | RESPONSE in Opposition re 322 MOTION in limine regarding Hearsay filed by Angela W. DeBose. (DeBose, Angela) (Entered: 09/07/2018) |
| 09/07/2018 | 396 | | RESPONSE in Opposition re 321 MOTION in limine regarding Dismissed Claims filed by Angela W. DeBose. (DeBose, Angela) (Entered: 09/07/2018) |
| 09/07/2018 | 397 | | RESPONSE in Opposition re 320 MOTION in limine regarding Alleged Policy Violations filed by Angela W. DeBose. (DeBose, Angela) (Entered: 09/07/2018) |
| 09/07/2018 | 398 | | NOTICE by Angela W. DeBose *of Filing of Pretrial Exhibit − Deposition of Shruti Kumar* (Attachments: # 1 Main Document Deposition of Shruti Kumar)(DeBose, Angela) (Entered: 09/07/2018) |
| 09/07/2018 | 399 | | RESPONSE in Opposition re 326 MOTION in limine regarding Plaintiff's Conspiracy Theory filed by Angela W. DeBose. (DeBose, Angela) (Entered: 09/07/2018) |
| 09/07/2018 | 400 | | RESPONSE in Opposition re 327 MOTION in limine regarding Post Hoc Consultant's Report filed by Angela W. DeBose. (DeBose, Angela) (Entered: 09/07/2018) |
| 09/07/2018 | 401 | | **ORDER denying 392 motion to stay. See Order for details. Signed by Judge Elizabeth A. Kovachevich on 9/7/2018. (RLH)** (Entered: 09/07/2018) |
| 09/07/2018 | 402 | | NOTICE by Angela W. DeBose *of Filing of Plaintiff's Deposition Designations* (DeBose, Angela) (Entered: 09/07/2018) |
| 09/07/2018 | 403 | | Exhibit List by Angela W. DeBose. (DeBose, Angela) (Entered: 09/07/2018) |

| | | | |
|---|---|---|---|
| 09/08/2018 | 404 | | NOTICE by Angela W. DeBose re 398 Notice (Other) *of Filing of Exhibits to the 12−20−2016 Shruti Kumar Deposition* (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B, # 3 Exhibit Exhibit C, # 4 Exhibit Exhibit D, # 5 Exhibit Exhibit E)(DeBose, Angela) (Entered: 09/08/2018) |
| 09/08/2018 | 405 | | MOTION to Strike *Defendant's Previously Undisclosed Witnesses* by Angela W. DeBose. (Attachments: # 1 Exhibit USFBOT Rule 26 Disclosures)(DeBose, Angela) Motions referred to Magistrate Judge Anthony E. Porcelli. (Entered: 09/08/2018) |
| 09/08/2018 | 406 | | NOTICE by Angela W. DeBose *of Filing of Plaintiff's Objections to Defendant's Exhibits* (DeBose, Angela) (Entered: 09/08/2018) |
| 09/08/2018 | 407 | | Proposed Voir Dire by Angela W. DeBose. (DeBose, Angela) (Entered: 09/08/2018) |
| 09/09/2018 | 408 | | Proposed Jury Instructions by Angela W. DeBose. (DeBose, Angela) (Entered: 09/09/2018) |
| 09/09/2018 | 409 | | OBJECTION re 385 Proposed Jury Instructions, 374 Proposed Jury Instructions, 362 Proposed Jury Instructions . (DeBose, Angela) (Entered: 09/09/2018) |
| 09/09/2018 | 410 | | Exhibit List by Angela W. DeBose. (DeBose, Angela) (Entered: 09/09/2018) |
| 09/09/2018 | 411 | | MOTION for miscellaneous relief, specifically Entry of Stipulation and Order by Angela W. DeBose. (DeBose, Angela) (Entered: 09/09/2018) |
| 09/09/2018 | 412 | | **ORDER denying without prejudice 320 Motion in Limine; granting 321 Motion in Limine; denying without prejudice 322 Motion in Limine; granting 323 Motion in Limine; denying without prejudice 324 Motion in Limine; granting 325 Motion in Limine; granting 326 Motion in Limine; denying without prejudice 327 Motion in Limine; granting 328 Motion in Limine; granting 329 Motion in Limine; denying 330 Motion in Limine; granting 331 Motion in Limine; denying without prejudice 332 Motion in Limine; denying without prejudice 360 Motion in Limine. See Order for details. Signed by Judge Elizabeth A. Kovachevich on 9/9/2018. (RLH)** (Entered: 09/09/2018) |
| 09/09/2018 | 413 | | NOTICE by University of South Florida Board of Trustees re 405 MOTION to Strike *Defendant's Previously Undisclosed Witnesses* (Attachments: # 1 Exhibit Supplemental Rule 26(a)(1)(A) Disclosure)(McCrea, Richard) (Entered: 09/09/2018) |
| 09/09/2018 | 414 | | OBJECTION re 410 Exhibit List . (McCrea, Richard) (Entered: 09/09/2018) |
| 09/09/2018 | 415 | | **ORDER granting 352 Motion to allow electronic equipment; granting 378 Motion to allow electronic equipment; granting 381 Motion to allow electronic equipment. See Order for details. Signed by Judge Elizabeth A. Kovachevich on 9/9/2018. (RLH)** (Entered: 09/09/2018) |
| 09/09/2018 | 416 | | NOTICE by University of South Florida Board of Trustees *Defendant's Counter Designations and Objections to Plaintiff's Deposition Designations* (McCrea, Richard) (Entered: 09/09/2018) |
| 09/10/2018 | 417 | | |

| | | | |
|---|---|---|---|
| | | | Witness List by University of South Florida Board of Trustees. (McCrea, Richard) (Entered: 09/10/2018) |
| 09/10/2018 | 418 | | ORDER of USCA: This appeal is DISMISSED, sua sponte, for lack of jurisdiction.... All pending motions are DENIED as MOOT. (See order for complete text) as to 276 Notice of appeal filed by Angela W. DeBose. EOD: 9/7/18; USCA number: 18−12226−DD. (JNB) (Entered: 09/10/2018) |
| 09/10/2018 | 419 | | **ORDER granting in part and denying in part 405 Motion to Strike. See Order for details. Signed by Magistrate Judge Anthony E. Porcelli on 9/10/2018. (JMF)** (Entered: 09/10/2018) |
| 09/10/2018 | 420 | | Minute Entry. Proceedings held before Magistrate Judge Anthony E. Porcelli: MISCELLANEOUS HEARING held on 9/10/2018. (digital) (LV) (Entered: 09/10/2018) |
| 09/10/2018 | 421 | | AMENDED NOTICE by University of South Florida Board of Trustees *in Opposition to Plaintiff's Motion to Strike [Doc. 405]* (Attachments: # 1 Exhibit USFBOT Supplemental Rule 26(a)(1)(A) Disclosures)(McCrea, Richard) Modified text on 9/11/2018 (LNR). (Entered: 09/10/2018) |
| 09/10/2018 | 424 | | Minute Entry. Proceedings held before Judge Elizabeth A. Kovachevich: JURY SELECTION and TRIAL (Day 1) conducted on 9/10/2018. Court Reporter: David Collier (SRC) (Entered: 09/11/2018) |
| 09/10/2018 | 425 | | ORAL MOTION to Continue trial by Angela W. DeBose. (SRC) (Entered: 09/11/2018) |
| 09/10/2018 | 426 | | **ORAL ORDER denying 425 Oral Motion to Continue Trial. Entered by Judge Elizabeth A. Kovachevich on 9/10/2018. (SRC)** (Entered: 09/11/2018) |
| 09/11/2018 | 422 | | OBJECTION re 386 Proposed verdict form filed, 385 Proposed Jury Instructions . (McCrea, Richard) (Entered: 09/11/2018) |
| 09/11/2018 | 423 | | **ORDER MODIFYING 419 Order on Motion to Strike to the extent that Defendant may call Sarah Thomas, Taja Sumpter, and Dr. Allison Cleveland−Roberts as witnesses at trial. Signed by Magistrate Judge Anthony E. Porcelli on 9/11/2018. (JMF)** (Entered: 09/11/2018) |
| 09/11/2018 | 428 | | Motion for miscellaneous relief, specifically Motion for Correction by Angela DeBose (DeBose, Angela) Modified text on 9/12/2018 (LNR). (Entered: 09/11/2018) |
| 09/11/2018 | 430 | | Minute Entry. Proceedings held before Judge Elizabeth A. Kovachevich: JURY TRIAL (Day 2) held on 9/11/2018. Court Reporter: David Collier (SRC) Modified on 9/18/2018 to correct scrivener's error. (SRC) (Entered: 09/12/2018) |
| 09/12/2018 | 429 | | OBJECTION re 423 Order − *Denial of Similar Relief to Plaintiff*. (DeBose, Angela) (Entered: 09/12/2018) |
| 09/12/2018 | 431 | | **ENDORSED ORDER denying 428 Plaintiff's Motion for a Correction. The Court will not give Plaintiff's proposed correction to the jury. To the extent Plaintiff believes a misstatement of fact was made with regard to her status as an attorney, the parties are directed to stipulate to any** |

| | | | |
|---|---|---|---|
| | | | **correction. With the Court's approval, the stipulation may be read to the jury by the parties. Signed by Judge Elizabeth A. Kovachevich on 9/12/2018. (RLH)** (Entered: 09/12/2018) |
| 09/12/2018 | 432 | | Court's *Amended* Proposed Jury Instructions. (RLH) (RLH). (Entered: 09/12/2018) |
| 09/12/2018 | 433 | | Court's *Amended* Proposed Verdict Form. (RLH) (RLH). (Entered: 09/12/2018) |
| 09/12/2018 | 434 | | **ENDORSED ORDER that the Parties shall file their respective objections to 432 the Court's Amended Proposed Jury Instructions and 433 the Court's Amended Proposed Verdict Form by September 14, 2018. To the extent that the parties' previous objections to the Court's initial proposed jury instructions and verdict form, *see* (Docs. 409, 422), are inconsistent with the Court's amended proposed jury instructions and verdict form, those objections are OVERRULED. Signed by Judge Elizabeth A. Kovachevich on 9/12/2018. (RLH)** (Entered: 09/12/2018) |
| 09/12/2018 | 435 | | Minute Entry. Proceedings held before Judge Elizabeth A. Kovachevich: JURY TRIAL (Day 3) held on 9/12/2018. Court Reporter: David Collier (SRC) Modified on 9/18/2018. (SRC) (Entered: 09/13/2018) |
| 09/13/2018 | 438 | | Minute Entry. Proceedings held before Judge Elizabeth A. Kovachevich: JURY TRIAL (Day 4) held on 9/13/2018. Court Reporter: David Collier (SRC) Modified on 9/18/2018. (SRC) (Entered: 09/14/2018) |
| 09/14/2018 | 436 | | MOTION to withdraw as attorney by University of South Florida Board of Trustees (Sanfilippo, Sara) Modified text on 9/14/2018 (LNR). (Entered: 09/14/2018) |
| 09/14/2018 | 437 | | OBJECTION re 433 Proposed verdict form filed, 432 Jury Instructions . (McCrea, Richard) (Entered: 09/14/2018) |
| 09/14/2018 | 439 | | MOTION for miscellaneous relief by Angela W. DeBose re 432 Jury Instructions specifically *Motion for an Additional Jury Instruction* (DeBose, Angela) Modified event and text on 9/17/2018 (JNB). (Entered: 09/14/2018) |
| 09/14/2018 | 440 | | NOTICE by Angela W. DeBose re 433 Proposed verdict form filed *With Pretext Instruction* (DeBose, Angela) (Entered: 09/14/2018) |
| 09/15/2018 | 441 | | **ENDORSED ORDER granting 436 Motion to Withdraw as Attorney. Attorney Sara G. Sanfilippo terminated. Signed by Judge Elizabeth A. Kovachevich on 9/15/2018. (RLH)** (Entered: 09/15/2018) |
| 09/15/2018 | 442 | | MOTION for miscellaneous relief, by Angela W. DeBose specifically *Objection and Motion to Admit Plaintiff's Exhibits 237−A, 263, and 319−A* (DeBose, Angela) Modified event and text on 9/17/2018 (JNB). (Entered: 09/15/2018) |
| 09/17/2018 | 443 | | **ENDORSED ORDER denying 411 Motion for Entry of Stipulation and Order. The issue of alleged discovery abuses by Defendant University of South Florida Board of Trustees was addressed by the Court's 9/9/2018 Order on the parties' motions in limine; the Court excluded argument and evidence on that issue. See (Doc. 412, at 9). Signed by Judge Elizabeth A. Kovachevich on 9/17/2018. (RLH)** Modified on 9/17/2018 (RLH). |

| | | | |
|---|---|---|---|
| | | | (Entered: 09/17/2018) |
| 09/17/2018 | 444 | | **ENDORSED ORDER denying 442 Plaintiff's Motion for an order admitting certain exhibits. The court denies Plaintiff's Motion for the reasons stated on the record at trial upon contemporaneous objection by Defendant University of South Florida Board of Trustees. Signed by Judge Elizabeth A. Kovachevich on 9/17/2018. (RLH)** (Entered: 09/17/2018) |
| 09/17/2018 | 445 | | **ENDORSED ORDER denying 439 Motion for an Additional Jury Instruction to the Court's Amended Proposed Jury Instruction. The Court's instructions, in their current form, include the Eleventh Circuit's standard instruction regarding pretext. The Court sees no reason to deviate from the Eleventh Circuit's standard instruction and Plaintiff has provided none. Signed by Judge Elizabeth A. Kovachevich on 9/17/2018. (RLH)** (Entered: 09/17/2018) |
| 09/17/2018 | 446 | | Minute Entry. Proceedings held before Judge Elizabeth A. Kovachevich: JURY TRIAL (Day 5) held on 9/17/2018. Court Reporter: David Collier (SRC) (Modified on 9/18/2018 to correct scrivener's error.) (SRC) (Entered: 09/18/2018) |
| 09/17/2018 | 447 | | ORAL MOTION for Mistrial by University of South Florida Board of Trustees. (SRC) (Entered: 09/18/2018) |
| 09/17/2018 | 448 | | ORAL MOTION for Reconsideration re 412 Order on Motion in Limine regarding employment decisions involving other employees by University of South Florida Board of Trustees. (SRC) (Entered: 09/18/2018) |
| 09/17/2018 | 449 | | **ORAL ORDER denying 447 Oral Motion for Mistrial; denying 448 Oral Motion for Reconsideration of order denying motion in limine. Entered by Judge Elizabeth A. Kovachevich on 9/17/2018. (SRC)** (Entered: 09/18/2018) |
| 09/18/2018 | 450 | | Minute Entry. Proceedings held before Judge Elizabeth A. Kovachevich: JURY TRIAL (Day 6) held on 9/18/2018. Court Reporter: David Collier (SRC) (Entered: 09/18/2018) |
| 09/19/2018 | 451 | | Court's *Final* Proposed Jury Instructions. (RLH) (LD). (Entered: 09/19/2018) |
| 09/19/2018 | 452 | | Court's *Final* Proposed Verdict Form. (RLH) (Entered: 09/19/2018) |
| 09/19/2018 | 453 | | **ENDORSED ORDER. On or before September 21, 2018, the parties shall file their objections, if any, to 451 the Court's Final Proposed Jury Instructions and 452 the Court's Final Proposed Verdict Form. Any objections shall be accompanied by augment and citation to authority, not to exceed five (5) pages in length. Signed by Judge Elizabeth A. Kovachevich on 9/19/2018. (RLH)** (Entered: 09/19/2018) |
| 09/19/2018 | 454 | | Minute Entry. Proceedings held before Judge Elizabeth A. Kovachevich: JURY TRIAL (Day 7) held on 9/19/2018. Court Reporter: David Collier (SRC) (Entered: 09/20/2018) |
| 09/20/2018 | 455 | | Minute Entry. Proceedings held before Judge Elizabeth A. Kovachevich: JURY TRIAL (day 8) held on 9/20/2018. Court Reporter: David Collier (SRC) (Entered: 09/21/2018) |

| | | | |
|---|---|---|---|
| 09/20/2018 | 456 | | ORAL MOTION for judgment as a matter of law by University of South Florida Board of Trustees. (SRC) (Entered: 09/21/2018) |
| 09/20/2018 | 457 | | MOTION to Strike unauthenticated exhibits by Angela W. DeBose. (SRC) Motions referred to Magistrate Judge Anthony E. Porcelli. (Entered: 09/21/2018) |
| 09/20/2018 | 458 | | **ORAL ORDER denying 457 Oral Motion to Strike Unauthenticated Exhibits for reasons stated on the record. Entered by Judge Elizabeth A. Kovachevich on 9/20/2018. (SRC)** (Entered: 09/21/2018) |
| 09/21/2018 | 459 | | OBJECTION re 451 Jury Instructions, 452 Proposed verdict form filed . (McCrea, Richard) (Entered: 09/21/2018) |
| 09/21/2018 | 460 | | OBJECTION re 459 Objection *by Plaintiff to Defendant's Proposed Jury Instructions and Verdict Form*. (DeBose, Angela) (Entered: 09/21/2018) |
| 09/23/2018 | 461 | | MEMORANDUM in opposition re 456 Motion for judgment as a matter of law filed by Angela W. DeBose. (DeBose, Angela) (Entered: 09/23/2018) |
| 09/24/2018 | 462 | | **ORDER permitting Plaintiff, if she chooses, to re−open her case−in−chief for the limited purpose of introducing argument and evidence related to her compensatory damages. See Order for further details. Signed by Judge Elizabeth A. Kovachevich on 9/24/2018. (RLH)** (Entered: 09/24/2018) |
| 09/24/2018 | 463 | | Minute Entry. Proceedings held before Judge Elizabeth A. Kovachevich: JURY TRIAL (Day 9) held on 9/24/2018. Court Reporter: David Collier (SRC) (Entered: 09/24/2018) |
| 09/24/2018 | 464 | | RENEWED ORAL MOTION for judgment as a matter of law by University of South Florida Board of Trustees. (SRC) (Entered: 09/24/2018) |
| 09/24/2018 | 465 | | ORAL MOTION for judgment as a matter of law by Angela W. DeBose. (SRC) (Entered: 09/24/2018) |
| 09/24/2018 | 466 | | **ORAL ORDER deferring ruling as to 456 Motion for Judgment as a Matter of Law, 464 Motion for Judgment as a Matter of Law, and 465 Motion for Judgment as a Matter of Law. Entered by Judge Elizabeth A. Kovachevich on 9/24/2018. (SRC)** (Entered: 09/24/2018) |
| 09/25/2018 | 467 | | Minute Entry. Proceedings held before Judge Elizabeth A. Kovachevich: JURY TRIAL (Day 10) held on 9/25/2018. Court Reporter: David Collier (SRC). Modified on 9/27/2018 (SRC). (Entered: 09/26/2018) |
| 09/26/2018 | 468 | | **ENDORSED ORDER denying 456 Motion for Judgment as a Matter of Law; denying 464 Motion for Judgment as a Matter of Law; denying 465 Motion for Judgment as a Matter of Law. Signed by Judge Elizabeth A. Kovachevich on 9/26/2018. (RLH)** (Entered: 09/26/2018) |
| 09/26/2018 | 469 | | Minute Entry. Proceedings held before Judge Elizabeth A. Kovachevich: JURY TRIAL (Day 11) completed on 9/26/2018. Verdict returned for Plaintiff. Court Reporter: David Collier SRC) Modified on 9/27/2018 (SRC). (Entered: 09/26/2018) |
| 09/26/2018 | 470 | | COURT'S Jury Instructions. (SRC) (Entered: 09/26/2018) |

| | | | |
|---|---|---|---|
| 09/26/2018 | 471 | | JURY VERDICT for Plaintiff. (SRC) (Entered: 09/26/2018) |
| 09/27/2018 | 472 | | MOTION for Attorney Fees *and Litigation Costs and Other Miscellaneous Relief* by Angela W. DeBose. (DeBose, Angela) (Entered: 09/27/2018) |
| 09/29/2018 | 473 | | AFFIDAVIT of Angela W. DeBose re: 472 MOTION for Attorney Fees *and Litigation Costs and Other Miscellaneous Relief* by Angela W. DeBose. (DeBose, Angela) (Entered: 09/29/2018) |
| 10/02/2018 | 474 | 72 | **JUDGMENT in favor of Ellucian Company, L.P. against Angela W. DeBose on Plaintiff's tortious interference and civil conspiracy claims. Signed by Deputy Clerk on 10/2/2018. (SRC)** (Entered: 10/02/2018) |
| 10/02/2018 | 475 | | **JUDGMENT in favor of Angela W. DeBose against University of South Florida Board of Trustees in the amount of $310,500 in accordance with the jury's verdict; JUDGMENT in favor of University of South Florida Board of Trustees against Angela W. DeBose in accordance with the Court's order entered 9/29/2017. Signed by Deputy Clerk on 10/2/2018. (SRC)** (Entered: 10/02/2018) |
| 10/02/2018 | 476 | | Exhibit List by Angela W. DeBose. (SRC) (Additional attachment(s) added on 10/5/2018: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 4 & 5, # 4 Exhibit 6, # 5 Exhibit 7 & 8, # 6 Exhibit 9 & 10, # 7 Exhibit 11, # 8 Exhibit 12, # 9 Exhibit 15) # 10 Exhibit 16, # 11 Exhibit 17, # 12 Exhibit 18, # 13 Exhibit 19, # 14 Exhibit 20, # 15 Exhibit 21, # 16 Exhibit 22, # 18 Exhibit 24, # 19 Exhibit 25, 26, 27, & 28, # 20 Exhibit 40, # 21 Exhibit 41) # 22 Exhibit 42 & 43, # 23 Exhibit 44, # 24 Exhibit 45 & 46, # 25 Exhibit 47, # 26 Exhibit 48, # 27 Exhibit 49, 50, & 51, # 28 Exhibit 52, # 29 Exhibit 53, # 30 Exhibit 54, 55, & 56, # 31 Exhibit 60, # 32 Exhibit 64, # 33 Exhibit 70, # 34 Exhibit 71, # 35 Exhibit 72, # 36 Exhibit 73, # 37 Exhibit 74, # 38 Exhibit 75, # 39 Exhibit 76, # 40 Exhibit 77, # 41 Exhibit 80, # 42 Exhibit 81, # 43 Exhibit 82) # 44 Exhibit 85, # 45 Exhibit 86, # 46 Exhibit 88, # 47 Exhibit 89, # 48 Exhibit 90, # 49 Exhibit 91, 92, 93, & 94, # 50 Exhibit 95 & 96, # 51 Exhibit 97 & 98, # 52 Exhibit 99, # 53 Exhibit 100, # 54 Exhibit 101, # 55 Exhibit 102, # 56 Exhibit 107 & 108, # 57 Exhibit 109, # 58 Exhibit 110, # 59 Exhibit 111, # 60 Exhibit 112, # 61 Exhibit 113, # 62 Exhibit 114, # 63 Exhibit 15) # 64 Exhibit 119, # 65 Exhibit 121, # 66 Exhibit 122, 123, & 127, # 67 Exhibit 124, # 68 Exhibit 128 & 129, # 69 Exhibit 130, # 70 Exhibit 135, # 71 Exhibit 137) # 72 Exhibit 138 & 139, # 73 Exhibit 177, # 74 Exhibit 192, # 75 Exhibit 194 & 198, # 76 Exhibit 212, # 77 Exhibit 221, # 78 Exhibit 222, # 79 Exhibit 224, # 80 Exhibit 225−B, # 81 Exhibit 229, # 82 Exhibit 238−A, # 83 Exhibit 238−B, # 84 Exhibit 246, # 85 Exhibit 276, # 86 Exhibit 277, # 87 Exhibit 288, # 88 Exhibit 295, # 89 Exhibit 298, # 90 Exhibit 299, # 91 Exhibit 311, # 92 Exhibit 314, # 93 Exhibit 319−B, # 94 Exhibit 319−C, # 95 Exhibit 319−D, # 96 Exhibit 322, # 97 Exhibit 323) Modified on 10/5/2018 (SRC) (Entered: 10/02/2018) |
| 10/02/2018 | 477 | | Exhibit List by University of South Florida Board of Trustees. (SRC) (Additional attachment(s) added on 10/5/2018: # 1 Exhibit, # 2 Exhibit 3, # 3 Exhibit 4, # 4 Exhibit 6, # 5 Exhibit 7, # 6 Exhibit 8, # 7 Exhibit 10, # 8 Exhibit 11, # 9 Exhibit 12, # 10 Exhibit 13, # 11 Exhibit 14, # 12 Exhibit 15, # 13 Exhibit 17, # 14 Exhibit 18, # 15 Exhibit 19, # 16 Exhibit 20, # 17 Exhibit 21, # 18 Exhibit 25, # 19 Exhibit 26, # 20 Exhibit 27, # 21 Exhibit 29, # 22 Exhibit 31, # 23 Exhibit 34, # 24 Exhibit 37, # 25 Exhibit 38, # 26 Exhibit 39, |

| | | | |
|---|---|---|---|
| | | | # 27 Exhibit 42, # 28 Exhibit 43, # 29 Exhibit 47, # 30 Exhibit 49, # 31 Exhibit 50, # 32 Exhibit 51, # 33 Exhibit 52, # 34 Exhibit 53, # 35 Exhibit 54, # 36 Exhibit 55) # 37 Exhibit 57, # 38 Exhibit 58, # 39 Exhibit 63, # 40 Exhibit 64, # 41 Exhibit 68, # 42 Exhibit 70, # 43 Exhibit 71, # 44 Exhibit 72, # 45 Exhibit 73A, # 46 Exhibit 73B, # 47 Exhibit 75, # 48 Exhibit 77, # 49 Exhibit 78, # 50 Exhibit 79, # 51 Exhibit 87, # 52 Exhibit 88, # 53 Exhibit 89, # 54 Exhibit 90, # 55 Exhibit 91, # 56 Exhibit 100, # 57 Exhibit 108, # 58 Exhibit 109, # 59 Exhibit 110, # 60 Exhibit 112, # 61 Exhibit 119) Modified on 10/5/2018 (SRC) (Entered: 10/02/2018) |
| 10/03/2018 | | | Sealed Document S−478. (SRC) (Entered: 10/03/2018) |
| 10/04/2018 | 479 | | MOTION to modify Judgment by USF Board of Trustees. (McCrea, Richard) (Entered: 10/04/2018) |
| 10/04/2018 | 480 | | ORDER of USCA: Pursuant to the 11th Cir.R.42−1(b), this appeal is DISMISSED for want of prosecution because the appellant Angela W. DeBose failed to pay the filing and docketing fees to the district court, or alternatively, file a motion to proceed in forma pauperis in the district court within the time fixed by the rules as to 390 Notice of Interlocutory Appeal filed by Angela W. DeBose. EOD: 10/2/18; USCA number: 18−13803−D. (JNB) (Entered: 10/04/2018) |
| 10/04/2018 | 481 | | RESPONSE in Opposition re 479 MOTION to modify Judgment filed by Angela W. DeBose. (DeBose, Angela) (Entered: 10/04/2018) |
| 10/05/2018 | 482 | | **AMENDED JUDGMENT in favor of Angela W. DeBose in the amount of $310,500.00 and against University of South Florida Board of Trustees on Plaintiff's retaliation claim, in accordance with the jury's verdict; in favor of Angela W. DeBose and against University of South Florida Board of Trustees on Plaintiff's disparate treatment race discrimination claim, in accordance with the jury's verdict. Plaintiff takes nothing on her claim for compensatory or back pay damages; in favor of University of South Florida Board of Trustees against Angela W. DeBose on Plaintiff's disparate treatment gender discrimination, disparate impact race and gender discrimination, breach of contact, tortious interference, and civil conspiracy claims. Signed by Deputy Clerk on 10/5/2018. (SRC)** (Entered: 10/05/2018) |
| 10/05/2018 | 483 | | **ENDORSED ORDER granting in part and denying in part 479 Motion to modify final judgment. To the extent that the requests made in Defendant's motion are inconsistent with 482 the Court's amended final judgment, the motion is DENIED. Signed by Judge Elizabeth A. Kovachevich on 10/5/2018. (RLH)** (Entered: 10/05/2018) |
| 10/11/2018 | 484 | | RESPONSE to Motion re 472 MOTION for Attorney Fees *and Litigation Costs and Other Miscellaneous Relief* filed by University of South Florida Board of Trustees. (McCrea, Richard) (Entered: 10/11/2018) |
| 10/11/2018 | 485 | | MOTION for leave to file Reply to Defendant's Opposition to Plaintiff's Motion for Attorney's Fees and Litigation Costs and Other Miscellaneous Relief by Angela W. DeBose. (DeBose, Angela) (Entered: 10/11/2018) |
| 10/12/2018 | 486 | | **ENDORSED ORDER denying 485 Motion for Leave to File Reply. Signed by Judge Elizabeth A. Kovachevich on 10/12/2018. (RLH)** (Entered: |

| | | | |
|---|---|---|---|
| | | | 10/12/2018) |
| 10/16/2018 | 487 | | TRANSCRIPT of JURY TRIAL − DAY 1 held on September 10, 2018 before District Judge Elizabeth A. Kovachevich. Court Reporter David J. Collier, Telephone number (813) 301−5575. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER or purchased through the Court Reporter. Redaction Request due 11/6/2018, Redacted Transcript Deadline set for 11/16/2018, Release of Transcript Restriction set for 1/14/2019. (DJC) (Entered: 10/16/2018) |
| 10/16/2018 | 488 | | TRANSCRIPT of JURY TRIAL − DAY 2 held on September 11, 2018 before District Judge Elizabeth A. Kovachevich. Court Reporter David J. Collier, Telephone number (813) 301−5575. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER or purchased through the Court Reporter. Redaction Request due 11/6/2018, Redacted Transcript Deadline set for 11/16/2018, Release of Transcript Restriction set for 1/14/2019. (DJC) (Entered: 10/16/2018) |
| 10/16/2018 | 489 | | TRANSCRIPT of JURY TRIAL − DAY 3 held on September 12, 2018 before District Judge Elizabeth A. Kovachevich. Court Reporter David J. Collier, Telephone number (813) 301−5575. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER or purchased through the Court Reporter. Redaction Request due 11/6/2018, Redacted Transcript Deadline set for 11/16/2018, Release of Transcript Restriction set for 1/14/2019. (DJC) (Entered: 10/16/2018) |
| 10/16/2018 | 490 | | TRANSCRIPT of JURY TRIAL − DAY 4 held on September 13, 2018 before District Judge Elizabeth A. Kovachevich. Court Reporter David J. Collier, Telephone number (813) 301−5575. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER or purchased through the Court Reporter. Redaction Request due 11/6/2018, Redacted Transcript Deadline set for 11/16/2018, Release of Transcript Restriction set for 1/14/2019. (DJC) (Entered: 10/16/2018) |
| 10/16/2018 | 491 | | TRANSCRIPT of JURY TRIAL − DAY 5 held on September 17, 2018 before District Judge Elizabeth A. Kovachevich. Court Reporter David J. Collier, Telephone number (813) 301−5575. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER or purchased through the Court Reporter. Redaction Request due 11/6/2018, Redacted Transcript Deadline set for 11/16/2018, Release of Transcript Restriction set for 1/14/2019. (DJC) (Entered: 10/16/2018) |
| 10/16/2018 | 492 | | TRANSCRIPT of JURY TRIAL − DAY 6 held on September 18, 2018 before District Judge Elizabeth A. Kovachevich. Court Reporter David J. Collier, Telephone number (813) 301−5575. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER or purchased through the Court Reporter. Redaction Request due 11/6/2018, Redacted Transcript Deadline set for 11/16/2018, Release of |

| | | | |
|---|---|---|---|
| | | | Transcript Restriction set for 1/14/2019. (DJC) (Entered: 10/16/2018) |
| 10/16/2018 | 493 | | TRANSCRIPT of JURY TRIAL – DAY 7 held on September 19, 2018 before District Judge Elizabeth A. Kovachevich. Court Reporter David J. Collier, Telephone number (813) 301–5575. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER or purchased through the Court Reporter. Redaction Request due 11/6/2018, Redacted Transcript Deadline set for 11/16/2018, Release of Transcript Restriction set for 1/14/2019. (DJC) (Entered: 10/16/2018) |
| 10/16/2018 | 494 | | TRANSCRIPT of JURY TRIAL – DAY 8 held on September 20, 2018 before District Judge Elizabeth A. Kovachevich. Court Reporter David J. Collier, Telephone number (813) 301–5575. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER or purchased through the Court Reporter. Redaction Request due 11/6/2018, Redacted Transcript Deadline set for 11/16/2018, Release of Transcript Restriction set for 1/14/2019. (DJC) (LNR). (Entered: 10/16/2018) |
| 10/16/2018 | 495 | | TRANSCRIPT of JURY TRIAL – DAY 9 held on September 24, 2018 before District Judge Elizabeth A. Kovachevich. Court Reporter David J. Collier, Telephone number (813) 301–5575. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER or purchased through the Court Reporter. Redaction Request due 11/6/2018, Redacted Transcript Deadline set for 11/16/2018, Release of Transcript Restriction set for 1/14/2019. (DJC) (Entered: 10/16/2018) |
| 10/16/2018 | 496 | | TRANSCRIPT of JURY TRIAL – DAY 10 held on September 25, 2018 before District Judge Elizabeth A. Kovachevich. Court Reporter David J. Collier, Telephone number (813) 301–5575. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER or purchased through the Court Reporter. Redaction Request due 11/6/2018, Redacted Transcript Deadline set for 11/16/2018, Release of Transcript Restriction set for 1/14/2019. (DJC) (Entered: 10/16/2018) |
| 10/16/2018 | 497 | | TRANSCRIPT of JURY TRIAL – DAY 11 held on September 26, 2018 before District Judge Elizabeth A. Kovachevich. Court Reporter David J. Collier, Telephone number (813) 301–5575. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER or purchased through the Court Reporter. Redaction Request due 11/6/2018, Redacted Transcript Deadline set for 11/16/2018, Release of Transcript Restriction set for 1/14/2019. (DJC) (Entered: 10/16/2018) |
| 10/16/2018 | 498 | | NOTICE to counsel of filing of OFFICIAL TRANSCRIPT of JURY TRIAL. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days. Any party needing a copy of the transcript to |

| | | | |
|---|---|---|---|
| | | | review for redaction purposes may purchase a copy from the court reporter or view the document at the clerk's office public terminal. Court Reporter: David Collier. (DJC) (Entered: 10/16/2018) |
| 10/19/2018 | 499 | | **ORDER on 472 Plaintiff's Motion for Attorney's Fees and Cost of Litigation and Other Miscellaneous Relief. That portion of Plaintiff's Motion requesting an award of a reasonable attorney's fee is DENIED. That portion of Plaintiff's motion requesting that the Court tax certain costs against Defendant University of South Florida Board of Trustees is DENIED WITHOUT PREJUDICE. That that portion of Plaintiff's Motion requesting an award of front pay is REFERRED to Magistrate Judge Anthony E. Porcelli for an evidentiary hearing, to be set by separate notice, and a Report and Recommendation to the undersigned. See Order for further details. Signed by Judge Elizabeth A. Kovachevich on 10/19/2018. (RLH)** (Entered: 10/19/2018) |
| 10/22/2018 | 500 | | **ORDER Setting Hearing re 499 Order on Motion for Attorney Fees : Evidentiary Hearing set for 12/11/2018 at 10:00 AM in Tampa Courtroom 10 A before Magistrate Judge Anthony E. Porcelli. See Order for further details, including filing information and deadlines. Signed by Magistrate Judge Anthony E. Porcelli on 10/22/2018. (JMF)** (Entered: 10/22/2018) |
| 10/23/2018 | 501 | | MOTION for Reconsideration re 499 Order on Motion for Attorney Fees *in Part* by Angela W. DeBose. (Attachments: # 1 Exhibit Exhibit A − Other Attorneys, # 2 Exhibit Exhibit B − Legal Assistant)(DeBose, Angela) (Entered: 10/23/2018) |
| 10/25/2018 | 502 | | NOTICE by Angela W. DeBose *of Plaintiff's Front Pay Damages and Calculation* (Attachments: # 1 Exhibit Annual Compensation)(DeBose, Angela) (Entered: 10/25/2018) |
| 10/26/2018 | 503 | | NOTICE by Angela W. DeBose re 502 *of Filing Additional Documents Supporting Front Pay Damages* (Attachments: # 1 Exhibit A − Trial Transcript Excerpt − Day 4 − Paul Dosal, # 2 Exhibit B − Paul Dosal 2019 Contract Extension, # 3 Exhibit C − Ralph Wilcox 2019 Contract Extension, # 4 Exhibit D − Paul Dosal Appointment Status Contract, # 5 Exhibit 5/23/2017 Hearing Transcript Excerpt)(DeBose, Angela) Modified text on 10/29/2018 (LNR). (Entered: 10/26/2018) |
| 10/29/2018 | 504 | | MOTION for judgment as a matter of law *or, in the alternative, for new trial* by USF Board of Trustees. (McCrea, Richard) (Entered: 10/29/2018) |
| 10/31/2018 | 505 | | RESPONSE in Opposition re 504 MOTION for judgment as a matter of law *or, in the alternative, for new trial* filed by Angela W. DeBose. (DeBose, Angela) (Entered: 10/31/2018) |
| 11/01/2018 | 506 | 75 | NOTICE OF APPEAL as to 474 Judgment, 210 Opinion and order by Angela W. DeBose. Filing fee not paid. (Attachments: # 1 Exhibit Final Judgment in favor of Defendant Ellucian, L.P., # 2 Exhibit Order Granting Summary Judgment for Defendant Ellucian, L.P.)(DeBose, Angela) (Entered: 11/01/2018) |

Case 8:15-cv-02787-EAK-AEP Document 210 Filed 09/29/17 Page 1 of 27 PageID 3429

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

ANGELA W. DEBOSE,

Plaintiff,

v. Case No: 8:15-cv-2787-T-17AEP

UNIVERSITY OF SOUTH FLORIDA BOARD OF TRUSTEES and ELLUCIAN COMPANY, L.P.,

Defendants.

---

**ORDER**

This cause comes before the Court pursuant to the motions for summary judgment (Doc. Nos. 68 and 75) (the "**Summary Judgment Motions**") filed by the Defendants, University of South Florida Board of Trustees ("**USF**"), and Ellucian Company, L.P. ("**Ellucian**"), and the responses in opposition (Doc. Nos. 151 and 169) filed by *pro se* Plaintiff, Angela W. DeBose (the "**Plaintiff**" or "**DeBose**"). For the reasons set forth below, the Summary Judgment Motions are **GRANTED IN PART AND DENIED IN PART**.

## I. Introduction

The Court must decide whether DeBose is entitled to a jury trial on her claims that USF terminated her employment after 27 years due to race/gender discrimination and/or in retaliation for her complaints of discrimination. Because DeBose has testified under penalty of perjury that high-ranking employees at USF have admitted to her that the person who fired her is, essentially, a virulent racist, DeBose is entitled to her day in Court on her claim that she was fired due to her race/gender. Similarly, DeBose strings together enough circumstantial evidence to proceed to a jury on her retaliation claims, in which

she contends that she was terminated and given a poor employment review for protesting USF's alleged acts of discrimination. The remainder of DeBose's claims, however, are far too speculative and unsupported to withstand summary judgment. As a result, the Summary Judgment Motions are granted in part and denied in part.

## II. Background

### A. Plaintiff's employment history at USF

The Plaintiff was hired by USF in 1988 and became the USF Registrar on October 1, 1996. (Doc. No. 76, at 1). DeBose remained Registrar until her employment was terminated on August 19, 2015. (Doc. No. 76, at 10).

### B. Plaintiff's tenure under the supervision of Paul Dosal

On July 1, 2010, Paul Dosal became DeBose's direct supervisor. (Doc. No. 76, at 2). DeBose initially had a "good relationship" with Dosal. (A. DeBose Dep. Tr. 33:3-6). So much so that during 2011 or 2012, (A. DeBose Dep. Tr. 169:11-14), Dosal allegedly confided in her that USF's Provost, Ralph Wilcox, is "a nasty son of a bitch," and that "he's not going to think highly of you . . . because . . . you're black." (A. DeBose Dep. Tr. 167:19—168:14).

Things "changed" with Dosal, however, in late 2013 and early 2014. (A. DeBose Dep. Tr. 33:12-14). During that time period, DeBose claims that Dosal "started being more aggressive, edgy," "would clench his jaw," and "just stopped being pleasant at all." (A. DeBose Dep. Tr. 34:10-15). According to DeBose, Dosal's animosity towards her spread to others at USF, including another employee named Travis Thompson, who

allegedly told Dosal that DeBose was not collaborative and that things were not going well with Degree Works.[1] (A. DeBose Dep. Tr. 34:18-24—35:1-16).

Bothered by these issues, Dosal allegedly met with DeBose in the spring of 2014 and counseled her to work and behave more collaboratively. (Doc. No. 76, at 3). USF claims that DeBose's behavior did not improve and, in June of 2014, Dosal informed DeBose that responsibility for Degree Works and ATLAS were being transferred from the Registrar's Office to the information technology department. (A. DeBose Dep. Tr. 55:13-19). According to Dosal, the decision to transfer Degree Works and ATLAS away from the Registrar's Office came from USF Provost Ralph Wilcox. (A. DeBose Dep. Tr. 55:23-24). Around the same time, an email circulated within USF that accused DeBose of being responsible for the resignation of another USF employee, Caurie Waddell. (A. DeBose Dep. Tr. 63:17-25); (P. Dosal Dep. Tr. 36:15-19). According to DeBose, she feared that the Caurie Waddell situation was "going to be used as . . . grounds for [her] termination." (A. DeBose Dep. Tr. 63:17-25).

**C. The AVP EPM position**

During the summer of 2014, while the foregoing issues were percolating through the school, the position of Assistant Vice President for Enrollment Planning and Management ("**AVP EPM**") became vacant at USF. (Doc. No. 76, at 4). Dosal was responsible for filling the vacant AVP EPM position and, after consultation with Ralph Wilcox and USF President Judy Genshaft, USF employee Billie Jo Hamilton was appointed to the AVP EPM position. (Doc. No. 76, at 5). DeBose disagreed with USF's

---

[1] Previously, in the spring of 2011, Dosal transferred responsibility for USF's degree audit system, Degree Works, and its academic tracking system, ATLAS, to the Registrar's Office. (Doc. No. 76, at 3).

decision to directly appoint Hamilton to the AVP EPM position in lieu of conducting a national search. (A. DeBose Dep. Tr. 305:3-4). In fact, DeBose wanted the job for herself, and believed she was "a very strong candidate for the AVP position." (A. DeBose Dep. Tr. 310:2-4).

Dosal met with DeBose in July of 2014, ostensibly to try and patch things up. At that meeting, Dosal allegedly promised that he would "make it clear" to the USF community that he remained confident in DeBose, and told her he hoped she would remain a member of his team through the end of his tenure in 2019. (A. DeBose Dep. Tr. 66:8-15, 66:16-25—67:1-15). DeBose claims that during the meeting, Dosal responded to her request for an increase in compensation[2] by "allud[ing] to . . . N****r, you already make too much money." (A. DeBose Dep. Tr. 139:17-23). When DeBose responded that she believed she was not selected for the AVP EPM position because of her race, he allegedly "clenched his jaw" and denied that race was a factor, instead telling DeBose "the provost wants this." (A. DeBose Dep. Tr. 150:22—152:21). Following the meeting, on July 28, 2014, DeBose filed an internal complaint with USF, referencing discrimination with respect to the Degree Works/ATLAS transfer, Caurie Waddell email, and the AVP EPM appointment incidents.

### D. DeBose's EEOC complaint and alleged acts of retaliation

After DeBose filed her internal complaint, she claims she "got a reprieve" from Dosal's allegedly hostile behavior. (A. DeBose Dep. Tr. 212:19-22). However, towards the end of the year, she filed a complaint with the EEOC, after which she alleges "things began to ramp up to an unacceptable level." (A. DeBose Dep. Tr. 230:6-13). For instance,

[2] Two days after being informed of Hamilton's appointment to the AVP EPM position, DeBose sent a memorandum to Dosal requesting a pay raise. (Doc. No. 76, at 6).

DeBose claims that after she filed the EEOC complaint she was "asked into meetings with no agenda . . . was not treated well or respectfully or civilly . . . was marginalized . . . berated . . . [and] treated poorly." (A. DeBose Dep. Tr. 230:6-20).

**E. The Alexis Mootoo incident and subsequent written reprimand**

DeBose's acrimony with USF worsened on January 29, 2015, when DeBose attended a meeting with Dosal to discuss implementation of a new shared services model. (A. DeBose Dep. Tr. 77:1-10). Also present at the meeting was another African American employee, Alexis Mootoo, who allegedly had a history of "making [DeBose] and other people in [DeBose's] office uncomfortable with abusive language," including gratuitous use of the word "n****r." (A. DeBose Dep. Tr. 77:11-25—78:1-21). During the meeting, DeBose allegedly took umbrage with Mootoo's involvement in the implementation of the new shared services model, and referred to her as a "little girl" and told her to "stay in her lane." (A. DeBose Dep. Tr. 83:10-21).

While DeBose denies making those statements, Mootoo reported DeBose's alleged "little girl" comment to authorities at USF, who issued DeBose a written reprimand. (A. DeBose Dep. Tr. 83:22-24) (Doc. No. 77-2, at 2). According to DeBose, Mootoo fabricated the story in exchange for a deal with Dosal under which Mootoo would receive more favorable "pay and position." (A. Dep. Tr. 84:2—86:24). In support, DeBose claims that "Alexis Mootoo [would come] into the office supposedly for budget meetings and talking about n****r this and n****r that . . . [but that] Dosal knew about [her use of the word 'n****r]' and didn't have a problem with it." (A. DeBose Dep. Tr. 159:23—160:4).

**F. DeBose's allegations of a "backdrop" of racist conduct at USF**

DeBose claims that by this time in her career at USF, "[t]here were constant references to [her as an] angry black woman, black bitch, n****r this, n****r that." (A.

DeBose Dep. Tr. 164:11-20). While DeBose reluctantly admits that Dosal did not call her an "angry black woman, black bitch, [or] n****r," (A. DeBose Dep. Tr. 164:21—165:9), she accuses Dosal of making veiled "racial statements" over the course of her time at USF, including a 2010/2011[3] comment in which he told her he was moving out of "the hood" and that she should do the same because they were the "only two people of color in EPM," (A. DeBose Dep. Tr. 166:5-16), a 2013[4] statement in which he asked her to attend Black Faculty Staff Association breakfasts, but that he did not want her to "be a token," (A. DeBose Dep. Tr. 169:24—170:13), and another incident in which he allegedly disparaged a "black Hispanic" person who had accused him of discrimination of having "forgotten . . . where he came from." (A. DeBose Dep. Tr. 172:24—173:21). DeBose further claims that Dosal told her that "others" at USF referred to her as "an angry black woman or black bitch or those kinds of things." (A. DeBose Dep. Tr. 171:19-23). DeBose claims that she asked Dosal who said those things, but that "he would not disclose" the source of his information. (A. DeBose Dep. Tr. 171:24—172:1).[5]

### G. The Ellucian audit and report

Approximately one month after DeBose filed her EEOC complaint, during February of 2015, USF engaged a consulting firm, Ellucian, to review and assess its implementation of Degree Works. (Doc. No. 76, at 8). As part of that review, Ellucian selected consultant Andrea Diamond to visit the USF campus and meet with several employees, including DeBose. (Doc. No. 76, at 8). When DeBose met with Diamond,

---

[3] (A. DeBose Dep. Tr. 166:17—167:16).
[4] (A. DeBose Dep. Tr. 171:8-12).
[5] The "angry black woman" and "black bitch" comments allegedly occurred during 2014, when DeBose told Dosal about an incident in which some unknown person vandalized her car with the derogatory phrase "wild bitch." (A. DeBose Dep. Tr. 124:23—125:3; 172:2-19).

she claims that Diamond's body language, face, and demeanor were "angry." (A. DeBose Dep. Tr. 97:16-23). After the meeting, Ellucian prepared a report (the "**Ellucian Report**") stating, among other things, that the Registrar's Office lacked an "atmosphere of working together for the good of the institution" and was "not willing to encompass change." (Doc. No. 76, at 8-9).

DeBose vehemently disagrees with the conclusions and recommendations contained in the Ellucian Report, and claims that Diamond "went out of her way . . . to cast a negative light on the registrar's office" and that Diamond did not sincerely or honestly believed the opinions she expressed regarding the Registrar's Office. (A. DeBose Dep. Tr. 98:3—99:24). Rather, DeBose believes that Ellucian colluded with USF to give the school a non-discriminatory reason to fire her form her position. In support, DeBose cites to evidence that the Registrar's Office was included in the scope of Ellucian's review at the request or suggestion of USF. (A. DeBose Dep. Tr. 101:18-102:3). However, DeBose also admits that she lacks any firsthand knowledge that USF was responsible for the inclusion of negative information or opinions about her office in the Ellucian Report. (A. DeBose Dep. Tr. 101:4-10).

### H. DeBose's non-reappointment as Registrar

The Ellucian Report was ultimately the final nail in the coffin for DeBose's 27 year career USF. After reviewing the Ellucian Report, Ralph Wilcox made the decision to non-renew DeBose's employment. (Doc. No. 76, at 9). On May 19, 2015, DeBose was issued a notice of non-reappointment, which effectively terminated her employment as of August 19, 2015. (Doc. No. 76, at 10).

### I.    USF's negative review of DeBose

Following her receipt of the notice of non-reappointment, DeBose communicated with her friend, Albert Colom, regarding possible employment at the University of North Florida ("**UNF**"). (A. DeBose Dep. Tr. 13:15-18).  On or around May 20, 2015, Colom sent a text message to DeBose stating that "depending on what you are interested in doing I can help here at UNF.  That is if you want to stay in Florida.  I have a few ideas." (Doc. No. 79-1, at 1).  DeBose responded "Love to talk about them as your time permits." (Doc. No. 79-1, at 1).

On May 26, 2015, Ralph Wilcox had a brief telephone call with UNF Provost Dr. Earle Traynham regarding his assessment of DeBose's professional capabilities for possible employment at UNF. (Doc. No. 78, at ¶¶ 8-9).   Wilcox claims he was complementary of DeBose's technical skills and abilities, but indicated that he believed she was not collaborative and was resistant to change. (Doc. No. 78, at ¶¶ 8-9).  DeBose tells a far different story, claiming that according to Colom, Wilcox told Traynham that DeBose was "toxic," "horrible," "uncollaborative," "awful," "if he hired [her], that he would regret it," and "he had been trying to get rid of [her] for years." (A. DeBose Dep. Tr. 15:23-25—16:1-2).  DeBose further claims "a guy named Lance," who "works at USF," told her that Wilcox bragged to Traynham "about undoing [her]"; that he "wanted [DeBose] to have nothing . . . not even a shirt . . . . bare, exposed with nothing." (A. DeBose Dep. Tr. 290:1-11).

### J.    DeBose is not selected for employment at UNF

Following the Traynham conversation, on May 27, 2015, DeBose received a text message from Colom stating "Hello spoke to my provost and we decided to pass on the

Case 8:15-cv-02787-EAK-AEP Document 210 Filed 09/29/17 Page 9 of 27 PageID 3597

idea. I had good hope we could work together again. I am so sorry." (Doc. No. 79-1, at 2). Ultimately, DeBose did not obtain employment with UNF.

## III. Standard of Review

"Federal Rule of Civil Procedure 56 requires that summary judgment be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *U.S. Commodity Futures Trading Com'n v. Am. Derivatives Corp.*, 2008 WL 2571691, at *2 (N.D. Ga. June 23, 2008) (internal quotations omitted). "The moving party bears the initial responsibility of informing the court of the bases for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Id.* (internal quotations omitted). "Where the moving party makes such a showing, the burden shifts to the non-movant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist." *Id.* "A fact is not material if a dispute over that fact will not affect the outcome of the suit under the governing law." *Id.* "An issue is genuine when the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id.*

Importantly, on a motion for summary judgment, the Court "may consider only that evidence which can be reduced to an admissible form." *Rowell v. BellSouth Corp.*, 433 F.3d 794, 800 (11th Cir. 2005). "To be admissible in support of or in opposition to a motion for summary judgment, a document must be authenticated by and attached to an affidavit that meets the requirements of Rule 56[c][4], and the affiant must be a person through whom the exhibits could be admitted into evidence." *Sauders v. Emory*

*Healthcare, Inc.*, 360 F. App'x 110, 113 (11th Cir. 2010). Here, DeBose has not authenticated any of the approximately 550 pages of documents attached to Doc. Nos. 165, 166, 187, and 188 and, as a result, none of those documents will be considered in response to or in support of the Summary Judgment Motions. Instead, the Court will restrict its analysis to those materials properly before the Court, including DeBose's deposition transcript and the affidavits submitted by representatives of the Defendants.

## IV. Discussion

In her third amended complaint (Doc. No. 45) (the "**TAC**"), DeBose asserts the following claims: Count I – gender and/or race (primarily gender) discrimination under Title VII[6] and the FCRA[7] based on USF's failure to promote her to the AVP EPM position and her non-reappointment as Registrar; Count II – retaliation under Title VII and the FCRA based on her gender coupled with USF's failure to promote her to the AVP EPM position, her non-reappointment as Registrar, and Wilcox's poor reference to UNF; Count III gender and/or race discrimination (primarily race) under Title VII and the FCRA based on USF's failure to promote her to the AVP EPM position and based on her non-reappointment as Registrar; Count IV – retaliation under Title VII and the FCRA based on her race coupled with USF's failure to promote her to the AVP EPM position, her non-reappointment as Registrar, and Wilcox's poor reference to UNF; Count V – disparate impact based on her gender under Title VII and the FCRA related to the direct appointment of Hamilton to the AVP EPM position; Count VI – disparate impact based on her race under Title VII and the FCRA related to the direct appointment of Hamilton to the AVP EPM position; Count VII – breach of contract; Count VIII – tortious interference based

[6] All references to "Title VII" are to Title VII of the Civil Rights Act of 1964 ("**Title VII**").
[7] All references to the "FCRA" are to Chapter 760 of the Florida Statutes (the "**FCRA**").

on Ellucian's conduct in drafting the Ellucian Report; Count IX – tortious interference based on USF's conduct in giving her a negative review to UNF; and Count X – civil conspiracy between Ellucian and USF related to the Ellucian Report. Because both Defendants have moved for summary judgment on all of the Plaintiff's claims, the Court will address each category of claims, in turn, below.

**A. Employment Discrimination Claims**

In Counts I and III of the TAC, the Plaintiff asserts claims for gender and race discrimination, respectively, under Title VII and the FCRA. "Title VII prohibits an employer from discriminating 'against any individual with respect to [her] compensation, terms, conditions, or privileges of employment because of such individual's race, color, religion, sex, or national origin.'" *Vickers v. Fed. Express. Corp.*, 132 F.Supp.2d 1371, 1377 (S.D. Fla. 2000) (quoting 42 U.S.C. § 2000e-2(a)). "Since the FCRA essentially mirrors Title VII, Florida courts look to federal case law construing Title VII" when ruling on FRCA claims. *McCabe v. Excel Hospitality, Inc.*, 294 F.Supp.2d 1311, 1313 n.1 (M.D. Fla. 2003).

Discriminatory intent, the hallmark of a claim for employment discrimination under Title VII and the FRCA, "can be established through either direct or circumstantial evidence." *Vickers*, 132 F.Supp.2d at 1377 (S.D. Fla. 2000). Here, while the Plaintiff's deposition testimony references a plethora of racially charged remarks during her tenure at USF, most of those statements were remote in time from the adverse employment actions at issue in this case and, in any event, do not specifically address USF's reasons for terminating DeBose's employment. *See* (A. DeBose Dep. Tr. 186:11-18) (referencing an alleged "backdrop" of statements about her "race, black woman, angry black woman, black bitch, those kinds of things," but not specifically linking any of the foregoing statements to the alleged adverse employment actions). Thus, given the lack of direct

evidence of discrimination, the Court must consider whether there is sufficient circumstantial evidence of USF's alleged discriminatory intent for the Plaintiff to survive summary judgment.

Where the "plaintiff seeks to prove intentional discrimination through circumstantial evidence of the employer's intent . . . [the] [p]lainitiff has the initial burden of establishing a prima facie case of discrimination." *Id.* at 1378-79. A plaintiff makes out a prima facie case of discrimination when she shows, by a preponderance of the evidence, that (1) she is a member of a protected class, (2) she was qualified for the position, (3) she experienced an adverse employment action, and (4) she was replaced by someone outside of her protected class or received less favorable treatment than a similarly situated person outside of her protected class." *Flowers v. Troup Cty., Ga., Sch. Dist.*, 2015 WL 6081186, at *6 (11th Cir. Oct. 16, 2015).

"[T]he establishment of a prima facie case creates a presumption that the employer discriminated against a plaintiff on the basis of race." *Id.* "[T]he burden then shifts to the employer to produce a legitimate nondiscriminatory reason for the action taken against the plaintiff." *Id.* "Once the employer advances its legitimate, nondiscriminatory reason the plaintiff's prima facie case is rebutted and all presumptions drop from the case." *Id.* The plaintiff then bears the "ultimate burden of persuading the court that she has been the victim of intentional discrimination." *Id.* Accordingly, merely establishing a prima facie case of racial discrimination "is not, and never was intended to be, the *sine qua non* for a plaintiff to survive a summary judgment motion." *Id.* Rather, the "critical decision that must be made is whether the plaintiff has created a triable issue concerning the employer's discriminatory intent." *Id.*

Here, USF acknowledges that (1) DeBose is a member of a protected class, (2) Hamilton's promotion to AVP EPM and DeBose's non-renewal as Registrar constituted adverse employment actions, and (3) genuine issues of material fact exist regarding whether DeBose was qualified for her position as Registrar. However, USF disputes that DeBose has carried her initial burden of establishing that the written reprimand she received following the Alexis Mootoo episode constituted an adverse employment action, or that she received less favorable treatment than a similarly situated person outside of her protected class. Moreover, even if DeBose can make out a prima facie case on her promotion discrimination claim, USF contends that DeBose has failed to show that USF's decision to promote Hamilton was pretextual. The Court will address each issue in turn below.

*1. Written Reprimand*

For starters, Counts I and III of the TAC assert claims for employment discrimination based on the adverse employment actions of "failure to promote" and for "termination" of employment. (TAC, at ¶¶ 129, 142). Since the written reprimand that DeBose received in connection with the Alexis Mootoo incident has not been identified as an adverse employment action in either Count I or III of the TAC, DeBose has failed to plead, much less prove, that the written reprimand was issued with discriminatory intent. Moreover, even if the Court were to liberally construe the TAC to include such a claim, "to prove adverse employment action . . . an employee must show a *serious and material* change in the terms, conditions, or privileges of employment." *Anderson v. United Parcel Serv., Inc.*, 248 F. App'x 97, 100 (11th Cir. 2007) (emphasis in original). "[T]he employee's subjective view of the significance and adversity of the employer's action is not controlling; the employment action must be materially adverse as viewed by a

reasonable person in the circumstances." *Id.* Here, DeBose has failed to demonstrate that the written reprimand resulted in a serious and material change in the terms, conditions, or privileges of her employment. To the contrary, the record is devoid of any evidence that the written reprimand had *any* adverse effect on DeBose's employment. For that reason alone, USF is entitled to summary judgment on any claim for employment discrimination based on the written reprimand.

2. *Less Favorable Treatment than a Similarly Situated Person Outside of DeBose's Protected Class*

As part of the Title VII plaintiff's prima facie case, the plaintiff must show that "[s]he was replaced by someone outside of [her] protected class or received less favorable treatment than a similarly situated person outside of [her] protected class." *Flowers*, 2015 WL 6081186, at *6. Importantly, "when a Title VII plaintiff alleges that an employer discriminates against black females, the fact that . . . white females are not subject to discrimination is irrelevant and must not form any part of the basis for a finding that the employer did not discriminate against the black female plaintiff." *Jefferies v. Harris Cty. Community Action Ass'n.*, 615 F.2d 1025, 1034 (5th Cir. 1980).

With respect to the Plaintiff's promotion discrimination claim, it is undisputed that Hamilton is a white female. Thus, while DeBose has failed to establish a prima facie case of gender discrimination with respect to the AVP EPM position, *see Jefferies*, 615 F.2d at 1030 (noting that "where both the person seeking to be promoted and the person achieving that promotion were women, 'because the person selected was a woman, we cannot accept sex discrimination as a plausible explanation for (the promotion) decision.'" (quoting *Adams v. Reed*, 567 F.2d 1283, 1287 (5th Cir. 1978))), the Plaintiff has made a prima facie case of intersectional race *and* gender discrimination with respect to

Hamilton's promotion. *See* (A. DeBose Dep. Tr. 127:21-24) (stating that DeBose believes "race/gender" was the reason for her failure to be promoted the AVP EPM position).

As to the Plaintiff's termination claim, the record contains an unverified statement in DeBose's statement of disputed facts that Carrie Garcia, a white female, "was appointed by Wilcox and Dosal as Acting University Registrar following DeBose's termination." (Doc. No. 170, at 33). Since USF does not appear to contest that DeBose's position was filled by someone outside of her protected class as a black female, and it is likely that DeBose would properly support this assertion of fact if "give[n] an opportunity to properly support or address the fact" under Rule 56(e)(1), the Court will presume for purposes of this order that the Acting University Registrar position was filled by a white female. Interestingly, however, at her deposition, DeBose testified that race, and race alone, was the reason for her termination. (A. DeBose Dep. Tr. 128:12-23). Since it is undisputed that the Registrar position was filed by a female, and DeBose appears to have abandoned her claim of intersectional discrimination with respect to her termination claim, USF is entitled to summary judgment on DeBose's termination claim based on gender discrimination. However, because the Registrar position was filled by a white female, DeBose has carried her burden of establishing a prima facie claim for race discrimination on her termination claim.

*3. Whether USF's Decisions to Promote Hamilton and Terminate DeBose were Pretextual*

USF has proffered a legitimate, non-discriminatory reason for its decision to promote Hamilton, and not DeBose, to the position of AVP EPM, as well as for its decision to terminate DeBose's employment as Registrar. *See* (Doc. No. 77, at ¶ 17) (stating that DeBose was not selected for the AVP EPM position because she was not as qualified for

the position as Hamilton); (Doc. No. 78, at ¶ 6) (stating that DeBose was terminated for not acting in a collaborative manner and based on the opinions stated in the Ellucian Report).  The question thus becomes whether DeBose has identified sufficient evidence of intentional discrimination to create a triable issue on her claims for employment discrimination. *See Wheatfall v. Bd. of Regents of Univ. System of Ga.*, 9 F.Supp.3d 1342, 1356 (N.D. Ga. 2014) ("[T]he ultimate question in every employment discrimination case involving a claim of disparate treatment is whether the plaintiff was the victim of intentional discrimination.").

With respect to the AVP EPM position, DeBose supports her claim that she was subjected to race/gender discrimination on the fact that (1) Dosal gave Hamilton the opportunity to "go back to her position exclusively as director of financial aid" if she didn't do well as AVP EPM; (2) "the [AVP EPM] position was not posted or advertised and that . . . people [including DeBose] were given no knowledge or awareness of the position"; and (3) Dosal attempted to make "concessions" to DeBose regarding her salary and job title if she would "go along" with Hamilton's appointment. (A. DeBose Dep. Tr. 147:2—148:20).  Frankly, DeBose's own testimony demonstrates that USF's decision to promote Hamilton over her had nothing to do with the fact that she is a black female.  Perhaps Dosal exercised poor judgment by not conducting a nationwide search or hand-picking DeBose for the position.  Perhaps he made the right choice.  Regardless, whether promoting Hamilton was the right or wrong choice is unimportant because DeBose herself does not cite race or gender as a reason for Hamilton's promotion.

To the contrary, DeBose obfuscates the true reasons for Hamilton's selection by making vague references to a handful of allegedly racial statements uttered by Dosal and

Wilcox during her tenure at USF. Most of these statements, including Dosal's statements about "leaving the hood" and not wanting DeBose to be a "token" were remote in time from Hamilton's promotion. Moreover, even if Wilcox is "a nasty son of a bitch" who was never "going to think highly of [DeBose] . . . because . . . [she is] black," it is undisputed that Dosal, not Wilcox, promoted Hamilton to the AVP EPM position. *See* (Doc. No. 76, at 5) (stating that Dosal appointed Hamilton); (Doc. No. 170, at 12) (failing to dispute that Dosal appointed Hamilton). Since the record is devoid of evidence that race and gender played a role in Dosal's decision to appoint Hamilton to the AVP EPM position, or that Wilcox's alleged racial animus towards DeBose influenced Dosal's hiring decision, DeBose has failed to show that USF's proffered non-discriminatory reason for not promoting DeBose was pretextual.

As for DeBose's claim of race-based termination discrimination, it is undisputed that Wilcox made the decision to terminate DeBose. *See* (Doc. No. 68, at ¶ 6) (stating that Dosal "was not involved in the decision to non-renew DeBose's employment). While Wilcox claims that he made the decision to non-renew DeBose's employment after reviewing the Ellucian Report, USF does not attempt to deal with the so-called evidentiary elephant in the room: DeBose's deposition testimony that Dosal told her that Wilcox was never "going to think highly of [DeBose] . . . because . . . [she is] black." At this stage of the proceedings, the Court is required to draw all reasonable inferences in favor of the non-moving party, DeBose, and given DeBose's testimony that Wilcox harbored racial animus towards her, she is entitled to a reasonable inference that her termination was discriminatory. This is true even though Dosal's alleged statement that Wilcox harbored racist views towards DeBose was remote in time from her termination. Stated simply,

DeBose's sworn testimony that Wilcox is a virulent racist cannot be discounted on summary judgment and, as a result, is enough to get her to a jury on her claim for race-based termination discrimination.

**B. Retaliation Claims**

"Title VII's retaliation provision makes it unlawful to discriminate against any individual because she has opposed any practice made an unlawful practice by the Act." *Demers v. Adams Homes of Nw. Fla., Inc.*, 321 F. App'x 847, 852 (11th Cir. 2009). "To establish a prima facie case of retaliation, the plaintiff must show: (1) that [s]he engaged in statutorily protect expression; (2) that [s]he suffered an adverse employment action; and (3) that there is some causal relationship between the two events." *Holifield v. Reno*, 115 F.3d 1555, 1566 (11th Cir. 1997). Once the plaintiff establishes her prima facie case, the employer must proffer a legitimate, non-discriminatory reason for the adverse employment action. *Id.* "If the employer offers legitimate reasons for the employment action, the plaintiff must then demonstrate that the employer's proffered explanation is a pretext for retaliation." *Id.*

In Counts II and IV of the TAC, the Plaintiff asserts claims for retaliation based on her gender and race, respectively. Specifically, the Plaintiff alleges that she was retaliated against for filing internal complaints with USF, charges of discrimination with the EEOC, and an action seeking a preliminary injunction before this Court. *See* (Doc. No. 45, at ¶ 147). DeBose claims that because she engaged in the foregoing protected activities, she was denied a promotion to the AVP EPM position, terminated from her position as Registrar, and given a poor reference to the Provost of UNF. (Doc. No. 45,a t ¶ 148).

For starters, the Plaintiff's claims that she was denied the AVP EPM promotion due to unlawful retaliation are without merit. It is undisputed that DeBose did not engage in any statutorily protected activity until *after* she learned that Hamilton had been appointed to the AVP EPM position. *Compare* (Doc. No. 79-8) (demonstrating that DeBose's first ethics point complaint was submitted on July 28, 2014), *with* (Doc. No. 77, at ¶ 19) (stating that Dosal notified DeBose of Hamilton's appointment to the AVP EPM position on July 15, 2014). Thus, Counts II and IV, to the extent they are based on Hamilton's promotion to AVP EPM, fail as a matter of law due to a lack of causation. *See Univ. of Tex. Sw. Med. Center v. Nassar*, 133 S.Ct. 2517, 2534 (2013) (stating that to satisfy the causation element, the plaintiff "must establish that his or her protected activity was a but for cause of the alleged adverse action by the employer.").

The Plaintiff's claims that she was terminated and given a poor reference in retaliation for engaging in statutorily protected activities, however, require a more thorough analysis. USF does not dispute that the Plaintiff engaged in statutorily protected activity, or that she suffered an adverse employment action when she was terminated and given a negative reference to the Provost of UNF. To the contrary, USF attacks the Plaintiff's ability to establish the causation element of her prima facie case and, to the extent she can make out a prima facie case, USF contends that DeBose cannot show that her termination and any poor review were pretext for retaliation.

Prior to the Supreme Court's *Nassar* decision, a plaintiff could satisfy this requirement by showing, among other things, "close temporal proximity" between the protected activity and the adverse employment action. *Higdon v. Jackson*, 393 F.3d 1211, 1220 (11th Cir. 2004). Following *Nassar*, however, a plaintiff must show more than

temporal proximity between the protected activity and their termination. *Cf. Smith v. City of New Smyrna Beach*, 588 F. App'x 965, 981-82 (11th Cir. 2014). Instead, to establish a claim for retaliation, the plaintiff must present evidence "that the unlawful retaliation would not have occurred in the absence of the alleged wrongful action or actions of the employer." *Nassar*, 133 S.Ct. at 2533.

Here, the record contains testimonial evidence that after DeBose filed her EEOC complaint on January 15, 2015, (Doc. No. 76, at 6), she was "asked into meetings with no agenda." (A. DeBose Dep. Tr. 230:6-20). Shortly thereafter, the Alexis Mootoo incident occurred, which DeBose claims was part of a deal in which Dosal promised Mootoo more favorable "pay and position." (A. Dep. Tr. 84:2—86:24). Approximately one month later, in February of 2015, USF engaged Ellucian to review and assess its implementation of Degree Works. (Doc. No. 76, at 8). This, as we now know, ultimately culminated in the Ellucian Report, which USF cited as its basis for its decision not to renew DeBose's employment. Shortly thereafter, Ralph Wilcox acknowledges that he told UNF Provost Earle Traynham that DeBose was "not collaborative and that she was resistant to change." (Doc. No. 78, at ¶ 9). DeBose's version of the negative reference is far more colorful, with DeBose claiming that people at USF and elsewhere told her Ralph Wilcox told Traynham he wanted DeBose "to have nothing . . . not even a shirt . . . . bare, exposed with nothing." (A. DeBose Dep. Tr. 290:1-11).

Clearly, things between DeBose and USF went sideways between 2014 and 2015, and during that period of time, DeBose filed multiple internal and external complaints alleging discrimination. DeBose's version of the facts, i.e. that she was the victim of a massive conspiracy because she filed complaints of discrimination, may not ultimately be

accepted by a jury, but there is certainly enough circumstantial evidence of retaliation to afford DeBose her day in Court. Specifically, given the close temporal proximity between DeBose's EEOC complaint and USF's decision to engage Ellucian, DeBose's testimony that the Registrar's Office was included in the scope of Ellucian's engagement at the request of USF, DeBose's testimony that she was treated differently following her complaints of discrimination, and the timing and circumstances surrounding the Traynham conversation, a reasonable jury could find that USF's actions were retaliatory. Thus, USF's motion for summary judgment is denied as to DeBose's claims that her termination and poor reference were retaliatory.

### C. Disparate Impact Claims

A disparate impact theory of discrimination "prohibits *neutral* employment practices which, while non-discriminatory on their face, visit an adverse, disproportionate impact on a statutorily-protected group." *E.E.O.C. v. Joe's Stone Crab, Inc.*, 220 F.3d 1263, 1274 (11th Cir. 2000) (emphasis in original). To prove a disparate impact claim, the plaintiff must show: (1) there is a significant statistical disparity between the proportion of minorities available in the labor pool and the proportion of minorities hired by the employer; (2) there is a specific, facially-neutral employment practice causing the disparity; and (3) that a causal nexus exists between the identified employment practice and the statistical disparity. *Id.* Importantly, to prevail on a claim for disparate impact, "the plaintiff must offer statistical evidence of a kind and degree sufficient to show that the practice in question has caused the exclusion of applicants for jobs or promotions because of their membership in a protected group." *Id.* At 1274-75.

Here, the only statistical evidence offered in support of the Plaintiff's disparate impact claims is an "Affidavit of Expert Opinion" offered by Saba Baptiste-Alkebu-Lan, a

purported subject matter expert on employment discrimination, (Doc. No. 177), and an unauthenticated spreadsheet attached to Doc. No. 188. *See* (Doc. No. 188, at 179). Since Ms. Baptiste-Alkebu-Lan's report is dated September 5, 2017, well after the deadline to disclose expert reports and the close of discovery, the affidavit is untimely and inadmissible in response to USF's motion for summary judgment. The same holds true for the spreadsheets submitted by the Plaintiff, which have not been authenticated and, as a result, are not admissible in response to summary judgment. Given, the Plaintiff's failure to support her disparate impact claims with admissible evidence in response to summary judgment, USF is entitled to summary judgment on Counts V and VI of the TAC.

**D. Breach of Contract**

To recover damages for breach of contract, the plaintiff must prove: (1) the plaintiff and defendant entered into a contract, (2) the plaintiff did what the contract required, (3) all conditions required by the contract for defendant's performance occurred, (4) the defendant failed to perform under the contract, and (5) the plaintiff was harmed by that failure. *Atlantica One, LLC v. Adragna*, 177 So. 3d 89, 91 (Fla. 5th DCA 2015). The Court previously dismissed DeBose's claims for breach of contract not based on an express contract. (Doc. No. 50, at 3-4). While DeBose previously represented that USF withheld a copy of her written employment agreement, (Doc. No. 49, at 6), discovery is now complete, and no written employment agreement has been shown to exist. For this reason alone, DeBose's breach of contract claim fails as a matter of law.

Moreover, it appears that in actuality DeBose was employed pursuant to USF Regulation 10.210, which states that "employment is at will and . . . employees may be non-reappointed upon written notice from the CAO." (Doc. No. 206-1, at 2). Under

Regulation 10.201, "the [required] period of notification prior to the effective date of non-reappointment is . . . [t]hree (3) months' . . . for employees with two (2) or more years of continuous employment." (Doc. No. 206-1, at 2). "Following receipt of the notice of non-reappointment, the CAO has the option to assign the employee other duties and responsibilities and/or to require the employee to use accrued annual leave." (Doc. No. 206-1, at 3). It is undisputed that this is exactly what happened here: DeBose was given three months' notice of her non-renewal, and was required to use accrued annual leave during the three month period following receipt of the notice of non-reappointment. As a result, DeBose has failed to prove that USF breached any of its non-reappointment procedures.

**E. Tortious Interference**

Under Florida law, the elements of a claim for tortious interference are: "(1) the existence of a business relationship that affords the plaintiff existing or prospective rights; (2) the defendant's knowledge of the business relationship; (3) the defendant's intentional and unjustified interference with the relationship; and (4) damage to the plaintiff." *Int'l Sales & Serv., Inc. v. Austral Insulated Products, Inc.*, 262 F.3d 1152, 1154 (11th Cir. 2001). In the TAC, the Plaintiff asserts claims for tortious interference against USF and Ellucian, claiming that Ralph Wilcox's negative review of her performance cost her a prospective employment opportunity at UNF, and that Ellucian's statements criticizing the Registrar's Office in its report caused her termination from USF. Neither claim holds water for one very simple reason: despite DeBose's plethora of allegations concerning USF and Ellucian's improper behavior, the record is devoid of evidence that either entity *intentionally* interfered with her existing or prospective rights of employment.

With respect to USF, the only person who could have intentionally interfered with DeBose's prospective rights of employment at UNF is Wilcox. While DeBose claims Wilcox told Traynham he wanted DeBose "to have nothing . . . not even a shirt . . . . bare, exposed with nothing," (A. DeBose Dep. Tr. 290:1-11), during her deposition DeBose was unable to clearly articulate who informed her of Wilcox's alleged "not even a shirt" statement. (A. DeBose Dep. Tr. 290:12-20). The best DeBose could do was to identify "a guy named Lance . . . who works at USF." (A. DeBose Dep. Tr. 290:18-20). Given the lack of information regarding the proponent of the "not even a shirt" comment, DeBose has failed to demonstrate that the testimony can be reduced to an admissible form. The same holds true for any statements regarding Wilcox's conversation with Traynham that were relayed to her by her friend Albert Colom. Mr. Colom is not a USF employee and, as a result, anything he told DeBose in May of 2015 is hearsay, and does not qualify as an admission of a party opponent or under any other exception to the rule against hearsay. Thus, DeBose's recitation of Colom's alleged version of the Traynham conversation is inadmissible in opposition to USF's summary judgment motion. Since DeBose lacks any firsthand knowledge regarding Wilcox's intentions pertaining to the Traynham conversation, and Wilcox unequivocally denies interfering with DeBose's prospective rights of employment, USF is entitled to summary judgment on Count V of the TAC.

As for Ellucian, DeBose similarly lacks any firsthand knowledge regarding why Ellucian was critical of the Registrar's Office in its report. DeBose claims that Diamond's body language, face, and demeanor was "angry," (A. DeBose Dep. Tr. 97:16-23), that she "went out of her way . . . to cast a negative light on the registrar's office," and she that

did not sincerely or honestly believe the opinions she expressed regarding the Registrar's Office. (A. DeBose Dep. Tr. 98:3—99:24). However, having an "angry" demeanor does not equate to tortious interference, and DeBose's beliefs regarding Diamond's alleged targeting of her office and lack of sincerity are pure conjecture. As a result, Ellucian is entitled to summary judgment on Count VI of the TAC.

**F. Civil Conspiracy**

To prove a claim for civil conspiracy, the plaintiff must show: (1) the existence of an agreement between two or more parties, (2) to do an unlawful act, (3) the doing of some overt act in furtherance of the conspiracy, and (4) damages. *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1271 (11th Cir. 2009). In the TAC, DeBose accuses USF and Ellucian of conspiring "to terminate Plaintiff's employment for pretextual reasons by knowingly including inaccurate and improper information in the Ellucian Report with the intent of damaging Plaintiff." (Doc. No. 45, at ¶ 230). The problem for DeBose, however, is that there is absolutely no record evidence of any agreement between USF and Ellucian to include information critical of the Registrar's Office in the Ellucian Report. There are no emails, letters, or alleged oral statements that show any anti-DeBose collusion between USF and Ellucian. Any belief by DeBose that such collusion occurred is pure conjecture and has not been properly supported for purposes of opposing the Defendants' summary judgment motions. As a result, DeBose's civil conspiracy claims fail as a matter of law.

## V. Conclusion

Accordingly, it is

**ORDERED** that the Summary Judgment Motions are **GRANTED IN PART AND DENIED IN PART AS FOLLOWS**:

Case 8:15-cv-02787-EAK-AEP Document 310 Filed 09/29/17 Page 26 of 27 PageID 8524

(1) USF's motion for summary judgment is **GRANTED** with respect to DeBose's claims of gender discrimination (Count I);

(2) USF's motion for summary judgment is **GRANTED** with respect to DeBose's claims of race *and* gender discrimination based on Hamilton's promotion to AVP EPM (Count I and III);

(3) USF's motion for summary judgment is **DENIED** with respect to DeBose's claims of race discrimination based on DeBose's non-reappointment as Registrar (Counts I and III);

(4) USF's motion for summary judgment is **GRANTED** with respect to DeBose's claims of retaliation based on Hamilton's promotion to AVP EPM (Counts II and IV);

(5) USF's motion for summary judgment is **DENIED** as to DeBose's claims of retaliation based on her non-reappointment as Registrar and Wilcox's poor reference to UNF (Counts II and IV);

(6) USF's motion for summary judgment is **GRANTED** as to DeBose's claims for disparate impact, breach of contract, tortious interference, and civil conspiracy (Counts V, VI, VII, IX, X);

(7) Ellucian's motion for summary judgment is **GRANTED** as to DeBose's claims for tortious interference and civil conspiracy (Counts VIII and X).

It is further **ORDERED** that DeBose and USF are directed to confer and file a status report within 30 days that contains the following information:

(1) The status or result of any previously or currently scheduled mediation and, if already concluded, the result of such mediation;

(2) Proposed dates for the mediation (if not already conducted) and trial of the remaining claims in this matter; and

(3) Any remaining issues to be addressed by the Court.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida this 29th day of September, 2017.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

Case 8:15-cv-02787-EAK-AEP Document 474 Filed 10/02/18 Page 1 of 1 PageID

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

ANGELA W. DEBOSE,

Plaintiff,

v. Case No.: 8:15-cv-2787-T-17AEP

UNIVERSITY OF SOUTH FLORIDA BOARD OF TRUSTEES and ELLUCIAN COMPANY, L.P.

Defendants.

---

**JUDGMENT IN A CIVIL CASE**

**Decision by Court.** This action came before the Court and a decision has been rendered.

**IT IS ORDERED AND ADJUDGED** that pursuant to the Court's Order entered September 29, 2017, judgment is hereby entered in favor of Defendant Ellucian Company, L.P., and against Plaintiff Angela DeBose on Plaintiff's tortious interference and civil conspiracy claims.

ELIZABETH M. WARREN,
CLERK

s/src, Deputy Clerk

## CIVIL APPEALS JURISDICTION CHECKLIST

1. **Appealable Orders**: Courts of Appeals have jurisdiction conferred and strictly limited by statute:

(a) **Appeals from final orders pursuant to 28 U.S.C. Section 1291**: Only final orders and judgments of district courts, or final orders of bankruptcy courts which have been appealed to and fully resolved by a district court under 28 U.S.C. Section 158, generally are appealable. A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Pitney Bowes, Inc. V. Mestre, 701 F.2d 1365, 1368 (11th Cir. 1983). A magistrate judge's report and recommendation is not final and appealable until judgment thereon is entered by a district court judge. 28 U.S.C. Section 636(c).

(b) **In cases involving multiple parties or multiple claims**, a judgment as to fewer than all parties or all claims is not a final, appealable decision unless the district court has certified the judgment for immediate review under Fed.R.Civ.P. 54(b), Williams v. Bishop, 732 F.2d 885, 885-86 (11th Cir. 1984). A judgment which resolves all issues except matters, such as attorneys' fees and costs, that are collateral to the merits, is immediately appealable. Budinich v. Becton Dickinson & Co., 486 U.S. 196, 201, 108 S. Ct. 1717, 1721-22, 100 L.Ed.2d 178 (1988); LaChance v. Duffy's Draft House, Inc., 146 F.3d 832, 837 (11th Cir. 1998).

(c) **Appeals pursuant to 28 U.S.C. Section 1292(a)**: Appeals are permitted from orders "granting, continuing, modifying, refusing or dissolving injunctions or refusing to dissolve or modify injunctions..." and from "[i]nterlocutory decrees...determining the rights and liabilities of parties to admiralty cases in which appeals from final decrees are allowed." Interlocutory appeals from orders denying temporary restraining orders are not permitted.

(d) **Appeals pursuant to 28 U.S.C. Section 1292(b) and Fed.R.App.P.5:** The certification specified in 28 U.S.C. Section 1292(b) must be obtained before a petition for permission to appeal is filed in the Court of Appeals. The district court's denial of a motion for certification is not itself appealable.

(e) **Appeals pursuant to judicially created exceptions to the finality rule:** Limited exceptions are discussed in cases including, but not limited to: Cohen V. Beneficial Indus. Loan Corp., 337 U.S. 541,546,69 S.Ct. 1221, 1225-26, 93 L.Ed. 1528 (1949); Atlantic Fed. Sav. & Loan Ass'n v. Blythe Eastman Paine Webber, Inc., 890 F. 2d 371, 376 (11th Cir. 1989); Gillespie v. United States Steel Corp., 379 U.S. 148, 157, 85 S. Ct. 308, 312, 13 L.Ed.2d 199 (1964).

2. **Time for Filing:** The timely filing of a notice of appeal is mandatory and jurisdictional. Rinaldo v. Corbett, 256 F.3d 1276, 1278 (11th Cir. 2001). In civil cases, Fed.R.App.P.4(a) and (c) set the following time limits:

(a) **Fed.R.App.P. 4(a)(1)**: A notice of appeal in compliance with the requirements set forth in Fed.R.App.P. 3 must be filed in the district court within 30 days after the entry of the order or judgment appealed from. However, if the United States or an officer or agency thereof is a party, the notice of appeal must be filed in the district court within 60 days after such entry. **THE NOTICE MUST BE RECEIVED AND FILED IN THE DISTRICT COURT NO LATER THAN THE LAST DAY OF THE APPEAL PERIOD - no additional days are provided for mailing.** Special filing provisions for inmates are discussed below.

(b) **Fed.R.App.P. 4(a)(3)**: "If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later."

(c) **Fed.R.App.P.4(a)(4)**: If any party makes a timely motion in the district court under the Federal Rules of Civil Procedure of a type specified in this rule, the time for appeal for all parties runs from the date of entry of the order disposing of the last such timely filed motion.

(d) **Fed.R.App.P.4(a)(5) and 4(a)(6)**: Under certain limited circumstances, the district court may extend the time to file a notice of appeal. Under Rule 4(a)(5), the time may be extended if a motion for an extension is filed within 30 days after expiration of the time otherwise provided to file a notice of appeal, upon a showing of excusable neglect or good cause. Under Rule 4(a)(6), the time may be extended if the district court finds upon

motion that a party did not timely receive notice of the entry of the judgment or order, and that no party would be prejudiced by an extension.

(e)   **Fed.R.App.P.4(c)**: If an inmate confined to an institution files a notice of appeal in either a civil case or a criminal case, the notice of appeal is timely if it is deposited in the institution's internal mail system on or before the last day for filing. Timely filing may be shown by a declaration in compliance with 28 U.S.C. Section 1746 or a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

3.   **Format of the notice of appeal**: Form 1, Appendix of Forms to the Federal Rules of Appellate Procedure, is a suitable format. See also Fed.R.App.P. 3(c). A pro se notice of appeal must be signed by the appellant.

4.   **Effect of a notice of appeal**: A district court loses jurisdiction (authority) to act after the filing of a timely notice of appeal, except for actions in aid of appellate jurisdiction or to rule on a timely motion of the type specified in Fed.R.App.P. 4(a)(4).

**THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | | |
|---|---|---|
| **ANGELA DEBOSE,**<br>**Plaintiff,** | ) | |
| **v.** | ) | **CASE NO. 8:15-cv-02787-EAK-AEP** |
| **UNIVERSITY OF SOUTH FLORIDA BOARD OF TRUSTEES, UNIVERSITY OF SOUTH FLORIDA, AND ELLUCIAN, L.P.,**<br>**Defendants.** | ) | |

**PLAINTIFF'S NOTICE OF APPEAL**

Plaintiff Angela DeBose (hereinafter "Plaintiff") hereby gives notice of her appeal to the U.S. Court of Appeals for the Eleventh Circuit from the final judgment entered by this Court on November 2, 2018 in favor of Ellucian Company, L.P. ("hereinafter "Ellucian") against Angela W. DeBose on Plaintiff's tortious interference and civil conspiracy claims (attached), *see* ECF No. 474, and from the Court's September 29, 2017 Opinion and Order, granting summary judgment for Defendant Ellucian and denying the Plaintiff's requested relief (also attached), *see* ECF No. 210. Final judgment has been reached as to all parties.[1]

Respectfully submitted,

/s/ *Angela DeBose*
Angela DeBose
1107 W. Kirby Street
Tampa, Florida 33604
Telephone: (813) 932-6959
Email: awdebose@aol.com

[1] *See* ECF Nos. 475 and 482, Judgment in favor of Angela W. DeBose and against University of South Florida Board of Trustees on Plaintiff's disparate treatment race discrimination and retaliation claims.

Case 8:15-cv-02787-EAK-AEP Document 506 Filed 11/01/18 Page 2 of 2 PageID 8945

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this **1st** day of November, 2018, the above and foregoing was filed with the Clerk of the Court, which will email counsel of record.

/s/ *Angela DeBose*______________
Angela DeBose, Plaintiff

1107 W. Kirby Street
Tampa, Florida 33604
Telephone: (813) 932-6959
Email: awdebose@aol.com

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

ANGELA W. DEBOSE,

Plaintiff,

v. Case No.: 8:15-cv-2787-T-17AEP

UNIVERSITY OF SOUTH FLORIDA BOARD OF TRUSTEES and ELLUCIAN COMPANY, L.P.

Defendants.

---

**JUDGMENT IN A CIVIL CASE**

**Decision by Court.** This action came before the Court and a decision has been rendered.

**IT IS ORDERED AND ADJUDGED** that pursuant to the Court's Order entered September 29, 2017, judgment is hereby entered in favor of Defendant Ellucian Company, L.P., and against Plaintiff Angela DeBose on Plaintiff's tortious interference and civil conspiracy claims.

ELIZABETH M. WARREN,
CLERK

s/src, Deputy Clerk

# CIVIL APPEALS JURISDICTION CHECKLIST

1.   **Appealable Orders**: Courts of Appeals have jurisdiction conferred and strictly limited by statute:

    (a)   **Appeals from final orders pursuant to 28 U.S.C. Section 1291**: Only final orders and judgments of district courts, or final orders of bankruptcy courts which have been appealed to and fully resolved by a district court under 28 U.S.C. Section 158, generally are appealable. A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Pitney Bowes, Inc. V. Mestre, 701 F.2d 1365, 1368 (11th Cir. 1983). A magistrate judge's report and recommendation is not final and appealable until judgment thereon is entered by a district court judge. 28 U.S.C. Section 636(c).

    (b)   **In cases involving multiple parties or multiple claims**, a judgment as to fewer than all parties or all claims is not a final, appealable decision unless the district court has certified the judgment for immediate review under Fed.R.Civ.P. 54(b), Williams v. Bishop, 732 F.2d 885, 885-86 (11th Cir. 1984). A judgment which resolves all issues except matters, such as attorneys' fees and costs, that are collateral to the merits, is immediately appealable. Budinich v. Becton Dickinson & Co., 486 U.S. 196, 201, 108 S. Ct. 1717, 1721-22, 100 L.Ed.2d 178 (1988); LaChance v. Duffy's Draft House, Inc., 146 F.3d 832, 837 (11th Cir. 1998).

    (c)   **Appeals pursuant to 28 U.S.C. Section 1292(a)**: Appeals are permitted from orders "granting, continuing, modifying, refusing or dissolving injunctions or refusing to dissolve or modify injunctions..." and from "[i]nterlocutory decrees...determining the rights and liabilities of parties to admiralty cases in which appeals from final decrees are allowed." Interlocutory appeals from orders denying temporary restraining orders are not permitted.

    (d)   **Appeals pursuant to 28 U.S.C. Section 1292(b) and Fed.R.App.P.5:** The certification specified in 28 U.S.C. Section 1292(b) must be obtained before a petition for permission to appeal is filed in the Court of Appeals. The district court's denial of a motion for certification is not itself appealable.

    (e)   **Appeals pursuant to judicially created exceptions to the finality rule:** Limited exceptions are discussed in cases including, but not limited to: Cohen V. Beneficial Indus. Loan Corp., 337 U.S. 541,546,69 S.Ct. 1221, 1225-26, 93 L.Ed. 1528 (1949); Atlantic Fed. Sav. & Loan Ass'n v. Blythe Eastman Paine Webber, Inc., 890 F. 2d 371, 376 (11th Cir. 1989); Gillespie v. United States Steel Corp., 379 U.S. 148, 157, 85 S. Ct. 308, 312, 13 L.Ed.2d 199 (1964).

2.   **Time for Filing:** The timely filing of a notice of appeal is mandatory and jurisdictional. Rinaldo v. Corbett, 256 F.3d 1276, 1278 (11th Cir. 2001). In civil cases, Fed.R.App.P.4(a) and (c) set the following time limits:

    (a)   **Fed.R.App.P. 4(a)(1)**: A notice of appeal in compliance with the requirements set forth in Fed.R.App.P. 3 must be filed in the district court within 30 days after the entry of the order or judgment appealed from. However, if the United States or an officer or agency thereof is a party, the notice of appeal must be filed in the district court within 60 days after such entry. **THE NOTICE MUST BE RECEIVED AND FILED IN THE DISTRICT COURT NO LATER THAN THE LAST DAY OF THE APPEAL PERIOD - no additional days are provided for mailing.** Special filing provisions for inmates are discussed below.

    (b)   **Fed.R.App.P. 4(a)(3)**: "If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later."

    (c)   **Fed.R.App.P.4(a)(4)**: If any party makes a timely motion in the district court under the Federal Rules of Civil Procedure of a type specified in this rule, the time for appeal for all parties runs from the date of entry of the order disposing of the last such timely filed motion.

    (d)   **Fed.R.App.P.4(a)(5) and 4(a)(6)**: Under certain limited circumstances, the district court may extend the time to file a notice of appeal. Under Rule 4(a)(5), the time may be extended if a motion for an extension is filed within 30 days after expiration of the time otherwise provided to file a notice of appeal, upon a showing of excusable neglect or good cause. Under Rule 4(a)(6), the time may be extended if the district court finds upon

Case 8:15-cv-02787-EAK-AEP Document 504 Filed 11/01/18 Page 3 of 13 PageID 8952

motion that a party did not timely receive notice of the entry of the judgment or order, and that no party would be prejudiced by an extension.

(e) **Fed.R.App.P.4(c)**: If an inmate confined to an institution files a notice of appeal in either a civil case or a criminal case, the notice of appeal is timely if it is deposited in the institution's internal mail system on or before the last day for filing. Timely filing may be shown by a declaration in compliance with 28 U.S.C. Section 1746 or a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

3. **Format of the notice of appeal**: Form 1, Appendix of Forms to the Federal Rules of Appellate Procedure, is a suitable format. See also Fed.R.App.P. 3(c). A pro se notice of appeal must be signed by the appellant.

4. **Effect of a notice of appeal**: A district court loses jurisdiction (authority) to act after the filing of a timely notice of appeal, except for actions in aid of appellate jurisdiction or to rule on a timely motion of the type specified in Fed.R.App.P. 4(a)(4).

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

ANGELA W. DEBOSE,

Plaintiff,

v. Case No: 8:15-cv-2787-T-17AEP

UNIVERSITY OF SOUTH FLORIDA BOARD OF TRUSTEES and ELLUCIAN COMPANY, L.P.,

Defendants.

---

**ORDER**

This cause comes before the Court pursuant to the motions for summary judgment (Doc. Nos. 68 and 75) (the "**Summary Judgment Motions**") filed by the Defendants, University of South Florida Board of Trustees ("**USF**"), and Ellucian Company, L.P. ("**Ellucian**"), and the responses in opposition (Doc. Nos. 151 and 169) filed by *pro se* Plaintiff, Angela W. DeBose (the "**Plaintiff**" or "**DeBose**"). For the reasons set forth below, the Summary Judgment Motions are **GRANTED IN PART AND DENIED IN PART**.

## I. Introduction

The Court must decide whether DeBose is entitled to a jury trial on her claims that USF terminated her employment after 27 years due to race/gender discrimination and/or in retaliation for her complaints of discrimination. Because DeBose has testified under penalty of perjury that high-ranking employees at USF have admitted to her that the person who fired her is, essentially, a virulent racist, DeBose is entitled to her day in Court on her claim that she was fired due to her race/gender. Similarly, DeBose strings together enough circumstantial evidence to proceed to a jury on her retaliation claims, in which

she contends that she was terminated and given a poor employment review for protesting USF's alleged acts of discrimination. The remainder of DeBose's claims, however, are far too speculative and unsupported to withstand summary judgment. As a result, the Summary Judgment Motions are granted in part and denied in part.

## II. Background

### A. Plaintiff's employment history at USF

The Plaintiff was hired by USF in 1988 and became the USF Registrar on October 1, 1996. (Doc. No. 76, at 1). DeBose remained Registrar until her employment was terminated on August 19, 2015. (Doc. No. 76, at 10).

### B. Plaintiff's tenure under the supervision of Paul Dosal

On July 1, 2010, Paul Dosal became DeBose's direct supervisor. (Doc. No. 76, at 2). DeBose initially had a "good relationship" with Dosal. (A. DeBose Dep. Tr. 33:3-6). So much so that during 2011 or 2012, (A. DeBose Dep. Tr. 169:11-14), Dosal allegedly confided in her that USF's Provost, Ralph Wilcox, is "a nasty son of a bitch," and that "he's not going to think highly of you . . . because . . . you're black." (A. DeBose Dep. Tr. 167:19—168:14).

Things "changed" with Dosal, however, in late 2013 and early 2014. (A. DeBose Dep. Tr. 33:12-14). During that time period, DeBose claims that Dosal "started being more aggressive, edgy," "would clench his jaw," and "just stopped being pleasant at all." (A. DeBose Dep. Tr. 34:10-15). According to DeBose, Dosal's animosity towards her spread to others at USF, including another employee named Travis Thompson, who

allegedly told Dosal that DeBose was not collaborative and that things were not going well with Degree Works.[1] (A. DeBose Dep. Tr. 34:18-24—35:1-16).

Bothered by these issues, Dosal allegedly met with DeBose in the spring of 2014 and counseled her to work and behave more collaboratively. (Doc. No. 76, at 3). USF claims that DeBose's behavior did not improve and, in June of 2014, Dosal informed DeBose that responsibility for Degree Works and ATLAS were being transferred from the Registrar's Office to the information technology department. (A. DeBose Dep. Tr. 55:13-19). According to Dosal, the decision to transfer Degree Works and ATLAS away from the Registrar's Office came from USF Provost Ralph Wilcox. (A. DeBose Dep. Tr. 55:23-24). Around the same time, an email circulated within USF that accused DeBose of being responsible for the resignation of another USF employee, Caurie Waddell. (A. DeBose Dep. Tr. 63:17-25); (P. Dosal Dep. Tr. 36:15-19). According to DeBose, she feared that the Caurie Waddell situation was "going to be used as . . . grounds for [her] termination." (A. DeBose Dep. Tr. 63:17-25).

### C. The AVP EPM position

During the summer of 2014, while the foregoing issues were percolating through the school, the position of Assistant Vice President for Enrollment Planning and Management ("**AVP EPM**") became vacant at USF. (Doc. No. 76, at 4). Dosal was responsible for filling the vacant AVP EPM position and, after consultation with Ralph Wilcox and USF President Judy Genshaft, USF employee Billie Jo Hamilton was appointed to the AVP EPM position. (Doc. No. 76, at 5). DeBose disagreed with USF's

---

[1] Previously, in the spring of 2011, Dosal transferred responsibility for USF's degree audit system, Degree Works, and its academic tracking system, ATLAS, to the Registrar's Office. (Doc. No. 76, at 3).

decision to directly appoint Hamilton to the AVP EPM position in lieu of conducting a national search. (A. DeBose Dep. Tr. 305:3-4). In fact, DeBose wanted the job for herself, and believed she was "a very strong candidate for the AVP position." (A. DeBose Dep. Tr. 310:2-4).

Dosal met with DeBose in July of 2014, ostensibly to try and patch things up. At that meeting, Dosal allegedly promised that he would "make it clear" to the USF community that he remained confident in DeBose, and told her he hoped she would remain a member of his team through the end of his tenure in 2019. (A. DeBose Dep. Tr. 66:8-15, 66:16-25—67:1-15). DeBose claims that during the meeting, Dosal responded to her request for an increase in compensation[2] by "allud[ing] to . . . N****r, you already make too much money." (A. DeBose Dep. Tr. 139:17-23). When DeBose responded that she believed she was not selected for the AVP EPM position because of her race, he allegedly "clenched his jaw" and denied that race was a factor, instead telling DeBose "the provost wants this." (A. DeBose Dep. Tr. 150:22—152:21). Following the meeting, on July 28, 2014, DeBose filed an internal complaint with USF, referencing discrimination with respect to the Degree Works/ATLAS transfer, Caurie Waddell email, and the AVP EPM appointment incidents.

**D. DeBose's EEOC complaint and alleged acts of retaliation**

After DeBose filed her internal complaint, she claims she "got a reprieve" from Dosal's allegedly hostile behavior. (A. DeBose Dep. Tr. 212:19-22). However, towards the end of the year, she filed a complaint with the EEOC, after which she alleges "things began to ramp up to an unacceptable level." (A. DeBose Dep. Tr. 230:6-13). For instance,

[2] Two days after being informed of Hamilton's appointment to the AVP EPM position, DeBose sent a memorandum to Dosal requesting a pay raise. (Doc. No. 76, at 6).

DeBose claims that after she filed the EEOC complaint she was "asked into meetings with no agenda . . . was not treated well or respectfully or civilly . . . was marginalized . . . berated . . . [and] treated poorly." (A. DeBose Dep. Tr. 230:6-20).

**E. The Alexis Mootoo incident and subsequent written reprimand**

DeBose's acrimony with USF worsened on January 29, 2015, when DeBose attended a meeting with Dosal to discuss implementation of a new shared services model. (A. DeBose Dep. Tr. 77:1-10). Also present at the meeting was another African American employee, Alexis Mootoo, who allegedly had a history of "making [DeBose] and other people in [DeBose's] office uncomfortable with abusive language," including gratuitous use of the word "n****r." (A. DeBose Dep. Tr. 77:11-25—78:1-21). During the meeting, DeBose allegedly took umbrage with Mootoo's involvement in the implementation of the new shared services model, and referred to her as a "little girl" and told her to "stay in her lane." (A. DeBose Dep. Tr. 83:10-21).

While DeBose denies making those statements, Mootoo reported DeBose's alleged "little girl" comment to authorities at USF, who issued DeBose a written reprimand. (A. DeBose Dep. Tr. 83:22-24) (Doc. No. 77-2, at 2). According to DeBose, Mootoo fabricated the story in exchange for a deal with Dosal under which Mootoo would receive more favorable "pay and position." (A. Dep. Tr. 84:2—86:24). In support, DeBose claims that "Alexis Mootoo [would come] into the office supposedly for budget meetings and talking about n****r this and n****r that . . . [but that] Dosal knew about [her use of the word 'n****r]' and didn't have a problem with it." (A. DeBose Dep. Tr. 159:23—160:4).

**F. DeBose's allegations of a "backdrop" of racist conduct at USF**

DeBose claims that by this time in her career at USF, "[t]here were constant references to [her as an] angry black woman, black bitch, n****r this, n****r that." (A.

Case 8:15-cv-02787-EAK-AEP Document 506-2 Filed 10/29/18 Page 6 of 27 PageID 8953

DeBose Dep. Tr. 164:11-20). While DeBose reluctantly admits that Dosal did not call her an "angry black woman, black bitch, [or] n****r," (A. DeBose Dep. Tr. 164:21—165:9), she accuses Dosal of making veiled "racial statements" over the course of her time at USF, including a 2010/2011[3] comment in which he told her he was moving out of "the hood" and that she should do the same because they were the "only two people of color in EPM," (A. DeBose Dep. Tr. 166:5-16), a 2013[4] statement in which he asked her to attend Black Faculty Staff Association breakfasts, but that he did not want her to "be a token," (A. DeBose Dep. Tr. 169:24—170:13), and another incident in which he allegedly disparaged a "black Hispanic" person who had accused him of discrimination of having "forgotten . . . where he came from." (A. DeBose Dep. Tr. 172:24—173:21). DeBose further claims that Dosal told her that "others" at USF referred to her as "an angry black woman or black bitch or those kinds of things." (A. DeBose Dep. Tr. 171:19-23). DeBose claims that she asked Dosal who said those things, but that "he would not disclose" the source of his information. (A. DeBose Dep. Tr. 171:24—172:1).[5]

### G. The Ellucian audit and report

Approximately one month after DeBose filed her EEOC complaint, during February of 2015, USF engaged a consulting firm, Ellucian, to review and assess its implementation of Degree Works. (Doc. No. 76, at 8). As part of that review, Ellucian selected consultant Andrea Diamond to visit the USF campus and meet with several employees, including DeBose. (Doc. No. 76, at 8). When DeBose met with Diamond,

---

[3] (A. DeBose Dep. Tr. 166:17—167:16).
[4] (A. DeBose Dep. Tr. 171:8-12).
[5] The "angry black woman" and "black bitch" comments allegedly occurred during 2014, when DeBose told Dosal about an incident in which some unknown person vandalized her car with the derogatory phrase "wild bitch." (A. DeBose Dep. Tr. 124:23—125:3; 172:2-19).

she claims that Diamond's body language, face, and demeanor were "angry." (A. DeBose Dep. Tr. 97:16-23). After the meeting, Ellucian prepared a report (the "**Ellucian Report**") stating, among other things, that the Registrar's Office lacked an "atmosphere of working together for the good of the institution" and was "not willing to encompass change." (Doc. No. 76, at 8-9).

DeBose vehemently disagrees with the conclusions and recommendations contained in the Ellucian Report, and claims that Diamond "went out of her way . . . to cast a negative light on the registrar's office" and that Diamond did not sincerely or honestly believed the opinions she expressed regarding the Registrar's Office. (A. DeBose Dep. Tr. 98:3—99:24). Rather, DeBose believes that Ellucian colluded with USF to give the school a non-discriminatory reason to fire her form her position. In support, DeBose cites to evidence that the Registrar's Office was included in the scope of Ellucian's review at the request or suggestion of USF. (A. DeBose Dep. Tr. 101:18-102:3). However, DeBose also admits that she lacks any firsthand knowledge that USF was responsible for the inclusion of negative information or opinions about her office in the Ellucian Report. (A. DeBose Dep. Tr. 101:4-10).

### H. DeBose's non-reappointment as Registrar

The Ellucian Report was ultimately the final nail in the coffin for DeBose's 27 year career USF. After reviewing the Ellucian Report, Ralph Wilcox made the decision to non-renew DeBose's employment. (Doc. No. 76, at 9). On May 19, 2015, DeBose was issued a notice of non-reappointment, which effectively terminated her employment as of August 19, 2015. (Doc. No. 76, at 10).

### I. USF's negative review of DeBose

Following her receipt of the notice of non-reappointment, DeBose communicated with her friend, Albert Colom, regarding possible employment at the University of North Florida ("**UNF**"). (A. DeBose Dep. Tr. 13:15-18). On or around May 20, 2015, Colom sent a text message to DeBose stating that "depending on what you are interested in doing I can help here at UNF. That is if you want to stay in Florida. I have a few ideas." (Doc. No. 79-1, at 1). DeBose responded "Love to talk about them as your time permits." (Doc. No. 79-1, at 1).

On May 26, 2015, Ralph Wilcox had a brief telephone call with UNF Provost Dr. Earle Traynham regarding his assessment of DeBose's professional capabilities for possible employment at UNF. (Doc. No. 78, at ¶¶ 8-9). Wilcox claims he was complementary of DeBose's technical skills and abilities, but indicated that he believed she was not collaborative and was resistant to change. (Doc. No. 78, at ¶¶ 8-9). DeBose tells a far different story, claiming that according to Colom, Wilcox told Traynham that DeBose was "toxic," "horrible," "uncollaborative," "awful," "if he hired [her], that he would regret it," and "he had been trying to get rid of [her] for years." (A. DeBose Dep. Tr. 15:23-25—16:1-2). DeBose further claims "a guy named Lance," who "works at USF," told her that Wilcox bragged to Traynham "about undoing [her]"; that he "wanted [DeBose] to have nothing . . . not even a shirt . . . . bare, exposed with nothing." (A. DeBose Dep. Tr. 290:1-11).

### J. DeBose is not selected for employment at UNF

Following the Traynham conversation, on May 27, 2015, DeBose received a text message from Colom stating "Hello spoke to my provost and we decided to pass on the

idea. I had good hope we could work together again. I am so sorry." (Doc. No. 79-1, at 2). Ultimately, DeBose did not obtain employment with UNF.

## III. Standard of Review

"Federal Rule of Civil Procedure 56 requires that summary judgment be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *U.S. Commodity Futures Trading Com'n v. Am. Derivatives Corp.*, 2008 WL 2571691, at *2 (N.D. Ga. June 23, 2008) (internal quotations omitted). "The moving party bears the initial responsibility of informing the court of the bases for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Id.* (internal quotations omitted). "Where the moving party makes such a showing, the burden shifts to the non-movant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist." *Id.* "A fact is not material if a dispute over that fact will not affect the outcome of the suit under the governing law." *Id.* "An issue is genuine when the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id.*

Importantly, on a motion for summary judgment, the Court "may consider only that evidence which can be reduced to an admissible form." *Rowell v. BellSouth Corp.*, 433 F.3d 794, 800 (11th Cir. 2005). "To be admissible in support of or in opposition to a motion for summary judgment, a document must be authenticated by and attached to an affidavit that meets the requirements of Rule 56[c][4], and the affiant must be a person through whom the exhibits could be admitted into evidence." *Sauders v. Emory*

*Healthcare, Inc.*, 360 F. App'x 110, 113 (11th Cir. 2010). Here, DeBose has not authenticated any of the approximately 550 pages of documents attached to Doc. Nos. 165, 166, 187, and 188 and, as a result, none of those documents will be considered in response to or in support of the Summary Judgment Motions. Instead, the Court will restrict its analysis to those materials properly before the Court, including DeBose's deposition transcript and the affidavits submitted by representatives of the Defendants.

## IV. Discussion

In her third amended complaint (Doc. No. 45) (the "**TAC**"), DeBose asserts the following claims: Count I – gender and/or race (primarily gender) discrimination under Title VII[6] and the FCRA[7] based on USF's failure to promote her to the AVP EPM position and her non-reappointment as Registrar; Count II – retaliation under Title VII and the FCRA based on her gender coupled with USF's failure to promote her to the AVP EPM position, her non-reappointment as Registrar, and Wilcox's poor reference to UNF; Count III gender and/or race discrimination (primarily race) under Title VII and the FCRA based on USF's failure to promote her to the AVP EPM position and based on her non-reappointment as Registrar; Count IV – retaliation under Title VII and the FCRA based on her race coupled with USF's failure to promote her to the AVP EPM position, her non-reappointment as Registrar, and Wilcox's poor reference to UNF; Count V – disparate impact based on her gender under Title VII and the FCRA related to the direct appointment of Hamilton to the AVP EPM position; Count VI – disparate impact based on her race under Title VII and the FCRA related to the direct appointment of Hamilton to the AVP EPM position; Count VII – breach of contract; Count VIII – tortious interference based

[6] All references to "Title VII" are to Title VII of the Civil Rights Act of 1964 ("**Title VII**").
[7] All references to the "FCRA" are to Chapter 760 of the Florida Statutes (the "**FCRA**").

on Ellucian's conduct in drafting the Ellucian Report; Count IX – tortious interference based on USF's conduct in giving her a negative review to UNF; and Count X – civil conspiracy between Ellucian and USF related to the Ellucian Report. Because both Defendants have moved for summary judgment on all of the Plaintiff's claims, the Court will address each category of claims, in turn, below.

**A. Employment Discrimination Claims**

In Counts I and III of the TAC, the Plaintiff asserts claims for gender and race discrimination, respectively, under Title VII and the FCRA. "Title VII prohibits an employer from discriminating 'against any individual with respect to [her] compensation, terms, conditions, or privileges of employment because of such individual's race, color, religion, sex, or national origin.'" *Vickers v. Fed. Express. Corp.*, 132 F.Supp.2d 1371, 1377 (S.D. Fla. 2000) (quoting 42 U.S.C. § 2000e-2(a)). "Since the FCRA essentially mirrors Title VII, Florida courts look to federal case law construing Title VII" when ruling on FRCA claims. *McCabe v. Excel Hospitality, Inc.*, 294 F.Supp.2d 1311, 1313 n.1 (M.D. Fla. 2003).

Discriminatory intent, the hallmark of a claim for employment discrimination under Title VII and the FRCA, "can be established through either direct or circumstantial evidence." *Vickers*, 132 F.Supp.2d at 1377 (S.D. Fla. 2000). Here, while the Plaintiff's deposition testimony references a plethora of racially charged remarks during her tenure at USF, most of those statements were remote in time from the adverse employment actions at issue in this case and, in any event, do not specifically address USF's reasons for terminating DeBose's employment. *See* (A. DeBose Dep. Tr. 186:11-18) (referencing an alleged "backdrop" of statements about her "race, black woman, angry black woman, black bitch, those kinds of things," but not specifically linking any of the foregoing statements to the alleged adverse employment actions). Thus, given the lack of direct

evidence of discrimination, the Court must consider whether there is sufficient circumstantial evidence of USF's alleged discriminatory intent for the Plaintiff to survive summary judgment.

Where the "plaintiff seeks to prove intentional discrimination through circumstantial evidence of the employer's intent . . . [the] [p]lainitiff has the initial burden of establishing a prima facie case of discrimination." *Id.* at 1378-79.  A plaintiff makes out a prima facie case of discrimination when she shows, by a preponderance of the evidence, that (1) she is a member of a protected class, (2) she was qualified for the position, (3) she experienced an adverse employment action, and (4) she was replaced by someone outside of her protected class or received less favorable treatment than a similarly situated person outside of her protected class." *Flowers v. Troup Cty., Ga., Sch. Dist.*, 2015 WL 6081186, at *6 (11th Cir. Oct. 16, 2015).

"[T]he establishment of a prima facie case creates a presumption that the employer discriminated against a plaintiff on the basis of race." *Id.*  "[T]he burden then shifts to the employer to produce a legitimate nondiscriminatory reason for the action taken against the plaintiff." *Id.*  "Once the employer advances its legitimate, nondiscriminatory reason the plaintiff's prima facie case is rebutted and all presumptions drop from the case." *Id.* The plaintiff then bears the "ultimate burden of persuading the court that she has been the victim of intentional discrimination." *Id.*  Accordingly, merely establishing a prima facie case of racial discrimination "is not, and never was intended to be, the *sine qua non* for a plaintiff to survive a summary judgment motion." *Id.*  Rather, the "critical decision that must be made is whether the plaintiff has created a triable issue concerning the employer's discriminatory intent." *Id.*

Here, USF acknowledges that (1) DeBose is a member of a protected class, (2) Hamilton's promotion to AVP EPM and DeBose's non-renewal as Registrar constituted adverse employment actions, and (3) genuine issues of material fact exist regarding whether DeBose was qualified for her position as Registrar. However, USF disputes that DeBose has carried her initial burden of establishing that the written reprimand she received following the Alexis Mootoo episode constituted an adverse employment action, or that she received less favorable treatment than a similarly situated person outside of her protected class. Moreover, even if DeBose can make out a prima facie case on her promotion discrimination claim, USF contends that DeBose has failed to show that USF's decision to promote Hamilton was pretextual. The Court will address each issue in turn below.

*1. Written Reprimand*

For starters, Counts I and III of the TAC assert claims for employment discrimination based on the adverse employment actions of "failure to promote" and for "termination" of employment. (TAC, at ¶¶ 129, 142). Since the written reprimand that DeBose received in connection with the Alexis Mootoo incident has not been identified as an adverse employment action in either Count I or III of the TAC, DeBose has failed to plead, much less prove, that the written reprimand was issued with discriminatory intent. Moreover, even if the Court were to liberally construe the TAC to include such a claim, "to prove adverse employment action . . . an employee must show a *serious and material* change in the terms, conditions, or privileges of employment." *Anderson v. United Parcel Serv., Inc.*, 248 F. App'x 97, 100 (11th Cir. 2007) (emphasis in original). "[T]he employee's subjective view of the significance and adversity of the employer's action is not controlling; the employment action must be materially adverse as viewed by a

reasonable person in the circumstances." *Id.* Here, DeBose has failed to demonstrate that the written reprimand resulted in a serious and material change in the terms, conditions, or privileges of her employment. To the contrary, the record is devoid of any evidence that the written reprimand had *any* adverse effect on DeBose's employment. For that reason alone, USF is entitled to summary judgment on any claim for employment discrimination based on the written reprimand.

2. *Less Favorable Treatment than a Similarly Situated Person Outside of DeBose's Protected Class*

As part of the Title VII plaintiff's prima facie case, the plaintiff must show that "[s]he was replaced by someone outside of [her] protected class or received less favorable treatment than a similarly situated person outside of [her] protected class." *Flowers*, 2015 WL 6081186, at *6. Importantly, "when a Title VII plaintiff alleges that an employer discriminates against black females, the fact that . . . white females are not subject to discrimination is irrelevant and must not form any part of the basis for a finding that the employer did not discriminate against the black female plaintiff." *Jefferies v. Harris Cty. Community Action Ass'n.*, 615 F.2d 1025, 1034 (5th Cir. 1980).

With respect to the Plaintiff's promotion discrimination claim, it is undisputed that Hamilton is a white female. Thus, while DeBose has failed to establish a prima facie case of gender discrimination with respect to the AVP EPM position, *see Jefferies*, 615 F.2d at 1030 (noting that "where both the person seeking to be promoted and the person achieving that promotion were women, 'because the person selected was a woman, we cannot accept sex discrimination as a plausible explanation for (the promotion) decision.'" (quoting *Adams v. Reed*, 567 F.2d 1283, 1287 (5th Cir. 1978))), the Plaintiff has made a prima facie case of intersectional race *and* gender discrimination with respect to

Case 8:15-cv-02787-EAK-AEP Document 502-2 Filed 10/29/18 Page 15 of 27 PageID 8947

Hamilton's promotion. *See* (A. DeBose Dep. Tr. 127:21-24) (stating that DeBose believes "race/gender" was the reason for her failure to be promoted the AVP EPM position).

As to the Plaintiff's termination claim, the record contains an unverified statement in DeBose's statement of disputed facts that Carrie Garcia, a white female, "was appointed by Wilcox and Dosal as Acting University Registrar following DeBose's termination." (Doc. No. 170, at 33). Since USF does not appear to contest that DeBose's position was filled by someone outside of her protected class as a black female, and it is likely that DeBose would properly support this assertion of fact if "give[n] an opportunity to properly support or address the fact" under Rule 56(e)(1), the Court will presume for purposes of this order that the Acting University Registrar position was filled by a white female. Interestingly, however, at her deposition, DeBose testified that race, and race alone, was the reason for her termination. (A. DeBose Dep. Tr. 128:12-23). Since it is undisputed that the Registrar position was filed by a female, and DeBose appears to have abandoned her claim of intersectional discrimination with respect to her termination claim, USF is entitled to summary judgment on DeBose's termination claim based on gender discrimination. However, because the Registrar position was filled by a white female, DeBose has carried her burden of establishing a prima facie claim for race discrimination on her termination claim.

*3. Whether USF's Decisions to Promote Hamilton and Terminate DeBose were Pretextual*

USF has proffered a legitimate, non-discriminatory reason for its decision to promote Hamilton, and not DeBose, to the position of AVP EPM, as well as for its decision to terminate DeBose's employment as Registrar. *See* (Doc. No. 77, at ¶ 17) (stating that DeBose was not selected for the AVP EPM position because she was not as qualified for

the position as Hamilton); (Doc. No. 78, at ¶ 6) (stating that DeBose was terminated for not acting in a collaborative manner and based on the opinions stated in the Ellucian Report). The question thus becomes whether DeBose has identified sufficient evidence of intentional discrimination to create a triable issue on her claims for employment discrimination. *See Wheatfall v. Bd. of Regents of Univ. System of Ga.*, 9 F.Supp.3d 1342, 1356 (N.D. Ga. 2014) ("[T]he ultimate question in every employment discrimination case involving a claim of disparate treatment is whether the plaintiff was the victim of intentional discrimination.").

With respect to the AVP EPM position, DeBose supports her claim that she was subjected to race/gender discrimination on the fact that (1) Dosal gave Hamilton the opportunity to "go back to her position exclusively as director of financial aid" if she didn't do well as AVP EPM; (2) "the [AVP EPM] position was not posted or advertised and that . . . people [including DeBose] were given no knowledge or awareness of the position"; and (3) Dosal attempted to make "concessions" to DeBose regarding her salary and job title if she would "go along" with Hamilton's appointment. (A. DeBose Dep. Tr. 147:2—148:20). Frankly, DeBose's own testimony demonstrates that USF's decision to promote Hamilton over her had nothing to do with the fact that she is a black female. Perhaps Dosal exercised poor judgment by not conducting a nationwide search or hand-picking DeBose for the position. Perhaps he made the right choice. Regardless, whether promoting Hamilton was the right or wrong choice is unimportant because DeBose herself does not cite race or gender as a reason for Hamilton's promotion.

To the contrary, DeBose obfuscates the true reasons for Hamilton's selection by making vague references to a handful of allegedly racial statements uttered by Dosal and

Wilcox during her tenure at USF. Most of these statements, including Dosal's statements about "leaving the hood" and not wanting DeBose to be a "token" were remote in time from Hamilton's promotion. Moreover, even if Wilcox is "a nasty son of a bitch" who was never "going to think highly of [DeBose] . . . because . . . [she is] black," it is undisputed that Dosal, not Wilcox, promoted Hamilton to the AVP EPM position. *See* (Doc. No. 76, at 5) (stating that Dosal appointed Hamilton); (Doc. No. 170, at 12) (failing to dispute that Dosal appointed Hamilton). Since the record is devoid of evidence that race and gender played a role in Dosal's decision to appoint Hamilton to the AVP EPM position, or that Wilcox's alleged racial animus towards DeBose influenced Dosal's hiring decision, DeBose has failed to show that USF's proffered non-discriminatory reason for not promoting DeBose was pretextual.

As for DeBose's claim of race-based termination discrimination, it is undisputed that Wilcox made the decision to terminate DeBose. *See* (Doc. No. 68, at ¶ 6) (stating that Dosal "was not involved in the decision to non-renew DeBose's employment). While Wilcox claims that he made the decision to non-renew DeBose's employment after reviewing the Ellucian Report, USF does not attempt to deal with the so-called evidentiary elephant in the room: DeBose's deposition testimony that Dosal told her that Wilcox was never "going to think highly of [DeBose] . . . because . . . [she is] black." At this stage of the proceedings, the Court is required to draw all reasonable inferences in favor of the non-moving party, DeBose, and given DeBose's testimony that Wilcox harbored racial animus towards her, she is entitled to a reasonable inference that her termination was discriminatory. This is true even though Dosal's alleged statement that Wilcox harbored racist views towards DeBose was remote in time from her termination. Stated simply,

DeBose's sworn testimony that Wilcox is a virulent racist cannot be discounted on summary judgment and, as a result, is enough to get her to a jury on her claim for race-based termination discrimination.

**B. Retaliation Claims**

"Title VII's retaliation provision makes it unlawful to discriminate against any individual because she has opposed any practice made an unlawful practice by the Act." *Demers v. Adams Homes of Nw. Fla., Inc.*, 321 F. App'x 847, 852 (11th Cir. 2009). "To establish a prima facie case of retaliation, the plaintiff must show: (1) that [s]he engaged in statutorily protect expression; (2) that [s]he suffered an adverse employment action; and (3) that there is some causal relationship between the two events." *Holifield v. Reno*, 115 F.3d 1555, 1566 (11th Cir. 1997). Once the plaintiff establishes her prima facie case, the employer must proffer a legitimate, non-discriminatory reason for the adverse employment action. *Id.* "If the employer offers legitimate reasons for the employment action, the plaintiff must then demonstrate that the employer's proffered explanation is a pretext for retaliation." *Id.*

In Counts II and IV of the TAC, the Plaintiff asserts claims for retaliation based on her gender and race, respectively. Specifically, the Plaintiff alleges that she was retaliated against for filing internal complaints with USF, charges of discrimination with the EEOC, and an action seeking a preliminary injunction before this Court. *See* (Doc. No. 45, at ¶ 147). DeBose claims that because she engaged in the foregoing protected activities, she was denied a promotion to the AVP EPM position, terminated from her position as Registrar, and given a poor reference to the Provost of UNF. (Doc. No. 45,a t ¶ 148).

For starters, the Plaintiff's claims that she was denied the AVP EPM promotion due to unlawful retaliation are without merit. It is undisputed that DeBose did not engage in any statutorily protected activity until *after* she learned that Hamilton had been appointed to the AVP EPM position. *Compare* (Doc. No. 79-8) (demonstrating that DeBose's first ethics point complaint was submitted on July 28, 2014), *with* (Doc. No. 77, at ¶ 19) (stating that Dosal notified DeBose of Hamilton's appointment to the AVP EPM position on July 15, 2014). Thus, Counts II and IV, to the extent they are based on Hamilton's promotion to AVP EPM, fail as a matter of law due to a lack of causation. *See Univ. of Tex. Sw. Med. Center v. Nassar*, 133 S.Ct. 2517, 2534 (2013) (stating that to satisfy the causation element, the plaintiff "must establish that his or her protected activity was a but for cause of the alleged adverse action by the employer.").

The Plaintiff's claims that she was terminated and given a poor reference in retaliation for engaging in statutorily protected activities, however, require a more thorough analysis. USF does not dispute that the Plaintiff engaged in statutorily protected activity, or that she suffered an adverse employment action when she was terminated and given a negative reference to the Provost of UNF. To the contrary, USF attacks the Plaintiff's ability to establish the causation element of her prima facie case and, to the extent she can make out a prima facie case, USF contends that DeBose cannot show that her termination and any poor review were pretext for retaliation.

Prior to the Supreme Court's *Nassar* decision, a plaintiff could satisfy this requirement by showing, among other things, "close temporal proximity" between the protected activity and the adverse employment action. *Higdon v. Jackson*, 393 F.3d 1211, 1220 (11th Cir. 2004). Following *Nassar*, however, a plaintiff must show more than

temporal proximity between the protected activity and their termination. *Cf. Smith v. City of New Smyrna Beach*, 588 F. App'x 965, 981-82 (11th Cir. 2014). Instead, to establish a claim for retaliation, the plaintiff must present evidence "that the unlawful retaliation would not have occurred in the absence of the alleged wrongful action or actions of the employer." *Nassar*, 133 S.Ct. at 2533.

Here, the record contains testimonial evidence that after DeBose filed her EEOC complaint on January 15, 2015, (Doc. No. 76, at 6), she was "asked into meetings with no agenda." (A. DeBose Dep. Tr. 230:6-20). Shortly thereafter, the Alexis Mootoo incident occurred, which DeBose claims was part of a deal in which Dosal promised Mootoo more favorable "pay and position." (A. Dep. Tr. 84:2—86:24). Approximately one month later, in February of 2015, USF engaged Ellucian to review and assess its implementation of Degree Works. (Doc. No. 76, at 8). This, as we now know, ultimately culminated in the Ellucian Report, which USF cited as its basis for its decision not to renew DeBose's employment. Shortly thereafter, Ralph Wilcox acknowledges that he told UNF Provost Earle Traynham that DeBose was "not collaborative and that she was resistant to change." (Doc. No. 78, at ¶ 9). DeBose's version of the negative reference is far more colorful, with DeBose claiming that people at USF and elsewhere told her Ralph Wilcox told Traynham he wanted DeBose "to have nothing . . . not even a shirt . . . . bare, exposed with nothing." (A. DeBose Dep. Tr. 290:1-11).

Clearly, things between DeBose and USF went sideways between 2014 and 2015, and during that period of time, DeBose filed multiple internal and external complaints alleging discrimination. DeBose's version of the facts, i.e. that she was the victim of a massive conspiracy because she filed complaints of discrimination, may not ultimately be

accepted by a jury, but there is certainly enough circumstantial evidence of retaliation to afford DeBose her day in Court. Specifically, given the close temporal proximity between DeBose's EEOC complaint and USF's decision to engage Ellucian, DeBose's testimony that the Registrar's Office was included in the scope of Ellucian's engagement at the request of USF, DeBose's testimony that she was treated differently following her complaints of discrimination, and the timing and circumstances surrounding the Traynham conversation, a reasonable jury could find that USF's actions were retaliatory. Thus, USF's motion for summary judgment is denied as to DeBose's claims that her termination and poor reference were retaliatory.

**C. Disparate Impact Claims**

A disparate impact theory of discrimination "prohibits *neutral* employment practices which, while non-discriminatory on their face, visit an adverse, disproportionate impact on a statutorily-protected group." *E.E.O.C. v. Joe's Stone Crab, Inc.*, 220 F.3d 1263, 1274 (11th Cir. 2000) (emphasis in original). To prove a disparate impact claim, the plaintiff must show: (1) there is a significant statistical disparity between the proportion of minorities available in the labor pool and the proportion of minorities hired by the employer; (2) there is a specific, facially-neutral employment practice causing the disparity; and (3) that a causal nexus exists between the identified employment practice and the statistical disparity. *Id.* Importantly, to prevail on a claim for disparate impact, "the plaintiff must offer statistical evidence of a kind and degree sufficient to show that the practice in question has caused the exclusion of applicants for jobs or promotions because of their membership in a protected group." *Id.* At 1274-75.

Here, the only statistical evidence offered in support of the Plaintiff's disparate impact claims is an "Affidavit of Expert Opinion" offered by Saba Baptiste-Alkebu-Lan, a

purported subject matter expert on employment discrimination, (Doc. No. 177), and an unauthenticated spreadsheet attached to Doc. No. 188. *See* (Doc. No. 188, at 179). Since Ms. Baptiste-Alkebu-Lan's report is dated September 5, 2017, well after the deadline to disclose expert reports and the close of discovery, the affidavit is untimely and inadmissible in response to USF's motion for summary judgment. The same holds true for the spreadsheets submitted by the Plaintiff, which have not been authenticated and, as a result, are not admissible in response to summary judgment. Given, the Plaintiff's failure to support her disparate impact claims with admissible evidence in response to summary judgment, USF is entitled to summary judgment on Counts V and VI of the TAC.

### D. Breach of Contract

To recover damages for breach of contract, the plaintiff must prove: (1) the plaintiff and defendant entered into a contract, (2) the plaintiff did what the contract required, (3) all conditions required by the contract for defendant's performance occurred, (4) the defendant failed to perform under the contract, and (5) the plaintiff was harmed by that failure. *Atlantica One, LLC v. Adragna*, 177 So. 3d 89, 91 (Fla. 5th DCA 2015). The Court previously dismissed DeBose's claims for breach of contract not based on an express contract. (Doc. No. 50, at 3-4). While DeBose previously represented that USF withheld a copy of her written employment agreement, (Doc. No. 49, at 6), discovery is now complete, and no written employment agreement has been shown to exist. For this reason alone, DeBose's breach of contract claim fails as a matter of law.

Moreover, it appears that in actuality DeBose was employed pursuant to USF Regulation 10.210, which states that "employment is at will and . . . employees may be non-reappointed upon written notice from the CAO." (Doc. No. 206-1, at 2). Under

Regulation 10.201, "the [required] period of notification prior to the effective date of non-reappointment is . . . [t]hree (3) months' . . . for employees with two (2) or more years of continuous employment." (Doc. No. 206-1, at 2). "Following receipt of the notice of non-reappointment, the CAO has the option to assign the employee other duties and responsibilities and/or to require the employee to use accrued annual leave." (Doc. No. 206-1, at 3). It is undisputed that this is exactly what happened here: DeBose was given three months' notice of her non-renewal, and was required to use accrued annual leave during the three month period following receipt of the notice of non-reappointment. As a result, DeBose has failed to prove that USF breached any of its non-reappointment procedures.

**E. Tortious Interference**

Under Florida law, the elements of a claim for tortious interference are: "(1) the existence of a business relationship that affords the plaintiff existing or prospective rights; (2) the defendant's knowledge of the business relationship; (3) the defendant's intentional and unjustified interference with the relationship; and (4) damage to the plaintiff." *Int'l Sales & Serv., Inc. v. Austral Insulated Products, Inc.*, 262 F.3d 1152, 1154 (11th Cir. 2001). In the TAC, the Plaintiff asserts claims for tortious interference against USF and Ellucian, claiming that Ralph Wilcox's negative review of her performance cost her a prospective employment opportunity at UNF, and that Ellucian's statements criticizing the Registrar's Office in its report caused her termination from USF. Neither claim holds water for one very simple reason: despite DeBose's plethora of allegations concerning USF and Ellucian's improper behavior, the record is devoid of evidence that either entity *intentionally* interfered with her existing or prospective rights of employment.

With respect to USF, the only person who could have intentionally interfered with DeBose's prospective rights of employment at UNF is Wilcox. While DeBose claims Wilcox told Traynham he wanted DeBose "to have nothing . . . not even a shirt . . . . bare, exposed with nothing," (A. DeBose Dep. Tr. 290:1-11), during her deposition DeBose was unable to clearly articulate who informed her of Wilcox's alleged "not even a shirt" statement. (A. DeBose Dep. Tr. 290:12-20). The best DeBose could do was to identify "a guy named Lance . . . who works at USF." (A. DeBose Dep. Tr. 290:18-20). Given the lack of information regarding the proponent of the "not even a shirt" comment, DeBose has failed to demonstrate that the testimony can be reduced to an admissible form. The same holds true for any statements regarding Wilcox's conversation with Traynham that were relayed to her by her friend Albert Colom. Mr. Colom is not a USF employee and, as a result, anything he told DeBose in May of 2015 is hearsay, and does not qualify as an admission of a party opponent or under any other exception to the rule against hearsay. Thus, DeBose's recitation of Colom's alleged version of the Traynham conversation is inadmissible in opposition to USF's summary judgment motion. Since DeBose lacks any firsthand knowledge regarding Wilcox's intentions pertaining to the Traynham conversation, and Wilcox unequivocally denies interfering with DeBose's prospective rights of employment, USF is entitled to summary judgment on Count V of the TAC.

As for Ellucian, DeBose similarly lacks any firsthand knowledge regarding why Ellucian was critical of the Registrar's Office in its report. DeBose claims that Diamond's body language, face, and demeanor was "angry," (A. DeBose Dep. Tr. 97:16-23), that she "went out of her way . . . to cast a negative light on the registrar's office," and she that

 did not sincerely or honestly believe the opinions she expressed regarding the Registrar's Office. (A. DeBose Dep. Tr. 98:3—99:24). However, having an "angry" demeanor does not equate to tortious interference, and DeBose's beliefs regarding Diamond's alleged targeting of her office and lack of sincerity are pure conjecture. As a result, Ellucian is entitled to summary judgment on Count VI of the TAC.

### F. Civil Conspiracy

To prove a claim for civil conspiracy, the plaintiff must show: (1) the existence of an agreement between two or more parties, (2) to do an unlawful act, (3) the doing of some overt act in furtherance of the conspiracy, and (4) damages. *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1271 (11th Cir. 2009). In the TAC, DeBose accuses USF and Ellucian of conspiring "to terminate Plaintiff's employment for pretextual reasons by knowingly including inaccurate and improper information in the Ellucian Report with the intent of damaging Plaintiff." (Doc. No. 45, at ¶ 230). The problem for DeBose, however, is that there is absolutely no record evidence of any agreement between USF and Ellucian to include information critical of the Registrar's Office in the Ellucian Report. There are no emails, letters, or alleged oral statements that show any anti-DeBose collusion between USF and Ellucian. Any belief by DeBose that such collusion occurred is pure conjecture and has not been properly supported for purposes of opposing the Defendants' summary judgment motions. As a result, DeBose's civil conspiracy claims fail as a matter of law.

## V. Conclusion

Accordingly, it is

**ORDERED** that the Summary Judgment Motions are **GRANTED IN PART AND DENIED IN PART AS FOLLOWS**:

(1) USF's motion for summary judgment is **GRANTED** with respect to DeBose's claims of gender discrimination (Count I);

(2) USF's motion for summary judgment is **GRANTED** with respect to DeBose's claims of race *and* gender discrimination based on Hamilton's promotion to AVP EPM (Count I and III);

(3) USF's motion for summary judgment is **DENIED** with respect to DeBose's claims of race discrimination based on DeBose's non-reappointment as Registrar (Counts I and III);

(4) USF's motion for summary judgment is **GRANTED** with respect to DeBose's claims of retaliation based on Hamilton's promotion to AVP EPM (Counts II and IV);

(5) USF's motion for summary judgment is **DENIED** as to DeBose's claims of retaliation based on her non-reappointment as Registrar and Wilcox's poor reference to UNF (Counts II and IV);

(6) USF's motion for summary judgment is **GRANTED** as to DeBose's claims for disparate impact, breach of contract, tortious interference, and civil conspiracy (Counts V, VI, VII, IX, X);

(7) Ellucian's motion for summary judgment is **GRANTED** as to DeBose's claims for tortious interference and civil conspiracy (Counts VIII and X).

It is further **ORDERED** that DeBose and USF are directed to confer and file a status report within 30 days that contains the following information:

(1) The status or result of any previously or currently scheduled mediation and, if already concluded, the result of such mediation;

(2) Proposed dates for the mediation (if not already conducted) and trial of the remaining claims in this matter; and

(3) Any remaining issues to be addressed by the Court.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida this 29th day of September, 2017.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties