UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANGELA W. DEBOSE,

    Plaintiff,

v.                                                         Case No.: 8:15-cv-2787-EAK-AEP

UNIVERSITY OF SOUTH FLORIDA
BOARD OF TRUSTEES AND
ELLUCIAN COMPANY, L.P.,

    Defendants.
_____

## ORDER

On October 19, 2018, the Court entered an Order denying *in toto* Plaintiff's request for an award for a reasonable attorney's fee because a *pro se* plaintiff, as a matter of law, cannot recover an attorney's fee for representing herself. (Doc. 499). Currently before the Court is Plaintiff's motion for reconsideration and clarification of that Order ("**Motion**") (Doc. 501). Defendant, the University of South Florida Board of Trustees ("**USFBOT**"), opposes the Motion. (Doc. 510). Plaintiff's Motion is **GRANTED IN PART AND DENIED IN PART**.

**I.**    **Plaintiff's Request for Reconsideration**

Plaintiff first requests that the Court reconsider its Order to the extent that she be awarded attorneys' fees for services rendered by her former counsel. In her fee motion, Plaintiff requested the Court *tax as costs* against USFBOT $30,952.00 for amounts paid by Plaintiff to her former counsel. (Doc. 472). The Court denied

Plaintiff's request, as those expenditures are not properly recoverable as *costs* under 28 U.S.C. § 1920. (Doc. 499). Through the instant Motion, Plaintiff asserts that she mistakenly believed this was "the proper way" to identify and recover those expenditures. (Doc. 501 at 3). Plaintiff asks the Court to relieve her of her misstep and "grant reimbursement of the costs incurred and paid to other attorneys," which Plaintiff claims is evidenced by bank statements, receipts, and invoices attached to her Motion, or, alternatively, "enlarge the time so that additional documentation might be provided." Id. at 4.

"Courts in this District recognize 'three grounds justifying reconsideration of an order: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice.'" Bussey-Morice v. Kennedy, No. 6:11-cv-970-CEM-GJK, 2018 WL 4091899, at *1 (M.D. Fla. Aug. 27, 2018) (quoting McGuire v. Ryland Grp., Inc., 497 F. Supp. 2d 1356, 1358 (M.D. Fla. 2007); Montgomery v. Fla. First Fin. Grp., Inc., No. 6:06-cv-1639-GAP-KRS, 2007 WL 2096975, at *1 (M.D. Fla. July 20, 2007)). To prevail on a motion for reconsideration, "the movant 'must demonstrate why the court should reconsider its prior decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.'" Id. (quoting Lacy v. BP, PLC, et al., No. 11-cv-21855-MGC, 2015 WL 11822160, at *1 (S.D. Fla. Nov. 4, 2015)). "Reconsideration of a previous order is an extraordinary measure and should be

applied sparingly." Scelta v. Delicatessen Support Servs., Inc., 89 F. Supp. 2d 1311, 1320 (M.D. Fla. 2000).

Plaintiff has failed to satisfy the conditions for reconsideration. When Plaintiff submitted her fee motion, nothing precluded Plaintiff from providing the Court with a detailed accounting of amounts paid to her former counsel. Now, Plaintiff's request to submit that information and collect a fee award is out of time. Fed. R. Civ. P. 54(d)(2)(B)(i) ("Unless a statute or a court order provides otherwise . . . [a motion for attorneys' fees] must . . . be filed no later than 14 days after the entry of judgment[.]"); Horne v. Hamilton, Oh., 181 F.3d 101, 1999 WL 313902, at *1 (6th Cir. May 3, 1999) ("Numerous courts have applied Rule 54(d)(2)(B)'s fourteen day time limit to § 1988 motions for attorney's fees."). Moreover, even if the Court were to consider Plaintiff's untimely submission, the bank statements, receipts, and invoices Plaintiff provides simply show the *amounts* paid to Plaintiff's former counsel. Plaintiff has failed to provide any bases upon which to evaluate the work allegedly performed by her former counsel (e.g., attorney time records) or the reasonableness of her counsels' hourly rates (e.g., affidavits). And the Court declines the invitation to enlarge the time in which Plaintiff may submit additional documentation.

## II. <u>Plaintiff's Request for Clarification</u>

Plaintiff further requests that the Court clarify its denial of $112,500 in legal assistant fees. In her fee motion, Plaintiff requested a total of $712,500. (Doc. 472). $600,000 of that total amount was earmarked for services Plaintiff provided to herself, and the remaining $112,500 was earmarked for "legal assistant" services provided by Plaintiff's sister. (Doc. 473 at ¶3). The Court denied Plaintiff's fee motion as to all amounts requested. (Doc. 499). Plaintiff now asks the Court to clarify whether, in denying her an attorney fee award, the Court intended to deny the $112,500 in legal assistant fees.

"It is well-settled that, in a § 1988 [attorney's] fee request, time reasonably expended by legal assistants is recoverable." <u>Saleh v. Moore</u>, 95 F. Supp. 2d 555, 581 (E.D. Va. 2000), <u>aff'd sub nom.</u> <u>Saleh v. Upadhyay</u>, 11 F. App'x 241 (4th Cir. 2001) (citing <u>Spell v. McDaniel</u>, 852 F.2d 762, 770 (4th Cir. 1988)); <u>see also</u> <u>Missouri v. Jenkins by Agyei</u>, 491 U.S. 274, 289 (1989) (affirming the district court's decision "to award separate compensation" to law clerks, paralegals, and recent law graduates at market rates as being "fully in accord with § 1988."). However, because fees for time expended by a legal assistant are recoverable *as part of* a reasonable attorney fee award, Plaintiff, a *pro se* litigant, is not entitled to recovery of those fees. See <u>Kay v. Ehrler</u>, 499 U.S. 432, 435–38 (1991); <u>Cofield v. City of Atlanta</u>, 648 F.2d 986, 987–988 (5th Cir. 1981); <u>Hawkins v. 1115 Legal Serv.</u>

4

Care, 163 F.3d 684, 694–95 (2d Cir. 1998); Smith v. Panera Bread, No. 0:08-cv-60697-AJ, 2009 WL 10666948, at *1 (S.D. Fla. Mar. 23, 2009) (citing Stephens v. U.S. Postal Service, No. 3:05-cv-120-TJC-TEM, 2006 WL 2729654, at* 1 (M.D. Fla. Sept. 25, 2006)); Jones v. Mem'l Med. Ctr., Inc., No. 4:91-cv-00311-BAE, 1992 WL 512343, at *3 (S.D. Ga. May 1, 1992) (citations omitted).

Accordingly it is,

**ORDERED** that Plaintiff's Motion for Reconsideration in Part and Clarification of the Order Denying Attorney's Fees (Doc. 501) is **GRANTED IN PART AND DENIED IN PART** as follows:

1. Plaintiff's request for reconsideration of the Court's prior order denying an award of attorneys' fees for time billed by Plaintiff's former counsel is **DENIED**.

2. Plaintiff's request for clarification of the Court's prior order denying an award of attorneys' fees for amounts billed by Plaintiff's "legal assistant" is **GRANTED** to the extent that clarification has been provided.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida this 12th day of November, 2018.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Case No.:  8:15-cv-2787-EAK-AEP

Copies furnished to:

Counsel of Record
Unrepresented Parties