**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**ANGELA DEBOSE,**

      **Plaintiff,**

**v.**                            **CASE NO. 8:15-cv-02787-EAK-AEP**

**UNIVERSITY OF SOUTH FLORIDA**
**BOARD OF TRUSTEES, and**
**ELLUCIAN COMPANY, L.P.,**

      **Defendants.**

_____/

**DEFENDANT UNIVERSITY OF SOUTH FLORIDA BOARD OF TRUSTEES' MOTION**
**FOR DISTRICT COURT'S REVIEW OF COSTS TAXED BY CLERK**

University of South Florida Board of Trustees ("USFBOT"), by and through its undersigned counsel and pursuant to Fed.R.Civ.P. 54(d)(1), hereby respectfully requests District Court review of the Bill of Costs taxed against it by the Clerk on November 21, 2018.  [Doc. 520].

**I.**

**PRELIMINARY STATEMENT**

On October 2, 2018, Judgment was entered in favor of plaintiff Angela DeBose ("DeBose") in the amount of $310,500.00.  [Doc. 475].  On August 27, 2018, DeBose filed Plaintiff's Motion for Attorney's Fees and Cost of Litigation and Other Miscellaneous Relief ("Motion for Attorney's Fees") requesting $712,500.00 in attorney's fees and $102,520.00 in "litigation expenses." [Doc. 472].

On October 19, 2018, this Court entered its Order Denying Plaintiff's Motion for Attorney's Fees and Cost of Litigation and Other Miscellaneous Relief.  [Doc. 499].  In its Order, the Court ruled that certain costs sought by DeBose were not properly taxable under 28 U.S.C. § 1920.  As to the remaining costs sought by DeBose, this Court ruled that DeBose failed to provide the Court with the requisite information to determine whether they were properly taxable.

On October 23, 2018, DeBose filed Plaintiff's Motion for Reconsideration and Clarification ("Motion to Reconsider") of the Court's October 19, 2018 Order.  [Doc. 501].  On November 13, 2018, the Court entered its Motion Granting in Part and Denying in Part Plaintiff's Motion for Reconsideration. [Doc. 515].

On November 2, 2018, DeBose submitted a Bill of Costs.  [Doc. 508].  DeBose sought $34,325.00 in costs, which the Clerk taxed on November 21, 2018. [Doc. 520].[1]

## II.

## ARGUMENT

Throughout November, DeBose filed numerous documents in support of the Bill of Costs.  [Docs. 509, 512, 513, 514, 516, 518, and 519].  Yet, DeBose failed to provide sufficient information to meet her burden of proving that the invoices and bank statements are for taxable costs properly incurred in this case.  Furthermore, a number of invoices/bank statements reflect costs associated with DeBose's numerous Eleventh Circuit appeals, numerous state court cases, and included costs associated with cases in which USFBOT is not a party, which is inappropriate.

---

[1] The signed Bill of Costs taxed $34,325.00 against USFBOT.  However, the CM/ECF notification and docket displays the taxed costs as $35,325.00.

## A.   DEBOSE CANNOT RECOVER COSTS ASSOCIATED WITH OTHER LITIGATION

DeBose cannot recover costs associated with other litigation through this lawsuit. DeBose has the burden of providing the Court with sufficient information to determine that the costs were reasonably incurred in connection with her claims *in this case*. *See Gary Brown & Associates v. Ashdon, Inc.,* 268 Fed. Appx. 837, 846 (11th Cir. 2008) (denying costs for unspecified copying where the court could not determine if the documents were necessarily obtained for use in the case). While the Court has already ruled that it will not award costs that are not specifically enumerated in 28 U.S.C. § 1920, such as parking,[2] process server, medical reports, subpoenas, court records/ECF, travel-mileage, and parking [Doc. 499], DeBose nevertheless continued to submit bank statements and invoices creating confusion and burdensome review.

DeBose has submitted a request for parking fees, which the Court has already ruled were not a taxable cost, for the Twiggs Street Garage. The Twiggs Street Garage "services the *county* courthouse."[3] Not only is the garage in close proximity to the state courthouse, many of the dates reflected in the bank statements align with hearings in DeBose's state court cases against USFBOT, as well as DeBose's state court case against Ellucian Company, L.P., in which USFBOT is not a party.[4]

---

[2] *See Duckworth v. Whisenant*, 97 F.3d 1393, 1399 (11th Cir. 1996) (parking fees are "clearly nonrecoverable" under §1920).

[3] https://www.tampagov.net/parking/programs/garages-and-lots/twiggs-garage

[4] On July 26, 2018, the parties had a hearing in *Angela DeBose v. USF Board of Trustees, USF Academic Affairs of USF, Student Success of USF, and Paul Dosal,* Case No. 15-CA-005663 at 3:00 P.M. DeBose's Notice of Filing [Doc. 509] reflects a charge for $4.80 on the same date, at the Twiggs Street Garage.

3

Despite the fact that the Court already ruled that DeBose could not recover for parking, DeBose submitted bank statements that reflecting parking fees associated with her *state court cases*, which demonstrates the insufficiency of the basis supplied for the costs the Clerk taxed against USFBOT.   Furthermore, as discussed in more detail below, in addition to submitting parking fees associated with DeBose's state court cases, DeBose also submitted filing fees associated with her state court and Eleventh Circuit Appeals, which are not properly taxable.

**B.**   <u>**TAXATION OF FEES OF THE CLERK**</u>

The Clerk taxed $3,500 in filing fees against USFBOT.   However, the records provided by DeBose are not sufficiently detailed to support an award of $3,500 and DeBose failed to meet her burden to provide sufficient information to this Court to support such an award and to demonstrate that such fees were *associated with this case*.   Furthermore, the bank statements, check receipts, and invoices submitted by DeBose as evidence of "Fees of the Clerk" total $1,911.00[5].   Thus, even if DeBose

---

On June 11, 2018, the Parties had a hearing in *Angela DeBose v. USF Board of Trustees, USF Academic Affairs of USF, Student Success of USF, and Paul Dosal,* Case No. 15-CA-005663 at 10:00 A.M. DeBose's Notice of Filing [Doc. 513] reflects a charge for $2.40 on the same date, at the Twiggs Street Garage;

On June 22, 2018, the Parties had a hearing in *Angela DeBose v. USF Board of Trustees, USF Academic Affairs of USF, Student Success of USF, and Paul Dosal,* Case No. 15-CA-005663 at 9:00 A.M. DeBose's Notice of Filing [Doc. 513] reflects a charge for $7.00 on the same date, at the Twiggs Street Garage;

On August 16, 2018, DeBose and Ellucian had a hearing in *Angela DeBose v. Ellucian LP*, Case No. 17-CA-002114 at 10:00 A.M.  DeBose's Notice of Filing [Doc. 512] reflects a $2.40 charge on the same date, at the Twiggs Street Garage.
[5] *See* **Exhibit "A."**

could prove that they are related to this case, *which she has not,* the amount falls far short of the $3,500.00 taxed by the Clerk.[6]

DeBose admits that the figure she provided to the Clerk "[i]ncludes the fee for filing the notice of appeal," which the Clerk should not have taxed against USFBOT because most, if not all, of DeBose's Eleventh Circuit appeals were dismissed for lack of subject matter jurisdiction and, therefore, DeBose was not the prevailing party.  Of the $1,911.00 that DeBose demonstrated through bank statements, $500.00 was for the filing of a writ of mandamus action with the Eleventh Circuit Court of Appeals for which USFBOT was not given notice nor was USFBOT a party in the appeal.[7]

DeBose also submitted bank statements reflecting a total of $460.00 paid to "EPortal Filing."  These appear to be payments to the "Florida Courts E-Filing Portal" and not payments made to the Clerk of Court in the Middle District of Florida.  Therefore, neither the $500.00 cost associated with DeBose's appeal nor the $460.00 payment associated with one of DeBose's state court cases should have been taxed against USFBOT.

Moreover, DeBose has not provided this Court with any documents demonstrating that the remaining $951.00 was associated with filings in this case.  As a

---

[6] *See* Doc. 509, p. 26 of 65 – **$400.00** "FLMD CLERK US DISTRICT CT ORLANDO;"

Doc. 509, p. 59 of 65 - **$505.00** "FLMD CLERK US DISTRICT CT ORLANDO;"

Doc. 512, p. 8 of 11 - **$46.00** "FLMD CLERK US DISTRICT CT ORLANDO FL;"

Doc. 513, p. 11 of 19 - **$35.00** "ACH EPORTAL FILING;"

Doc. 513, p. 14 of 19 - **$425.00** "ACH EPORTAL FILING;" and

Doc. 514, p. 6 of 27 - **$500.00** "Eleventh Circuit Court of Appeals," for Writ of Mandamus.

[7] *In re Angela DeBose*, Case No. 18-11238.

result, DeBose failed to meet her burden.   The documentation submitted by DeBose demonstrate that of the $3,500.00 requested by DeBose, DeBose only provided evidence that $950.00 that *may* be related to the instant case.   Accordingly, USFBOT objects to the taxation of the "Fees of the Clerk" because DeBose has failed to provide sufficient detail to prove that the $950.00 paid to the Middle District of Florida was incurred in this case.

## C.   TAXATION OF FEES FOR SERVICE OF SUMMONS AND SUBPOENA

DeBose sought, and the Clerk taxed, $7,500.00 in fees for the service of summons and subpoenas.   [Doc. 520].   However, the Court previously ruled that the reimbursement of process servers and for subpoenas was not a taxable cost because 28 U.S.C. § 1920 contains no provision for taxation of the cost of private process servers.   [Doc. 499].   In addition, as evidence to tax such costs, DeBose cites the Local Rules for the United States District Court for the Middle District of North Carolina**,** which have no application to this case.   [Doc. 509].

Moreover, even where courts have awarded costs for process servers, the fee is limited to $65.00 where the private process server's fee exceeds the statutorily prescribed amount.   *See* 28 C.F.R. § 0.114(a)(3); *E.E.O.C. v. W & O, Inc.*, 213 F.3d 600,623-24 (11th Cir. 2000).   DeBose provided the Clerk with bank statements that reflect amounts that exceed the statutorily permissible limit for United States Marshal process serving costs.   Moreover, the bank statements submitted by DeBose only show the *amounts* paid to the process server and fail to provide any bases upon which to evaluate whether the service related to this case.

6

DeBose failed to provide the Clerk with any documentation that the individuals who received subpoenas were subpoenaed for this case.   Furthermore, DeBose's invoices reflect an $80.00 fee on September 29, 2018, which was *after* the conclusion of the trial in the instant case, which necessarily *must* relate to a case other than the instant case, which concluded on September 26, 2018.  [Doc. 509, p. 57 of 65].

DeBose submitted documentation to the Clerk reflecting service on individuals who did not give testimony during discovery or at trial.  Marquisha Wilson ("Wilson") and Willette Roach ("Roach") were served subpoenas on March 3, 2017.   [Doc. 516]. Neither individual was disclosed in DeBose's Rule 26 initial disclosure.   Because DeBose never disclosed either individual, neither Wilson's or Roach's testimony could have been used at trial.  Therefore, DeBose should not be able to recover for service on Wilson or Roach.

DeBose also sought to recover for the service of subpoenas on Bob Sullins and Andrea Diamond, who were served on September 11, 2018, and whose service required a "rush fee."   DeBose cannot recover for rush service fees.  *See Kennedy v. Joy Techs., Inc.*, 484 F Supp. 2d 502 (WD VA 2007); *Powell v. Carey Int'l, Inc.,* 548 F Supp. 2d 1351 (SD Fla 2008).   Furthermore, even if rush service was necessary, DeBose has failed to provide any such documentation to justify the use of rush service. *See Williams v. Thresholds, Inc.*, 14 AD Cas 1916 (ND Ill 2003) (court denied rush service fees because the employer failed to justify such a need).

Moreover, while the Clerk taxed $7,500.00 in process server fees, DeBose only provided invoices or bank statements amounting to $1,529.60[8] and failed to provide evidence that would allow this Court to conclude that bank statements necessarily reflect service *in this case*.  As a result, USFBOT respectfully objects to the Clerk taxing the $7,500 for "service of summons and subpoena" on the grounds that this Court has already ruled that DeBose could not recover for process servers [Doc. 499], DeBose's bank statements provide no detail to meet the burden imposed on DeBose in order to show that the fees related to this case, DeBose attempted to recover beyond the statutorily prescribed amount, and because DeBose's documentation falls far short of the amount taxed by this Court.

D.    **TAXATION FOR TRANSCRIPTS OBTAINED FOR USE IN THE CASE**

The Clerk taxed $3,460.00 in fees for printed or electronically recorded transcripts "necessarily obtained for use in the case." [Doc. 520].  DeBose provided bank statements and invoices from Murray Court Reporting, Esquire Solutions and Independent Reporting allegedly pertaining to the transcription or recording services for deposition, hearings, and trial transcripts in the instant litigation.  However, the bank statements and invoices do not show for which cases the transcripts and depositions were taken, much less making the required showing that the transcripts and depositions were *necessarily obtained for use in this case*.

A party **may** recover fees for depositions and transcripts only when *necessarily* obtained for use in the *case*.  *PODS Enters., LLC v. U-Haul Int'l, Inc.*, 2015 WL 5021668, at *1 (M.D. Fla. Aug. 24, 2015); 28 U.S.C. § 1920(2).  "Recoverable costs

---

[8] *See* **Exhibit "A."**

include deposition transcript costs and attendance fees of the court reporter or *per diem*." *Parrot, Inc. v. Nicestuff Dist. Int'l, Inc.*, 2010 WL 680948, at *14 (S.D. Fla. Feb. 24, 2010); *Barrera v. Weiss & Woolrich S.*, 900 F. Supp. 2d 1328, 1335 (S.D. Fla. 2012) (awarding costs for court reporter's appearance fee and transcript). If a deposition was taken by the non-prevailing party, the prevailing party "may recover the costs associated with obtaining a copy of a deposition transcript." *Frasca v. NCL (Bahamas) Ltd.*, 2014 WL 4206697, at *5 (S.D. Fla., Aug. 25, 2014).

DeBose has not provided evidence that the court reporter invoices relate to depositions taken in this case.  In fact, the most that DeBose submits to this Court is that "[t]he deponent testified at trial; or the deposition was admitted into evidence" and that the "[t]ranscripts [were] used in the case and on appeal."  [Doc. 509].  DeBose never explained individual invoices or bank statements to explain which fee related to which of DeBose's numerous cases against USFBOT, nor did she demonstrate whether or how such transcript or deposition was used in this case.

DeBose provided this Court with a bank statement reflecting a charge of $862.75 to Murray Court Reporting on October 15, 2018, which was *after* the conclusion of the federal trial.  In addition, the trial was transcribed by David Collier of the U.S. District Court for the Middle District and not by Murray Court Reporting. [Doc. 509, p. 57 of 65]. DeBose also provides a chart that includes two court reporting services in 2009 and three in 2015 before this case was filed.  [Doc. 509, p. 21 of 65].  These fees provided by DeBose necessarily *cannot* apply to the instant litigation because they occurred prior to the filing of this case.

Accordingly, USFBOT objects to the taxation of $3,460.00 in fees for transcripts and depositions obtained for use in this case because DeBose clearly failed to demonstrate that such costs were related to this case.

**E.    TAXATION OF FEES FOR PRINTING AND FOR COSTS OF MAKING COPIES**

The Clerk taxed $10,850 for "fees and disbursements for printing" and $9,015.00 for "the costs of making copies of any materials where the copies are necessarily obtained for use in the case." [Doc. 520]. Pursuant to 28 U.S.C. § 1920(4), a prevailing party may recover "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." Further, "in evaluating copying costs, the court should consider whether the prevailing party could have reasonably believed that it was necessary to copy the papers at issue." *W&O, Inc.*, 213 F.3d 623.  *If copies were obtained for the prevailing party's convenience, however, they are not recoverable. Rodriguez v. M.I. Quality Lawn Maint., Inc.*, 2012 WL 664275, at *6 (S.D. Fla. Feb. 9, 2012) (emphasis added).  The burden is on the prevailing party to present evidence "regarding the documents copied including their use or intended use." *Cullens v. Ga. Dep't of Transp.*, 29 F.3d 1489, 1494 (11th Cir. 1994).

DeBose failed to present *any* evidence that would allow this Court to determine that $35.92 in costs paid to UPS, $613.42 in costs paid to Federal Express, and $126.52 in costs paid to Office Depot were costs associated with this case.  The payments to UPS, Office Depot, and Federal Express total $775.86, which is *substantially lower* than the $19,865.00 the Clerk taxed against USFBOT.  [Doc. 520]. Furthermore, even if the $775.86 related to this case, DeBose has failed to present any

10

evidence that describes what documents were copied/printed, whether those documents relate to this case, or whether those documents were *necessary* and not just for the convenience of DeBose.   DeBose failed to provide documentation to justify taxation of $19,865, nor has she justified the taxation of $775.86 against USFBOT because she did not prove that the cost of printing and copying was "necessarily obtained for use in [this] case."   USFBOT respectfully objects to the Clerk's taxation of the above amount and respectfully asks the Court to modify the amount taxed.

III.

## CONCLUSION

**WHEREFORE,** defendant University of South Florida Board of Trustees respectfully requests that the Court to review the costs taxed by the Clerk and reduce them in accordance with Fed.R.Civ.P. 54 and 28 U.S.C. § 1920.

Respectfully submitted,

/s/ Richard C. McCrea, Jr.
Richard C. McCrea, Jr.
Florida Bar No. 351539
Email: mccrear@gtlaw.com
Cayla McCrea Page
Florida Bar No. 1003487
Email: pagec@gtlaw.com
GREENBERG TRAURIG, P.A.
101 E. Kennedy Boulevard, Suite 1900
Tampa, FL  33602
Telephone:  (813) 318-5700
Facsimile:  (813) 318-5900
Attorneys for Defendant
University of South Florida Board of
Trustees

11

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on November 28, 2018, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to:

Angela DeBose, Pro Se
1107 W. Kirby Street
Tampa, FL  33604

Jeffrey B. Jones, Esquire
Kimberly J. Doud, Esquire
Nancy A. Byer, Esquire
Littler Mendelson, P.C.
111 North Magnolia Avenue, Suite 1250
Orlando, FL  32801

/s Richard C. McCrea, Jr.
Attorney

TPA 512477514v1