IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CIVIL ACTION NO. 8:15-cv-02787-EAK-AEP

ANGELA DEBOSE,  )
  )
    Plaintiff,  )
v.  )
  )
UNIVERSITY OF SOUTH FLORIDA  )
BOARD OF TRUSTEES, UNIVERSITY  )
OF SOUTH FLORIDA, AND ELLUCIAN,  )
L.P.,  )
  )
    Defendants.  )
_____/

**PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S
UNTIMELY OBJECTION TO COSTS TAXED BY CLERK**

Plaintiff Angela DeBose moves the Court to strike Defendant University of South Florida Board of Trustees' ("USFBOT") untimely objection to costs taxed by the Clerk. Defendant USFBOT has filed a Motion for District Court's Review of Costs Taxed by Clerk as a veiled attempt to file an untimely objection. In support of her motion, Plaintiff states as follows:

**PROCEDURAL BACKGROUND**

On October 2, 2018, following a Jury Trial, Judgment was entered in favor of the Plaintiff in the amount of $310,500.00. (Doc. 475). On August 27, 2018, Plaintiff filed a Motion for Attorney's Fees and the Cost of Litigation and Other Miscellaneous Relief. (Doc. 472). On October 19, 2018, the Court denied Plaintiff's Motion for Attorney Fees; denied without prejudice Plaintiff's motion to submit her costs; and referred Plaintiff's motion for front pay to the magistrate judge. (id.). On October 23, Plaintiff filed a Motion for Reconsideration (Doc. 501) as to Attorney Fees (i.e. sums paid by Ms. DeBose to her former counsels) and

1

Clarification concerning Legal Assistant costs that were included as a part of the attorney's fees requested but not expressly addressed in the Court's Order denying the fees. On November 2, 2018, Plaintiff submitted her costs on the Bill of Costs form as directed by the Court. (Doc. 508). On November 13, 2018, the Court entered an Order, granting in part and denying in part Plaintiff's Motion for Reconsideration. (Doc. 515). On November 21, 2018, the Clerk taxed the costs. (Doc. 520). On November 28, Defendant filed a motion requesting the District Court's Review of the Costs Taxed by the Clerk, implying the Order denied Plaintiff's Cost with prejudice and that Plaintiff's subsequently filed motion for reconsideration concerned the bill of costs. (Doc. 521). Plaintiff's motion to strike follows.

## ARGUMENT

### DeBose is Entitled to Recover her Costs as the Prevailing Party

Under Federal Rule of Civil Procedure 54(d)(1), costs are awarded to a "prevailing party." On November 2, 2018, Plaintiff filed her proposed Bill of Costs. (Doc. 508). As an initial matter, the Court can only assess costs against Defendant against whom Plaintiff prevailed. "[A] prevailing party is one that has obtained a judgment on the merits, a consent decree, or some similar form of judicially sanctioned relief." *El Paso Indep. Sch. Dist. v. Richard R.*, 591 F.3d 417, 422 (5th Cir. 2009) (citing *Buckhannon Bd. & Bare Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 603 (2001)). Defendant does not dispute that Plaintiff is the prevailing party in the case. However, Defendant has not accepted the lost, and USFBOT's desire that Plaintiff receive nothing has not waned. USFBOT has not satisfied the judgment. DeBose has not recovered anything.

**Defendant's Objection is Untimely and Should be Denied**

On November 2, 2018, DeBose submitted a bill of costs. Objections must be filed within 14 days after service of the bill of costs, unless the court extends the time. USFBOT did not file any objection or request an extension. On November 21, 2018, the Clerk taxed the costs. (Doc. 520). On November 28, 2018, USFBOT filed a motion tantamount to an untimely Objection, asking the District Court to review the costs taxed by the clerk. Regarding costs, Rule 54(d)(1) states in pertinent part: (1) Costs Other Than Attorney's Fees. Unless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party. . . . The clerk may tax costs on 14 days' notice. On motion served within the next 7 days, the court may review the clerk's action.

**The District Court has Discretion**

A district court's decision about whether to award costs to the prevailing party for an abuse of discretion. *Mathews v. Crosby*, 480 F.3d 1265, 1276 (11th Cir. 2007). "An abuse of discretion occurs if the trial judge bases an award or denial upon findings of fact that are clearly erroneous." *Id*. Federal Rule of Civil Procedure 54(d)(1) provides that litigation costs, other than attorney's fees, should be awarded to the prevailing party "[u]nless a federal statute, these rules, or a court order provides otherwise." While Rule 54(d) gives district courts discretion to determine whether an award of taxable costs is appropriate, the Eleventh Circuit has long recognized a strong presumption that district courts will award these costs to the prevailing party. *Chapman v. AI Transport*, 229 F.3d 1012, 1038 (11th Cir. 2000) (citing Fed. R. Civ. P. 54(d)(1)). "[T]o defeat the presumption and deny full costs, a district court must have and state a sound basis for doing so." *Chapman*, 229 F.3d at 1039 (citing *Head v. Medford*, 62 F.3d 351, 354 (11th Cir. 1995)). Furthermore, before the court may tax costs against the losing party, the party

claiming items of cost must make an affidavit, either personally or through counsel with knowledge of the facts, that such items are correct and necessarily incurred in the case, that the fees were actually charged, and that services were necessarily performed. 28 U.S.C. § 1924. Here, DeBose completed the Bill of Costs form, itemed the bill of costs in a table identifying and summing separately taxable and non-taxable costs. See Plaintiff's Itemized Bill of Costs Table (Doc. 509, #1). Plaintiff also submitted her affidavit. (Doc. 513, #2).

## CONCLUSION

WHEREFORE, Plaintiff respectfully asks the Court to strike Defendant's untimely objection, which is no more than a thinly veiled attempt to effect an unjust outcome wherein the Plaintiff is denied recovery of *any* costs or relief associated with her September 27, 2018 motion and the judgment, as the prevailing party.

**Dated: December 3, 2018**                                              Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　 /s/ *Angela DeBose*
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Angela DeBose, Plaintiff
　　　　　　　　　　　　　　　　　　　　　　　　　　　　1107 W. Kirby St.
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Tampa, Florida 33604
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Telephone: (813) 932-6959
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Email: awdebose@aol.com


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this **3rd** day of December, 2018, the above and foregoing was filed with the Clerk of the Court to send electronic notice of the filing to counsel of record.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　 /s/ *Angela DeBose*
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Angela DeBose, Plaintiff
　　　　　　　　　　　　　　　　　　　　　　　　　　　　1107 W. Kirby Street
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Tampa, Florida 33604
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Telephone: (813) 932-6959
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Email: awdebose@aol.com