## THE UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

| | |
|---|---|
| **ANGELA DEBOSE,**<br>      **Plaintiff,** | )<br>)<br>) |
| **v.** | )   **CASE NO. 8:15-cv-02787-EAK-AEP** |
| | ) |
| **UNIVERSITY OF SOUTH FLORIDA**<br>**BOARD OF TRUSTEES, UNIVERSITY**<br>**OF SOUTH FLORIDA, AND**<br>**ELLUCIAN, L.P.,**<br>      **Defendants.** | )<br>)<br>)<br>)<br>) |

/

### AMENDED NOTICE OF APPEAL[1]

Notice is hereby given that Plaintiff Angela DeBose appeals to the United States Court of Appeals for the Eleventh Circuit from the Order entered on July 20, 2018 (*see* ECF No. 293, Exhibit A); from the July 30, 2018 Order (*see* ECF No. 296, Exhibit B); from the February 8, 2017 Order (ECF 86, Exhibit C); from the August 7, 2017 Order (ECF 144, Exhibit D); from Order (ECF 311, Exhibit E); and Opinion (ECF 359, Exhibit F). The Final Judgments of the Court were entered on October 2, 2018 and October 5, 2018.  (ECF 474, 475, and 482, Exhibit G).

Respectfully submitted,

 /s/ *Angela DeBose*
Angela DeBose

1107 W. Kirby Street
Tampa, Florida 33604
Telephone: (813) 932-6959
Email: awdebose@aol.com

---

[1] Eleventh Circuit Court Case No. 18-13545.  Plaintiff's previous "Amended" Notice of Appeal was her initial or original Notice of Appeal of the Orders at ECF No. 293 and ECF No. 296.  Therefore, this is Plaintiff's first amendment.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this **7th** day of December, 2018, the above and foregoing was filed with the Clerk of the Court, which will email the following: Richard C. McCrea, Jr., Greenberg Traurig, P.A., 101 East Kennedy Boulevard, Suite 1900, Tampa, Florida 33602-5148; email: (mccrear@gtlaw.com) and Kimberly Doud, Littler Mendelson, 111 North Magnolia Avenue, Suite 1250, Orlando, Florida 32801; email: kdoud@littler.com.

_/s/ Angela DeBose_
Angela DeBose

1107 W. Kirby Street
Tampa, Florida 33604
Telephone: (813) 932-6959
Email: awdebose@aol.com

Exhibit



A

| | | |
|---|---|---|
| | | (Entered: 06/25/2018) |
| 06/25/2018 | 280 | MOTION for sanctions by Angela W. DeBose. (DeBose, Angela) (Entered: 06/25/2018) |
| 06/25/2018 | 281 | AFFIDAVIT of Angela DeBose re: 280 MOTION for sanctions *In Support of Sanctions* by Angela W. DeBose. (Attachments: # 1 Exhibit A, # 2 Exhibit B - transcript excerpts, # 3 Exhibit C, # 4 Exhibit D 3-5 - contract)(DeBose, Angela) Modified text on 6/27/2018 (AG). (Entered: 06/25/2018) |
| 06/27/2018 | 282 | ORDER of USCA: Pursuant to the 11th Cir.R.42-1(b), this appeal is DISMISSED for want of prosecution because the appellant Angela W. DeBose failed to pay the filing and docketing fees to the district court, or alternatively, file a motion to proceed in forma pauperis in the district court within the time fixed by the rules as to 276 Notice of appeal filed by Angela W. DeBose. EOD: 6/26/18; USCA number: 18-12226-K. (JNB) (Entered: 06/27/2018) |
| 06/27/2018 | 283 | NOTICE by Ellucian Company, L.P. re 279 Notice (Other), 280 MOTION for sanctions *REGARDING PLAINTIFF'S MOTION FOR SANCTIONS* (Doud, Kimberly) (Entered: 06/27/2018) |
| 06/29/2018 | 284 | **ENDORSED ORDER that Defendants shall respond to 280 Plaintiff's Motion for Sanctions on or before July 9, 2018. Signed by Judge Elizabeth A. Kovachevich on 6/29/2018. (RLH)** (Entered: 06/29/2018) |
| 07/09/2018 | 285 | RESPONSE in Opposition re 280 MOTION for sanctions filed by University of South Florida Board of Trustees. (McCrea, Richard) (Entered: 07/09/2018) |
| 07/09/2018 | 286 | RESPONSE in Opposition re 280 MOTION for sanctions filed by Ellucian Company, L.P.. (Attachments: # 1 Exhibit A)(Doud, Kimberly) (Entered: 07/09/2018) |
| 07/10/2018 | 287 | NOTICE of Appearance by Nancy A. Beyer on behalf of Ellucian Company, L.P., Ellucian, L.P. (Beyer, Nancy) (Entered: 07/10/2018) |
| 07/11/2018 | 288 | MOTION for leave to file Reply to Defendants' Opposition to Motion for Sanctions by Angela W. DeBose. (DeBose, Angela) (Entered: 07/11/2018) |
| 07/11/2018 | 289 | **ENDORSED ORDER granting 288 Motion for Leave to File Reply. Plaintiff's reply shall not exceed five (5) pages. Plaintiff shall file her reply on or before July 18, 2018. Signed by Judge Elizabeth A. Kovachevich on 7/11/2018. (RLH)** (Entered: 07/11/2018) |
| 07/17/2018 | 290 | *** Terminated- Filer notified to re-file with signature page *** REPLY to Response to Motion re 280 MOTION for sanctions *Plaintiff's Reply to USFBOT's Opposition to Motion for Sanctions* filed by Angela W. DeBose. (DeBose, Angela) Modified text and NEF regenerated on 7/17/2018 (KMM). (Entered: 07/17/2018) |
| 07/17/2018 | 291 | REPLY to Response to Motion re 280 MOTION for sanctions *Plaintiff's Reply to USFBOT's Opposition to Motion for Sanctions* filed by Angela W. DeBose. (DeBose, Angela) (Entered: 07/17/2018) |
| 07/17/2018 | 292 | REPLY to Response to Motion re 280 MOTION for sanctions *Plaintiff's Reply to Ellucian's Opposition to Motion for Sanctions* filed by Angela W. DeBose. (DeBose, Angela) (Entered: 07/17/2018) |
| 07/20/2018 | 293 | **ENDORSED ORDER denying 280 Plaintiff's Motion for Sanctions. Upon review, Plaintiff's Motion is nothing more than a thinly-veiled attempt to challenge 210 the Court's summary judgment order. Plaintiff fails to substantiate the allegations raised in her motion, and her motion is otherwise not well-taken. As the Court previously indicated in 275 its May 25, 2018 order, any motions directed at the** |

| | | |
|---|---|---|
| | | **Court's summary judgment order that otherwise fail to raise meritorious bases for reconsideration will be denied without further consideration. Signed by Judge Elizabeth A. Kovachevich on 7/20/2018. (RLH) (Entered: 07/20/2018)** |
| 07/23/2018 | | USCA appeal fees received $ 505 receipt number tpa051995 re 276 Notice of appeal filed by Angela W. DeBose (ARC) (Entered: 07/23/2018) |
| 07/28/2018 | 294 | MOTION for Reconsideration re 293 Order on Motion for Sanctions *280 Denying Requested Relief* by Angela W. DeBose. (DeBose, Angela) (Entered: 07/28/2018) |
| 07/30/2018 | 295 | MOTION to Strike 66 Memorandum in opposition *66 and 84 Affidavits as a Sham* by Angela W. DeBose. (Attachments: # 1 Exhibit Exhibits A-G, # 2 Affidavit 7-28-18 Affidavit of Delonjie Tyson, # 3 Exhibit 7-18-18 Deposition of Delonjie Tyson, # 4 Exhibit 4-12-18 Sworn Police Statement of Kim Bushe-Whiteman, # 5 Affidavit 3-16-17 Affidavit of Kim Bushe-Whiteman)(DeBose, Angela) Motions referred to Magistrate Judge Anthony E. Porcelli. (Entered: 07/30/2018) |
| 07/30/2018 | 296 | **ENDORSED ORDER denying 294 Motion for Reconsideration. Signed by Judge Elizabeth A. Kovachevich on 7/30/2018. (RLH) (Entered: 07/30/2018)** |
| 07/30/2018 | 297 | Emergency MOTION to Continue *Trial Date and For Additional Time for Trial* by Angela W. DeBose. (Attachments: # 1 Exhibit 04-20-18 Deposition of Ralph Wilcox, # 2 Exhibit 07-10-18 Deposition of Ralph Wilcox)(DeBose, Angela) (Entered: 07/30/2018) |
| 07/31/2018 | 298 | **ENDORSED ORDER that, on or before August 2, 2018, Defendant University of South Florida Board of Trustees shall file its response to 297 Plaintiff's emergency motion to continue trial. Signed by Judge Elizabeth A. Kovachevich on 7/31/2018. (RLH) (Entered: 07/31/2018)** |
| 08/01/2018 | 299 | RESPONSE in Opposition re 297 Emergency MOTION to Continue *Trial Date and For Additional Time for Trial* filed by University of South Florida Board of Trustees. (McCrea, Richard) (Entered: 08/01/2018) |
| 08/01/2018 | 300 | RESPONSE in Opposition re 295 MOTION to Strike 66 Memorandum in opposition *66 and 84 Affidavits as a Sham* filed by University of South Florida Board of Trustees. (McCrea, Richard) (Entered: 08/01/2018) |
| 08/02/2018 | 301 | MOTION for leave to file Reply to Defendant's Opposition *to Motion to Strike Affidavits as a Sham, for Sanctions, and for Default Judgment* by Angela W. DeBose. (DeBose, Angela) (Entered: 08/02/2018) |
| 08/02/2018 | 302 | MOTION for leave to file A Reply to Defendant's Opposition to Continuance by Angela W. DeBose. (DeBose, Angela) (Entered: 08/02/2018) |
| 08/02/2018 | 303 | **ENDORSED ORDER denying without prejudice 297 Motion to Continue. Signed by Judge Elizabeth A. Kovachevich on 8/2/2018. (RLH) (Entered: 08/02/2018)** |
| 08/02/2018 | 304 | **ENDORSED ORDER denying as moot 302 Motion for Leave to File. Signed by Judge Elizabeth A. Kovachevich on 8/2/2018. (RLH) (Entered: 08/02/2018)** |
| 08/03/2018 | 305 | **ENDORSED ORDER granting 301 Motion for Leave to File a Reply. Plaintiff shall have seven days from the date of this order to file a reply, not to exceed five pages in length. Signed by Magistrate Judge Anthony E. Porcelli on 8/3/2018. (JMF) (Entered: 08/03/2018)** |
| 08/06/2018 | 306 | REPLY to Response to Motion re 301 MOTION for leave to file Reply to Defendant's Opposition *to Motion to Strike Affidavits as a Sham, for Sanctions, and for Default Judgment* filed by Angela W. DeBose. (DeBose, Angela) (Entered: 08/06/2018) |
| 08/07/2018 | 307 | NOTICE by University of South Florida Board of Trustees *of Filing Pretrial Statement* |

Exhibit

# B

| | | |
|---|---|---|
| | | Court's summary judgment order that otherwise fail to raise meritorious bases for reconsideration will be denied without further consideration. Signed by Judge Elizabeth A. Kovachevich on 7/20/2018. (RLH) (Entered: 07/20/2018) |
| 07/23/2018 | | USCA appeal fees received $ 505 receipt number tpa051995 re 276 Notice of appeal filed by Angela W. DeBose (ARC) (Entered: 07/23/2018) |
| 07/28/2018 | 294 | MOTION for Reconsideration re 293 Order on Motion for Sanctions 280 Denying Requested Relief by Angela W. DeBose. (DeBose, Angela) (Entered: 07/28/2018) |
| 07/30/2018 | 295 | MOTION to Strike 66 Memorandum in opposition 66 and 84 Affidavits as a Sham by Angela W. DeBose. (Attachments: # 1 Exhibit Exhibits A-G, # 2 Affidavit 7-28-18 Affidavit of Delonjie Tyson, # 3 Exhibit 7-18-18 Deposition of Delonjie Tyson, # 4 Exhibit 4-12-18 Sworn Police Statement of Kim Bushe-Whiteman, # 5 Affidavit 3-16-17 Affidavit of Kim Bushe-Whiteman)(DeBose, Angela) Motions referred to Magistrate Judge Anthony E. Porcelli. (Entered: 07/30/2018) |
| 07/30/2018 | 296 | **ENDORSED ORDER denying 294 Motion for Reconsideration. Signed by Judge Elizabeth A. Kovachevich on 7/30/2018. (RLH) (Entered: 07/30/2018)** |
| 07/30/2018 | 297 | Emergency MOTION to Continue *Trial Date and For Additional Time for Trial* by Angela W. DeBose. (Attachments: # 1 Exhibit 04-20-18 Deposition of Ralph Wilcox, # 2 Exhibit 07-10-18 Deposition of Ralph Wilcox)(DeBose, Angela) (Entered: 07/30/2018) |
| 07/31/2018 | 298 | **ENDORSED ORDER that, on or before August 2, 2018, Defendant University of South Florida Board of Trustees shall file its response to 297 Plaintiff's emergency motion to continue trial. Signed by Judge Elizabeth A. Kovachevich on 7/31/2018. (RLH) (Entered: 07/31/2018)** |
| 08/01/2018 | 299 | RESPONSE in Opposition re 297 Emergency MOTION to Continue *Trial Date and For Additional Time for Trial* filed by University of South Florida Board of Trustees. (McCrea, Richard) (Entered: 08/01/2018) |
| 08/01/2018 | 300 | RESPONSE in Opposition re 295 MOTION to Strike 66 Memorandum in opposition 66 and 84 Affidavits as a Sham filed by University of South Florida Board of Trustees. (McCrea, Richard) (Entered: 08/01/2018) |
| 08/02/2018 | 301 | MOTION for leave to file Reply to Defendant's Opposition *to Motion to Strike Affidavits as a Sham, for Sanctions, and for Default Judgment* by Angela W. DeBose. (DeBose, Angela) (Entered: 08/02/2018) |
| 08/02/2018 | 302 | MOTION for leave to file A Reply to Defendant's Opposition to Continuance by Angela W. DeBose. (DeBose, Angela) (Entered: 08/02/2018) |
| 08/02/2018 | 303 | **ENDORSED ORDER denying without prejudice 297 Motion to Continue. Signed by Judge Elizabeth A. Kovachevich on 8/2/2018. (RLH) (Entered: 08/02/2018)** |
| 08/02/2018 | 304 | **ENDORSED ORDER denying as moot 302 Motion for Leave to File. Signed by Judge Elizabeth A. Kovachevich on 8/2/2018. (RLH) (Entered: 08/02/2018)** |
| 08/03/2018 | 305 | **ENDORSED ORDER granting 301 Motion for Leave to File a Reply. Plaintiff shall have seven days from the date of this order to file a reply, not to exceed five pages in length. Signed by Magistrate Judge Anthony E. Porcelli on 8/3/2018. (JMF) (Entered: 08/03/2018)** |
| 08/06/2018 | 306 | REPLY to Response to Motion re 301 MOTION for leave to file Reply to Defendant's Opposition *to Motion to Strike Affidavits as a Sham, for Sanctions, and for Default Judgment* filed by Angela W. DeBose. (DeBose, Angela) (Entered: 08/06/2018) |
| 08/07/2018 | 307 | NOTICE by University of South Florida Board of Trustees *of Filing Pretrial Statement* |

# Exhibit

# C

| | | |
|---|---|---|
| | | on behalf of University of South Florida Board of Trustees (McCrea, Richard) (Entered: 01/31/2017) |
| 02/01/2017 | 81 | RESPONSE in Opposition re 64 MOTION to Compel Against Ellucian to produce documents filed by Ellucian Company, L.P., Ellucian, L.P.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Doud, Kimberly) (Entered: 02/01/2017) |
| 02/07/2017 | 82 | ***TERMINATED-COUNSEL NOTIFIED TO REFILE USING SAME ECF LOGIN ASND SIGNATURE BLOCK*** NOTICE by Angela W. DeBose re 61 MOTION for sanctions *of Filing Document* (Attachments: # 1 Attachment to NOF)(Thompson, James) Modified on 2/7/2017 (LSS). (Entered: 02/07/2017) |
| 02/07/2017 | 83 | NOTICE by Angela W. DeBose re 61 MOTION for sanctions *of Filing Document* (Attachments: # 1 Attachment to NOF)(Thompson, James) (Entered: 02/07/2017) |
| 02/07/2017 | 84 | NOTICE by University of South Florida Board of Trustees re 61 MOTION for sanctions (Attachments: # 1 Affidavit Victoria Johhnson, # 2 Affidavit Suzanne Bishop, # 3 Affidavit Lois Palmer, # 4 Affidavit Beverly Jerry)(McCrea, Richard) (Entered: 02/07/2017) |
| 02/08/2017 | 85 | NOTICE by Angela W. DeBose *of Mediation (Manuel Menendez, Mediator)* (Thompson, James) (Entered: 02/08/2017) |
| 02/08/2017 | 86 | **ENDORSED ORDER denying 61 Motion for Sanctions; denying without prejudice 64 Motion to Compel, for the reasons stated at the hearing. Signed by Magistrate Judge Anthony E. Porcelli on 2/8/2017. (JMF) (Entered: 02/08/2017)** |
| 02/08/2017 | 87 | Minute Entry. Proceedings held before Magistrate Judge Anthony E. Porcelli: MOTION HEARING held on 2/8/2017 re 64 MOTION to Compel Against Ellucian to produce documents filed by Angela W. DeBose, 61 MOTION for sanctions filed by Angela W. DeBose. (digital) (LV) (Entered: 02/08/2017) |
| 02/08/2017 | 88 | NOTICE by University of South Florida Board of Trustees *of Correction* (McCrea, Richard) (Entered: 02/08/2017) |
| 02/13/2017 | 89 | Unopposed MOTION for Extension of Time to File Response/Reply as to 75 MOTION for summary judgment by Angela W. DeBose. (Hopkinson, Kathryn) Motions referred to Magistrate Judge Anthony E. Porcelli. (Entered: 02/13/2017) |
| 02/14/2017 | 90 | Unopposed MOTION for Extension of Time to File Response/Reply as to 68 MOTION for summary judgment by Angela W. DeBose. (Hopkinson, Kathryn) Motions referred to Magistrate Judge Anthony E. Porcelli. (Entered: 02/14/2017) |
| 02/14/2017 | 91 | **ENDORSED ORDER granting 89 Motion for Extension of Time to File Response/Reply to motion for summary judgment. Responses due by 3/17/2017. Signed by Judge Elizabeth A. Kovachevich on 2/14/2017. (EJJ) (Entered: 02/14/2017)** |
| 02/14/2017 | 92 | **ENDORSED ORDER granting 90 Motion for Extension of Time to File response to motion for summary judgment. Response/Reply Responses due by 3/17/2017. Signed by Judge Elizabeth A. Kovachevich on 2/14/2017. (EJJ) (Entered: 02/14/2017)** |
| 02/16/2017 | 93 | MOTION for James Thompson and Kathryn Hopkinson to withdraw as attorney by Angela W. DeBose. (Thompson, James) (Entered: 02/16/2017) |
| 02/17/2017 | 94 | SUPPLEMENT re 93 MOTION for James Thompson and Kathryn Hopkinson to withdraw as attorney by Angela W. DeBose. (Thompson, James) (Entered: 02/17/2017) |
| 02/17/2017 | 95 | OBJECTION re 93 MOTION for James Thompson and Kathryn Hopkinson to withdraw as attorney , 94 Supplement by Angela W. DeBose by Angela W. DeBose. (LSS) (Entered: 02/17/2017) |

Exhibit

D

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANGELA W. DEBOSE,

       Plaintiff,

v.                               Case No. 8:15-cv-2787-T-17AEP

USF BOARD OF TRUSTEES,
*et al.*,

       Defendants.

_____/

**ORDER**

      This cause is before the Court upon Plaintiff's Motion for Sanctions against Defendant

University of South Florida Board of Trustees ("USFBOT") for Spoliation and Nondisclosure

("Motion") (Doc. 123), in which Plaintiff requests that (1) she be permitted to submit evidence

at the trial pertaining to Defendant's destruction of the discoverable documents; (2) that the

Court instruct the jury that it should determine that the shredded evidence was highly adverse

to Defendant; (3) that the Court strike certain denials by Defendant; and (4) that the Court grant

Plaintiff a default judgment on her retaliation claim.  In support of her Motion, Plaintiff has

filed numerous affidavits and exhibits. (*See* Docs. 124 & 125).  In response, Defendant filed a

Memorandum of Law in Opposition to Plaintiff's Motion for Sanctions (Doc. 128), and Plaintiff

filed a Reply (Doc. 135) in response to Defendant's memorandum.  The Court held a hearing

on the matter on May 23, 2017.  Upon due consideration and being otherwise fully advised, the

Court finds, for the reasons that follow, that Plaintiff's Motion is without merit and due to be

denied.

## I.     Background

Plaintiff is before the Court requesting severe sanctions against Defendant for alleged spoliation.  Notably, in a separate matter, Plaintiff sought similar sanctions for spoliation of an alleged voicemail, and the Court denied the Plaintiff's request by concluding that Plaintiff failed to meet her burden.  (*See* Case No. 8:15-mc-18-T-17MAP, Doc. 85 (stating that it is doubtful Plaintiff has satisfied any of the elements necessary for the Court to award spoliation sanctions)).  The sanctions requested in the instant Motion were originally pursued in Plaintiff's Motion for Sanctions against Defendant for Intentional Shredding of Discoverable Documents ("Original Motion") (Doc. 61), filed on December 30, 2016.  The Court conducted a hearing on the Original Motion on February 8, 2017, during which the Court announced on the record that Plaintiff's Original Motion was deficient on a number of fronts, including: (1) the failure to identify with specificity the categories of records at issue; (2) the failure to demonstrate that the records at issue were requested in discovery and Defendant failed to produce the requested discovery; and (3) the failure to meet the requisite burden regarding prejudice and culpability. (*See* Hearing Transcript, Doc. 103 at 35-42).  Significantly, the extended discovery period in this case ran from March 1, 2016, through December 31, 2016, and at no time did Plaintiff file a motion seeking to compel Defendant to produce documents that Defendant allegedly failed to produce.  Rather, Plaintiff filed her Original Motion (Doc. 61).

As the Court noted during the February 8, 2017 hearing, Plaintiff established that Defendant shredded documents out of her departmental personnel file after it was obligated to preserve all relevant information for the instant litigation.  However, Defendant asserted that the documents that were shredded were duplicates of documents maintained in Plaintiff's personnel file maintained by Defendant's human resources office.  Thus, the issues framed during the February 8, 2017 hearing were (1) whether Plaintiff could establish what types of

2

documents were lost as a result of the shredding of her departmental personnel file; (2) did Defendant act in bad faith in shredding the departmental personnel file; and (3) how was Plaintiff prejudiced as a result of the shredding of the departmental personnel file.  Notably, Plaintiff failed to articulate in the Original Motion what types of documents were at issue.  Thus, the Court asked Plaintiff's attorney[1] to specifically articulate what types of documents were allegedly lost as a result of the shredding of the departmental personnel file, and Plaintiff's attorney identified during the February 8, 2017 hearing, an employment "contract . . ., e-mails . . ., draft versions of the Ellucian report, the exit interview with Caurie Waddell and telephone records." (Doc. 103 at 19-20; 37-42.)  The Court denied Plaintiff's Original Motion by finding that Plaintiff failed to meet her burden in establishing the requisite bad faith culpability on behalf of Defendant and the requisite prejudice resulting to Plaintiff.  (*See* Doc. 103 at 37-42.)  Subsequently, Plaintiff, proceeding *pro se*, filed a Motion for Clarification and Limited Reconsideration of this Court's Order Denying Plaintiff's Motion for Sanctions (Doc. 98), and a Motion to Allow Oral Testimony at Hearing (Doc. 111), seeking leave of Court to allow live testimony.  The Court denied Plaintiff's request to present live testimony (*see* Doc. 113) and Plaintiff's request for clarification (*see* Doc. 122) but gave Plaintiff ten days to file a renewed motion for sanctions given Plaintiff's assertion of new evidence pertaining to her spoliation arguments made in the Original Motion for sanctions (*Id.*)

Beyond the categories of documents identified by Plaintiff during the February 8, 2017 hearing, Plaintiff now asserts six additional categories of documents are at issue.  Specifically, Plaintiff asserts for the first time in this action that the following documents were lost as a result of the shredding of her departmental personnel file: (1) documents containing proof that she

---

[1] Notably, Plaintiff was represented by counsel in pursuit of the Original Motion and is now proceeding *pro se* in pursuit of the instant Motion.

had experience with financial aid leveraging systems, fee waivers, and the National Student Loan Data Service, which would have qualified her for promotion to the position of Assistant Vice President of Enrollment Planning and Management (Doc. 124, ¶ 6(a)); (2) certificates, awards, correspondence, and projects attesting to Plaintiff's history of collaboration and achievement, as well as Plaintiff's many contributions to student success (Doc. 124, ¶ 6(b)); (3) documents containing information about her actions with respect to Transfer Articulation, Degree Works and Tracking, and information about white male counterparts and their failures with respect to the degree auditing program (Doc. 124, ¶ 6(c)); (4) documents that allegedly may corroborate that there was an alleged agreement to extend Plaintiff's employment through 2019 (Doc. 124, ¶ 6(d)); (5) e-mails that would prove Defendants conspired to terminate Plaintiff (Doc. 124, ¶ 6(e)); and (6) documents that contained information about Dr. Ralph Wilcox giving a bad reference for other employees, Dr. Wilcox's "Jekyll-Hyde treatment" of Plaintiff, and his use of racially-charged, offensive language (Doc. 124, ¶ 6(f).)

## II.    Discussion

District courts maintain broad discretion to impose sanctions, a power which "derives from the court's inherent power to manage its own affairs and to achieve the orderly and expeditious disposition of cases." *Flury v. Daimler Chrysler Corp.*, 427 F.3d 939, 944 (11th Cir. 2005) (citation omitted). In imposing sanctions for discovery abuses, such as spoliation, district courts seek both to prevent unfair prejudice to litigants and to ensure the integrity of the discovery process. *Id.* (citation omitted). "Spoliation is the intentional destruction, mutilation, alteration, or concealment of evidence." *Arthrex, Inc. v. Parcus Med., LLC*, No. 2:10-cv-151-FtM-38DNF, 2014 WL 2742813, at *1 (M.D. Fla. June 10, 2014) (citation and quotation marks omitted). "To determine whether and what sanctions are warranted for spoliation of evidence, courts should primarily consider the extent of prejudice caused by the spoliation (based on the

4

importance of the evidence to the case), whether that prejudice can be cured, and the culpability of the spoliator." *Oil Equip. Co. Inc. v. Modern Welding Co. Inc.*, 661 F. App'x 646, 652 (11th Cir. 2016).  In making such determination, "[d]ismissal represents the most severe sanction available to a federal court, and therefore should only be exercised where there is a showing of bad faith and where lesser sanctions will not suffice." *Flury*, 427 F.3d at 944 (citation omitted).

The party seeking spoliation establishes its burden by proving (1) the missing evidence existed at one time; (2) the alleged spoliator had a duty to preserve the evidence; and (3) the evidence was crucial to the movant being able to prove its prima facie case or defense. *Peeler v. KVH Indus., Inc.*, Co. 8:12-cv-1584-T-33TGW, 2013 WL 3871420, at *4 (M.D. Fla. July 25, 2013) (citation omitted); *see also Green Leaf Nursery v. E.I. DuPont De Nemours and Co.*, 341 F.3d 1292, 1308 (11th Cir. 2003) (finding that the plaintiff must demonstrate it was unable to prove his cause of action due to the unavailability of the destroyed evidence).  Courts do not hold the "prejudiced party to too strict a standard of proof regarding the likely contents of the destroyed evidence because doing so allows the spoliators to profit from the destruction of evidence." *S.E. Mechanical Servs., Inc. v. Brody*, 657 F. Supp. 2d 1293, 1300 (M.D. Fla. 2009).  However, courts do not "treat missing evidence with an adverse inference unless the circumstances surrounding the missing evidence indicates bad faith such as tampering with evidence." *Arthrex, Inc.*, 2014 WL 2742813, at *1 (citation omitted).

Here, it is uncontested that in the summer of 2015 Plaintiff's departmental personnel file was shredded.  And, as the Court has previously stated (*see* Doc. 103 at 39), Defendant had a duty to preserve all relevant information pertaining to Plaintiff's claims in the summer of 2015, when the departmental personnel file was shredded.  This duty was, at a minimum, triggered by Plaintiff's claims of spoliation of a voice message filed in Case No. 15-mc-18-T-17MAP, which was initiated in February, 2015.  Thus, given that a duty to preserve existed

5

when the Plaintiff's departmental personnel file was shredded, what remains at issue are: (1) whether Defendant acted with bad faith in the shredding of documents in Plaintiff's departmental personnel file; (2) whether relevant documents were lost as a result of the shredding; and, if so, (3) to what extent the information was important to the case and could the information be available from other sources. In other words, what was the level of culpability of Defendant when the departmental personnel file was shredded, and what was the resulting prejudice to Plaintiff?

As to the level of culpability, the Court previously concluded that Plaintiff failed to establish that Defendant acted in bad faith. (*See* Doc. 103 at 40.) Specifically, the Court concluded that:

> the Court is also satisfied that there is at this time, based upon the record, no showing of bad faith; that is, based upon the affidavits of Palmer, Bishop and Johnson, it clearly is demonstrated that there was a destruction of records independent of the plaintiff's personnel file, that is, the plaintiff's personnel file was not singled out with an intent to destroy what may be relevant records for the case.
>
> That is significant to the Court because that highlights notably that there was not an express intent to single out any records that may be relevant to this case to ensure that plaintiff would not have access to those records, so not an intent to prejudice the defendant by not preserving relevant documents.

(*Id.*; *see also* Doc. 66, Exs. 1-3.) Plaintiff has not submitted any new or additional evidence to establish her burden of demonstrating that Defendant acted in bad faith. Plaintiff submitted an affidavit by Kimberly Bushe-Whiteman, in which Ms. Bushe-Whiteman attests that: "[e]veryone believed it had something to do with Angela. They got rid of everyone else's file because they wanted to get rid of hers." (Doc. 125 at 6, ¶ 16.) As Defendant correctly argues, Ms. Bushe-Whiteman's statement is clear hearsay, conjecture, and an unsubstantiated opinion.

Plaintiff simply has failed to produce any sound and credible evidence that Defendant acted with bad faith in the shredding of her departmental personnel file.

In turn, the Court finds entirely credible the sworn statements by Bishop, Palmer and Johnson. (*See* Doc. 66-1; 66-2; and 66-3.) Specifically, the Court accepts that the Plaintiff's department personnel file was shredded because it, along with other departmental files were deemed to be primarily duplicates of the official USF personnel files maintained by human resources at USF.[2] The fact that all departmental files were shredded at the same time is more indicative of a routine retention policy decision, as compared to an intent to deprive Plaintiff of relevant information to the instant litigation. Significantly, all department employees were notified in advance that the files were going to be shredded. Certainly, Plaintiff's Motion would be moot had Defendant also notified Plaintiff in advance, but the fact that all active employees were notified demonstrates that the Defendant did not covertly destroy the personnel files in an attempt to conceal the shredding of the files from Plaintiff. Last, there is no credible evidence that the decision makers in Plaintiff's case were aware of or involved in the shredding of the department personnel files. Plaintiff relies upon Ms. Bushe-Whiteman's sworn statement that she "was also told that, 'Suzanne said that Alexis told her to get rid of her files and said you're not supposed to have them.'" (Doc. 125 at 5 ¶ 15.) However, this statement is unreliable, as it is hearsay that is un-attributable to any source.

In essence, Plaintiff, based upon unsupported hearsay statements and conjecture, requests that the Court conclude that numerous individuals, including, amongst others, Lois Palmer, Victoria Johnson and Susan McCloskey Bishop, all agreed to lie under oath and agreed to execute elaborate steps to shred information directly relevant to Plaintiff's claims in this case.

---

[2] Notably, USF Regulation 10.209 states that: "[t]he department where the employee is assigned may retain *duplicate copies* of documents contained in the official personnel files." (Doc. 66-4.)

The Court is unpersuaded by Plaintiff's renewed Motion. Rather, yet again, Plaintiff has simply failed to provide any competent evidence to demonstrate that Defendant acted with bad faith in the shredding of her departmental personnel file.

Additionally, beyond Plaintiff's inability to establish the requisite culpability of Defendant, Plaintiff has also failed to establish the requisite prejudice as a result of the allegedly spoliated documents. Plaintiff's burden, at a minimum, is a threshold showing that the allegedly destroyed documents were relevant to Plaintiff's claim, but in order to obtain Plaintiff's requested sanctions, as Defendant correctly notes, Plaintiff is required to demonstrate that the allegedly spoliated evidence was *crucial* to prove her *prima facie* case. *Keen v. Bovie Medical Corp.,* No. 8:12-cv-305-T-24EAJ, 2013 WL 3832382 (M.D. Fla. July 23, 2013); *United States ex. rel King v. DSE, Inc.,* 8:08-cv-2426-T-23EAJ, 2013 WL 610531 (M.D. Fla. Jan. 7, 2013). At the February 8, 2017 hearing, the Court specifically requested that Plaintiff articulate the categories of documents she asserted were destroyed by Defendant when her departmental personnel file was shredded, and an employment "contract . . . e-mails . . . , draft versions of the Ellucian report, the exit interview with Caurie Waddell and telephone records" were the only categories identified by Plaintiff. (Doc. 103 at 19-20; 37-42.) Now, for the first time, Plaintiff asserts that also lost as a result of the shredding of her departmental personnel file were: (1) documents containing proof that she had experience with financial aid leveraging systems, fee waivers, the National Student Loan Data Service, which would have qualified her for promotion to the position of Assistant Vice President of Enrollment Planning and Management (Doc. 124, ¶ 6(a)); (2) certificates, awards, correspondence, and projects attesting to Plaintiff's history of collaboration and achievement, as well as Plaintiff's many contributions to student success (Doc. 124, ¶ 6(b)); (3) documents containing information about her actions with respect to Transfer Articulation, Degree Works and Tracking, and information about white

8

male counterparts and their failures with respect to the degree auditing program (Doc. 124, ¶ 6(c)); (4) documents that allegedly may corroborate that there was an alleged agreement to extend Plaintiff's employment through 2019 (Doc. 124, ¶ 6(d)); (5) e-mails that would prove Defendants conspired to terminate Plaintiff (Doc. 124, ¶ 6(e)); and (6) documents that contained information about Dr. Ralph Wilcox giving a bad reference for other employees, Dr. Wilcox's "Jekyll-Hyde treatment" of Plaintiff, and his use of racially-charged, offensive language (Doc. 124, ¶ 6(f).)

Significantly, Plaintiff offers no explanation to reconcile how she is now suddenly able to identify these additional specific categories of documents that were allegedly in her departmental personnel file, when she was unable to articulate these documents previously in any communication to Defendant during either the discovery process, in the Original Motion (Doc. 61), or to the Court upon a specific request on February 8, 2017. Thus, given that this is the first time Plaintiff has alleged spoliation of these categories of documents, the Court is compelled to question the credibility of this new assertion that these categories of documents were destroyed as a result of Defendant's shredding of the departmental personnel file. Although the ultimate burden to establish prejudice rests with a requesting party, at times that burden can be difficult to meet given that the requesting party may not know what documents were destroyed by a producing party's alleged spoliation. However, that is not the circumstance in this matter. Notably, Plaintiff asserted that non-duplicative documents that were destroyed when her departmental personnel file was shredded are documents she specifically ensured were placed in her departmental personnel file. Thus, Plaintiff was in a position to know exactly what documents were in her departmental personnel file that should have been produced during discovery, but yet the first time Plaintiff alleges spoliation of these new six categories of documents is in the pending Motion (Doc. 123). Significantly, Plaintiff relies predominately

upon her own self-serving statements as evidence that the new categories of documents were spoliated when her departmental personnel file was shredded. Given the timing of Plaintiff's allegations regarding the new categories of documents, and the fact that Plaintiff provided no other competent evidence to establish that the new categories of documents were in Plaintiff's departmental personnel file, the Court finds that Plaintiff has failed to meet her burden in establishing prejudice because the Court concludes Plaintiff has failed to sufficiently establish that the new documents were in fact spoliated. Additionally, even if Plaintiff was able to establish that the new categories of documents were spoliated when her departmental personnel file was shredded, the Court also finds, as Defendant has argued, that Plaintiff failed to establish how any of the new categories of documents were *crucial* to her case. *See QBE Ins. Corp. v. Jordan Enterprises,* 286 F.R.D. 694, 698 (S.D. Fla. 2012) ("[d]efendant's failure to establish that the allegedly spoliated evidence was 'crucial' to its defense is alone reason to deny the motion"); *Socas v. NW Mut. Life Ins., Co.,* No. 07-20336-CIV, 2010 WL 3894142, at *4 (S.D. Fla. Sept. 30, 2010) ("the burden of proof of spoliation rests upon the [moving party]").

## III.    Conclusion

For the reasons stated herein, Plaintiff's requested sanctions that (1) she be permitted to submit evidence at the trial pertaining to Defendant's destruction of the discoverable documents; (2) the Court instruct the jury that it should determine that the shredded evidence was highly adverse to Defendant; (3) the Court strike certain denials by Defendant; and (4) the Court grant Plaintiff a default judgment on her retaliation claim are unwarranted given that Plaintiff has failed to establish that Defendant acted with bad faith and that Plaintiff was prejudiced by Defendant's destruction of her departmental personnel file.

Accordingly, upon careful consideration it is **ORDERED** that Plaintiff's renewed Motion for Sanctions against Defendant University of South Florida Board of Trustees for Spoliation and Nondisclosure (Doc. 123) is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida, on this 7th day of August, 2017.

ANTHONY E. PORCELLI
United States Magistrate Judge

cc:    Counsel of Record
      Plaintiff, *pro se*

Exhibit

# E

| | | (Attachments: # 1 Exhibit Pretrial Statement, # 2 Exhibit Exhibit A to Pretrial Statement) (McCrea, Richard) (Entered: 08/07/2018) |
|---|---|---|
| 08/07/2018 | 308 | MOTION to extend time to File a Pretrial Statement *Pending the Court's Review of Plaintiff's Motion to Strike Sham Affidavits, for Sanctions, and for Default Judgment and Reply* by Angela W. DeBose. (Attachments: # 1 Exhibit Exhibit - Scheduling Emails) (DeBose, Angela) (Entered: 08/07/2018) |
| 08/08/2018 | 309 | **ENDORSED ORDER REFERRING MOTION: 308 MOTION to extend time to File a Pretrial Statement *Pending the Court's Review of Plaintiff's Motion to Strike Sham Affidavits, for Sanctions, and for Default Judgment and Reply* filed by Angela W. DeBose. Signed by Judge Elizabeth A. Kovachevich on 8/8/2018. (RLH) Motions referred to Magistrate Judge Anthony E. Porcelli. (Entered: 08/08/2018)** |
| 08/08/2018 | 310 | **ENDORSED ORDER denying 308 Motion to extend time. Any outstanding issues will be addressed at the Final Pretrial Conference. Signed by Magistrate Judge Anthony E. Porcelli on 8/8/2018. (JMF) (Entered: 08/08/2018)** |
| 08/14/2018 | 311 | **ENDORSED ORDER denying 295 Motion to Strike for the reasons articulated during the Final Pretrial Conference. Signed by Magistrate Judge Anthony E. Porcelli on 8/14/2018. (JMF) (Entered: 08/14/2018)** |
| 08/14/2018 | 312 | Minute Entry. Proceedings held before Magistrate Judge Anthony E. Porcelli: FINAL PRETRIAL CONFERENCE held on 8/14/2018. (digital) (LV) (Entered: 08/14/2018) |
| 08/14/2018 | 313 | **PRETRIAL ORDER. See Order for details. Signed by Magistrate Judge Anthony E. Porcelli on 8/14/2018. (JMF) (Entered: 08/14/2018)** |
| 08/15/2018 | 314 | MOTION for clarification re 311 Order on Motion to Strike *and for a Written Opinion* by Angela W. DeBose. (Attachments: # 1 Exhibit Exhibit A - Accurate 07/15/2015 Shredding)(DeBose, Angela) (Entered: 08/15/2018) |
| 08/16/2018 | 315 | NOTICE by University of South Florida Board of Trustees *In Opposition to Plaintiff's Motion for Clarification [Doc. 314]* (Attachments: # 1 Exhibit A)(McCrea, Richard) (Entered: 08/16/2018) |
| 08/18/2018 | 316 | NOTICE OF APPEAL as to 296 Order on Motion for Reconsideration, 293 Order on Motion for Sanctions by Angela W. DeBose. Filing fee not paid. (DeBose, Angela) (Entered: 08/18/2018) |
| 08/19/2018 | 317 | Emergency MOTION to modify and/or Clarify the August 14, 2018 Pretrial Order by Angela W. DeBose. (DeBose, Angela) (Entered: 08/19/2018) |
| 08/19/2018 | 318 | **ENDORSED ORDER REFERRING MOTION: 317 Emergency MOTION to modify and/or Clarify the August 14, 2018 Pretrial Order filed by Angela W. DeBose. Signed by Judge Elizabeth A. Kovachevich on 8/19/2018. (RLH) Motions referred to Magistrate Judge Anthony E. Porcelli. (Entered: 08/19/2018)** |
| 08/20/2018 | 319 | TRANSMITTAL of initial appeal package to USCA consisting of copies of notice of appeal, docket sheet, order/judgment being appealed, and motion, if applicable to USCA re 316 Notice of appeal. Eleventh Circuit Transcript information form forwarded to pro se litigants and available to counsel at www.flmd.uscourts.gov under Forms and Publications/General. (LNR) (Entered: 08/20/2018) |
| 08/20/2018 | 320 | MOTION in limine regarding Alleged Policy Violations by USF Board of Trustees, University of South Florida, University of South Florida Board of Trustees. (Attachments: # 1 Exhibit 1 - USF Regulation Providing and Obtaining Employment Reference Information, # 2 Exhibit 2 - USF Regulation Separations from Employment) (McCrea, Richard) (Entered: 08/20/2018) |

Exhibit

F

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANGELA W. DEBOSE,

       Plaintiff,

v.                                                        Case No. 8:15-cv-2787-T-17AEP

USF BOARD OF TRUSTEES,
*et al.*,

       Defendants.

_____/

## **ORDER**

      This cause is before the Court upon Plaintiff's Motion for Clarification and a Written

Opinion of the Court's Order Denying the Motion to Strike Affidavits as a Sham, for Sanctions,

and Default Judgment ("Motion") (Doc. 314).  By the Motion, Plaintiff requests a written order

in lieu of the Court's Order (Doc. 311) denying for the reasons stated at the Pretrial Conference

Plaintiff's Motion to Strike Defendant's Affidavits as a Sham, for Sanctions, and for Default

Judgement ("Original Motion") (Doc. 295).  Plaintiff asserts that her Original Motion (Doc.

295) presented the Court with "new evidence, including the April 12, 2018 Sworn Police

Statement of Kimberly Bushe Whiteman; July 18, 2018 Deposition of Delonjie Tyson; July 28,

2018 Affidavit of Delonjie Tyson; and verbal testimony concerning the Invoice from Accurate

Paper Company, Inc." (Doc. 314 ¶ 2).  As stated by the Court in denying the Plaintiff's Original

Motion (Doc. 295) during the Pretrial Conference, the Court finds that the Original Motion

(Doc. 295) is a thinly veiled attempt to have the Court revisit a prior Order ("Original Order")

(Doc. 144), which denied Plaintiff's request for sanctions based upon allegations of spoliation

of evidence.  In essence, the Court concluded in the Original Order (Doc. 144) that sanctions

were not warranted because the Defendant had not acted in bad faith based upon a finding that

the sworn statements of Suzanne Bishop, Lois Palmer, and Victoria Johnson (*See* Doc. 66-1; 66-2; and 66-3) were entirely credible, and that Plaintiff failed to establish the requisite prejudice by failing to demonstrate how any of the alleged destroyed information was crucial to her case (Doc. 144 at 7-11).

The crux of Plaintiff's Original Motion (Doc. 295) is that her "new evidence" established that the sworn statements of Bishop, Palmer, and Johnson are perjurious. At issue is the alleged date of when the shredding of documents occurred: either in October 2015, or in the Summer of 2015. Collectively, Bishop, Palmer, and Johnson attested that the shredding of documents occurred in October 2015. However, Tyson testified that the shredding occurred in the Summer of 2015. As an initial matter, the Court is unpersuaded that Plaintiff's "new evidence" is in fact new. Rather, Plaintiff had already presented evidence that the shredding occurred in the Summer of 2015 in an affidavit by Tyson (Doc. 61-4) and an affidavit by Vanessa Centelles (Doc. 61-3).[1] And, the Court stated in the Original Order that "in the [S]ummer of 2015 Plaintiff's departmental personnel file was shredded" (Doc. 144 at 7). Significantly, the Court finds that the exact date of when the shredding occurred is not material to the Court's credibility findings regarding the sworn statements of Bishop, Palmer, and Johnson. Simply stated, the Court is unpersuaded by Plaintiff's "new evidence" and still finds that the sworn statements by Bishop, Palmer, and Johnson are credible. Thus, for the reasons previously stated in the Original Order (Doc. 144), the Court reiterates that Defendant did not act in bad faith in the shredding of the documents at issue. Additionally, as Defendant correctly

---

[1] After the Pretrial Conference, Plaintiff did file for the first time an invoice from Accurate Paper Recycling, Inc. dated June 15, 2015 (Doc. No. 314-1). In response, Defendant filed an invoice from ShredQuick dated October 13, 2015 (Doc. No. 315-1). Notably, the ShredQuick invoice does reference the Registrar's Office, while the Accurate Paper Recycling invoice does not. Regardless, the Court finds no value in either invoice because they fail to establish from the face of the documents a connection to the shredding at issue in this case.

asserted, even assuming arguendo that Plaintiff's "new evidence" infringed upon the Court's finding of no bad faith, Plaintiff's "new evidence" in no way impacts the Court's previous finding in the Original Order (Doc. 144) that Plaintiff failed to establish the requisite prejudice by demonstrating the alleged spoliated information was crucial to her case.

Accordingly, upon careful consideration it is **ORDERED** that Plaintiff's Motion for Clarification and a Written Opinion of the Court's Order Denying the Motion to Strike Affidavits as a Sham, for Sanctions, and Default Judgment ("Motion") (Doc. 314) is **GRANTED** to the extent that the Court reiterates its oral findings during the Pretrial Conference on August 14, 2018, incorporates its prior findings from the Original Order (Doc. 144), and provides the above findings.

**DONE AND ORDERED** in Tampa, Florida, on this 31st day of August 2018.

ANTHONY E. PORCELLI
United States Magistrate Judge

cc:     Counsel of Record
        Plaintiff, *pro se*

3

Exhibit

# G

Case 8:15-cv-02787-EAK-AEP   Document 372   Filed 12/02/18   Page 29 of 34 PageID 9525

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANGELA W. DEBOSE,

      Plaintiff,

v.                                          Case No.: 8:15-cv-2787-T-17AEP

UNIVERSITY OF SOUTH FLORIDA BOARD
OF TRUSTEES and ELLUCIAN COMPANY,
L.P.

      Defendants.
_____

## JUDGMENT IN A CIVIL CASE

**Decision by Court.**   This action came before the Court and a decision has been rendered.

**IT IS ORDERED AND ADJUDGED** that pursuant to the Court's Order entered September 29, 2017, judgment is hereby entered in favor of Defendant Ellucian Company, L.P., and against Plaintiff Angela DeBose on Plaintiff's tortious interference and civil conspiracy claims.

                              ELIZABETH M. WARREN,
                              CLERK

                              s/src, Deputy Clerk

# CIVIL APPEALS JURISDICTION CHECKLIST

1. **Appealable Orders**: Courts of Appeals have jurisdiction conferred and strictly limited by statute:

    (a) **Appeals from final orders pursuant to 28 U.S.C. Section 1291**: Only final orders and judgments of district courts, or final orders of bankruptcy courts which have been appealed to and fully resolved by a district court under 28 U.S.C. Section 158, generally are appealable. A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Pitney Bowes, Inc. V. Mestre, 701 F.2d 1365, 1368 (11th Cir. 1983). A magistrate judge's report and recommendation is not final and appealable until judgment thereon is entered by a district court judge. 28 U.S.C. Section 636(c).

    (b) **In cases involving multiple parties or multiple claims**, a judgment as to fewer than all parties or all claims is not a final, appealable decision unless the district court has certified the judgment for immediate review under Fed.R.Civ.P. 54(b), Williams v. Bishop, 732 F.2d 885, 885-86 (11th Cir. 1984). A judgment which resolves all issues except matters, such as attorneys' fees and costs, that are collateral to the merits, is immediately appealable. Budinich v. Becton Dickinson & Co., 486 U.S. 196, 201, 108 S. Ct. 1717, 1721-22, 100 L.Ed.2d 178 (1988); LaChance v. Duffy's Draft House, Inc., 146 F.3d 832, 837 (11th Cir. 1998).

    (c) **Appeals pursuant to 28 U.S.C. Section 1292(a)**: Appeals are permitted from orders "granting, continuing, modifying, refusing or dissolving injunctions or refusing to dissolve or modify injunctions..." and from "[i]nterlocutory decrees...determining the rights and liabilities of parties to admiralty cases in which appeals from final decrees are allowed." Interlocutory appeals from orders denying temporary restraining orders are not permitted.

    (d) **Appeals pursuant to 28 U.S.C. Section 1292(b) and Fed.R.App.P.5**: The certification specified in 28 U.S.C. Section 1292(b) must be obtained before a petition for permission to appeal is filed in the Court of Appeals. The district court's denial of a motion for certification is not itself appealable.

    (e) **Appeals pursuant to judicially created exceptions to the finality rule**: Limited exceptions are discussed in cases including, but not limited to: Cohen V. Beneficial Indus. Loan Corp., 337 U.S. 541,546,69 S.Ct. 1221, 1225-26, 93 L.Ed. 1528 (1949); Atlantic Fed. Sav. & Loan Ass'n v. Blythe Eastman Paine Webber, Inc., 890 F. 2d 371, 376 (11th Cir. 1989); Gillespie v. United States Steel Corp., 379 U.S. 148, 157, 85 S. Ct. 308, 312, 13 L.Ed.2d 199 (1964).

2. **Time for Filing:** The timely filing of a notice of appeal is mandatory and jurisdictional. Rinaldo v. Corbett, 256 F.3d 1276, 1278 (11th Cir. 2001). In civil cases, Fed.R.App.P.4(a) and (c) set the following time limits:

    (a) **Fed.R.App.P. 4(a)(1)**: A notice of appeal in compliance with the requirements set forth in Fed.R.App.P. 3 must be filed in the district court within 30 days after the entry of the order or judgment appealed from. However, if the United States or an officer or agency thereof is a party, the notice of appeal must be filed in the district court within 60 days after such entry. **THE NOTICE MUST BE RECEIVED AND FILED IN THE DISTRICT COURT NO LATER THAN THE LAST DAY OF THE APPEAL PERIOD - no additional days are provided for mailing.** Special filing provisions for inmates are discussed below.

    (b) **Fed.R.App.P. 4(a)(3)**: "If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later."

    (c) **Fed.R.App.P.4(a)(4)**: If any party makes a timely motion in the district court under the Federal Rules of Civil Procedure of a type specified in this rule, the time for appeal for all parties runs from the date of entry of the order disposing of the last such timely filed motion.

    (d) **Fed.R.App.P.4(a)(5) and 4(a)(6)**: Under certain limited circumstances, the district court may extend the time to file a notice of appeal. Under Rule 4(a)(5), the time may be extended if a motion for an extension is filed within 30 days after expiration of the time otherwise provided to file a notice of appeal, upon a showing of excusable neglect or good cause. Under Rule 4(a)(6), the time may be extended if the district court finds upon

motion that a party did not timely receive notice of the entry of the judgment or order, and that no party would be prejudiced by an extension.

(e)    **Fed.R.App.P.4(c)**: If an inmate confined to an institution files a notice of appeal in either a civil case or a criminal case, the notice of appeal is timely if it is deposited in the institution's internal mail system on or before the last day for filing. Timely filing may be shown by a declaration in compliance with 28 U.S.C. Section 1746 or a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

3.    **Format of the notice of appeal**: Form 1, Appendix of Forms to the Federal Rules of Appellate Procedure, is a suitable format. See also Fed.R.App.P. 3(c). A pro se notice of appeal must be signed by the appellant.

4.    **Effect of a notice of appeal**: A district court loses jurisdiction (authority) to act after the filing of a timely notice of appeal, except for actions in aid of appellate jurisdiction or to rule on a timely motion of the type specified in Fed.R.App.P. 4(a)(4).

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

ANGELA W. DEBOSE,

      Plaintiff,

v.

UNIVERSITY OF SOUTH FLORIDA BOARD
OF TRUSTEES and ELLUCIAN COMPANY,
L.P.

      Defendants.

Case No.: 8:15-cv-2787-EAK-AEP

---

## JUDGMENT IN A CIVIL CASE

**Jury Verdict.**    This action came before the Court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

**IT IS ORDERED AND ADJUDGED** that judgment is entered in favor of Plaintiff Angela DeBose in the amount of $310,500.00 and against Defendant University of South Florida Board of Trustees on Plaintiff's disparate treatment race discrimination and retaliation claims, in accordance with the jury's verdict.

**Decision by Court.**    This action came before the Court and a decision has been rendered.

**IT IS FURTHER ORDERED AND ADJUDGED** that pursuant to the Court's Order entered September 29, 2017, judgment is hereby entered in favor of Defendant University of South Florida Board of Trustees and against Plaintiff on Plaintiff's disparate treatment gender discrimination, disparate impact race and gender discrimination, breach of contract, tortious interference, and civil conspiracy claims.

                            ELIZABETH M. WARREN,
                            CLERK

                            s/src, Deputy Clerk

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

ANGELA W. DEBOSE,

    Plaintiff,

v.                              Case No.: 8:15-cv-2787-T-17AEP

UNIVERSITY OF SOUTH FLORIDA BOARD
OF TRUSTEES and ELLUCIAN COMPANY,
L.P.

    Defendants.

---

## AMENDED JUDGMENT IN A CIVIL CASE

**Jury Verdict.**    *This action came before the Court for a trial by jury. The issues have been tried and the jury has rendered its verdict.*

**IT IS ORDERED AND ADJUDGED** that judgment is entered in favor of Plaintiff Angela DeBose in the amount of $310,500.00 and against Defendant University of South Florida Board of Trustees on Plaintiff's retaliation claim, in accordance with the jury's verdict.

**IT IS FURTHER ORDERED AND ADJUDGED** that judgment is entered in favor of Plaintiff and against Defendant University of South Florida Board of Trustees on her disparate treatment race discrimination claim, in accordance with the jury's verdict; Plaintiff takes nothing on her claim for compensatory or back pay damages.

**Decision by Court.**    *This action came before the Court and a decision has been rendered.*

**IT IS ORDERED AND ADJUDGED** that pursuant to the Court's Order entered September 29, 2017, judgment is hereby entered in favor of Defendant University of South Florida Board of Trustees and against Plaintiff on Plaintiff's disparate treatment gender discrimination,

disparate impact race and gender discrimination, breach of contract, tortious interference, and civil

conspiracy claims.

ELIZABETH M. WARREN,
CLERK

s/src, Deputy Clerk