UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANGELA DEBOSE,

    Plaintiff,

v.                              CASE NO. 8:15-cv-02787-EAK-AEP

UNIVERSITY OF SOUTH FLORIDA
BOARD OF TRUSTEES, and
ELLUCIAN COMPANY, L.P.,

    Defendants.
_____/

**DEFENDANT'S MOTION TO SUPPLEMENT MOTION FOR NEW TRIAL OR, IN THE ALTERNATIVE, FOR RELIEF FROM JUDGMENT**

Defendant University of South Florida Board of Trustees ("USFBOT"), by and through its undersigned counsel, hereby moves to supplement its Rule 59 motion for new trial. [Doc. 504]. Pursuant to Fed.R.Civ.P. 60(b), defendant USFBOT moves in the alternative for relief from judgment. The grounds upon which the instant motion is based are set forth in the following Supporting Memorandum of Law.

**SUPPORTING MEMORANDUM OF LAW**

**I.**

**PRELIMINARY STATEMENT**

This case was tried on September 10-13, 17-20, and 24-26, 2018. Despite the Court repeatedly cautioning DeBose about the time that she was using in presenting her case in chief, DeBose spent the better part of eight trial days questioning two adverse witnesses, Wilcox and Dosal. Then, despite the Court

repeatedly suggesting to DeBose that she would be wise to use her remaining trial time by taking the stand, DeBose rested her case-in-chief without taking the witness stand or introducing any damages evidence.

After USFBOT presented its Rule 50(a) motion on the issue of damages, the Court *sua sponte* granted DeBose leave to reopen her case-in-chief to testify about damages. Upon taking the witness stand, DeBose presented damages evidence that was never previously disclosed to USFBOT. In her Rule 26 Disclosures, DeBose never provided any computations for lost benefits and did not serve any documents supporting such computations. Similarly, DeBose did not provide any statement of lost benefits in the parties' joint pretrial statement. In fact, DeBose's statement of damages in the parties' joint pretrial stipulation did not make any reference to lost benefits.

Over USFBOT's objection, DeBose provided damages testimony using a damages summary that she had prepared the night before. The damages summary and any underlying documents DeBose relied upon in preparing the summary were never produced to USFBOT.

DeBose testified that she had paid $4,172 a month *for a year* for COBRA coverage while she worked at Florida Polytechnic without benefits. [Trial Transcript, Day 9, p. 103]. DeBose then testified that she lost $187,000 in benefits and $118,000 in salary. [Trial Transcript, Day 9, p. 113].

The jury returned a verdict in the amount of $310,500 on September 26, 2018. [Doc. 471]. A judgment in that amount was entered on October 2, 2018. [Doc. 475].

On October 29, 2018, USFBOT filed Defendant's Motion for Judgment as a Matter of Law or, in the Alternative, for New Trial. [Doc. 504].

The Division of State Group Insurance, part of the Florida Department of Management Services, offers and manages COBRA benefits for State of Florida employees. Subsequently, USFBOT learned from the Florida Department of Management Services that DeBose was enrolled in a family COBRA health plan for *only one month,* October of 2015, at a cost of $1,472.94. See Ex. No. 1 attached hereto. Accordingly, the difference between what DeBose claimed at trial to have paid for COBRA coverage ($4,172 a month for 12 months, totaling $50,064) and what she actually paid ($1,472.94) is $48,591.06.

## II.

## ARGUMENT

### A.   USFBOT'S MOTION FOR NEW TRIAL

In Defendant's Motion for Judgment as a Matter of Law or, in the Alternative, for New Trial [Doc. 504], USFBOT sought, *inter alia,* a new trial on DeBose's entitlement to back pay and benefits on the ground that DeBose should not have been permitted to re-open her case-in-chief and offer previously undisclosed damages evidence. The fact that DeBose grossly exaggerated her claimed - - - and previously undisclosed - - - COBRA payments is further support for that motion.

3

## B.     USFBOT SHOULD BE GRANTED RELIEF FROM JUDGMENT

Rule 60(b) provides, in pertinent part, that: "On motion and such terms as are just, the court may relieve a party from a final judgment, order or proceeding for the following reasons: . . . (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other conduct of an adverse party; . . . (6) any other reason justifying relief from the operation of the judgment." Fed.R.Civ.P. 60(b).

Rule 60(b)(3) "furnishes an escape valve to protect the fairness and integrity of litigation in federal courts." *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1339 (5th Cir. 1978). Rule 60(b)(6) "vests power in courts adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice." *Klapprott v. U.S.* 335 U.S. 601, 615, 69 S.Ct. 384 (1948). "[I]t is often said that [Rule 60(b)] should be liberally construed in order to do substantial justice." *Seven Elves, Inc. v. Eskenazi,* 635 F.2d 396, 401 (5th Cir. Jan. 26, 1981).

Under Rule 60(b)(3) a movant must: (1) prove by clear and convincing evidence that the verdict was obtained through fraud, misrepresentation, or other misconduct; (2) establish that the conduct complained of prevented the losing party from fully and fairly presenting his case or defense. *Waddell v. Hendry Cty. Sheriff's Office,* 329 F.3d 1300, 1309 (11th Cir. 2003). Under this rule, both intentional and unintentional misrepresentations and failures to disclose are a sufficient basis for relief. *Bros Inc. v. W.E. Grace Mfg. Co.,* 351 F.2d 208, 211 (5th Cir. 1965); *Scott v. United States,* 81 F.3d 1326, 1339 (M.D. Fla. 2015) (negligent misrepresentations to the court can satisfy the requirements of Rule 60(b)(3)). "Rule 60(b)(6) motions

must demonstrate that the circumstances are sufficiently extraordinary to warrant relief." *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 741 F.3d 1349, 1355 (11th Cir. 2014).

This Court should vacate the judgment against USFBOT because, whether intentional or unintentional, DeBose induced the jury through misrepresentation to believe that she had incurred approximately $48,000 more in lost benefits than she actually had incurred. Moreover, if DeBose had disclosed her lost benefits claim and computations as required by Rule 26 and the Local Rules, USFBOT would have had the opportunity to verify DeBose's COBRA payments with the State of Florida before trial. DeBose's conduct prevented USFBOT from fully and fairly presenting its case and the verdict was therefore unfairly obtained.

Moreover, even if these circumstances did not fall squarely within Rule 60(b)(3), the fact remains that USFBOT has been unfairly prejudiced by DeBose's misrepresentation about her previously-undisclosed loss of benefits. Therefore, as an alternative basis for relief, USFBOT respectfully requests that the Court vacate the judgment pursuant to Rule 60(b)(6) in order to accomplish justice.

## CONCLUSION

For the foregoing reasons, USFBOT should be granted a new trial on damages or, in the alternative, relief from judgment.

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 3.01(g)

Pursuant to Local Rule 3.01(g), the undersigned attorney hereby certifies that he attempted to confer with plaintiff to conciliate the instant motion, but such attempt was unsuccessful.

Respectfully submitted,

/s/Richard C. McCrea, Jr.
Richard C. McCrea, Jr.
Florida Bar No. 351539
Email: mccrear@gtlaw.com
Cayla McCrea Page
Florida Bar No. 1003487
Email: pagec@gtlaw.com
GREENBERG TRAURIG, P.A.
101 E. Kennedy Boulevard, Suite 1900
Tampa, FL  33602
Telephone:  (813) 318-5700
Facsimile:  (813) 318-5900
Attorneys for Defendant
University of South Florida Board of Trustees

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on December 21, 2018, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to:

Angela DeBose, Pro Se
1107 W. Kirby Street
Tampa, FL  33604

Jeffrey B. Jones, Esquire
Kimberly J. Doud, Esquire
Nancy A. Byer, Esquire
Littler Mendelson, P.C.
111 North Magnolia Avenue, Suite 1250
Orlando, FL  32801

6
TPA 512481071v1

/s/ Richard C. McCrea, Jr.<br>Attorney