IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CIVIL ACTION NO. 8:15-cv-02787-EAK-AEP

ANGELA DEBOSE,                               )
    Plaintiff,                          )
                                             )
v.                                           )
                                             )
UNIVERSITY OF SOUTH FLORIDA                   )
BOARD OF TRUSTEES, UNIVERSITY                 )
OF SOUTH FLORIDA, AND                         )
ELLUCIAN, L.P.,                              )
    Defendants.                         )
_____/

**PLAINTIFF'S MOTION FOR SANCTIONS
OR ALTERNATIVELY RELIEF FROM JUDGMENT**

Plaintiff Angela DeBose ("DeBose") files a post judgment Motion for Sanctions or

alternatively relief from judgment pursuant to the Court's order entered on July 6, 2016 dismissing

Plaintiff's breach of 2019 contract claim (Doc. 50); the order entered February 8, 2017 denying the

motion for sanctions for the destruction of Plaintiff's evidence (Doc. 86); the order entered on

August 7, 2017 denying Plaintiff's motion for sanctions based on new evidence[1] (Doc. 144); the

order entered on March 23, 2018 denying Plaintiff's motion for relief from judgment concerning the

nondisclosure, misrepresentation, and concealment of Plaintiff's 2015 contract (Doc. 263); and the

order entered on August 14, 2018 denying Plaintiff's motion to strike defendants affidavits as a sham

and for sanctions for false testimony concerning the destruction of Plaintiff's evidence  (Doc. 311).

Final Judgment has been reached (Docs. 474 and 482 Court Decision), specifically with regard to the

Court's September 29, 2017 Opinion and Order [210] entering judgment in favor of Defendant

---

[1] Reconsideration or Relief from Judgment.

University of South Florida Board of Trustees and against Plaintiff on Plaintiff's breach of contract and other claims and entering judgment in favor of Defendant Ellucian on Plaintiff's tortious interference, etc. claims.  Plaintiff seeks sanctions or relief under Rule 60, based on new evidence and fraud on the court.  In support of her motion, Plaintiff states as follows:

## MEMORANDUM OF LAW

## I.

## INTRODUCTON

Plaintiff filed breach of contract claims, pursuant to her 2015 contract and 2019 contract extension in her Third Amended Complaint ("TAC").  Both contracts were in effect at the time of Plaintiff's termination.  In the course of the litigation, Plaintiff's 2019 extended contract claim was dismissed on July 6, 2016 (Doc. 50), prior to summary judgment.  Though Plaintiff produced written evidence that the contract was offered, Plaintiff did not have possession of the contract itself due to the willful destruction of Plaintiff's files in June-July 2015.  In Opposition to the Defendants' motions for summary judgment, Plaintiff produced written evidence of her 2015 contract.  However, on September 29, 2017, the Court granted summary judgment on Plaintiff's breach of contract claim in favor of USFBOT and tortious interference claim in favor of Ellucian because of representations to the Court that have since shown to be false, that USFBOT no longer utilizes employment contracts and had not since 2005.  Therefore, the Court denied Plaintiff's motion for sanctions not convinced that evidence material to the case was destroyed.  The Court dismissed Plaintiff's 2019 contract claim in the TAC because it was not convinced that a written contract ever existed and stated the Plaintiff should file a motion for sanctions if she was able to prove Defendant's intentional spoliation.  At summary judgment, the Court denied Plaintiff's 2015 contract claim because it was not convinced of the documents authenticity, that the document Plaintiff filed was a contract, or that such a contract existed.

## II.

## PROCEDURAL HISTORY

On December 30, 2016, Plaintiff's former counsel, James Thompson, filed a motion for sanctions against USFBOT for willful destruction of Plaintiff's evidence.  (Doc. 61).  Additionally, on January 18, 2017, Mr. Thompson filed a motion to compel Ellucian to produce documents.  (Doc. 64).  On February 8, 2017, the Court denied the motion for sanctions; the motion to compel was denied without prejudice.  (Doc. 86).  On February 16, 2017, Plaintiff's counsels filed a motion to withdraw.  (Doc. 93).  On February 17, 2017, Plaintiff filed a Second Motion to Compel Ellucian to produce documents.  (Doc. 99).  At hearing on March 21, 2017, the Court granted the motion to withdraw filed by Plaintiff's counsels and granted Plaintiff's motion to continue pro se.  (Doc. 122). The Court granted in part and denied in part Plaintiff's motion to compel the production of documents by Ellucian.  (id.)  The Court also ruled that Plaintiff Pro Se could file a motion for sanctions based on new evidence[2].  (id.)  On March 29, 2017, Plaintiff filed the motion for sanctions (Doc. 23) and her supporting affidavit. (Doc. 124).  On April 28, 2017, Plaintiff filed a Third Motion to Compel Discovery from Ellucian. (Doc. 132).  On May 23, 2017, a hearing was held on Plaintiff's motion for sanctions and motion to compel.  The motion to compel was granted in part and denied in part.  (Doc. 139).  The ruling on the motion for sanctions was deferred until August 7, 2017, at which time it was denied.  (Doc. 144).  On December 8, 2017, Plaintiff filed a Motion for Relief from Judgment on the basis of fraud, etc. for USFBOT's and Ellucian's nondisclosure or fraudulent concealment of Plaintiff's 2015 contract.  (Doc. 238).  On March 23, 2018, the Court denied the motion.  (Doc. 263).  On July 30, 2018, Plaintiff filed a motion to strike Defendant USFBOT's opposition to sanctions and affidavits concerning the destruction of Plaintiff's files as a Sham. (Doc.

---

[2] Rule 60 reconsideration or relief from judgment.

295).  On August 14, 2018, at the pretrial hearing, the Court denied Plaintiff's motion to strike. (Doc. 311).

## III.

## NEW EVIDENCE

Plaintiff filed the above pleadings to bring to the Court's attention USFBOT's intentional destruction of Plaintiff's files; USFBOT's false statements to the Magistrate that USF stopped using employment contracts in 2005; and USFBOT's and Ellucian's nondisclosure, concealment, and misrepresentations concerning Plaintiff's 2015 and 2019 employment contracts and other discovery violations to defeat Plaintiff's breach of contract and tortious interference claims.

At hearing on February 8, 2017, the Court denied Plaintiff's motion for sanctions for the destruction, stating the following:

> **THE COURT:  Contrary to the self-serving statement, there is evidence of record to demonstrate that the defendant has not used employment contracts since 2005**, and there's no other testimony that indicates some other -- that such contract existed, so substantively the Court is not satisfied that the plaintiff has made a sufficient showing that the contract did ever exist.
>
> -   **[2/8/17 Transcript, 37:12-16**]

The Magistrate's decision reflects that the Court was influenced by the Defendant's denials that USFBOT used written contracts.  Again, on September 29, 2017, the Court relied on USFBOT's and Ellucian's representations about DeBose's alleged non-contract status to grant summary judgment on Plaintiff's 2015 breach of contract claim against USFBOT and tortious interference claim against Ellucian.  (See Order and Opinion, Doc. 210).   Though Plaintiff provided evidence of her 2015 contract at summary judgment[3], the Court was not convinced the document was an employment contract or that such a contract existed because of USFBOT's misrepresentations—(i.e. paraphrased

---

[3] Charlotte Fernee Kelly, DeBose's former counsel, obtained the 2015 contract from USFBOT after the July 6, 2016 order dismissing the 2019 contract claim.

DeBose could not possibly have had a 2015 contract and neither could anyone else because USFBOT

stopped using employment contracts in 2005).[4]  Nevertheless, Plaintiff obtained the following new

evidence to support the instant motion:

1. Paul Dosal's trial testimony (Doc. 503, #1);

2. Paul Dosal's employment contract (Doc. 503, #2);

3. Ralph Wilcox's employment contract (Doc. 503, #3);

4. Paul Dosal's appointment status contract identifying his employment classification (Doc. 503, #4);

5. First time acknowledgement of the written employment contracts by USFBOT's counsel in Defendant's Response to Plaintiff's Notice of Front Pay Calculations (Doc. 523, p. 4: "*DeBose provided this Court with written contracts through 2019 for two other USF employees.*");

6. Statements by the Defendant before the Magistrate at the December 11, 2018 evidentiary hearing on front pay that Dosal and Wilcox, the "*two other USF employees,*" did in fact have a 2019 written contract[5], in contradiction to what the Court had been repeatedly told by USFBOT's counsel;

7. May 23, 2017 Hearing Transcript that shows the Court trying to get clarification on the issue of written contracts and being told by Defendant's Counsel that USFBOT has not used written contracts for a long time—since 2005.

8. May 23, 2017 Hearing Transcript that shows Plaintiff informing the Court that she made requests for Dosal's and Wilcox's 2019 contract extensions because they were in all ways like hers but USFBOT withheld them.

9. Statements by USFBOT's counsel and its Human Resources Witness at the December 11, 2018 hearing that USF no longer utilizes written contracts for "DeBose's classification";

10. Evidence that at the time Dosal offered DeBose the contract in 2014, at the time of DeBose's termination in 2015, and at present, Dosal had the same classification as DeBose;

11. Proof that the testimony by Ralph Wilcox in his January 31, 2017 affidavit (Doc. 78, p. 3, ¶ 4) was untruthful or contradicted by Wilcox's 2019 contract and that Defendants' no-

---

[4] USFBOT filed a motion in limine to exclude argument and evidence of USFBOT's destruction of DeBose's evidence as well as DeBose's discovery abuses, public record requests, or state court cases to obtain documents to prove the existence of the contracts and other claims.  On September 9, 2018, Plaintiff filed a motion for entry of a stipulation and order concerning the destruction of Plaintiff's evidence.  (Doc. 411).  On September 17, 2018, the motion for entry of a stipulation and order was denied, referring to Defendant's motions in limine. (Doc. 443).
[5] Refer to Magistrate's notes or minute entry. (Doc. 534).

contract statements were used to expressly defeat Plaintiff's valid breach of contract and tortious interference claims.

12. Evidence that similar to the "denial-admission-change of story" tactic used to explain away the willful destruction of Plaintiff's files, USFBOT used *knowingly false* denials to defeat Plaintiff's 2015 and 2019 breach of contract claims and related damages. Ellucian was not only a benefactor but a willing participant that had actual knowledge of DeBose's 2015 contract. USFBOT used a latent admission and changed its story, stating *for the first time* at the December 11, 2018 evidentiary hearing that written contracts are not utilized for "DeBose's classification". At the May 23, 2017 hearing before the Magistrate, USFBOT confirmed that written employment contracts were not used period—for anyone.

IV.

**ARGUMENT**

The court relied on the Affidavit of Ralph Wilcox and statements made by Defendants' counsels in pleadings and at hearings that USFBOT does not use written contracts. See February 8, 2017 Hearing Transcript, pages 22:12 through 23:6, with emphasis on the paragraph below:

> **MR. MCCREA: With respect to the contract which Mr. Thompson says is his primary concern, we have a pending motion for summary judgment, it's supported by affidavits that say that USF has not used employment contracts since 2005.**

The Court has inherent authority to issue sanctions based upon the described conduct of Defendant USFBOT. The authority to sanction parties for bad faith stems not only from the Federal Rules of Civil Procedure and the United States Code, but also from the Court's inherent power to effectively manage its affairs by punishing and deterring abuses of the judicial process. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-45 (1991). Thus, Courts may exercise their inherent power to impose sanctions in response to abusive litigation practices. *Link v. Wabash Railroad Co.*, 370 U.S. 626, 632, (1962); see also *Peer v. Lewis*, 606 F.3d 1306, 1316 (11th Cir. 2010). "[T]he key to unlocking a court's inherent power is a finding of bad faith." *Byrne v. Nezhat*, 261 F.3d 1075, 1106 (11th Cir. 2001) (alteration in original) (citing *Barnes v. Dalton*, 158 F.3d 1212, 1214 (11th Cir. 1998)).

A. **Bad Faith**

The bad faith of USFBOT is demonstrated in several ways.  Defendant unequivocally stated that USFBOT no longer utilizes written contracts.  [See February 8, 2017 Hearing Transcript, 22:12-23:6; 37:12-16]. The Magistrate asked USFBOT's counsel at the May 23, 2017 hearing to confirm that not any written contracts are utilized at USF—not just concerning DeBose but anyone. Defendant's counsel confirmed that USFBOT no longer offered written contracts:

> **THE COURT:** Well, I'll ask Mr. McCrea, because that's one thing I seem to recall. Maybe I'm wrong about that. **I thought one of the arguments at the prior hearing was not only as to you** [DeBose]**, but there are no appointment contracts, that USF does not use the written contracts**. And I'll ask that, but I think that's one of the arguments.

> **MS. DEBOSE:** You're asking me?

> **THE COURT:** No, I'm going to ask Mr. McCrea, but I'm just reminding you I think that is one of the arguments, **is that there's not any written contracts that were utilized by USF**. Mr. McCrea, we'll just interrupt right there and ask you. Am I correct on that recollection?

> **MR. MCCREA: Your Honor, my understanding is that USF stopped using written employment contracts some years back**.

> **THE COURT:** Right.

> **MR. MCCREA:** It has one-year appointments. And everything in Ms. DeBose's official HR file was produced to her including those old appointment letters. But I would go on --

> **THE COURT:** Well, I'll come back to you. I just wanted to make sure I recalled that correctly.

> **MR. MCCREA: Yes**.

USFBOT's counsel did not state that this was only true for a particular classification.  USFBOT's counsel did not disclose that Paul Dosal and Ralph Wilcox had written contracts and more specifically, 2019 contracts:

> **THE COURT:** So that would have been the same form that you're alleging as a contract or it would have been something different?

> **MS. DEBOSE:** You mean for the '19, the 2019?

**THE COURT:** Yes.

**MS. DEBOSE:** That would have been like that, but it would have also included -- I would -- **I wanted to see from Dosal, which is where it left off, the contract that he had, because he was given a contract through 2019 and so was Wilcox, Dr. Wilcox. So those were part of the production requests and those documents were never turned over**.

USFBOT knew that DeBose was seeking Dosal's and Wilcox's 2019 contracts to show additional proof of the 2019 contract offer by Dosal and that DeBose accepted the offer. Additionally, Plaintiff sought to establish that DeBose's 2019 contract was in all ways like Dosal's and Wilcox's; and provide written evidence of the 2019 contract itself from Human Resources for trial. DeBose contended in her motion for sanctions that but for USFBOT's destruction, she would have presented evidence of her 2019 contract. DeBose argued she would have no way of knowing about the contract extensions of Wilcox or Dosal, but for the fact she was offered and received a similar agreement by Dosal in 2014.

**Damages**

Because of USFBOT's destruction and also because of USFBOT's and Ellucian's misrepresentations, none of DeBose's contract claims survived. As a result, Plaintiff has experienced actual damages. Defendant engaged in intentional affirmative acts, including destruction and lying, causing Plaintiff's evidence to not be available for trial. *Favors v. Fisher*, 13 F.3d 1235, 1239 (8th Cir. 1994); *Hicks v. Gates Rubber Company*, 833 F. 2d 1406, 1418-19 (10th Cir. 1987). The injury to Ms. DeBose is multiplied because of the Defendant's dishonesty to exclude DeBose's contracts from the jury. The Defendant's false affidavits and declarations are grounds for a "fraud on the court." See *Hull, 356 F.3d 98; Martin v. DaimlerChrysler Corp.*, 251 F.3d 691 (8th Cir. 2001). Defendant USFBOT subverted DeBose's potential contract damages in the case. Plaintiff contended that she was "entitled to the benefit of a presumption that the destroyed documents would have bolstered her

case." See *Favors v Fisher*, 13 F.3d 1235, 1239 (8th Cir. 1994); *Hicks v. Gates Rubber Company*, 833 F.2d 1406, 1419 (10th Cir. 1987). However, no stipulation or adverse inference was given. Plaintiff lost one and half month of salary on the remainder of her 2015 contract; 325 days of sick leave[6]; and lost over 90 days of annual leave[7]. Additionally, Plaintiff lost five years of salary under her 2019 contract.

### B. The Prejudice cannot be Cured

Plaintiff contends USFBOT destroyed and USFBOT and Ellucian withheld evidence to obtain favorable judgments. In determining bad faith, "[t]he court should weigh the degree of the spoliator's culpability against the prejudice to the opposing party." *Flury v. Daimler Chrysler Corporation*, 427 F.3d 939, 946 (11th Cir. 2005). In *Flury*, the Eleventh Circuit stated that: In determining whether dismissal is warranted, the court must consider: (1) whether the [plaintiff] was prejudiced as a result of the destruction of evidence; (2) whether the prejudice could be cured; (3) the practical importance of the evidence; (4) whether the [defendant] acted in good or bad faith; and (5) the potential for abuse if expert testimony about the evidence was not excluded. Id. at 945. With respect to the fourth factor, whether the [party] acted in good or bad faith, the Eleventh Circuit stated that "[t]he court should weigh the degree of the spoliator's culpability against the prejudice to the opposing party." *Id*. at 946 (citing *Bridgestone/Firestone North American Tire, LLC v. Campbell*, 574 S.E.2d 923, 927 (Ga. Ct. App. 2003)). USFBOT's continued tactic of denying, then admitting when caught, and changing stories is bad faith. USFBOT only conceded Dosal and Wilcox had employment contracts after DeBose produced them from a third party public records request. Prior to entering the contracts in the record, USFBOT unequivocally stated that USFBOT no longer utilized employment contracts, thus DeBose could not possibly have a contract. In response to this

---

[6] Plaintiff was not allowed to use her leave but was paid ¼ of her sick leave balance.
[7] Plaintiff was grandfathered in under a contract provision to pay her full salary during any separation, without use of her annual leave. USFBOT forced Plaintiff to exhaust her annual leave during the forced separation.

motion, USFBOT will argue that despite Dosal's and Wilcox's 2019 contract extension, DeBose cannot produce her 2019 contract—as it previously argued that DeBose could not produce a 2015 contract in USFBOT's and Ellucian's motions for summary judgment. The Defendants have lied to the Court repeatedly—not only about the Plaintiff's contracts and the destruction but also about other discovery matters in the case.[8] The Defendant's lies and misrepresentations have damaged Plaintiff, resulting in lost damages and more litigation.

## CONCLUSION

**WHEREFORE**, Sanctions are appropriate to cure the prejudice and harm to Plaintiff and to address the lies and fraud that has been perpetrated upon DeBose and this Court. Plaintiff respectfully requests that the Court to enter an Order sanctioning the Defendants and granting other relief deemed just and proper.

**Submitted: December 31st, 2018**          _/s/ Angela DeBose_____
                                            Angela DeBose, Plaintiff

## CERTIFICATE OF CONFERRAL

Plaintiff conferred with the Defendants regarding this motion.

---

[8] Plaintiff and her former counsel, James Thompson, requested Paul Dosal's emails in writing for the months leading up to DeBose's termination (i.e. March, April, and May 2015). Defendants USFBOT and Ellucian nevertheless withheld the emails from discovery and pursuant to valid public records requests. The emails were requested to prove the racially-charged, derogatory statements against DeBose by USFBOT and tortious interference by Ellucian. [See May 23, 2017 Hearing, 53:4-7]. The emails were also requested to show USFBOT's plans and collusion with Ellucian to retaliate and terminated DeBose for having engaged in protected activity. USFBOT's counsel falsely stated to the Magistrate that the documents were produce to Plaintiff through a public records request. [May 23, 2017 Hearing, 58:18-25; 59:1-15]. However, the emails for the months in question have never been produced to Plaintiff or her former counsel. In DeBose's state court action (15-CA-005663), USFBOT, a state agency subject to Florida's Sunshine Laws, has argued that DeBose wants the documents for her federal case. DeBose's reason for requesting the documents does not exempt them or provide an affirmative defense. Defendant filed motions in limine in the instant case to exclude any arguments or evidence related to Plaintiff's public records requests, statistical data requests, or state court actions in order that USFBOT might defeat Plaintiff's disparate treatment discrimination claims; however, USFBOT failed.

## CERTIFICATION OF GOOD CAUSE

Plaintiff states she is filing this motion for good cause and in good faith and not for any other purpose.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this **31st** day of December 2018, the above and foregoing was sent electronically to: Richard C. McCrea, Jr. and Cayla Page, Greenberg Traurig, P.A., 101 East Kennedy Boulevard, Suite 1900, Tampa, Florida 33602-5148; email: (mccrear@gtlaw.com; pagec@gtlaw.com) and Kimberly Doud, Littler Mendelson, 111 North Magnolia Avenue, Suite 1250, Orlando, Florida 32801; email: (kdoud@littler.com).

_/s/ Angela DeBose_
Angela DeBose
1107 W. Kirby Street
Tampa, Florida 33604
Telephone: (813) 932-6959
Email: awdebose@aol.com