UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANGELA W. DEBOSE,

    Plaintiff,

v.                                    Case No.: 8:15-cv-2787-EAK-AEP

UNIVERSITY OF SOUTH FLORIDA
BOARD OF TRUSTEES AND
ELLUCIAN COMPANY, L.P.,

    Defendants.

_____

## ORDER

Pending before the Court and briefed by the parties are the following three post-judgment motions:

1.    Defendant University of South Florida Board of Trustees' (**"the Board"**) Motion for Judgment as a Matter of Law or, in the Alternative, for New Trial (**"Motion for Judgment as a Matter of Law"**) (Doc. 504) and Plaintiff Angela DeBose's (**"DeBose"**) Response in Opposition to the Board's Motion for Judgment as a Matter of Law (Doc. 505);

2.    The Board's Motion to Supplement Motion for New Trial or, in the Alternative, for Relief from Judgment (**"Motion to Supplement"**) (Doc. 539) and DeBose's Response in Opposition to the Board's Motion to Supplement (Doc. 540); and

3.     DeBose's Motion for Sanctions or Alternatively Relief from Judgment ("**Motion for Sanctions**") (Doc. 541) and the Board's Opposition to DeBose's Motion for Sanctions (Doc. 542).

After careful consideration, the Court will grant the Board's Motion for Judgment as a Matter of Law.  The Court will deny the Board's Motion to Supplement as moot.  The Court will deny DeBose's Motion for Sanctions.

## I.   <u>Background</u>

This employment discrimination case was tried to a jury beginning on September 10, 2018.  DeBose, a licensed attorney, represented herself *pro se*[1] against the Board[2].  On September 26, 2018, the jury returned its verdict.  The jury found that race was a motivating factor in the Board's decision to discharge DeBose's employment as the Registrar of the University of South Florida, but also found that the Board would have made the same decision even it hadn't taken DeBose's race into account.  Because the jury found that the Board had successfully proved its "same decision" affirmative defense, DeBose was precluded from recovering compensatory or back pay damages on her race discrimination claim.  The jury further found that the Board retaliated against DeBose for engaging in certain protected activity and awarded

---

[1]  Plaintiff has represented herself *pro se* in this action since her most recent counsel successfully withdrew on March 21, 2017.  Plaintiff is admitted to practice law in Wisconsin and is currently in good standing.  <u>See</u> State Bar of Wisconsin Lawyer Search, https://www.wisbar.org/directories/pages/lawyerprofile.aspx?Memberid=1101650 (last visited Feb. 14, 2019).

[2]  The Court granted summary judgment in favor of Defendant Ellucian Company, L.P., on September 29, 2017.

DeBose $310,500.  The Clerk entered judgment in favor of DeBose and against the

Board on DeBose's race discrimination and retaliation claims on October 2, 2018.[3]

The parties' respective post-trial motions followed on October 29, 2018, (Doc. 504),

November 28, 2018, (Doc. 521), and December 31, 2018, (Doc. 541), respectively.

## II.   Discussion

The Court will address each of the parties' respective post-trial motions in turn:

### A. The Board's Motion for Judgment as a Matter of Law

Pursuant to Rule 50(b) of the Federal Rules of Civil Procedure, the Board

renews its Rule 50(a) motion made at the close of DeBose's case-in-chief and

subsequently renewed after both parties rested.  The Board alternatively moves for a

new trial pursuant to Rule 59.  The Board levies the following arguments:

1.      The Board is entitled to judgment as a matter of law on DeBose's

retaliation claim because DeBose failed to introduce evidence at trial that she

filed a charge of discrimination with the Equal Employment Opportunity

Commission ("**EEOC**") alleging retaliatory termination or that she received a

Notice of Right to Sue regarding the same;

2.      The Board is entitled to judgment as a matter of law on DeBose's

retaliation claim because DeBose failed to present sufficient evidence at trial to

---

[3] The Clerk entered judgment in favor of the Board and Ellucian Company, L.P., on DeBose's
remaining disparate treatment gender discrimination, disparate impact race and gender
discrimination, breach of contract, tortious interference, and civil conspiracy claims, which the Court
dismissed at summary judgment.

establish a *prima facie* case of retaliation or, alternatively, a new trial should be ordered because the verdict is against the great weight of the evidence.

3.    The Board is entitled to judgment as a matter of law on DeBose's retaliation claim because DeBose failed to present sufficient evidence to prove pretext or, alternatively, a new trial should be ordered because the verdict is against the great weight of the evidence; and

4.    The Court should order a new trial on the issue of DeBose's damages because the Court abused its discretion in granting DeBose leave to re-open her case-in-chief in order to present testimony as to her damages – testimony that, the Board argues, was based on previously undisclosed evidence.

The Court will first address the Board's argument regarding DeBose's failure to establish a *prima facie* case of retaliation.  Because the Court, as detailed more fully below, finds that DeBose failed to introduce sufficient evidence at trial for a reasonable jury to find a causal connection between her protected activities and the Board's adverse employment actions, the Court need not address the Board's remaining arguments.

To prevail on a Title VII retaliation case, a plaintiff must satisfy the traditional McDonnell Douglas burden-shifting framework.  Goldsmith v. City of Atmore, 996 F.2d 1155, 1162–63 (11th Cir. 1993).  Under this framework, the plaintiff must first establish a *prima facie* case of retaliation.  Id. (citations omitted).  The burden then shifts to the employer to articulate some legitimate non-retaliatory reason for the alleged

retaliation.  Id. (citations omitted).  Once the employer produces such a reason, the plaintiff must then prove that the legitimate reason was a mere pretext for retaliation. Id. (citations omitted).

To establish a *prima facie* case of retaliation, a plaintiff must establish that (1) she engaged in statutorily protected activity, (2) she suffered a materially adverse employment action, and (3) there exists a causal link between the two.  Smith v. City of Fort Pierce, Fla., 565 F. App'x 774, 776–77 (11th Cir. 2014) (unpublished) (per curiam).  See also Pattern Civ. Jury Instr. 11th Cir. 4.22 (2018).  With respect to causation, in order to succeed on a Title VII retaliation claim, a plaintiff must establish "but-for" causation; the "lessened causation test" applicable to claims of unlawful discrimination under Section 2000e-2(m) does not apply.  Univ. of Texas Sw. Med. Ctr. v. Nassar, 570 U.S. 338, 360 (2013).  Put another way, a Title VII plaintiff must prove by a preponderance of the evidence that "the unlawful retaliation would not have occurred in the absence of the alleged wrongful action or actions of the employer."  Id.  Following Nassar, the Eleventh Circuit explained that "the plaintiff always has the burden of persuasion 'to proffer evidence sufficient to permit a reasonable fact finder to conclude that discriminatory animus was the 'but-for' cause of the adverse employment action.'"  Smith, 565 F. App'x at 778–79 (quoting Sims v. MVM, Inc., 704 F.3d 1327, 1332 (11th Cir. 2013)).

To establish a causal connection, a plaintiff must show that her employer was aware of her protected activity, and that her protected activity and the adverse

employment action taken by her employer "were not wholly unrelated." Greene v. Ala. Dep't of Revenue, 746 F. App'x 929, 932 (11th Cir. 2018) (per curiam) (unpublished) (quoting Shannon v. BellSouth Telecomms., Inc., 292 F.3d 712, 716 (11th Cir. 2002)).  That the protected activity and the adverse employment action were not wholly unrelated can be shown by establishing a "close temporal proximity" between the protected activity and the adverse employment action. Thomas v. Cooper Lighting, Inc., 506 F.3d 1361, 1364 (11th Cir. 2007) (per curiam) (citing Brungart v. BellSouth Telecomm., Inc., 231 F.3d 791, 798–99 (11th Cir. 2000)).  "Yet while temporal proximity between the . . . protected activity and the adverse employment action can be enough . . . 'mere temporal proximity, without more, must be *very close*.'" Hogan v. S. Georgia Med. Ctr., No. 17-14867, 2018 WL 4922777, at *5 (11th Cir. Oct. 10, 2018) (per curiam) (unpublished) (emphasis added) (quoting Thomas, 506 F.3d at 1364).

At trial, DeBose attempted to prove causation by showing that "one followed the other."  To that end, DeBose introduced evidence that she engaged in three distinct acts qualifying as "protected activity" for purposes of a Title VII retaliation claim:  (1) in July and August of 2014, respectively, DeBose filed internal complaints with the University of South Florida alleging that she had been subjected to unlawful discrimination; (2) in December of 2014, DeBose filed a charge of discrimination with the EEOC; and (3) on February 4, 2015, DeBose filed a civil action in this District seeking to preliminarily enjoin the Board from discriminating against her and

terminating her employment.  In addition, DeBose proffered evidence of two adverse employment actions taken by the Board:  (1) the Board's termination of DeBose's employment on May 19, 2015; and (2) University of South Florida Provost Ralph Wilcox's negative employment reference to University of North Florida Provost Earle Traynham on May 26, 2019.  DeBose offered no direct evidence of retaliation.  After deliberation, the jury found that the Board took these adverse employment actions because of DeBose's protected activities.

Upon careful consideration, the Court will reverse the verdict.  DeBose's evidence was insufficient to convince a reasonable jury that her protected activities were the "but-for" cause of the Board's adverse employment actions.  At best, more than three months – specifically, 104 days – passed between DeBose's most recent protected activity (DeBose's federal injunction action) and the earlier of the Board's adverse employment actions (Wilcox's decision to terminate DeBose's employment). This gap proves too large to establish a causal connection.  To be sure, the Eleventh Circuit has held that a three- to four-month disparity between the statutorily protected activity and the adverse employment action is not enough to show "very close" temporal proximity.  Thomas, 506 F.3d at 1364.  See also, e.g., Embry v. Callahan Eye Found. Hosp., 147 F.App'x 819, 831 (11th Cir. 2005) (per curiam) (unpublished); Higdon v. Jackson, 393 F.3d 1211, 1220–21 (11th Cir. 2004); Wascura v. City of South Miami, 257 F.3d 1238 (11th Cir. 2001).  Other circuits have held likewise.  See, e.g., Richmond v. Oveok, Inc., 120 F.3d 205, 209 (10th Cir. 1997); Hughes v. Derwinski,

967 F.2d 1168, 1174–75 (7th Cir. 1992).  And just recently, the Eleventh Circuit held that, as a matter of law, even seventy-four days between the plaintiff's protected activity and the employer's adverse employment action, standing alone, is insufficiently proximate.  Hogan, 2018 WL 4922777, at *5.  Thus, because DeBose failed to present any "other evidence tending to show causation," the substantial delay between DeBose's protected activity and the Board's adverse employment action is fatal to her retaliation claim as a matter of law.  Thomas, 506 F.3d at 1364.

In sum, DeBose failed to present a legally sufficient evidentiary basis for a reasonable jury to find a causal connection between her protected activities and the Board's adverse employment actions.  Accordingly, the Court will grant the Board's Motion for Judgment as a Matter of Law.  See Christopher v. Fla., 449 F.3d 1360, 1364 (11th Cir. 2006) ("[Judgment as a matter of law] is appropriate when a plaintiff presents no legally sufficient evidentiary basis for a reasonable jury to find for [her] on a material element of [her] cause of action.") (citation omitted).

### B. The Board's Motion to Supplement

The Board moves to supplement its Motion for Judgment as a Matter of Law or, in the Alternative, for New Trial with new evidence related to DeBose's benefits, which the Board obtained, post-trial, from the Florida Department of Management Services.  The Board alternatively moves for relief from judgment Pursuant to Rule 60(b).

Having determined that the Board is entitled to judgment as a matter of law on DeBose's retaliation claim, the Court will deny the Board's Motion to Supplement as moot.

### C. DeBose's Motion for Sanctions

DeBose moves for sanctions against the Board or, alternatively, relief, pursuant to Rule 60(b), from six interlocutory orders issued by the Court, (Docs. 50, 86, 144, 210, 263, 311), based on the discovery of "new" evidence and fraud.  This Court and the assigned Magistrate Judge have exhaustively addressed on multiple occasions the issues and arguments raised by the instant Motion for Sanctions.  Since the outset of this litigation, DeBose has failed to substantiate her allegations against the Board related to her "employment contracts," whether it be in the form of their concealment, destruction, or breach.  The Court will deny the Motion for Sanctions for the reasons stated in the Board's response.

### III.  Conclusion

Accordingly, it is

**ORDERED** as follows:

1.    The Board's Motion for Judgment as a Matter of Law or, in the Alternative, for New Trial (Doc. 504) is **GRANTED**.  The jury's verdict as to DeBose's retaliation claim is **REVERSED**.  The amended final judgment (Doc. 482) is **VACATED**.  An appropriate second amended final judgment will issue.

2.      The Board's Motion to Supplement Motion for New Trial or, in the Alternative, for Relief from Judgment (Doc. 539) is **DENIED** as moot.

3.      DeBose's Motion for Sanctions or Alternatively Relief from Judgment (Doc. 541) is **DENIED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida this _14th_ day of February, 2019.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record/
Unrepresented Parties