[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

Nos. 18-14637; 19-10865
Non-Argument Calendar

_____

D.C. Docket No. 8:15-cv-02787-EAK-AEP


ANGELA W. DEBOSE,

Plaintiff-Appellant,

versus

USF BOARD OF TRUSTEES, et al.,

Defendants,

UNIVERSITY OF SOUTH FLORIDA BOARD OF TRUSTEES,
ELLUCIAN COMPANY, L.P.,

Defendants-Appellees.

_____

Appeals from the United States District Court
for the Middle District of Florida

_____

(April 27, 2020)

Before JILL PRYOR, NEWSOM, and BRANCH, Circuit Judges.

PER CURIAM:

Following her termination by the University of South Florida, Angela DeBose, an African American woman, filed suit under Title VII, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and the Florida Civil Rights Act, Fla. Stat. § 760.01 *et seq.* ("FCRA"), against both the University and Ellucian Company, L.P., a software developer whose products are used for academic and administrative recordkeeping.  The district court granted summary judgment to Defendants on several counts, including all counts against Ellucian.  After a jury found for DeBose on the remaining counts, the court granted judgment as a matter of law to Defendants and denied DeBose's post-trial motions.  After review of the complicated procedural posture and record, we affirm the district court's disposition.

# I

DeBose worked as the University Registrar at the University of South Florida.  Her position was renewed annually.  In 2014, the University began receiving complaints from other employees that DeBose was difficult to collaborate with and unprofessional.  On July 15, 2014, DeBose's supervisor, Paul Dosal, informed her that he had promoted another University employee, Billie Jo Hamilton, to an open Assistant Vice President role.  Two weeks later, DeBose filed an internal complaint alleging discrimination, and a second complaint the following month.  In January 2015, she filed a discrimination complaint with the

EEOC.  In February, Dosal issued DeBose a written reprimand for calling a coworker a "little girl" during a meeting.

During this same timeframe, the University was implementing a new software program from Ellucian, Degree Works, which helps students and faculty monitor progress toward graduation.  As part of its implementation, an Ellucian consultant met with DeBose in April 2015 and issued a report criticizing the Registrar's implementation of the software, saying the office was uncollaborative and resistant to change.  After receiving the Ellucian report, on May 19, 2015, University Provost Ralph Wilcox gave DeBose three months' notice that her employment would not be renewed in August 2015.  Wilcox subsequently received a call from the Provost of the University of North Florida asking for his professional opinion of DeBose—Wilcox repeated the Ellucian report's conclusion that DeBose was uncollaborative and resistant to change.

These events—the promotion of another employee, the written reprimand, her termination, and the bad reference—formed the basis of DeBose's complaint. She accused the University of race and gender discrimination and retaliation in violation of Title VII and state law based on its failure to promote, termination, and bad job reference, as well as breach of contract for the termination and tortious interference in a business relationship for the bad reference.  She also accused

Ellucian of tortious interference in her business relationship with the University, and accused both Defendants of a civil conspiracy to violate her rights.

Following discovery, the University and Ellucian moved for summary judgment. The district court granted defendants summary judgment on all counts except the discrimination and retaliation claims associated with DeBose's termination and bad reference by the University. Those claims proceeded to trial. Considering the discrimination claim, the jury found that race was a motivating factor in the Provost's decision not to renew the employment contract, but that DeBose would have been terminated regardless of race and was therefore not entitled to damages. As to her retaliation claim, the jury found that the University had taken adverse employment action against DeBose because of her protected activity, and awarded $310,500 in damages.

Following trial, DeBose moved for attorney's fees, costs, and front pay. The district court denied her request for fees, because pro se litigants are not entitled to recover attorney fees, and denied her request for costs because she had not provided sufficient information on them. It scheduled an evidentiary hearing to establish a front-pay amount, to which DeBose was presumptively entitled as the prevailing party.

The district court subsequently granted the University's motion for judgment as a matter of law and overturned the jury's verdict on the retaliation claim, finding

insufficient evidence from which a reasonable jury could find causation.  The district court concluded that DeBose had failed as a matter of law to establish causation, a required element of a retaliation claim.  Because DeBose was no longer the prevailing party, the district court denied her request for a front-pay award.  It also denied a motion for sanctions DeBose had filed in the interim. DeBose then filed her own motion for a new trial, which the district court denied.

\* \* \*

We are therefore confronted on appeal by DeBose's challenge to the district court's orders: (1) granting in part and denying in part the University's motion for summary judgment and granting Ellucian's motion for summary judgment; (2) denying her post-trial motion for attorney's fees and costs; (3) granting the University's post-trial motion for judgment as a matter of law and denying her motion for sanctions; (4) denying her motion for front pay; and (5) denying her motion for a new trial.

## II

After a de novo review of the evidence[1] in the light most favorable to DeBose as the nonmoving party, *Moton v. Cowart*, 631 F.3d 1337, 1341 (11th Cir.

---

[1] DeBose also challenges the district court's refusal to consider 550 unauthenticated documents. She is correct that Federal Rule of Civil Procedure 56 does not require authentication of documents at the summary-judgment stage, and that neither defendant objected to the documents as inadmissible.  The court's error in excluding these documents, however, did not affect DeBose's substantial rights, as a review of the documents shows that they would not have affected the outcome.  Any error was therefore harmless.  *See* Fed. R. Civ. P. 61.  Although

2011), we affirm the district court's grant of summary judgment to Ellucian on each count against it, and to the University on several counts.

## A

The district court granted the University's summary judgment motion with regard to DeBose's race- and gender-discrimination and retaliation claims stemming from the alleged failure to promote her and the written reprimand she received after insulting a coworker.

Title VII and the FCRA prohibit an employer from discharging an employee because of the employee's sex or race. 42 U.S.C. § 2000e-2(a)(1); Fla. Stat. 760.10(1)(a). Title VII and the FCRA also prohibit an employer from retaliating against an employee for protesting allegedly unlawful discriminatory practices. 42 U.S.C. § 2000e-3(a); Fla. Stat. 760.10(7). Claims under Title VII and the FCRA are analyzed under the same framework and do not require separate analysis. *Alvarez v. Royal Atl. Developers, Inc.*, 610 F.3d 1253, 1271 (11th Cir. 2010).

"To prevail on a claim for discrimination under Title VII based on circumstantial evidence, [DeBose] must show that: (1) [s]he is a member of a protected class; (2) [s]he was qualified for the position; (3) [s]he suffered an adverse employment action; and (4) [s]he was replaced by a person outside h[er]

---

DeBose claims that "the outcome of the case would have been substantially different" if the documents were considered, she does not cite any specific document to substantiate that claim.

protected class or was treated less favorably than a similarly-situated individual

outside h[er] protected class." *Maynard v. Bd. of Regents*, 342 F.3d 1281, 1289

(11th Cir. 2003).

    *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), provides the

archetypal burden-shifting framework for evaluating a Title VII case based on

circumstantial evidence. *Id.* at 802–04. If an employee successfully makes a

prima facie case of discrimination or retaliation, the burden shifts to the employer

to provide a legitimate, nondiscriminatory or non-retaliatory reason for the adverse

employment action. *Alvarez*, 610 F.3d at 1264. The employer's burden is

"exceedingly light" and is one of production only; "the employer need not

persuade the court that it was actually motivated by the proffered reasons." *Tipton*

*v. Canadian Imperial Bank of Commerce*, 872 F.2d 1491, 1495 (11th Cir. 1989)

(quotations omitted).

    If the employer meets this burden, the burden shifts back to the employee to

produce evidence that the employer's proffered reasons are merely a pretext for

discrimination. *Alvarez*, 610 F.3d at 1264. To show pretext, the employee must

specifically respond to the employer's explanation and produce evidence directly

rebutting the employer's proffered nondiscriminatory reason. *Crawford v. City of*

*Fairburn*, 482 F.3d 1305, 1309 (11th Cir. 2007). This Court does not inquire into

whether the employer's reason for the adverse employment action "is a correct

one, but whether it is an honest one." *Rojas v. Florida*, 285 F.3d 1339, 1342 (11th Cir. 2002) ("We are not in the business of adjudging whether employment decisions are prudent or fair.  Instead, our sole concern is whether unlawful discriminatory animus motivates a challenged employment decision." (quotation omitted)).

We can quickly dispense with the written-reprimand claim.  DeBose offered no evidence that Dosal's reprimand caused any serious or material change in her employment.  *Crawford v. Carroll*, 529 F.3d 961, 970–71 (11th Cir. 2008) ("[W]e require[ ] an employee to demonstrate she suffered a serious and material change in the terms, conditions, or privileges of employment to show an adverse employment action" (emphasis and quotation omitted)).  It was merely a warning that such behavior was unacceptable, but carried no disciplinary effect.  DeBose therefore failed to establish a prima facie case of discrimination.  *Maynard*, 342 F.3d at 1289.  The district court did not err in granting summary judgment to the University with respect to that claim.

Concerning the failure-to-promote claim, even if DeBose made out a prima facie case of discrimination, she has failed to rebut the University's proffered non-discriminatory reason for Hamilton's appointment.  The undisputed evidence showed that Hamilton was highly qualified for the position, and Dosal, who made the appointment, had received several complaints about DeBose's professionalism

from coworkers before the position even became available.  DeBose has failed to show that this explanation is pretextual.  *See City of Fairburn*, 482 F.3d at 1309.

DeBose alternatively raises a disparate-impact discrimination claim, alleging that the internal appointment of an employee rather than an open search disadvantages minority candidates.  The district court correctly found that she failed to make a prima facie disparate-impact case because she had not supported her allegations with any statistical evidence to demonstrate a discriminatory effect.  *See E.E.O.C. v. Joe's Stone Crab, Inc.*, 220 F.3d 1263, 1274–75 (11th Cir. 2000).  We agree, and affirm.

Nor can the failure to promote be considered retaliatory—DeBose did not engage in any protected activity until after learning of Hamilton's promotion.  DeBose learned of Hamilton's promotion on July 15, 2014, and her first complaint of discrimination was made July 28, 2014.  Therefore the promotion cannot have been retaliation for DeBose's protected activity.

Accordingly, we affirm the district court's partial grant of summary judgment to the University concerning DeBose's race- and gender-discrimination and retaliation claims stemming from the alleged failure to promote and written reprimand.

## B

DeBose also brought a breach of contract claim against the University for her termination, alleging that she was not given a required three months' paid notice of her termination.  This claim is without merit, and we affirm the district court's grant of summary judgment to the University.

First, the record contains no evidence of any express employment contract. Second, to the extent that any such contract existed, the University gave DeBose three months' notice.  It informed her on May 19, 2015 that her employment would not be renewed, effective August 19, 2019.

## C

The district court also granted summary judgment to both defendants on DeBose's claims of tortious interference with business relationships.  DeBose first alleges that Ellucian interfered with her relationship with the University by intentionally making false statements about her in its report in order to cause her termination.  Second, DeBose alleges that after her termination the University tortiously interfered with her relationship with the University of North Florida, claiming that she had received a job offer there which was rescinded based upon Provost Wilcox's poor reference.  She did not, however, present any evidence that she had in fact received such an offer, such as an affidavit from a prospective supervisor at North Florida.

To prove a claim for tortious interference, DeBose must show "(1) the existence of a business relationship that affords the plaintiff existing or prospective legal rights; (2) the defendant's knowledge of the business relationship; (3) the defendant's intentional and unjustified interference with the relationship; and (4) damage to the plaintiff." *Int'l Sales & Serv., Inc. v. Austral Insulated Prods., Inc.*, 262 F.3d 1152, 1154 (11th Cir. 2001).

With regard to the University, DeBose has failed to show any relationship with the University of North Florida or damage from the rescission of an unproven job offer.  She presented no evidence that she had been offered employment there or what Provost Wilcox said in the phone call with the UNF Provost, other than Wilcox's own account of the call.  With respect to Ellucian, there was no evidence in the record that it intentionally interfered with her employment at the University. *See Int'l Sales & Serv., Inc.*, 262 F.3d at 1154.  DeBose's testimony that Ellucian's consultant acted with hostility is insufficient to show intent, and her speculation is insufficient to withstand summary judgment.  *See Marshall v. City of Cape Coral*, 797 F.2d 1555, 1559 (11th Cir. 1986).

Accordingly, we agree with the district court that summary judgment is appropriate in favor of Defendants with regard to the tortious interference claims, and affirm.

**D**

Finally, the district court also granted summary judgment to defendants on DeBose's civil-conspiracy claim. She alleges that the University and Ellucian conspired to terminate her in violation of Title VII and state law.

To prove a claim for civil conspiracy under Florida law, the plaintiff must show: (1) the existence of an agreement between two or more parties; (2) to do an unlawful act; (3) the doing of some overt act in furtherance of the conspiracy; and (4) damages. *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1271 (11th Cir. 2009).

Because the record shows no evidence of any agreement between defendants to do an unlawful act, DeBose failed to make a prima facie case. *See id.* DeBose's assertions to the contrary are based upon speculation and are not sufficient to withstand summary judgment. *See Marshall*, 797 F.2d at 1559. The district court correctly granted summary judgment on this claim, and we affirm.

**III**

DeBose's remaining claims—that the University discriminated and retaliated against her on the basis of race by terminating her and giving a bad reference in violation of Title VII and state law—proceeded to trial. The jury found for her on both claims, but the damages awarded for each claim diverged significantly. Despite concluding that race was a motivating factor in her termination, the jury also found that the University would have fired her even without taking race into

account; accordingly, DeBose was not entitled to damages on her discrimination claim.  As to her retaliation claim, however, the jury found that DeBose had engaged in protected activity and that the University took adverse employment action against her because of that activity, and it awarded her damages in the amount of $310,500.00.

DeBose then moved for attorney's fees in the amount of $712,500.00 for hours she spent litigating the case on her own behalf, costs in the amount of $102,520.00, and front pay for five years in the amount of at least $170,000.00. She submitted an affidavit as to her hourly rate and a one-page list of costs.  The district court denied DeBose's request for attorney's fees, concluding that a pro se party cannot recover attorney's fees for representing herself, even if she is a licensed attorney.  It also denied her request for costs, finding that she had failed to provide sufficient information as to whether they were appropriately taxable against the University.  Her request for front pay was sent to a magistrate judge to determine her annual salary, as DeBose presented no evidence at trial other than her own testimony on that point.

DeBose now appeals the denial of the requested attorney's fees and costs. She also raises, for the first, time, fees that she paid to several attorneys before becoming a pro se litigant.

A court may, in its discretion, allow the prevailing party in a discrimination suit to recover reasonable attorney's fees as part of the costs of litigation.  42 U.S.C. § 2000e-5(k).  A pro se plaintiff cannot recover attorney's fees for representing herself, even if she is a licensed attorney.  *See Kay v. Ehrler*, 499 U.S. 432, 435–38 (1991) (analyzing the similar attorney's fees provision in 42 U.S.C. § 1988); *Hensley v. Eckerhart*, 461 U.S. 424, 433 n. 7 (1983) (noting that an award of attorney's fees under §§ 1988 and 2000e-5 are governed by the same standards). In addition to attorney's fees, prevailing party may also recover the costs enumerated in 28 U.S.C. § 1920.  See Fed. R. Civ. P. 54(d).  We have held, however, that the party seeking costs and expenses must submit a request that would enable the district court to determine an award.  *Loranger v. Stierheim*, 10 F.3d 776, 784 (11th Cir. 1994).

Because she is a pro se litigant, DeBose is not entitled to attorney's fees for her own work.  *See Kay*, 499 U.S. at 435–38.  Although she claims on appeal that she is entitled to attorneys' fees for the work of her retained counsel prior to proceeding pro se, she did not ask for those attorneys' fees in the district court. We will not consider the merits of issues not raised before the district court.  *Narey v. Dean*, 32 F.3d 1521, 1526–27 (11th Cir. 1994).

DeBose's costs were also not itemized sufficiently to permit a district court to determine an award.  She did not support the amount of costs requested with any

evidence.  We therefore affirm the district court's refusal to allow DeBose to

recover.  *See Loranger*, 10 F.3d at 784.

## IV

The district court subsequently overturned the jury's verdict on the

retaliation claim—granting the University's post-trial motion for judgment as a

matter of law on the ground that DeBose had not presented sufficient evidence to

show a causal connection between her protected activities and the adverse

employment actions.

Judgment as a matter of law "is appropriate when a plaintiff presents no

legally sufficient evidentiary basis for a reasonable jury to find for h[er] on a

material element of h[er] cause of action."  *Christopher v. Florida*, 449 F.3d 1360,

1364 (11th Cir. 2006).  This Court reviews de novo a district court's grant of

judgment as a matter of law.  *Id.*

In addition to establishing a statutorily protected activity and adverse

employment action, in order to prevail on a retaliation claim a Title VII plaintiff

must show a causal connection between the two events.  *Carroll*, 529 F.3d at 970.

"Title VII retaliation claims require proof that the desire to retaliate was the but-for

cause of the challenged employment action."  *Univ. of Tex. Sw. Med. Ctr. v.

Nassar*, 570 U.S. 338, 352 (2013).  "If there is a substantial delay between the

protected expression and the adverse action in the absence of other evidence

tending to show causation, the complaint of retaliation fails as a matter of law."
*Higdon v. Jackson*, 393 F.3d 1211, 1220 (11th Cir. 2004).  We have held that a
three-to-four-month delay is too large a gap, standing alone, to satisfy the
plaintiff's burden to prove causation.  *Thomas v. Cooper Lighting, Inc.*, 506 F.3d
1361, 1364 (11th Cir. 2007).

DeBose's earliest protected activity, an internal discrimination complaint,
was filed on July 28, 2014.  Her difficulties at work had been building for months
before this.  In the spring and summer of 2014, multiple coworkers complained to
Dosal about DeBose's professionalism and difficulty in collaborating, and Dosal
informed Provost Wilcox of these complaints.  The Ellucian assessment, which
took place in April of 2015, was planned prior to DeBose's first complaint.

After receiving the critical Ellucian report (dated May 7, 2015), and having
received complaints about DeBose the previous year, Provost Wilcox decided not
to renew DeBose's employment in May of 2015—approximately five months after
DeBose's EEOC complaint and ten months after her internal complaint.  The
negative reference to the University of North Florida took place shortly thereafter.

In its judgment-as-a-matter-of-law order, the district court found that this
timeline did not give rise to proof of causation.  We agree, and affirm.  DeBose
presented no evidence from which a reasonable jury could conclude that her
protected activities—the complaints of discrimination—were the but-for cause of

her termination and poor reference. *See Nassar*, 570 U.S. at 360. And, even assuming causation, she also did not present any evidence directly rebutting the University's proffered nondiscriminatory reason. *See City of Fairburn*, 482 F.3d at 1309.

\* \* \*

In addition to opposing the University's motion for judgment as a matter of law, DeBose also filed a posttrial motion for sanctions, arguing that the University had intentionally destroyed her personnel files and lied about their contents, contending they would have contained an employment contract. We agree with the district court that she failed to produce any evidence that the University destroyed evidence or that she had an employment contract. On the contrary, the record evidence showed that the University had not used employment contracts since 2005. We therefore affirm the denial of sanctions.

## V

Having affirmed the district court's award of judgment as a matter of law to the University on the retaliation claim, we turn to DeBose's motion for front pay.

As the prevailing party following the jury verdict, DeBose was, at least presumptively, entitled to front pay. *See E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 619 (11th Cir. 2000) ("In addition to back pay, prevailing Title VII plaintiffs are presumptively entitled to either reinstatement or front pay." (quotation omitted)).

Following the district court's judgment-as-a-matter-of-law order, though, she is no longer the prevailing party on her retaliation claim.  Accordingly, the district court did not err in denying DeBose's motion for front pay on this basis.

Nor is DeBose entitled to front pay on the basis of her discrimination claim. Although the jury found that DeBose had proven that the University took her race into account when it terminated her, the jury also found that the University had proved its "same decision" affirmative defense.  When a defendant proves a "same decision" defense, the court may only grant declaratory relief, injunctive relief, and attorney's fees and costs.  *See* 42 U.S.C. §2000e-5(g)(2)(B)(i); *see also Quigg v. Thomas Cty. School Dist.*, 814 F.3d 1227, 1239 n.9 (11th Cir. 2016) (noting that the "same decision" defense allows an employer to avoid damages and certain forms of equitable relief in a Title VII case).  Front pay is a form of equitable relief.  *See Ramsey v. Chrysler First, Inc.*, 861 F.2d 1541, 1545 (11th Cir. 1988). We therefore affirm the district court's denial of front pay on this basis as well.

## VI

Finally, we turn to DeBose's motion for a new trial.  She argues that the court substituted its own credibility determinations for those of the jury when granting the University's motion for judgment as a matter of law, and that a new trial should have been granted.  She also argues that the court erred in denying her

continuance of trial, which left her with inadequate time to prepare for trial, and by denying reopening of discovery.

To the extent that DeBose's motion for a new trial challenged the entry of judgment as a matter of law on her retaliation claim, her arguments are without merit, as already explained.

To the extent that it challenged the jury's discrimination verdict, her motion for a new trial was untimely. After the jury's verdict, the district court entered an amended judgment on October 5, 2018. Although this judgment was later vacated and amended to reflect the court's subsequent grant of judgment as a matter of law on DeBose's retaliation claim, the verdict as to her discrimination claim was not amended and went unchallenged until February 24, 2019, when DeBose filed the instant motion. Thus, her motion for a new trial as to this claim was filed well outside the 28-day time frame provided for in Federal Rule of Civil Procedure 59(b) and is untimely.

And as to the court's refusal to continue the trial and/or reopen discovery, none of DeBose's notices of appeal or amended notices of appeal challenge this ruling. It is thus not properly before this Court on appeal. *See* Fed. R. App. P. 3(c)(1)(B); *White v. State Farm Fire and Cas. Co.*, 664 F.3d 860, 863–64 (11th Cir. 2011).

We therefore affirm the denial of the motion for new trial and the denial of

DeBose's motion for continuance and reopening of discovery.

**AFFIRMED.**

**UNITED STATES COURT OF APPEALS**
**FOR THE ELEVENTH CIRCUIT**

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

April 27, 2020

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 18-14637-DD   ; 19-10865 -DD
Case Style: Angela DeBose v. University of South Florida, et al
District Court Docket No:  8:15-cv-02787-EAK-AEP

**This Court requires all counsel to file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause. Non-incarcerated pro se parties are permitted to use the ECF system by registering for an account at www.pacer.gov. Information and training materials related to electronic filing, are available at www.ca11.uscourts.gov.** Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for writ of certiorari (whichever is later) via the eVoucher system. Please contact the CJA Team at (404) 335-6167 or cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

Pursuant to Fed.R.App.P. 39, each party to bear own costs.

Please use the most recent version of the Bill of Costs form available on the court's website at www.ca11.uscourts.gov.

For questions concerning the issuance of the decision of this court, please call the number referenced in the signature block below. For all other questions, please call Bradly Wallace Holland, DD at 404-335-6181.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Djuanna H. Clark
Phone #: 404-335-6151

OPIN-1A Issuance of Opinion With Costs