UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANGELA W. DEBOSE,

    Plaintiff,

v.                          Case No: 8:15-cv-2787-T-33AEP

UNIVERSITY OF SOUTH FLORIDA
BOARD OF TRUSTEES, et al.,

    Defendants.
_____/

## ORDER

This cause comes before the Court pursuant to pro se Plaintiff Angela DeBose's Motion for Independent Action for Relief from Judgment to Remedy Fraud on the Court (Doc. # 588), filed on May 12, 2020, DeBose's Motion for an Evidentiary Hearing (Doc. # 600), filed on June 6, 2020, and DeBose's Motion for Extension of Time to File a Second Amended Appeal (Doc. # 603), filed on June 9, 2020. Defendant University of South Florida Board of Trustees (USFBOT) has responded to all three motions. (Doc. # 599, 604, 605). For the reasons detailed herein, the Motions are denied.

I.  **Background**

This case has a long and complex history, one that the parties are familiar with. For now, it is sufficient to say that, following her termination from USF, DeBose brought this lawsuit against both USFBOT and Ellucian Company, L.P., a software developer whose products are used for academic and administrative recordkeeping. (Doc. # 45). This Court granted summary judgment to Defendants on several counts, including all counts against Ellucian. (Doc. # 210). After a jury found for DeBose on the remaining counts, the Court granted judgment as a matter of law to USFBOT and denied DeBose's post-trial motions. (Doc. ## 471, 548, 549). DeBose appealed to the Eleventh Circuit and, on April 28, 2020, the Eleventh Circuit affirmed in full. (Doc. # 587).

Shortly after the Eleventh Circuit handed down its decision, DeBose filed the instant Motion for Independent Action, which argued that, due to various alleged frauds that USFBOT and related entities had perpetrated on the Court, the Court should allow DeBose to pursue an independent action for relief from judgment and/or should set aside the judgment, pursuant to Federal Rule of Civil Procedure 60(d). Although DeBose raises multiple allegations of fraud in her Motion, the thrust of her argument is that USFBOT engaged in wrongful

2

and nefarious conduct in order to impede discovery and the administration of justice in this case, including, among other things, wrongly destroying her personnel file, including various employment contracts, presenting false testimony to the Court, and convincing the Court to wrongfully exclude certain witnesses and evidence proffered by DeBose. (Doc. # 588).

In its response, USFBOT outlines in great detail the procedural history of this case, including the numerous motions and other filings submitted by DeBose in which she alleged that USFBOT had destroyed or withheld evidence, persuaded witnesses to lie under oath and otherwise suborned perjury. (Doc. # 599 at 3-9). As the response explains, and as the record bears out, this Court repeatedly rejected DeBose's arguments because the allegations were never accompanied by competent evidence or were "thinly veiled" attempts to attack substantive orders. See, e.g., (Doc. # 548 at 9) ("The Court and the assigned Magistrate Judge have exhaustively addressed on multiple occasions the issues and arguments raised by the instant Motion for Sanctions. Since the outset of this litigation, DeBose has failed to substantiate her allegations against the Board related to her 'employment contracts,' whether it be in the form of their

3

concealment, destructions, or breach."); (Doc. # 144 at 7-8) ("In essence, Plaintiff, based upon unsupported hearsay statements and conjecture, requests that the Court conclude that numerous individuals . . . all agreed to lie under oath and agreed to execute elaborate steps to shred information directly relevant to Plaintiff's claims in this case. The Court is unpersuaded by Plaintiff's renewed Motion. Rather, yet again, Plaintiff has simply failed to provide any competent evidence to demonstrate that Defendant acted with bad faith in the shredding of her departmental personnel file.").

USFBOT therefore argues that DeBose's instant Motion for Independent Action is an improper effort to relitigate issues already decided by the Court and, in any event, does not meet the "heightened Rule 60(d) fraud standard." (Doc. # 599 at 13-17).

DeBose also seeks an evidentiary hearing pertaining to her request for an independent action and has requested that the Court enlarge her time to file an amended notice of appeal in appellate case number 18-13545. (Doc. ## 600, 603). USFBOT has responded in opposition to these Motions as well (Doc. ## 604, 605), and the Motions are all ripe for review.

## II. Legal Standard

Federal Rule of Civil Procedure 60(d) authorizes a Court to (1) "entertain an independent action to relieve a party from a judgment, order, or proceeding," or (2) "set aside a judgment for fraud on the court." Fed. R. Civ. P. 60(d)(1), (3).

Because an independent action under Rule 60(d) is an equitable one, the proponent must show a meritorious claim or defense and that the judgment should not, in equity and good conscious, be enforced. Travelers Indem. Co. v. Gore, 761 F.2d 1549, 1151 (11th Cir. 1985) (citation omitted); Jeffus v. Att'y Gen. for State of Fla., No. 6:10-cv-1174-Orl-28, 2011 WL 2669147, at *2 (M.D. Fla. July 6, 2011). "The Supreme Court has made clear that such independent actions must, if Rule 60(b) is to be interpreted as a coherent whole, be reserved for those cases of injustices which, in certain instances, are deemed sufficiently gross to demand a departure from rigid adherence to the doctrine of res judicata." Aldana v. Del Monte Fresh Produce N.A., Inc., 741 F.3d 1349, 1359 (11th Cir. 2014) (quoting United States v. Beggerly, 524 U.S. 38, 46 (1998)) (internal quotations and citation omitted). Indeed, "relief under Rule 60(d) is reserved for the rare and exceptional case where a failure to

5

act would result in a miscarriage of justice." Jeffus, 2011 WL 2669147, at *2; see also Fox v. Brewer, 620 F.2d 177, 180 (8th Cir. 1980) (noting that Rule 60(d) "provides for extraordinary relief on a showing of exceptional circumstances").

As to Rule 60(d)(3), courts have similarly found that "only the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated, will constitute a fraud on the court." Galatolo v. United States, 394 F. App'x 670, 672 (11th Cir. 2010); see also Gupta v. Walt Disney World Co., 519 F. App'x 631, 632 (11th Cir. 2013) (movant must show an "unconscionable plan or scheme" to improperly influence the court's decision).

### III. **Analysis**

There are no extraordinary circumstances here that warrant relief under Rule 60(d). DeBose accuses USFBOT of suborning perjury and fabricating evidence. But "[p]erjury and fabricated evidence do not constitute fraud upon the court, because they 'are evils that can and should be exposed at trial,' and '[f]raud on the court is therefore limited to the more egregious forms of subversion of the legal process, . . . those we cannot necessarily expect to be

6

exposed be the normal adversary process.'" Council v. Am. Fed'n of Governmental Emps., 559 F. App'x 870, 873 (11th Cir. 2014) (quoting Travelers Indemnity Co., 761 F.2d at 1552). In a similar vein, the simple nondisclosure of facts or withholding of discovery does not establish fraud on the court. See BDT Invs., Inc. v. Lisa, S.A., No. 18-22005-CIV, 2019 WL 7344829, at *9 (S.D. Fla. Oct. 25, 2019) ("The mere nondisclosure of allegedly pertinent facts also does not ordinarily rise to the level of fraud on the court."); Bryant v. Troutman, No. 3:05-cv-162-J-20MCR, 2006 WL 1640484, at *1 (M.D. Fla. June 8, 2006) (holding that party's averments that their adversary lied under oath, gave misleading answers, thwarted their discovery efforts, and concealed certain pertinent evidence did not rise to the level of fraud on the court).

But more importantly, DeBose's allegations have already been considered, weighed, and rejected by this Court on multiple occasions. As explained above, the Court consistently found that DeBose's claims were unsupported by competent evidence. In the instant Motion, DeBose claims that she has "new evidence." The Court's review of the deposition transcripts and affidavits attached to the Motion, however, reveals that these documents either were or could have been

7

previously submitted to the Court, or contain information that is duplicative of other accusations already lodged by DeBose earlier in the litigation.

Under such circumstances, DeBose cannot demonstrate a miscarriage of justice, as required for relief under Rule 60(d). See Council, 559 F. App'x at 873 (rejecting a Rule 60(d)(3) claim where the claimant made conclusory averments, unsupported by probative facts, that the other party committed perjury and fabricated evidence).

Instead, the Court agrees with USFBOT that the instant request for an independent action is an attempt to re-litigate issues that have been, or could have been, raised by DeBose while the litigation was active. See Travelers Indem. Co., 761 F.2d at 1552 (explaining that a plaintiff "cannot use an independent action as a vehicle for the relitigation of issues"); Maye v. United States, No. 8:10-cv-2327-T-30TBM, 2010 WL 4279405, at *2 (M.D. Fla. Oct. 25, 2010) ("A party cannot relitigate 'in the independent equitable action issues that were open to litigation in the former action where he had a fair opportunity to make his claim or defense in that action.'"). For these reasons, DeBose's request for an independent action must be denied.

8

Furthermore, DeBose has requested an evidentiary hearing on her motion for an independent action. (Doc. # 600). For the reasons described herein, her Motion is meritless and, as such, the Court will not hold an evidentiary hearing. See Cano v. Baker, 435 F.3d 1337, 1342-43 (11th Cir. 2006) (the district court did not abuse its discretion by denying request for an evidentiary hearing where holding such a hearing would not aid the court's analysis on a question of law).

Finally, DeBose seeks an extension of time in which to file an amended notice of appeal in appellate case number 18-13545. (Doc. # 603). By way of background, in 2018, DeBose appealed this Court's July 20, 2018, order denying her motion for sanctions and its subsequent order denying her motion for reconsideration of its July 20 order. (Doc. ## 293, 296, 316, 527). As the Eleventh Circuit correctly pointed out, neither of these orders were final, appealable orders at the time DeBose filed her notice of appeal. (Id.). Accordingly, the Eleventh Circuit dismissed the appeal for lack of jurisdiction, although it noted that nothing prevented DeBose from appealing the final judgment. (Id.). The final judgment in favor of USFBOT was entered on February 14, 2019. (Doc. # 549).

9

Typically, under the Federal Rules of Appellate Procedure, notices of appeal must be filed within 30 days from entry of the judgment or order appealed from. Fed. R. App. P. 4. A district court can extend that time if a party files a motion within 30 days after the deadline expires and it shows "excusable neglect or good cause." Fed. R. Civ. P. 4(a)(5). In addition, the time to file an appeal may be reopened for 14 days if: (1) the moving party did not receive notice of the entry of judgment or order appealed within 21 days after entry; (2) the motion is filed within 180 days after the judgment or order is entered or within 14 days of when the moving party received notice of the entry; and (3) no party would be prejudiced. Fed. R. App. P. 4(a)(6). Even if all three prongs are met, however, a district court retains the discretion to deny a motion to reopen. <u>Watkins v. Plantation Police Dep't</u>, 733 F. App'x 991, 994 (11th Cir. 2018).

DeBose did not file her motion within 30 days of entry of the judgment here, nor 30 days after that time expired. Moreover, DeBose had the opportunity to appeal these orders within her plenary appeal, but she did not do so. Nor can DeBose plausibly allege that she did not receive notice of the orders she seeks to appeal or the final judgment. What's

10

more, Rule 4(a)(6) does not provide DeBose relief because the final judgment against USFBOT was entered more than 180 days ago. In short, the Federal Rules of Appellate Procedure do not allow this Court to reopen or extend the time for DeBose to file the requested amended notice of appeal.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Plaintiff Angela DeBose's Motion for Independent Action for Relief from Judgment to Remedy Fraud on the Court (Doc. # 588) is **DENIED.**

(2) DeBose's Motion for an Evidentiary Hearing (Doc. # 600) is **DENIED.**

(3) DuBose's Motion for Extension of Time to File a Second Amended Appeal (Doc. # 603) is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 23rd day of June, 2020.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE