UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANGELA DEBOSE,

      Plaintiff,

v.                        Case No. 8:15-cv-2787-T-33AEP

UNIVERSITY OF SOUTH FLORIDA
BOARD OF TRUSTEES, et al.,

      Defendants.
_____/

**ORDER**

This matter comes before the Court upon consideration of pro se Plaintiff Angela DeBose's Motion for Reconsideration of its prior Orders denying various motions filed by DeBose. (Doc. # 609). For the reasons that follow, the Motion is denied.

## I.  Background

After the Eleventh Circuit issued a written opinion affirming this Court's grant of summary judgment in Defendants' favor on certain claims, affirming this Court's entry of judgment as a matter of law in favor of Defendant University of South Florida Board of Trustees ("USFBOT"), and affirming this Court's denial of DeBose's request for attorneys' fees and costs, (Doc. # 587), DeBose filed a motion

1

for independent action for relief pursuant to Federal Rule of Civil Procedure 60(d). (Doc. # 588). DeBose also filed, in short succession, a motion for the recusal or reassignment of the magistrate judge in this matter, a motion for evidentiary hearing, and a motion for extension of time to file an amended notice of appeal. (Doc. ## 596, 600, 603).

On June 23, 2020, this Court entered an Order denying DeBose's motion for independent action and also denying her motions for an evidentiary hearing and leave to file an amended notice of appeal. (Doc. # 607). This Court explained that DeBose had failed to meet the high standard required to grant Rule 60(d) motions because she merely sought to relitigate matters already considered and rejected by this Court in the years-long litigation leading up to the motion. (Id.). On June 24, 2020, United States Magistrate Judge Porcelli, having had the motion for recusal referred to his chambers, denied the motion for reassignment or recusal as moot. (Doc. # 608). On June 26, 2020, DeBose filed a motion for reconsideration of this Court's Orders of June 23 and 24, 2020. (Doc. # 609).

USFBOT has filed a response in opposition (Doc. # 610), and the Motion is ripe for review.

2

## II.  <u>Legal Standard</u>

"Federal Rules of Civil Procedure 59(e) and 60 govern motions for reconsideration." <u>Beach Terrace Condo. Ass'n, Inc. v. Goldring Invs.</u>, No. 8:15-cv-1117-T-33TBM, 2015 WL 4548721, at *1 (M.D. Fla. July 28, 2015). "The time when the party files the motion determines whether the motion will be evaluated under Rule 59(e) or Rule 60." <u>Id.</u> "A Rule 59(e) motion must be filed within 28 days after the entry of the judgment." <u>Id.</u> "Motions filed after the 28-day period will be decided under Federal Rule of Civil Procedure 60(b)." <u>Id.</u>

Here, the Motion was filed within 28 days of the Court's Order, so Rule 59 applies. "The only grounds for granting a Rule 59 motion are newly discovered evidence or manifest errors of law or fact." <u>Anderson v. Fla. Dep't of Envtl. Prot.</u>, 567 F. App'x 679, 680 (11th Cir. 2014)(quoting <u>Arthur v. King</u>, 500 F.3d 1335, 1343 (11th Cir. 2007)).

Granting relief under Rule 59(e) is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." <u>United States v. DeRochemont</u>, No. 8:10-cr-287-T-24MAP, 2012 WL 13510, at *2 (M.D. Fla. Jan. 4, 2012)(citation omitted). Furthermore, "a Rule 59(e) motion [cannot be used] to relitigate old matters, raise argument or present evidence that could have been raised

prior to the entry of judgment." <u>Michael Linet, Inc. v. Vill. of Wellington</u>, 408 F.3d 757, 763 (11th Cir. 2005).

### III. **Analysis**

While DeBose raises various points in her Motion, all of her arguments crystallize to a single contention – that this Court erred in denying her motion for independent action. However, DeBose has not pointed to any new evidence in support of her Motion. Moreover, DeBose's arguments are, essentially, a rehash of the arguments raised in her Rule 60(d) motion. DeBose has spent considerable time and energy over the course of this litigation attempting to convince the Court that sanctions are in order against USFBOT for spoliation of evidence and various other infractions. As explained in its prior Order, this Court has considered and rejected these arguments on multiple occasions. Such arguments are not permissible on a Rule 59(e) motion.

In sum, DeBose has not met her burden of demonstrating that newly discovered evidence or manifest errors of law or fact merit reconsideration of the Court's June 23, 2020, or June 24, 2020, Orders under Rule 59(e). Her motion for reconsideration must be denied.

Accordingly, it is now

**ORDERED**, **ADJUDGED**, and **DECREED**:

4

Angela DeBose's Motion for Reconsideration (Doc. # 609) is **DENIED**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>8th</u> day of July, 2020.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE